## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DIRK EPPERSON and BETTY SCHNEIDER, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | No. 3:01CV1798(DJS) |
| | : | |
| IRVIN RICHTER, HILL INTERNATIONAL, INC.; HILL ARTS & ENTERTAINMENT SYSTEMS, INC., n/k/a HAESI SOFTWARE, INC.; | : | |
| | : | |
| Defendants. | : | |

### ORDER

_____The parties shall submit a joint trial memorandum, in the form described in the standing order attached hereto, including proposed findings of fact and conclusions of law and affidavits of direct testimony, on or before **January 28, 2004**.  This order supercedes all prior directives regarding the same.

So ordered this 3rd day of December, 2004.


**/s/DJS**

_____
      **DOMINIC J. SQUATRITO**
   **UNITED STATES DISTRICT JUDGE**

### UNITED STATES DISTRICT COURT
### DISTRICT OF CONNECTICUT

JOINT TRIAL MEMORANDUM ORDER
OF DOMINIC J. SQUATRITO, U.S.D.J.

The parties shall jointly submit <u>in duplicate</u> and in one continuous document to be signed by all counsel a proposed form of final trial memorandum (in compliance with Local Rule 6 of Civil Procedures and the Standing Order Regarding Trial Memoranda in Civil Cases incorporated in the Local Rules of Civil Procedure and modified hereby). This form shall be submitted for the Court's approval by no later than 30 days after any decision of the Court on dispositive motions that leaves open for trial any issue of material fact, or in the event no such motions have been filed, 30 days after the deadline for completion of all discovery or, by a date ordered by the Court. The time limits established by this Order supplant those set forth in Fed.R. Civ.P. 26(a)(2) and 26(a)(3). The memorandum shall contain the following information.

(1)  <u>TRIAL COUNSEL</u>: Counsel shall list the names, addresses and telephone numbers of the attorneys who will try the case.  Trial counsel must attend the calendar call or status conference, unless excused by the Court.

(2)  <u>JURISDICTION</u>: Counsel shall set forth the basis for federal jurisdiction.

(3)  <u>JURY/NON-JURY</u>: Counsel shall state whether the case is to be tried to a jury or to the court.

(4)  <u>LENGTH OF TRIAL</u>: Counsel shall set forth a realistic estimate of trial days required based on the length of testimony of each witness on both direct and cross examination. See Item 8, below. Counsel shall provide a schedule compiling the amount of time required for each witness.

(5)  <u>FURTHER PROCEEDINGS</u>: Specify, with reasons, the necessity of any further proceedings prior to trial.

(6)  <u>NATURE OF CASE</u>: Counsel for both parties shall separately state the nature of each cause of action and of the relief sought.

(7)  <u>TRIAL BY MAGISTRATE JUDGE</u>: Counsel shall state definitively whether the parties have agreed to a trial by a Magistrate Judge and if so, indicate whether they have elected to have any appeal heard by the District Court or by the Court of Appeals. See 28 U.S.C. §636(c), Rule 1 of the Local Rules for United States Magistrate Judges (D. Conn.). In the event the parties consent, counsel shall complete and submit the attached form.

n:sec.\boiler\tmo.ord rev'd 3/28/02

(8)  <u>LIST OF WITNESSES</u>: Counsel shall set forth the names and addresses of each witness to be called at trial, including a brief summary of the specific testimony anticipated and the length of testimony in tenths of an hour on both direct and cross examination. Witnesses not included in this list--except those used for rebuttal or impeachment-- shall not be permitted to testify at trial, except for good cause shown.

(9)  <u>EXHIBITS</u>: Counsel shall numerically list all exhibits--including a brief description of their contents--to be offered at trial on the case-in-chief. Exhibits not listed, except those used in rebuttal or for impeachment, will not be admissible at trial, except for good cause shown. All listed exhibits shall be deemed admissible unless there is an explicit objection to the exhibit. See Item 11, below. Copies of the actual exhibits shall be exchanged between the parties at the time of complying with this Order. Prior to trial, the parties shall mark all exhibits numerically with case number on exhibit tags to be provided by the Clerks's Office upon request. The original set of exhibits for the Deputy Clerk, complete copies of the exhibits (in binders) for Judge Squatrito, his law clerk, one for each juror and one for the witness stand shall be submitted to the Deputy Clerk one (1) day prior to trial.

(10)  <u>TRIAL TO COURT/JURY</u>: In all cases, counsel shall confer in an effort to enter into a written stipulation of uncontroverted facts and into an agreed statement of the contested issues of fact and law.

(a)  <u>Court</u>: Each party shall submit proposed findings of fact and conclusions of law, citing relevant authority where appropriate and affidavits of direct testimony.

(b)  <u>Jury</u>: The stipulation of uncontroverted facts will be read to the jury, and no evidence shall be presented on the uncontested facts.

(1)  <u>Proposed Voir Dire Questions</u>: Counsel shall attach a list of questions to be submitted to the jury panel.

(2)  <u>Proposed Jury Instructions</u>: Counsel shall attach requests for jury instructions. The failure to submit jury instructions for any claim or remedy by the plaintiff or defense by the defendant shall be deemed a waiver of the claim or remedy. Counsel are <u>not</u> required to submit general jury instructions which, for example, instruct the jury on its role, evidence in general, witness credibility, etc.

(11) <u>**ANTICIPATED EVIDENTIARY PROBLEMS**</u>: No motions in limine shall be filed. Each party shall attach memoranda of fact and law concerning evidentiary problems that cannot be resolved by agreement of the parties after good faith effort. All such evidentiary problems identified in the joint trial memorandum shall be considered motions in limine. Any objections not disclosed in the joint trial memorandum shall be deemed waived unless excused by the Court for good cause shown. To the extent any evidentiary issues are raised in the joint trial memorandum, the proponent of the evidence shall have ten days from the filing of this joint trial memorandum in which to file a response to evidentiary issue(s) raised by the opposing party. No reply memorandum shall be filed absent leave of the Court.


_____        _____
Counsel for Plaintiff(s)                Date Signed


_____        _____
Counsel for Defendant(s)                Date Signed