UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | : | |
|---|---|---|
| DIRK EPPERSON and | : | |
| BETTY SCHNEIDER, | : | CIVIL ACTION NO. |
| Plaintiffs, | : | 3:01CV1798(DJS) |
| | : | |
| v. | : | |
| | : | |
| IRVIN RICHTER, HILL | : | |
| INTERNATIONAL, INC., HILL ARTS & | : | |
| ENTERTAINMENTSYSTEMS, INC. n/k/a | : | |
| HAESI SOFTWARE, INC., | : | |
| Defendants. | : | NOVEMBER 17, 2006 |
| | : | |

### AMENDED ANSWER and AFFIRMATIVE DEFENSES OF DEFENDANTS IRVIN RICHTER and HILL INTERNATIONAL, INC.

Defendants Irvin Richter ("Richter") and Hill International, Inc. ("Hill") (hereinafter, Irvin Richter and Hill may be collectively referred to as "Defendants") hereby answers Plaintiffs' Second Amended Complaint as follows:

### JURISDICTIONAL ALLEGATIONS

With respect to Plaintiffs' allegations concerning diversity of citizenship, Defendants do not dispute that this Court has subject matter jurisdiction over this case.

With respect to the allegations regarding jurisdiction pursuant to 28 U.S.C. Sec. 1963, Defendants deny that this court has jurisdiction over this matter.

### COUNT ONE – ALTER EGO

1. Defendants admit that Richter is a resident of New Jersey.

2. Defendants admit that Hill is a Delaware Corporation with offices in New Jersey.

3. Defendants admit that Hill Arts & Entertainment Systems, Inc. n/k/a HAESI

Software, Inc. ("HAESI") is a Delaware Corporation.  Defendant denies that HAESI's principal place of business is now in Connecticut.

4.  Defendants admit that Plaintiffs obtained a judgment against HAESI in the United States District Court for the District of Connecticut in Docket No. 3:95cv2131 (DJS) in the amount of $422,446.   With respect to the allegations in the second sentence of Paragraph 4, Defendants state that the Judgment speaks for itself.  With respect to the allegations in the third sentence of paragraph 4, Defendants state that the Complaint speaks for itself.  With respect to the allegations in the fourth sentence of Paragraph 4, Defendants state that the contract speaks for itself.

5.  With respect to the allegations in Paragraph 5, Defendants state that the complaint speaks for itself.

6.  With respect to the allegations in the first sentence of Paragraph 6, Defendants state that HAESI's response to the complaint speaks for itself.  With respect to the allegations in the second sentence of paragraph 6, Defendants admit that through counsel HAESI requested and received courtesy enlargements of time to respond to litigation-related deadlines, including deadlines for producing outstanding discovery.  With respect to the allegations in the third sentence of Paragraph 6, Defendants deny that HAESI took advantage of those courtesy enlargements of time by transferring, in or about May 1996, substantially all of HAESI's assets, including the software developed by the Plaintiffs, to Entertainment Express n/k/a Advantix, Inc. ("Advantix"), a Delaware corporation.  With respect to the fourth sentence of Paragraph 6, Defendants admit in May 1996 that prior to the private placement of Advantix stock, Defendant Richter and/or his immediate family members were the controlling shareholders of Hill and HAESI and a company owned by Defendant Richter's family was the controlling shareholder of

Advantix.  With respect to the fifth sentence in Paragraph 6, Defendants admit that HAESI allowed its counsel to withdraw.  Defendants deny that HAESI refused to produce discovery.  Defendants admit that the Court granted Plaintiffs' Motion to Compel certain discovery responses, and that the Court granted Plaintiffs' Motion for Entry of Judgment, which motion alleged that HAESI had failed to comply with the Court's order with respect to Plaintiffs' Motion to Compel.

7.  With respect to the allegations in Paragraph 7, Defendants admit that judgment was entered against HAESI on April 23, 1997.  With respect to the allegations as to the contents of the judgment, Defendants state that the judgment speaks for itself.

8.  With respect to the allegations in Paragraph 8, Defendants admit that Defendant Richter was the owner of all of the shares of HAESI after March 27, 1992.  Defendants are unable to plead to Plaintiffs allegations that Defendants were the owner of and/or controlled "substantially all of the shares of stock of Defendant corporate HAESI as the term "substantially" is unclear and vague.  Defendants deny the remaining allegations in paragraph 8.

9.  Defendants deny the allegations in Paragraph 9, including subparts a-d.

10.  With respect to Plaintiff's prayer for relief, paragraph 2, Defendants deny that this Court has authority to award the relief requested in this paragraph.

11.  With respect to Plaintiff's prayer for relief, paragraph 3, Defendants deny that this Court has authority to award the relief requested in this paragraph.

12.  With respect to Plaintiff's prayer for relief, paragraph 4, Defendants deny that this Court has authority to award the relief requested in this paragraph.

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs' Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs have waived their rights, if any, to piece the corporate veil of HAESI.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs are equitably estopped from piercing the corporate veil of HAESI.

### FOURTH AFFIRMATIVE DEFENSE

This action is barred by the doctrine of laches.

### FIFTH AFFIRMATIVE DEFENSE

1.  Plaintiffs are collaterally estopped from relitigating issues concerning Hill's loan to HAESI, including the amount of such loan, the security agreement entered into between Hill and HAESI to secure such loan, the note that evidenced loan, the filing of the UCC-1 financial statements to perfect such security interest, and the amount of the outstanding principal and interest on the date of the sale of HAESI's assets to Entertainment Express, Inc. because such issues were fully and fairly litigated in Epperson v. Entertainment Express, Inc., 338 F. Supp. 2d 328 (D. Conn. 2004), aff'd Epperson v. Entm't Express, Inc., 159 Fed. Appx. 249 (2d Cir. 2005), cert. denied, Epperson v. Entm't Express, Inc., 126 S. Ct. 2296 (2006).

2.  Plaintiffs are also collaterally estopped from relitigating issues concerning Richter's loan to HAESI, including the amount of such loan, the making by HAESI of a promissory payable to Richter to evidence the loan, the execution of a security agreement to secure the loan, the filing of UCC-1 financing statements to perfect Richter's security interests in HAESI's assets, and the amount of the loan outstanding at time of the sale of HAESI's assets to Entertainment Express, because such issues were fully and fairly litigated in Epperson v. Entertainment Express, supra.

        DEFENDANTS
        IRVIN RICHTER, HILL INTERNATIONAL, INC.


By:   *Carolyn W. Kone*
        Carolyn W. Kone (ct06207)
        BRENNER, SALTZMAN & WALLMAN LLP
        Their Attorneys
        271 Whitney Avenue
        P.O. Box 1746
        New Haven, CT 06507-1746
        Tel. (203) 772-2600
        Fax. (203) 772-4008
        Email: ckone@bswlaw.com

**CERTIFICATE OF SERVICE**

    I hereby certify that on November 17, 2006, a copy of the foregoing, Amended Answer and Affirmative Defenses of Defendants Irvin Richter and Hill International, Inc., was filed electronically [and served by mail on anyone unable to accept electronic filing]. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system [or by mail to anyone unable to accept electronic filing]. Parties may access this filing through the Court's system.

                                      *Carolyn W. Kone*
                                      Carolyn W. Kone (ct06207)