UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| DIRK EPPERSON and : | |
| BETTY SCHNEIDER, : | CIVIL ACTION NO. |
| : | 3:01CV1798(AWT) |
| Plaintiffs, : | |
| v. : | |
| : | |
| IRVIN RICHTER, HILL : | |
| INTERNATIONAL, INC., HILL ARTS & : | |
| ENTERTAINMENT SYSTEMS, INC. : | |
| n/k/a HAESI SOFTWARE, INC., : | |
| : | DECEMBER 7, 2006 |
| Defendants. : | |

## MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO STRIKE JURY DEMAND

I.   INTRODUCTION

Defendants Irvin Richter ("Richter") and Hill International, Inc. ("Hill") (together the "Hill Defendants") submit the instant Memorandum in support of their Motion To Strike Plaintiffs, Dirk Epperson and Betty Schneider's, ("Plaintiffs") Demand for Jury Trial dated November 27, 2006 (the "Jury Demand"). As set forth below, the Jury Demand is untimely, because it was not served until over four and one-half years after the filing of the Hill Defendants' Answer and Affirmative Defenses dated May 3, 2002 (the "Original Answer") and therefore under Fed. R. Civ. P. 38(d) is deemed to have been waived. The filing of the Hill Defendants' Amended Answer and Affirmative Defenses on November 17, 2006 (the "Amended Answer"), which adds an affirmative defense of collateral estoppel with respect to factual findings made in a fraudulent transfer action involving the same parties, did not revive the right to a jury trial on the issues framed by

Plaintiff's Amended Complaint and the Original Answer. Further, the filing of the Amended Answer did not create a right to a jury trial on the Hill Defendants' collateral estoppel defense, because this defense does not raise any new issues and because the defense of collateral estoppel in this case is a question of law rather than a contested factual issue. Accordingly, Hill Defendants' Motion to Strike Jury Demand should be granted.

II.     BACKGROUND OF THE CASE

This is an alter ego or piercing the corporate veil case in which Plaintiffs seek to have the corporate form of Hill Arts and Entertainment Systems, Inc. ("HAESI") disregarded and to hold the Hill Defendants liable for a default judgment entered in favor of Plaintiffs against HAESI. See Epperson v. Richter, No. 3:01CV1798, 2004 U.S. Dist. LEXIS 19631 (D. Conn. Sept. 24, 2004) (ruling on cross motions for summary judgment). On May 3, 2002, the Hill Defendants filed the Original Answer. Plaintiffs did not serve or file a jury demand either prior to the Hill Defendants' filing of the Original Answer or within 10 days after the filing of the Original Answer.

On November 17, 2006, with the permission of the Court, the Hill Defendants filed the Amended Answer to add a fifth affirmative defense, which pleads that Plaintiffs are collaterally estopped from relitigating certain factual issues regarding (i) a loan made by Defendant Hill International, Inc. to HAESI and (ii) a loan made by Defendant Irvin Richter to HAESI, because such issues were fully and fairly litigated in a fraudulent transfer action involving Plaintiffs and the Hill Defendants, known as Epperson v. Entertainment Express, Inc., 338 F. Supp. 2d 328 (D. Conn. 2004), aff'd, Epperson v.

Entm't Express, Inc., 159 Fed. Appx. 249 (2d Cir. 2005), cert. denied, Epperson v. Entm't Express, Inc., 126 S. Ct. 2296 (2006) (the "Fraudulent Transfer Action").

On November 27, 2006, over four and one-half years after the filing of the Original Answer, Plaintiffs filed, for the first time, a Jury Demand demanding a jury trial of "all issues" in this case.

III.     DISCUSSION

    A.     Plaintiffs' Jury Demand Should be Stricken because Plaintiffs Waived Their Right to a Jury Trial by Not Serving a Jury Demand Within 10 days of the Filing of the Original Answer

Under Fed. R. Civ. P. 38, "failure to make a jury demand within 10 days after the close of the original pleadings constitutes a waiver of a party's right to a jury trial as to issues relating to the general area of dispute." Swan Brewery Co. Ltd. v. U.S. Trust Co. of New York, 143 F.R.D. 36, 39 (S.D.N.Y. 1992). "Once the ten-day period has passed, the 'parties may then rely on the Rule's explicit terms in presuming that the fact-finder will not thereafter change for the claims raised in the complaint.'" Sunenblick v. Harrell, 145 F.R.D. 314, 316 (S.D.N.Y. 1993) (internal citations omitted). Here, because Plaintiffs did not serve and file a jury demand either before or within 10 days of the filing of the Original Answer, Plaintiffs waived their right to a jury trial of this case.

