UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DIRK EPPERSON and BETTY SCHNEIDER, | : : : | CIVIL ACTION NO. 3:01CV1798(AWT) |
| Plaintiffs, | : : | |
| v. | : : | |
| IRVIN RICHTER, HILL INTERNATIONAL, INC., HILL ARTS & ENTERTAINMENT SYSTEMS, INC. n/k/a HAESI SOFTWARE, INC., | : : : : : | |
| Defendants | : : | March 23, 2007 |

## MEMORANDUM IN SUPPORT OF MOTION IN LIMINE RE: PAROL EVIDENCE

I.    INTRODUCTION

In this corporate veil piercing case, Plaintiffs, Dirk Epperson and Betty Schneider

("Plaintiffs"), have indicated in their List of Witnesses, which is part of the parties' Joint

Pretrial Memorandum, that they intend to call Mr. Epperson to testify "as to the

assurances he received as to the intended capitalization of the project." To the extent that

Mr. Epperson intends to introduce evidence that he received oral assurances that either or

both Defendant Hill International, Inc. ("Hill") or Defendant Irvin Richter ("Richter")

(collectively the "Hill Defendants") would fund the software development project

described in agreement (the "Agreement") between Plaintiffs' company, Performing Arts

Technology, Inc. ("PAT"), and ArtSoft, Inc. ("ArtSoft"), the predecessor of Hill Arts &

Entertainment Systems, Inc. ("Hill A&E"), such evidence is barred by the parol evidence

rule. Such oral evidence directly contradicts the plain terms of the Agreement which

provide in pertinent part, "[t]he contract relationship created hereby is between specific

entities, and does not include corporate parents, subsidiaries or affiliates . . ."[1] It is undisputed that Hill International was an affiliate of ArtSoft, and Mr. Richter was a shareholder of ArtSoft and Hill.

II.    FACTUAL BACKGROUND

On August 2, 1988, PAT, which was owned by Plaintiffs, and ArtSoft, which was at that time owned by Richter, Hill and a third party, entered into a Custom Software Agreement. At the time of the making of the contract, Richter held a controlling interest in Hill. Paragraph 25.5 of the Agreement provides in pertinent part: "**The contract relationship created hereby is between specific entities, and does not include corporate parents, subsidiaries or affiliates.**" (emphasis added). The Agreement also stated in paragraph 24 that, "[t]his Agreement supersedes all proposals, oral or written, and all negotiations, conversations or discussions between the parties relating to this Agreement." A copy of the Agreement is attached behind Exhibit A. At the time of the making of the contract, Richter held a controlling interest in Hill and was a shareholder in ArtSoft. Accordingly, Hill and ArtSoft were affiliates.

In 1995, Plaintiffs, the shareholders of PAT, which was subsequently dissolved, brought suit against Hill A&E for failure to pay royalties claimed to be due under the Agreement. A default judgment was entered in 1997 against Hill A&E. In this case, Plaintiffs seek to hold Hill and Richter liable for such default judgment. Plaintiffs claim in the Joint Pretrial Memorandum that at trial, Mr. Epperson will testify that he received assurances regarding the intended capitalization of the project.

---

[1] Such evidence is also inadmissible hearsay. Fed. R. Evid. 802.

III.    ARGUMENT

    A.    The Parol Evidence Rule Bars Plaintiffs from Introducing Evidence that Assurances Were Provided that Hill and/or Richter Would Capitalize the Project that is the Subject of the Agreement

    1.    Choice of Law

A federal court sitting in diversity applies the choice of law rules of the forum state. Klaxon Co. v. Stentor Electric Mfg. Co., 313 U.S. 487, 496 (1941). Under Connecticut's choice of law rules, a Connecticut court will apply the state law agreed to by the parties in their contract to determine the substantive issues in the case. Gannet Co., Inc. v. Register Publishing Co., 428 F. Supp. 818, 824 (D. Conn. 1977). Paragraph 25.2 of the Agreement states, "[t]he validity and performance of this Agreement shall be governed by New York law."

    2.    New York Law

Under New York law, the parol evidence rule is "a rule of substantive, not evidentiary law." Transnor (Bermuda), Ltd. v. BP North America Petroleum, Conoco Inc., 736 F. Supp. 511, 519 n.10 (S.D.N.Y. 1990). "Under New York law, . . . , if a contract states that all of the parties' agreements are merged in the written document, parol evidence is not admissible to vary, or permit escape from, the terms of the integrated contract." Mfrs. Hanover Trust Co. v. Yanakas, 7 F.3d 310, 315 (2d Cir. 1993).

