UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| DIRK EPPERSON and<br>BETTY SCHNEIDER,<br><br>      Plaintiffs,<br>v.<br><br>IRVIN RICHTER, HILL<br>INTERNATIONAL, INC., HILL ARTS &<br>ENTERTAINMENT SYSTEMS, INC.<br>n/k/a HAESI SOFTWARE, INC.,<br><br>      Defendants. | CIVIL ACTION NO.<br>3:01CV1798(AWT)<br><br><br><br><br><br>JANUARY 22, 2008 |

## MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO PRECLUDE

I.    Introduction

In this 8-1/2 year old alter ego case, Plaintiffs, Dirk Epperson and Betty Schneider, disclosed to Defendants Irvin Richter and Hill International, Inc. (collectively the "Hill Defendants") for the first time, on March 8, 2007, in connection with the preparation of the Joint Trial Memorandum that they intend to call an expert witness at trial, Walter C. King, a certified public accountant. Plaintiffs did not provide an expert report from Mr. King. Defendants hereby move pursuant to Fed. R. Civ. P. 37(c)(1) to preclude the testimony of Mr. King on the grounds that Plaintiffs did not disclose this expert witness until almost 6 years after the date set for disclosure of Plaintiffs' expert witnesses in the Final Scheduling Order, such belated disclosure is not substantially justified and to permit Mr. King to testify at trial would be highly prejudicial to the Hill Defendants. The Hill Defendants also seek the costs of this motion.

II.    Factual Background

Plaintiffs filed this alter ego case on June 30, 1999 in the United States District

Court for the District of New Jersey. On April 24, 2001, the Court (Rosen, Magistrate Judge) entered a Final Scheduling Order. Paragraph 3 of the Final Scheduling Order provides the following:

> All experts' reports on behalf of plaintiffs shall be served upon counsel for defendants not later than July 31, 2001. All experts' reports on behalf of defendants shall be served upon counsel for plaintiffs not later than September 14, 2001. Each such report should be accompanied by the curriculum vitae of the proposed expert witness. **No expert opinion testimony shall be admitted at trial with respect to any witness for whom this procedure has not been timely followed.** Depositions of proposed expert witnesses shall be concluded by September 30, 2001. (Bold emphasis added).

Paragraph 8 of the Final Scheduling Order states the following:

> **THE FAILURE OF A PARTY OR ATTORNEY TO OBEY THIS ORDER MAY RESULT IN IMPOSITION OF SANCTIONS UNDER RULE 16(f), FED. R. CIV. P.**

A copy of the Final Scheduling Order is attached hereto as Exhibit A.

On September 17, 2001, the Honorable Stanley S. Brotman, United States District Judge, with the parties' consent, transferred this case to this Court pursuant to 28 U.S.C. § 1404(a).

Plaintiffs did not serve an expert's report or curriculum vitae on the Hill Defendants on July 31, 2001 nor did Plaintiffs disclose an expert. Rather, on March 8, 2007, in connection with the preparation of the Joint Trial Memorandum, Plaintiffs emailed to the Hill Defendants a List of Witnesses, which included the following:

> Walter C. King
> Walter C. King and Associates
> 991 Post Road East, #2
> Westport, CT 06880
> Mr. King is a member of the American Institute of Certified Public Accountants, the Connecticut Society of Certified Public Accountants, The Institute of Business Appraisers, Inc., the BSOP Association and the American Society of Appraisers-Business Valuation. His Curriculum Vitae is attached.[1] He is

---

[1] Mr. King's Curriculum Vitae was not attached to the email sent on March 8, 2007.

2

> expected to testify as an expert witness inter alia, that HAESI was grossly undercapitalized. The basis for his opinion is the financial statements and other materials which have been identified as exhibits in this trial memorandum. He is expected to testify as to the actual capitalization of the HAESI and other related companies, based, again, upon the financial data contained in the exhibits. He is expected to testify that the transferees of the assets gained a significant advantage over the creditors, inter alia, due to the skewed conversion ratio contained within the "Convertible Promissory Note". He is expected to testify as the accounting methods used as to the asset transfer and the valuation of the assets transferred. He is expected to opine as to the customs and practices pursuant to which companies such as the subject companies are typically operated. He is expected to opine, as needed, as to the proper accounting methods either used or to be used in transactions such as those engaged in by the defendants, including, inter alia, the propriety of reclassifying capital contributions into insider debt. He is expected to testify as to the propriety of generating financial statements with debt incorrectly referred to as capital "for presentational purposes." He is expected to testify as inconsistencies between the various claims made by the defendants as debt and equity, in particular as to the "reclassification" of the capital contributions into insider debt.

