UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| DIRK EPPERSON and<br>BETTY SCHNEIDER,<br><br>        Plaintiffs,<br><br>v.<br><br>IRVIN RICHTER, HILL<br>INTERNATIONAL, INC., HILL ARTS &<br>ENTERTAINMENT SYSTEMS, INC.<br>n/k/a HAESI SOFTWARE, INC.,<br><br>        Defendants. | CIVIL ACTION NO.<br>3:01CV1798(AWT)<br><br><br><br><br><br><br><br><br>JANUARY 22, 2008 |

## DEFENDANTS' MOTION FOR LEAVE TO FILE MOTION IN LIMINE RE: DEFENSE OF ALTER EGO AND FRAUDULENT CONVEYANCE CLAIMS

Defendants Irvin Richter ("Richter") and Hill International, Inc. ("Hill") (together, the "Hill Defendants") hereby move for permission to file a Motion in Limine to preclude Plaintiffs, Dirk Epperson and Betty Schneider ("Plaintiffs"), from offering evidence regarding actions taken by the Hill Defendants in defense of the four alter ego and/or fraudulent conveyance cases filed by Plaintiffs against the Hill Defendants. Such evidence is irrelevant to Plaintiffs' alter ego claims against the Hill Defendants and may result in the need by the Defendants to call witnesses other than those listed in the Joint Trial Memorandum, add exhibits other than those listed in the Joint Trial Memorandum and/or may result in the disqualification of Plaintiffs' and/or Hill Defendants' counsel at this late date.

Attached hereto is a proposed Motion in Limine Re: Defense of Alter Ego and Fraudulent Conveyance Claims and a proposed Memorandum in Support of Motion in Limine Re: Defense of Alter Ego and Fraudulent Conveyance Claims.

The Hill Defendants did not file the proposed Motion in Limine when the Joint Trial Memorandum was filed (although they filed two other motions in limine and a motion to preclude), because the Hill Defendants did not know that Plaintiffs were intending to introduce evidence about motions filed by the Hill Defendants in defense of the Alter Ego/Fraudulent Conveyance cases until after their counsel received the completed Joint Trial Memorandum.

WHEREFORE, the Hill Defendants request that their Motion for Leave to file a Motion in Limine be granted.

DEFENDANTS
IRVIN RICHTER and HILL INTERNATIONAL, INC.,

BY  /s/ *Carolyn W. Kone*
  Carolyn W. Kone (CT 06207)
  Brenner, Saltzman & Wallman LLP
  Their Attorneys
  271 Whitney Ave.
  New Haven, CT 06511
  Tel. (203) 772-2600
  Fax (203) 562-2098
  E-mail: ckone@bswlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on January 22, 2008, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing.

                                              */s/ Carolyn W. Kone*
                                              Carolyn W. Kone

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| DIRK EPPERSON and<br>BETTY SCHNEIDER,<br><br>   Plaintiffs,<br>v.<br><br>IRVIN RICHTER, HILL<br>INTERNATIONAL, INC., HILL ARTS &<br>ENTERTAINMENT SYSTEMS, INC.<br>n/k/a HAESI SOFTWARE, INC.,<br><br>   Defendants. | CIVIL ACTION NO.<br>3:01CV1798(AWT)<br><br><br><br><br><br>JANUARY 22, 2008 |

## DEFENDANTS' MOTION IN LIMINE RE: DEFENSE OF ALTER EGO AND FRAUDULENT CONVEYANCE CLAIMS

Defendants Irvin Richter ("Richter") and Hill International, Inc. ("Hill") (together, the "Hill Defendants") hereby move to preclude Plaintiffs, Dirk Epperson and Betty Schneider ("Plaintiffs"), from offering evidence regarding actions taken by the Hill Defendants in defense of the four alter ego and/or fraudulent conveyance cases filed by Plaintiffs against the Hill Defendants. Such evidence is irrelevant to Plaintiffs' alter ego claims against the Appearing Defendants and will require changes to the Pretrial Memorandum and may result in the disqualification of Plaintiffs' or Appearing Defendants' council, at this late date.

  The Hill Defendants are filing a Memorandum in Support of their Motion in Limine Re: Defense of Alter Ego and Fraudulent Conveyance Claims.