    B.     The Amended Answer Did Not Revive Plaintiffs' Right to a Jury Trial

        1.     *The Amended Answer Did Not Revive Plaintiffs' Right to a Jury Trial on the Claims raised In Their Amended Complaint and the Original Answer*

Where a party has waived its right to a jury trial by failing to make a timely jury demand, and an amended pleading is filed, a jury trial may be demanded only as to new issues involving new facts raised by the amended pleading but not as to the original

issues pled in the original complaint and the original answer. Lanza v. Drexel & Co., 479 F.2d 1277, 1310 (2d Cir. 1973) (en banc) (holding that failure to demand a jury trial waived defendant's right as to all issues relating to the general area of dispute raised by the complaint and because amended complaint did not raise new issues within the meaning of Rule 38, defendant's right to demand a jury trial had not been revived); 8 J. Wm. Moore, et al., Moore's Federal Practice §§ 38.50[8][a]; 38.50[8][c] (3rd ed. 2006) ("assertion of the right to jury trial with regard to new issues raised in a amended pleading does not affect the waiver with respect to the issues raised in the original issues."); 9 C. Wright & A. Miller, Federal Practice and Procedure § 2320 (2d ed 1994) ("the amendment does not revive a right to jury trial previously waived on the issues already framed by the original pleadings."); 47 Am Jur. 2d Jury § 66. (2006) ("a party has a right to a jury trial as to any new issues raised by the amended or supplemental pleadings, but the right, previously waived, as to the issues framed in the original pleadings may not be revived."). Accordingly, Plaintiffs are not entitled to a jury trial on their alter ego claim and the Hill Defendants' defenses to such claim set forth in the Original Answer.

2.  *The Amended Answer Raises no "New Issues"*

Further, Plaintiffs are not entitled to a jury trial on the Hill Defendants' Affirmative Defense of collateral estoppel, because such defense does not raise a new issue. An amended pleading does not revive the right to demand a jury trial as to new issues of law based upon factual issues already framed in the original pleadings. See Lanza, 479 F.2d at 1310 (finding no right to jury trial based upon amendment to complaint, which had originally alleged violation of § 10(b) of the Securities and

Exchange Act of 1934 and Rule 10b-5 and which was amended to add allegations of violations of § 17(a) of the Securities and Exchange Act of 1933 and fraud with respect to a prospectus, because amended complaint did not add new issues as the case still involved the same conduct and the character of the suit was unchanged by the amendments); Rosen v. Dick, 639 F.2d 82, 94 (2d Cir. 1980) (presentation of a new legal theory does not constitute the presentation of a new issue on which a jury trial should be granted). A new issue is not raised by the amended pleadings, if the amended pleadings concern the same "general area of dispute" as was raised in the original pleadings. Lanza, 479 F.2d at 1310. "The concept [of a new issue] encompasses an inquiry as to whether the amendment changes 'the character of the suit,' or the ultimate issue for decision." Lastra v. Weil, Gotshal & Manges LLP, No. 03 Civ. 8756 (RJH)(RLE), 2005 U.S. Dist. LEXIS 3630 *5 (S.D.N.Y. March 8, 2005) (writing, "when the parties are the same before and after an amended pleading, it is difficult to show that a new issue has been raised. Usually, the initial jury demand (or waiver) will put the other parties on notice that a jury (or the court) will be trying 'all issues relating to [t]he general area of dispute.'") (citations omitted). See also Tuff-N-Rumble-Management, Inc. v. Sugarhill Music Publishing, Inc., 75 F. Supp. 2d 242, 246 (S.D.N.Y 1999) (finding amended answer, which alleged that plaintiff had actual as opposed to constructive notice of a prior transfer, did not raise new issues or change original issues); Westchester Day School v. Village of Mamaroneck, 363 F Supp. 2d 667, 672 (S.D.N.Y. 2005) (finding that defendant was not entitled to jury trial on amended answer adding six additional affirmative defenses, because defenses concerned factual issues raised in prior pleadings, character of suit was not altered by amendments, issues were addressed in prior court

orders, and new affirmative defenses were merely more detailed versions of defendants' original arguments that complaint failed to state a cause of action upon which relief could be granted).

In this case, Hill Defendants' collateral estoppel defense based upon findings in the fraudulent conveyance action regarding loans from the Hill Defendants to HAESI does not change the general area of dispute, the character of the suit or the ultimate issue for decision. Issues regarding whether the Hill Defendants loaned funds to HAESI and received valid security interests to secure such loans have been central to this litigation since its inception. See Plaintiffs' Amended Complaint, ¶ 9 c, which reads,

> Defendants HAESI, RICHTER and/or HILL have executed, or caused to be executed, documents which purport to grant liens or security interests to RICHTER and/or HILL, which said liens or security interests are either void or invalid, or constitute an improper divesture of significant amounts of HAESI's capital, all of which resulted in the perpetration of a substantial fraud and injustice upon plaintiffs.