The parol evidence rule applies even if the party seeking to introduce the oral evidence claims that there were oral misrepresentations that induced the party to enter into a contract provided that the oral misrepresentations are inconsistent with specific recitals in the contract. Citibank, N.A. v. Plapinger, 66 N.Y.2d 90, 94-95 (1985) (holding

that claim that guarantors had been fraudulently induced to enter into guarantee by banks'
fraudulent misrepresentation that borrower would be extended an additional line of credit
were properly dismissed, when language of guarantee indicated it was absolute and
unconditional, and stating that if guarantors were permitted to maintain claim, court
would be condoning a fraudulent misrepresentation by guarantors of their own intentions
with respect to the guaranty); Grumman Allied Industries v. Rohr Industries, Inc., 748
F.2d 729, 735(2d Cir. 1984) (stating that where the substance of the disclaimer provisions
tracks the substance of the alleged misrepresentations, the parol evidence rule bars the
introduction of any evidence concerning the misrepresentations); Galvatron Industries
Corp. v. Greenberg, 96 A.D.2d 881 (2d Dep't 1983) (holding that parol evidence about
defendant's alleged fraud would be precluded when disclaimer in purchase agreement
stated that plaintiff was fully familiar with financial condition of seller and disclaimed
reliance on any representations made by seller); Manufacturers Hanover Trust Co. v.
Restivo, 169 A.D.2d 413, 414 (1st Dep't 1991), appeal dismissed, 77 N.Y.2d 989 (1991)
(ruling that claims that bank representative fraudulently represented that guarantees were
temporary and conditional upon bank's advances to borrower were barred by parol
evidence rule, since guarantee language stated that guarantees were continuing and
unconditional); Marine Midland Bank, N.A. v. CES/Compu-Tech, inc., 147 A.D.2d 396,
397 (1st Dep't 1989) (holding that contractual disclaimer in which defendant waived right
to assert defenses, setoffs and counterclaims in action relating to a note barred defense of
fraudulent inducement under parol evidence rule); Bank Leumi Trust Co. v. Block 3102
Corp., 180 A.D.2d 588, 589 (1st Dep't 1992) (mem) (holding that where guaranty stated
that it was absolute and unconditional, guarantor could not claim fraudulent inducement

under the parol evidence rule); <u>Bibeault v. Advanced Health Corp.</u>, No. 97 Civ.

6026(WHP), 2002 U.S. Dist. LEXIS 225, at *10-14(S.D.N.Y. 2002) (dismissing

fraudulent inducement claim regarding value of shares of stock, when subscription

agreement stated that plaintiff was not relying on information other than that provided in

the offering documents and that share price was set at an arbitrary price and

writing,"[d]isclaimers may provide meaningful notice that a signatory may not rely on a

prior oral representations when they specifically encompass the subject matter of the

representations"); <u>Lucas v. Oxigene, Inc.</u>, No. 94 Civ. 1691(MBM), 1995 U.S. Dist.

LEXIS 12575, at *9-11 (S.D.N.Y. 1995), <u>aff'd</u>, 1996 U.S. App LEXIS 5586 (2d Cir.

1996) (stating that even if contract does not state that plaintiff is not relying on any oral

representations, parol evidence bars plaintiff from proving he relied on oral promise that

his option rights would not be diminished when he signed an agreement that clearly

abrogated those rights, and writing that parties should be prevented from perpetrating a

fraud by deliberating misrepresenting their true intentions at the time of the signing of the

agreement).

     In this case, parol evidence similarly may not be admitted to prove that Mr.

Epperson received assurances that the intended capitalization of the project that is the

subject of the Agreement would come from either Hill or Richter. The Agreement was

complete on its face (see paragraph 24), and, therefore, under New York law was

integrated as a matter of law. <u>Battery S.S. Corp. v. Refineria Panama, S.A.</u>, 513 F.2d 735,

739 (2d Cir. 1975). The Agreement, itself, specified that the contractual relationship was

only between ArtSoft and PAT and did not include affiliates, such as Hill or Richter.

Accordingly, any testimony that Mr. Epperson had been given oral assurances that either

Hill or Richter would fund the contract contradicts this plain language of the Agreement and thus is not admissible under the parol evidence rule. See Transnor, 736 F. Supp. at 519. Under these circumstances, to allow Mr. Epperson to testify that he had received assurances that Hill and/or Richter would fund the software development program would itself be perpetrating a fraud, because PAT would be permitted to have deliberately misrepresented its true intentions at the time of the signing of the Agreement. See Plapinger, 66 N.Y.3d 90, 94-95; Lucas, 1995 U.S. Dist. LEXIS 12575, at *9-11.