This was the first notice that the Hill Defendants had that Plaintiffs intend to call an expert witness at trial. No expert report was provided.

III.     Argument

Fed. R. Civ. P. 26(a)(2)(A) provides that in addition to the disclosures required by Rule 26(a)(1), "a party shall disclose to other parties the identity of any person who may be used at trial to present evidence under rules 702, 703, or 705 of the Federal Rules of Evidence." Fed. R. Evid. 702, 703 and 705 pertain to testimony by expert witnesses. Rule 26(a)(2)(B) requires that the disclosure of the identity of the expert witness be accompanied by an expert's report, and Rule 26(a)(2)(C) states that "[t]hese disclosures shall be made at the times and in the sequence directed by the court." "This rule affords parties 'reasonable opportunity to prepare for effective cross examination and perhaps arrange for expert testimony from other witnesses.'" Kaufman v. National Railroad Passenger Corporation, 3:02cv1700 (PCD), 2004 U.S. Dist. LEXIS 414 *4 (D. Conn. Jan. 15, 2004)(internal citations omitted).

3

If a party does not disclose its expert witness as required by Rule 26(a)(2), Fed. R. Civ. P. 37(c)(1) states that, "[a] party that without substantial justification fails to disclose information required by Rule 26(a) . . . , is not, unless such failure is harmless, permitted to use as evidence at trial, . . . any witness or information not so disclosed." Rule 37 (c)(1) also provides that the court may impose other appropriate sanctions, including payment of reasonable attorney's fees caused by the failure to disclose. Id. The preclusion sanction under Rule 37(c)(1) for a violation of Rule 26(a) is "automatic" and "is appropriate unless there is 'substantial justification' for the failure or the failure to make disclosure is harmless." Id. at 9. Giladi v. Strauch, 94 Civ. 3976 (RMB)(HBP), 2001 U.S. Dist. LEXIS 4645 *8-9 (S.D.N.Y. April 16, 2001)(precluding plaintiff's experts from testifying when plaintiffs failed to give complete list of cases in which plaintiff's experts had testified over the prior 4 years).

In this case, there is no substantial justification for Plaintiffs delaying for almost 8 years after this case was filed and almost 6 years after the deadline for disclosing their expert witness to disclose Mr. King as their expert witness. According to Plaintiffs' List of Witnesses, Mr. King apparently will testify about topics that Plaintiffs have been litigating about for many years, i.e. whether Hill Arts and Entertainment Systems, Inc. ("Hill A&E") was "grossly undercapitalized, the conversion rate of the Convertible Note that Hill A&E received after its assets were sold to Entertainment Express, Inc. ("Entertainment Express"), the valuation of the assets sold to Entertainment Express, and the accounting methods used by Hill A&E with respect to loans made by the Hill Defendants to Hill A&E. These topics are ones that Plaintiffs have written about extensively in this case, particularly when opposing the Hill Defendants' Motion for Summary Judgment. See Epperson v. Richter, No. 3:01CV1798 (DJS), 2004 U.S. Dist.

4

LEXIS 19631 (Sept. 24, 2004). There is absolutely no justification and certainly no "substantial justification", for Plaintiffs' failure to disclose Mr. King until March 8, 2007. In fact, Plaintiffs' counsel had admitted that he has known about Mr. King's proposed testimony for some time. Certainly Plaintiffs' Rule 26 violations "were not due to circumstances beyond Plaintiff's control, nor were they due to the fortuitous discovery of new evidence that could not have been produced in accordance with the schedule ordered by the Court." Giladi, 2001 U.S. Dist. LEXIS 4645 at *21.