  WHEREFORE, the Hill Defendants request that their Motion in Limine be granted.

m:\docs\03406\002\a49852.doc

2

DEFENDANTS
IRVIN RICHTER and HILL INTERNATIONAL, INC.,


BY   /s/ Carolyn W. Kone
      Carolyn W. Kone (CT 06207)
      Brenner, Saltzman & Wallman LLP
      Their Attorneys
      271 Whitney Ave.
      New Haven, CT  06511
      Tel. (203) 772-2600
      Fax (203) 562-2098
      E-mail: ckone@bswlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on January 22, 2008, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing.

                                           /s/ Carolyn W. Kone
                                           Carolyn W. Kone

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| DIRK EPPERSON and<br>BETTY SCHNEIDER,<br>　　　　　　Plaintiffs,<br><br>　　v.<br><br>IRVIN RICHTER, HILL<br>INTERNATIONAL, INC., HILL ARTS &<br>ENTERTAINMENT SYSTEMS, INC.<br>n/k/a HAESI SOFTWARE, INC.,<br>　　　　　　Defendants | CIVIL ACTION NO.<br>3:01CV1798(AWT)<br><br><br><br><br><br><br>JANUARY 22, 2008 |

## MEMORANDUM IN SUPPORT OF MOTION IN LIMINE RE: DEFENSE OF ALTER EGO AND FRAUDULENT CONVEYANCE CLAIMS

I.   INTRODUCTION

In their Pretrial Memorandum, Plaintiffs, Dirk Epperson and Betty Schneider ("Plaintiffs"), have indicated that they intend to establish their alter ego claim, at least, in part, by introducing evidence about actions taken by Defendant Hill International, Inc. ("Hill") and Defendant Irvin Richter ("Richter") (collectively the "Hill Defendants") in defending and seeking to dismiss the four alter ego and/or fraudulent conveyance actions brought by Plaintiffs against them (See Joint Pretrial Memorandum dated March 23, 2007 at 88, 93-97). Because the Hill Defendants' actions in defending these cases (which actions were for the most part successful and which actions, in all instances, were proper) are completely irrelevant to Plaintiffs' veil piercing claims against the Hill Defendants, Plaintiffs should be precluded from introducing such evidence at trial. The Hill Defendants have filed this Motion in Limine in order to clarify the issues for trial so that they will be able to prepare adequately for trial.

m:\docs\03406\002\a49511.doc

II.     FACTUAL BACKGROUND

On April 23, 1997, this Court entered a default judgment against Hill Arts & Entertainment Systems, Inc. ("Hill A&E") in favor of Plaintiffs' former company, Performing Arts Technology, Inc. ("PAT"), based upon an alleged breach of a software development agreement in a case entitled <u>Epperson v. Hill Arts & Entertainment Systems, Inc.</u>, 3:95CV2131(DJS)(the "1995 Action"). When PAT learned that Hill A&E had sold its assets, PAT amended its complaint in the 1995 Action to add as additional defendants Entertainment Express, Inc. ("Entertainment Express"), which had purchased Hill A&E's assets, and the Hill Defendants and to allege fraudulent conveyance claims against these new defendants and alter ego claims against the Hill Defendants. On March 23, 1998, Judge Squatrito dismissed the amended complaint because of lack of diversity (both PAT and Entertainment Express were California citizens). Neither PAT nor Plaintiffs appealed this decision.

On April 27, 1999, Plaintiffs filed a second fraudulent conveyance action in this Court against Entertainment Express, Hill, Richter, and Hill A&E alleging that Hill A&E had fraudulently conveyed its assets to Entertainment Express and had fraudulently granted liens to the Hill Defendants. This second action was entitled <u>Epperson v. Entertainment Express, Inc.</u>, CV No. 3:99CV0778 (DJS) (the "Connecticut Fraudulent Conveyance Action"). On March 31, 2000, this Court dismissed the Connecticut Fraudulent Conveyance Action on the grounds that the Court lacked supplemental enforcement jurisdiction over the case under the Supreme Court's holding in <u>Peacock v. Thomas</u>, 516 U.S. 349 (1996). On March 7, 2001, the Second Circuit remanded the Connecticut Fraudulent Conveyance Action to this Court ruling that <u>Peacock</u> was limited to alter ego cases and did not extend to fraudulent conveyance actions. See <u>Epperson v. Entertainment Express, Inc.</u>, 242 F.3d 100, 108 (2d Cir. 2001). Thereafter, the parties filed cross

motions for summary judgment, and on September 24, 2004, this Court granted summary judgment in favor of the Hill Defendants in the Connecticut Fraudulent Conveyance Action. See Epperson v. Entertainment Express, 338 F. Supp. 2d 328 (D. Conn. 2004), aff'd, 159 Fed. Appx. 249 (2d Cir. 2005), cert. denied. 126 S.Ct. 2296 (U.S. 2006).[1]