In addition, the loans and security interest given to secure the loans were referenced in the parties' cross motions for summary judgment on numerous occasions, and the Hill Defendants have consistently defended this case on the basis of the validity of such loans and security interests. See Plaintiffs' Memorandum in Support of Motion for Summary Judgment dated February 16, 2001, pp. 7, 13; Defendants Irvin Richter and Hill International, Inc.'s Brief in Opposition to Motion for Summary Judgment dated April 10, 2001, p. 8; Appearing Defendants' Memorandum in Support of Motion for Summary Judgment dated May 3, 2002, pp. 8-13, 22, 25, 30; Defendants' Hill International, Inc. and Irving Richter's Local 9(c)(1) Statement, pp. 8-9, 10, 12; Plaintiffs' Memorandum of Law in Support of Motion for Summary Judgment dated May 3, 2002, p. 14; Defendant Irving Richter and Hill International, Inc.'s Memorandum in Opposition to Plaintiff's

Motion for Summary Judgment, pp. 13, 17-18, 19, 21.  Likewise, this Court, when ruling on the parties' cross motions for summary judgment, described the loans from Hill and Richter to HAESI and the attendant security interests in detail. See Epperson v. Richter, No. 3:01cv1798, 2004 U.S. Dist. LEXIS 19631 at *3, 18-28 (D. Conn. Sept. 24, 2004). Accordingly, no new factual issues have been raised by the Fifth Affirmative Defense.

At most, the additional affirmative defense raises a legal issue based upon the same conduct that has always been involved in this case, which legal defense is insufficient to constitute a "new issue" for purposes of Rule 38.  See Rosen, 639 F.2d 82 ("A legal theory incorporates issues of law which do not concern the jury….")   In sum, there is no colorable claim that a defense of collateral estoppel based upon findings regarding Hill's and Richter's loans to HAESI in any way changes the character of the alter ego dispute or the ultimate issue for decision, which is whether the corporate veil or HAESI should be pierced and the Hill Defendants should be held liable for the default judgment entered against HAESI. Accordingly, Plaintiffs' Jury Demand should be stricken.

> 3. *Plaintiffs Are Not Entitled to a Jury Trial on the Hill Defendants' Defense of Collateral Estoppel, Because Such Defense Presents a Question of Law Only*

Additionally, the new affirmative defense that the doctrine of collateral estoppel applies to preclude relitigation in this case of certain findings made in the Fraudulent Transfer action presents a question of law and not a question of disputed fact for the jury. See Moore's, supra at § 39.13[2][e] (stating that jury demand may be stricken if there are no factual disputes for the jury to resolve.) Where, as in the instant action, "[t]here is no dispute as to what occurred at the [prior case], or as to what questions were before the

court, or as to what issues were necessarily decided[,]" whether or not the doctrine of collateral estoppel applies is a question of law. Golino v. City of New Haven, 950 F.2d 864, 868 (2d Cir. 1991). See also Mackey v. Montrym, 443 U.S. 1, 14-15 (1979) (stating that question of whether state's court's subsequent finding that police refused to administer a breath-analysis test is binding on the Registrar as a matter of collateral estoppel is a question of law); Uzdavines v. Weeks Marine, Inc., 418 F.3d 138, 143 (2d Cir. 2005) (writing, "the second question - whether the doctrines of collateral and judicial estoppel precluded the Board's decision - is a pure question of law, which we review *de novo."*); Bess v. Spitzer, No. 2:06cv2772, 2006 U.S. Dist. LEXIS 83966 *22-23 (E.D.N.Y. Nov. 18, 2006) (finding that issues regarding whether determinations in state court proceedings were binding in federal court proceeding raised only questions of law).

In the instant case, there are no factual disputes as to what was presented to this Court in the Fraudulent Conveyance Action. This information is part of the record of that case. Further, there is no dispute as to what questions were before this Court, as such questions can be found in the numerous briefs submitted to this Court, the Second Circuit Court of Appeals and the United States Supreme Court in the Fraudulent Conveyance case. Similarly, there is no dispute as to which issues were necessarily decided by this Court in the Fraudulent Conveyance Action, as such issues are set out in this Court's extensive opinion. Accordingly, the question of whether the doctrine of collateral estoppel precludes the relitigation of this Court's factual findings with respect to the loans made by the Hill Defendants to HAESI is a question of law for this Court to decide on a Motion in Limine. Therefore, Plaintiffs are not entitled to a jury trial on the Hill Defendants' Fifth Affirmative Defense.

IV.  CONCLUSION

For the foregoing reasons, Plaintiffs' Demand for Jury Trial should be stricken.

> DEFENDANTS,
> IRVIN RICHTER and HILL INTERNATIONAL, INC.
>
>
> BY:   /s/ Carolyn W. Kone
>       Carolyn W. Kone (CT 06207)
>       Brenner, Saltzman & Wallman LLP
>       Their Attorneys
>       271 Whitney Ave.
>       New Haven, CT  06511
>       Tel. (203) 772-2600
>       Fax (203) 562-2098
>       E-mail: ckone@bswlaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on December 7, 2006, a copy of foregoing Memorandum In Support of Defendants' Motion To Strike Jury Demand was filed electronically [and served by mail on anyone unable to accept electronic filing]. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system [or by mail to anyone unable to accept electronic filing]. Parties may access this filing through the Court's system.

> /s/     Carolyn W. Kone
> Carolyn W. Kone (CT 06207)