B.    Connecticut Law

Even if Connecticut law is applied to this case, Plaintiffs may not introduce parol evidence to prove assurances of capitalization of the Agreement by Hill and/or Richter. Under Connecticut law, "[t]he parol evidence rule is:

> 'premised upon the idea that when the parties have deliberately put their engagements into writing, in such terms as import a legal obligation, without any uncertainty as to the object or extent of such engagement, it is conclusively presumed, that the whole engagement of the parties, and the extent and manner of their understanding, was reduced to writing. After this, to permit oral testimony, or prior or contemporaneous conversations, or usages [etc.], in order to learn what was intended, or to contradict what is written, would be dangerous and unjust in the extreme . . .'

Colliers, Dow and Condon, Inc. v. Schwartz, 77 Conn. App. 462, 466, 469 (2003)(internal citations omitted). "Parol evidence offered solely to vary or contradict the written terms of an integrated contract is, therefore legally irrelevant." Id. (finding that trial court wrongly relied on parol evidence to vary an express term of a contract and stating that parol evidence could not be introduced to establish an oral misrepresentation where the pleadings did not specifically allege fraud). See also Hood v. Verardi, No. 3:98 CV 1524(CFD), 2002 U.S. Dist. LEXIS 3513, at *11-12 (D. Conn. Feb. 20, 2002) (applying Connecticut law and holding that parol evidence rule precluded court from

considering in a breach of contract action, oral representations that plaintiff would be given one year employment contract when written contract stated that plaintiff would be an employee at will).

Under Connecticut law, if there is no allegation in the complaint that the plaintiff held a position of unequal bargaining power, a merger clause will be considered conclusive proof of the parties' intention to create a fully integrated contract and will operate to bar the introduction of parol evidence. Benvenuti Oil Co., Inc. v. Foss Consultants, 64 Conn. App. 723, 727 (2001) (holding that where complaint did not allege that plaintiff held a position of unequal bargaining power, merger clause in contract was conclusive evidence of the intent to create a completely integrated agreement and parol evidence was precluded). See also Tallmadge Bros., Inc. v. Iroquois Gas Transmission System, L.P., 252 Conn. 479, 504-05 (2000) (holding that trial court improperly considered extrinsic evidence where settlement agreements contained merger clauses, and parties had relatively equal bargaining power).

In the instant case, there is no allegation in the complaint that PAT held a position of unequal bargaining power with respect to the Agreement.[2] Similarly, in this case, there is a merger clause in the Agreement. Accordingly, there is conclusive proof that PAT and ArtSoft intended that the Agreement would be a completely integrated contract, and Plaintiffs should not be permitted to introduce evidence that Hill or Richter would be funding the Agreement. Such evidence contradicts the plain terms of the Agreement – which is that the bargain made was between PAT and ArtSoft only and not with any other

---

[2] Also, it is beyond preadventure there was unequal bargaining power between PAT and ArtSoft. Both were small software companies involved in the same line of business, and PAT was represented both by a lawyer and a business consultant. (See transcript of the deposition of Dirk Epperson, pp. 27-29, 44-45, attached as Exhibit B.)

affiliated party, including Hill or Richter.  Therefore, oral testimony regarding alleged

promises of capitalization from Hill or Richter is barred by the parol evidence rule.[3]

As stated by the Connecticut Appellate court:

'[C]ourts do not unmake bargains unwisely made. Absent other infirmities, bargains moved on calculated considerations, and whether provident or improvident, are entitled nevertheless to sanctions of the law. . .. Although parties might prefer to have the court decide the plain effect of their contract contrary to the agreement, *it is not within its power to make a new and different agreement; contracts voluntarily and fairly made should be held valid and enforced in the courts.*' (Citation omitted; emphasis added.)

Id. at 505-06.

IV.    CONCLUSION

For the foregoing reasons, the Hill Defendants' Motion in Limine Re: Parol

Evidence should be granted.

DEFENDANTS
IRVIN RICHTER and HILL INTERNATIONAL, INC.,


BY    */s/ Carolyn W. Kone*
       Carolyn W. Kone (CT 06207)
       Brenner, Saltzman & Wallman LLP
       Their Attorneys
       271 Whitney Ave.
       New Haven, CT  06511
       Tel. (203) 772-2600
       Fax (203) 562-2098
       E-mail: ckone@bswlaw.com

---

[3] Although, under Connecticut law, "parol evidence may be introduced to show that the legal effect of a term was misrepresented," and that such misrepresentation was relied upon by a party when entering into a contract, the pleadings must allege such misrepresentation. Colliers,, 77 Conn. App. at 470. In this case, there is no allegation in Plaintiffs' complaint that the legal effect of a term of the Agreement was misrepresented to PAT.

## CERTIFICATE OF SERVICE

I hereby certify that on March 23, 2007, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing.


_____*/s/ Carolyn W. Kone*_____
Carolyn W. Kone