Additionally, Plaintiffs' failure to disclose their expert witness is obviously prejudicial to the Hill Defendants. "' The burden to prove . . . harmlessness rests with the dilatory party.'" Design Strategies, Inc. v. Davis, 367 F. Supp. 2d 630, 635 (S.D.N.Y. 2005) (internal citation omitted) (precluding plaintiff's experts from testifying when plaintiff missed the 90 day deadline for expert witness disclosure). In this case, it would be extremely prejudicial to the Hill Defendants to permit Plaintiffs to offer the testimony of Mr. King. The Hill Defendants have not had the opportunity to review Mr. King's report, if there is one, or to take his deposition. The Hill Defendants further have not had the opportunity to engage their own expert to rebut Mr. King's proposed testimony. This case is on the eve of trial. If late discovery were permitted, it would have to be conducted on an expeditious basis, which would be prejudicial to the Hill Defendants, who are preparing for trial, and would impose additional costs on the Hill Defendants. See Giladi, 2001 U.S. Dist. LEXIS 4645 at *20 (finding that defendants were prejudiced by the plaintiff's failure to provide adequate experts' reports, because the trial was 6 weeks away and defendants would be required to complete depositions of plaintiff's experts, provide their own experts for deposition and prepare for trial on an expedited basis); Design Strategies, 367 F. Supp. 2d at 648 (finding prejudice where expert

5

witness was not disclosed until 1½ years after discovery was closed and denying request to reopen discovery, because if discovery were reopened, defendants would be required to investigate the proposed expert's qualifications and the final resolution of the case would be delayed); <u>Dunn v. Zimmer, Inc.</u>, 3:00CV1306 (DJS), 2005 U.S. Dist. LEXIS 3505 at *4-5 (D. Conn. March 9, 2005) (finding that when rebuttal expert had not been disclosed until 4 months after deadline for disclosure had been passed and defendant had filed a motion for summary judgment, witnesses' testimony would be precluded, and discovery would not be reopened, because to do so would be disruptive and costly to defendant); <u>Applera Corp. v. MJ Research Inc.</u>, 220 F.R.D. 13, 19 (D. Conn. 2004)(precluding testimony by experts under both Fed. R. Civ. P. 37(b)(2) and 37(c)(1) and not permitting discovery to be reopened where defendants failed to comply with Court's scheduling order regarding both identifying experts and disclosing their reports, expert disclosures were made on the eve of trial, case was almost 6 years old, expert discovery had long been closed, one of the defendants had been asked about expert disclosures and had refused to respond, the defendant had not alerted the Court that it was intending to identify additional experts, and plaintiff never knew about the identity of the experts and had no opportunity to conduct discovery of the experts' opinions); <u>Kaufman</u>, 2004 U.S. Dist. LEXIS 414 at *5-7 (precluding testimony by expert witness when expert was not identified until 7 months after deadline to identify expert had expired, because defendant would be unfairly prejudiced by delinquent disclosure as it would not be able to properly assess expert report, prepare a defense and engage its own independent medical expert to examine plaintiff); <u>Croom v. Western Connecticut State University</u>, Civ., No 3:00cv1805 (PCD), 2002 U.S. Dist. LEXIS 27371 at * 7-8 (D. Conn. April 3, 2002)(precluding testimony of expert witness where pretrial order ordered

disclosure of expert witness, expert witness was not identified until 2 days later and no expert report was served on defendant).

"[W]hile trial courts have discretion to determine whether or not a substantial justification exists and whether or not a failure to disclose is harmless, if the trial court finds that there is no substantial justification and the failure to disclose is not harmless, preclusion is mandatory." Design Strategies, 367 F. Supp. 2d at 634. Accordingly, because Plaintiffs' failure to disclose its expert witness until almost 6 after such disclosure was due is not substantially justified and the Hill Defendants would be seriously prejudiced if such expert were permitted to testify, the Hill Defendants' Motion to Preclude should be granted.

IV.  Conclusion

For the foregoing reasons, Defendants' Motion to Preclude should be granted, and Defendants should be awarded the costs of this motion.

DEFENDANTS
IRVIN RICHTER and HILL INTERNATIONAL, INC.,


BY  /s/ Carolyn W. Kone
    Carolyn W. Kone (CT 06207)
    Brenner, Saltzman & Wallman LLP
    Their Attorneys
    271 Whitney Ave.
    New Haven, CT  06511
    Tel. (203) 772-2600
    Fax (203) 562-2098
    E-mail: ckone@bswlaw.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 22, 2008, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing.

                                            */s/ Carolyn W. Kone*
                                            Carolyn W. Kone