On May 26, 2000, Plaintiffs filed a third fraudulent conveyance action against Entertainment Express (which was at that time was known as Tickets.com) and against Hill, Richter, and Hill A&E (which was at that time known as HAESI Software, Inc.) in the California Superior Court. This action was known as Epperson v. Tickets.com, Inc., Case No. 00CC06393 (the "California Action"). On January 17, 2001, the California Action was dismissed as to Richter on the grounds that the California court lacked personal jurisdiction over Richter. (See Order Granting Defendant Irvin Richter's Motion to Quash Service of Summons attached as Exhibit 1). On July 23, 2001, Plaintiffs requested that the California Action be dismissed, and the California Action was dismissed on July 24, 2001.

On June 30, 1999, Plaintiffs filed the fourth action against the Hill Defendants case in the U.S. District Court for the District of New Jersey (the "Alter Ego Case"), which case was known was Epperson v. Richter, Docket No. 99CV3053(SSB). In August 1999, the Hill Defendants moved to dismiss or stay this case under the "first filed" doctrine, based on the fact that the Connecticut Fraudulent Conveyance Action had been filed before the Alter Ego Action and involved the same subject matter. In May 2000, the New Jersey District Court dismissed the

---

[1] In the Connecticut Fraudulent Conveyance Action, Richter had originally moved to dismiss the action in 1999 both on the basis of lack of subject matter jurisdiction and lack of personal jurisdiction. This Court did not reach the question of lack of personal jurisdiction when it dismissed the case for lack of subject matter jurisdiction in 2000. When the case was reinstated, Richter again filed a motion to dismiss for lack of personal jurisdiction on September 6, 2001. This Court denied Richter's motion on the grounds that Richter had forfeited this defense when he agreed to the transfer of the Alter Ego Action from New Jersey to Connecticut, as hereinafter discussed. Epperson v. Entertainment Express, Inc., 338 F. Supp. 2d at 334-35.

motion to dismiss without prejudice to refiling, because of a change in circumstances, namely that the Connecticut Fraudulent Conveyance Action had been dismissed in Connecticut and that that dismissal was being appealed to the Second Circuit (See Ruling attached as Exhibit 2). Defendants subsequently refiled the Motion to Dismiss, and, after the Connecticut Fraudulent Conveyance Action had been restored to this Court's docket, the New Jersey District Court, sua sponte, with the consent of Plaintiffs and the Hill Defendants, transferred this case to this Court on September 17, 2001.

In Section 15 of the Joint Pretrial Memorandum filed in this case, Plaintiffs Findings of Fact and Conclusions of Law at 93-97, Plaintiffs describe the motions to dismiss filed by the Hill Defendants in the 1995 Action, the Connecticut Fraudulent Conveyance Action, the New Jersey Alter Ego Action, and the California Action, indicating that the motions were not meritorious and that Defendants' positions in each forum were contradictory.[2]

### III. ARGUMENT

Plaintiffs Should Be Precluded from Offering Evidence about the Hill Defendants' Actions in Seeking the Dismissal of the Four Fraudulent Conveyance/Alter Ego Actions, Because Such Evidence is Irrelevant to Plaintiffs' Alter Ego Claims

"Motions in limine may be directed toward barring evidence or argument and may be based on any of the grounds available under the Federal Rules of Evidence." James WM. Moore, 3 Moore's Federal Practice (3rd Ed. 2007) at §16.77[4][d][ii]. Under the Federal Rules of Evidence, evidence must be relevant to be admissible. Fed. R. Evid. 402. Evidence is relevant if

---

[2] Plaintiffs claim that the undersigned counsel wrote to the Second Circuit in the appeal of the dismissal of the Connecticut Fraudulent Conveyance Action on the basis of subject matter jurisdiction claiming that the Plaintiffs had a forum in California for their fraudulent conveyance claims (Joint Trial Memorandum at 95). This is not correct. On February 2, 2001, the undersigned wrote to the Second Circuit advising the Court of the pendency of the California Action and stating that as to Entertainment Express, Inc., the California Court had jurisdiction over that defendant but that the Hill Defendants had moved to dismiss the California Action on the grounds of lack of personal jurisdiction and forum non conviens. (See Exhibit 3).

4

it tends to prove or disprove any material issue of fact in a case. Joseph M. McLaughlin, 2 Weinstein's Federal Evidence (2d Ed. 2007) at § 401.02[2]. Whether a fact is material or of consequence is determined by the rules of evidence and the substantive law applicable to the case. Id. at §401.04[3][b].

The instant case alleges that the Hill Defendants are the alter egos of Hill A&E. In the Joint Trial Memorandum, the Hill Defendants have argued that Delaware alter ego law, the law of the place of incorporation of Hill A&E, should apply to this case. (See Joint Trial Memorandum at 144). However, under either Delaware law or Connecticut law, evidence regarding an alter ego defendant's defense of an alter ego action or a fraudulent conveyance action, in particular jurisdictional challenges to such actions, is completely irrelevant to the elements of an alter ego action. Under Delaware law, the test is whether the corporate form has been used to perpetuate a fraud or a similar injustice, such as whether the corporation was formed or operated for a fraudulent purpose, for example to hold the corporation liable for the individual's debts, or the individual has stripped the corporation of assets in anticipation of a potentially adverse judgment. Mobil Oil Corp. v. Linear Films, Inc., 718 F. Supp. 260, 268, 269-70 (D. Del. 1989). The defendant's actions in defending an alter ego action are not relevant to either of these factors.

Under Connecticut law, a corporate veil can only pierced if the plaintiff proves the elements of the instrumentality rule, Zaist v. Olson, 154 Conn. 563 (1967), or the identity rule. Morris v. CeeDee, LLC, 90 Conn. App. 403, 414 (2005). The instrumentality rule requires proof of excessive control with respect to the transaction attacked, that the control have been used to perpetrate a wrong in contravention of the plaintiff's rights and that such control and breach of duty have proximately caused plaintiff's injury. Zaist, 154 Conn. at 575. Here, Plaintiffs' alleged

injuries - their failure to be able to satisfy their default judgment - had to have occurred before they brought their alter ego claims, because they allege such harm in their various complaints. Accordingly, the Hill Defendants' conduct in defending the alter ego and fraudulent conveyance actions could not, as a matter of law, have caused Plaintiffs' harms.

Further, the Connecticut Appellate Court has listed the factors that should be used under the instrumentality test – absence of corporate formalities, inadequate capitalization, intermingling of personal and corporate funds, overlapping ownership and control, common location, lack of discretion vested in the allegedly dominated corporation, the relationship between the corporation and the defendant, use of the corporation's assets by the defendant, whether the corporation and the defendant were treated as independent profit centers, and whether the defendant paid or guaranteed the corporation's debt. <u>Litchfield Asset Mgmt. v. Howell</u>, 70 Conn. App. 133, 147 (2002). None of these factors include the conduct of the defendant in defending the alter ego action itself.

Similarly, in order to pierce the corporate veil under the identity rule, Plaintiffs must establish that Hill A&E and the Hill Defendants were one economic entity and that Hill A&E was operated for the benefit of Hill A&E and the Hill Defendants. <u>Tomasso</u>, 187 Conn at 554. The Hill Defendants' filing motions to dismiss in the alter ego and fraudulent conveyance actions can, in no way, be considered relevant to either of these determinations.

Finally, evidence about defense of the alter ego and the fraudulent conveyance cases might require the calling of attorneys from California and New Jersey, will definitely require the amendment of the Joint Trial Memorandum to add additional exhibits and might require the testimony of either Plaintiffs' counsel or Hill Defendants' counsel in this case, which would result in the disqualification of such counsel and the need for each party, at this late date, to

obtain substitute counsel. In view of the lack of probative value of this evidence, this unfair burden to both parties, should not be imposed.

IV.   CONCLUSION

For the foregoing reasons, the Hill Defendants' Motion in Limine Re: Defense of Alter Ego and Fraudulent Conveyance Cases should be granted.

DEFENDANTS
IRVIN RICHTER and HILL INTERNATIONAL, INC.,

BY   */s/ Carolyn W. Kone*
     Carolyn W. Kone (CT 06207)
     Brenner, Saltzman & Wallman LLP
     Their Attorneys
     271 Whitney Ave.
     New Haven, CT  06511
     Tel. (203) 772-2600
     Fax (203) 562-2098
     E-mail: ckone@bswlaw.com

7

## CERTIFICATE OF SERVICE

I hereby certify that on January 22, 2008, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing.

                                                */s/ Carolyn W. Kone*  
                                                Carolyn W. Kone