**EXHIBIT 1**

COPY

ORANGE COUNTY SUPERIOR COURT
RECEIVED
JAN 17 2001
ALAN SLATER, EXECUTIVE OFFICER/CLERK
By _____ DEPUTY

FILED
ORANGE COUNTY SUPERIOR COURT
MAR 0 5 2001
ALAN SLATER, EXECUTIVE OFFICER/CLERK
By _____ DEPUTY

LAW OFFICES
CHRISTENSEN, MILLER, FINK, JACOBS, GLASER, WEIL & SHAPIRO, LLP
2121 AVENUE OF THE STARS
EIGHTEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
(310) 553-3000

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF ORANGE

| | |
|---|---|
| DIRK EPPERSON and BETTY SCHNEIDER,<br><br>Plaintiffs,<br><br>v.<br><br>TICKETS.COM, INC., IRVIN RICHTER, HILL INTERNATIONAL, INC., HILL ARTS & ENTERTAINMENT SYSTEMS, INC. n/k/a HAESI SOFTWARE, INC.,<br><br>Defendants. | Case No. 00CC06393<br><br>[~~PROPOSED~~] ORDER GRANTING DEFENDANT IRVIN RICHTER'S MOTION TO QUASH SERVICE OF SUMMONS<br><br>Date: February 28, 2001<br>Time: 1:30 p.m.<br>Dept.: C14<br>Courtroom of the<br>Honorable David C. Velasquez<br><br>Complaint Filed: May 26, 2000<br>Trial Date: None |

- 1 -

201445.1    ORDER GRANTING MOTION TO QUASH SERVICE OF SUMMONS

- 2 -

1  Defendant's motion to quash service of summons on Irvin Richter was heard on February 28, 2001 at 1:30 p.m., Department C14 of the above entitled court.

The Court having considered the papers filed in support of and in opposition to the motion, and after hearing the arguments of counsel, hereby GRANTS defendant's motion to quash service of summons.

The Court finds that it has no personal jurisdiction over Irvin Richter. Accordingly, it is ordered that the service of the summons and complaint on Irvin Richter in this action is quashed.

Dated: 3-1 , 2001

DAVID C. VELASQUEZ
_____
HONORABLE DAVID C. VELASQUEZ,
JUDGE OF THE SUPERIOR COURT

Presented by:

Peter C. Sheridan, State Bar No. 137267
Edward Lara, State Bar No. 210766
CHRISTENSEN, MILLER, FINK, JACOBS,
GLASER, WEIL & SHAPIRO, LLP

By: _____
PETER C. SHERIDAN, Attorneys for
Defendant IRVIN RICHTER

LAW OFFICES
CHRISTENSEN, MILLER, FINK, JACOBS, GLASER, WEIL & SHAPIRO, LLP
2121 AVENUE OF THE STARS
EIGHTEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
(310) 553-3000

201445.1    ORDER GRANTING MOTION TO QUASH SERVICE OF SUMMONS

# PROOF OF SERVICE

STATE OF CALIFORNIA
COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California; I am over the age of 18 and not a party to the within action; my business address is 2121 Avenue of the Stars, Eighteenth Floor, Los Angeles, California 90067.

On **March 12, 2001**, I served the foregoing document(s) described as:
**ORDER GRANTING DEFENDANT IRVIN RICHTER'S MOTION TO QUASH SERVICE OF SUMMONS** on the interested parties to this action by placing a copy thereof enclosed in a sealed envelope addressed as follows:

Robert Sullivan, Esq.
Law offices of Robert Sullivan
190 Main Street
Westport, CT 06880

Ken Steelman, Esq.
Lance Green, Esq.
Law Offices of Corbett & Steelman
18200 Von Karman Avenue, Suite 200
Irvine, CA 92612

[X] **(BY MAIL)** I am readily familiar with the business practice for collection and processing of correspondence for mailing with the United States Postal Service. This correspondence shall be deposited with the United States Postal Service this same day in the ordinary course of business at our Firm's office address in Los Angeles, California. Service made pursuant to this paragraph, upon motion of a party served, shall be presumed invalid if the postal cancellation date of postage meter date on the envelope is more than one day after the date of deposit for mailing contained in this affidavit.

[ ] **(BY OVERNIGHT DELIVERY SERVICE)** I served the foregoing document by Federal Express, an express service carrier which provides overnight delivery, as follows. I placed true copies of the foregoing document in sealed envelopes or packages designated by the express service carrier, addressed to each interested party as set forth above, with fees for overnight delivery paid or provided for..

[ ] **(BY PERSONAL SERVICE)** I caused such envelope to be delivered by hand to the offices of the above named addressee(s).

[ ] **(BY FACSIMILE)** I caused such documents to be delivered via facsimile to the offices of the addressee(s) at the following facsimile numbers: _____.

**Executed this 12th day of March, 2001, at Los Angeles, California.**

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

_____
HELEN ANDRANIAN

204349.1

Case 3:01-cv-01798-AWT    Document 173-2    Filed 01/29/2008    Page 5 of 17

**EXHIBIT 2**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

DIRK EPPERSON and BETTY SCHNEIDER,

Plaintiffs,

v.

IRVIN RICHTER, HILL INTERNATIONAL, INC., HILL ARTS AND ENTERTAINMENT SYSTEMS, INC., n/k/a HAESI SOFTWARE, INC.,

Defendants.

CIV. NO. 99-3053 (SSB)

ORDER

ORIGINAL FILED

MAY 25 2000

WILLIAM T. WALSH, CLERK

**THIS MATTER** having come before the Court upon the motion by defendants Irvin Richter, Hill International, Inc., Hill Arts and Entertainment Systems, Inc., n/k/a HAESI Software, Inc. (collectively "defendants") to dismiss plaintiff's one-count complaint or, in the alternative, to stay the proceedings, pursuant to the First-Filed Rule;

The plaintiffs having filed a lawsuit ("The First Action") against the defendants in the United States District Court for the District of Connecticut on April 27, 1999; and

The plaintiffs having filed the instant action, 99cv3053, ("The Second Action") against the defendants in this Court on June 30, 1999; and

The First-Filed Rule providing that "in all cases of federal concurrent jurisdiction, the court which first has possession of the subject must decide it [absent exceptional circumstances]," and under the rule, trial judges "[are] to exercise their discretion by enjoining the subsequent prosecution of 'similar cases . . . in different federal district courts,' " EEOC v. University of Pennsylvania, 850 F.2d 969, 971 (3d Cir. 1988); and

It appearing that The First Action was dismissed for lack of subject matter jurisdiction on

March 31, 2000; and

It appearing that the plaintiffs have appealed the dismissal of The First Action to the United States Court of Appeals for the Second Circuit, which appeal is pending; and

It appearing that the recent developments in the First Action may bear significantly on defendants' present motion before this Court, and a change of circumstances therefore having occurred;

IT IS ___ this day of May, 2000 **HEREBY**

**ORDERED** that defendants' motion to dismiss or stay is **DISMISSED WITHOUT PREJUDICE**; and

**IT IS FURTHER ORDERED** that in the event defendants choose to re-file said motion, the deadline for said motion shall expire four months from the date of this Order; and

**IT IS FURTHER ORDERED** that in the event defendants re-file said motion, the parties' respective evidence of record such as affidavits, certifications, etc., shall be preserved and therefore need not be resubmitted to the Court; however, the parties shall submit supplemental briefs addressing the recent developments in the First Action and the impact of such developments on the defendants' motion.

HON. STANLEY S. BROTMAN
UNITED STATES DISTRICT JUDGE

**EXHIBIT 3**

## BRENNER, SALTZMAN & WALLMAN LLP

A PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS

NEWTON D. BRENNER, P. C.
STEPHEN L. SALTZMAN, P. C.
MARC A. WALLMAN, P. C.
DAVID R. SCHAEFER, P. C
STUART JAY MANDEL, P. C.
DONALD W. ANDERSON, P. C
SAMUEL M. HURWITZ
WAYNE A. MARTINO, P. C.
JOHN R. BASHAW
MITCHELL S. JAFFE, P. C
ALICE J. MICK, P. C.
KENNETH ROSENTHAL
CAROLYN W. KONE
BRIAN P. DANIELS
GEORGE BRENCHER IV, P C.

271 WHITNEY AVENUE
NEW HAVEN, CONNECTICUT 06511
203-772-2600

FACSIMILE: 203-562-2098
E-MAIL: postmaster@bswlaw.com

JENNIFER DOWD DEAKIN
MICHELLE S. GOGLIA
ROWENA A. MOFFETT
SARAAB A. SALEH

OF COUNSEL
PETER K. MARSH

PLEASE REPLY TO:
POST OFFICE BOX 1746
NEW HAVEN, CT 06507-1746

February 2, 2001

Roseann B. Mackechnie
Clerk
United States Court of Appeals
For the Second Circuit
United States Court House
40 Foley Square
New York, N.Y. 10007

Re:   Epperson v. Entertainment Express
      Docket No.: 00-7567

Dear Ms. Mackechnie:

This office represents the appellees in the above captioned appeal which was argued before the Second Circuit Court of Appeals on November 28, 2000 and is awaiting decision.

I am writing pursuant to FED. R. CIV. P. 28(j) to advise the Court of the pendency of an action brought by the same plaintiffs against the same defendants in Orange County Superior Court in Santa Ana, CA 92702-1994, which action raises the identical claims as are alleged in the complaint in the instant appeal (the "California Case").[1] Attached please find copies of the summons and complaint in the California case. Although the summons and complaint indicate that the California Case was filed on May 26, 2000, my clients were not served with the summons and complaint until after oral argument occurred in the instant appeal.

The reason for bringing the pendency of the California Case to the attention of the Second Circuit Court of Appeals is that this appeal involves the issue of whether a federal district court has ancillary enforcement jurisdiction in a new fraudulent conveyance action brought to collect a prior federal judgment, where there is no diversity jurisdiction over the case. (Appellees' Brief, pp. 8-21). At oral argument, appellees argued that there

---

[1] Entertainment Express is now known as Tickets.com.

Roseann B. Mackechnie
2/2/01
Page 2

was no policy reason for the Connecticut District Court to assume jurisdiction over this case, when plaintiffs and the first named defendant are residents of California and, therefore, appellants' fraudulent conveyance action could be filed as to those parties in California.[2]

The pendency of the California Case is properly brought to the attention of the Second Circuit Court of Appeals pursuant to FED. R. APP. P. 28(j). Philips Medical Sys. Intn'l v. Bruetman, 982 F.2d 211, 215 n.2 (7th Cir. 1992)(Fed. R. App. P. 28(j) permits an appellate court to consider new evidence, not merely supplemental legal authority, of proceedings in other courts, both within and outside of the federal judicial system, if the proceedings have a direct relation to the matters at issue before the appellate court); 20A MOORE'S FEDERAL PRACTICE §328.60.

Thank you for your attention to this matter.

Sincerely yours,

Carolyn W. Kone

cc: Robert Sullivan, Esq.
David Richter, Esq.
Paul Rowe, Esq.

---

[2] Defendants Hill International and Irvin Richter, New Jersey residents, have moved to dismiss the California Case on the grounds of lack of personal jurisdiction and forums non conviens. Another case has been filed by appellants against these defendants in the district court of New Jersey which was mentioned by plaintiffs at oral argument.

\\fp\shared\files\cwk\hillint\rm2.2.ltr.doc

# SUMMONS
## (CITACION JUDICIAL)

**FOR COURT USE ONLY**
(SOLO PARA USO DE LA CORTE)

ORIGINAL

**NOTICE TO DEFENDANT:** *(Aviso a Acusado)*
TICKETS.COM, INC., IRVIN RICHTER, HILL INTERNATIONAL, INC., HILL ARTS & ENTERTAINMENT SYSTEMS, INC., n/k/a HAESI SOFTWARE, INC.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(A Ud. le está demandando)*

DIRK EPPERSON and BETTY SCHNEIDER

| | |
|---|---|
| You have 30 CALENDAR DAYS after this summons is served on you to file a typewritten response at this court. | Después de que le entreguen esta citación judicial usted tiene un plazo de 30 DIAS CALENDARIOS para presentar una respuesta escrita a máquina en esta corte. |
| A letter or phone call will not protect you; your typewritten response must be in proper legal form if you want the court to hear your case. | Una carta o una llamada telefónica no le ofrecerá protección; su respuesta escrita a máquina tiene que cumplir con las formalidades legales apropiadas si usted quiere que la corte escuche su caso. |
| If you do not file your response on time, you may lose the case, and your wages, money and property may be taken without further warning from the court. | Si usted no presenta su respuesta a tiempo, puede perder el caso, y le pueden quitar su salario, su dinero y otras cosas de su propiedad sin aviso adicional por parte de la corte. |
| There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book). | Existen otros requisitos legales. Puede que usted quiera llamar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de referencia de abogados o a una oficina de ayuda legal (vea el directorio telefónico). |

CASE NUMBER: **00CC06393**

The name and address of the court is: *(El nombre y dirección de la corte es)*
Orange County Superior Court
700 Civic Center Drive West
P.O. Box 1994, Santa Ana, CA 92702-1994

JUDGE JACK K. MANDEL
DEPT. C14

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es)*

DATE: **MAY 26 2000**  ALAN SLATER  Clerk, by _ELIZABETH GAMBOA_, Deputy
(Fecha) (Actuario) (Delegado)

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☐ on behalf of *(specify)*:
   under: ☐ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (Individual)
          ☐ other:
4. ☐ by personal delivery on *(date)*:

(See reverse for Proof of Service)

Form Adopted by Rule 982
Judicial Council of California
982(a)(9) [Rev. January 1, 1984]

**SUMMONS**

CCP 412.20

# PROOF OF SERVICE – SUMMONS
*(Use separate proof of service for each person served)*

1. I served the
   a. ☐ summons ☐ complaint ☐ amended summons ☐ amended complaint ☐ Other *(specify):*
   ☐ completed and blank Case Questionnaires
   b. on defendant *(name):*

   c. by serving ☐ defendant ☐ other *(name and title or relationship to person served):*

   d. ☐ by delivery ☐ at home ☐ at business
      (1) date:
      (2) time:
      (3) address:

   e. ☐ by mailing
      (1) date:
      (2) place:

2. Manner of service *(check proper box):*
   a. ☐ **Personal service.** By personally delivering copies. (CCP 415.10)
   b. ☐ **Substituted service on corporation, unincorporated association (including partnership), or public entity.** By leaving, during usual office hours, copies in the office of the person served with the person who apparently was in charge and thereafter mailing (by first-class mail, postage prepaid) copies to the person served at the place where the copies were left. (CCP 415.20(a))
   c. ☐ **Substituted service on natural person, minor, conservatee, or candidate.** By leaving copies at the dwelling house, usual place of abode, or usual place of business of the person served in the presence of a competent member of the household or a person apparently in charge of the office or place of business, at least 18 years of age, who was informed of the general nature of the papers, and thereafter mailing (by first-class mail, postage prepaid) copies to the person served at the place where the copies were left. (CCP 415.20(b)) **(Attach separate declaration or affidavit stating acts relied on to establish reasonable diligence in first attempting personal service.)**
   d. ☐ **Mail and acknowledgment service.** By mailing (by first-class mail or airmail, postage prepaid) copies to the person served, together with two copies of the form of notice and acknowledgment and a return envelope, postage prepaid, addressed to the sender. (CCP 415.30) **(Attach completed acknowledgment of receipt.)**
   e. ☐ **Certified or registered mail service.** By mailing to an address outside California (by first-class mail, postage prepaid, requiring a return receipt) copies to the person served. (CCP 415.40) **(Attach signed return receipt or other evidence of actual delivery to the person served.)**
   f. ☐ Other *(specify code section):*
      ☐ additional page is attached.

3. The "Notice to the Person Served" (on the summons) was completed as follows (CCP 412.30, 415.10, and 474):
   a. ☐ as an individual defendant.
   b. ☐ as the person sued under the fictitious name of *(specify):*
   c. ☐ on behalf of *(specify):*
      under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)           ☐ other:
             ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
             ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (individual)
   d. ☐ by personal delivery on *(date):*

4. At the time of service I was at least 18 years of age and not a party to this action.
5. Fee for service: $
6. Person serving:
   a. ☐ California sheriff, marshal, or constable.
   b. ☐ Registered California process server.
   c. ☐ Employee or independent contractor of a registered California process server.
   d. ☐ Not a registered California process server.
   e. ☐ Exempt from registration under Bus. & Prof. Code 22350(b).

   f. Name, address and telephone number and, if applicable, county of registration and number:

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

*(For California sheriff, marshal, or constable use only)*
I certify that the foregoing is true and correct.

Date:                                                          Date:

▶ _____                                      ▶ _____
        (SIGNATURE)                                                     (SIGNATURE)

982(a)(9) [Rev. January 1, 1984]

```
ROBERT SULLIVAN, State Bar No. 112112
LAW OFFICES OF ROBERT SULLIVAN
190 Main Street
Westport, CT 06880
(203) 227-1404

Attorney for Plaintiffs
DIRK EPPERSON and BETTY SCHNEIDER
```

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

MAY 2 6 2000

ALAN SLATER, Clerk of the Court
BY: ELIZABETH GAMBOA, DEPUTY

SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE

00CC06393

DIRK EPPERSON and
BETTY SCHNEIDER,

    Plaintiffs,

vs.

TICKETS.COM, INC, IRVIN RICHTER,
HILL INTERNATIONAL, INC., HILL
ARTS & ENTERTAINMENT SYSTEMS,
INC. n/k/a HAESI SOFTWARE, INC.,

    Defendants.

) COMPLAINT —
)
) FRAUDULENT CONVEYANCE
) LIEN AVOIDANCE
) SUCCESSOR IN INTEREST LIABILITY
)
)
)
) DEMAND: $422,466.50
)
)
)
)

JUDGE JACK K. MANDEL
DEPT. C14

### FIRST CAUSE OF ACTION

### FRAUDULENT CONVEYANCE

1. Plaintiffs Dirk Epperson and Betty Schneider are, and at all times material were, residents of Alameda County, California.

2. Defendant Tickets.com, Inc., formerly Entertainment Express, Inc. and formerly Advantix, Inc., (hereinafter collectively referred to as TICKETS.COM) is a Delaware corporation with its principal place of business in Orange County, California.

3. Defendant Irvin Richter (RICHTER) is a resident of the state of New Jersey.

4. Defendant Hill International, Inc. (HILL) is a Delaware

1

1  Corporation, doing business in Orange County, California.

2      5.   Defendant Hill Arts & Entertainment Systems, Inc. n/k/a
3  HAESI Software, Inc. (HAESI) is a Delaware Corporation.

4      6.   On April 23, 1997, Plaintiffs were awarded judgment
5  (JUDGMENT) in the U.S. District Court for the District of Connecticut
6  in Docket No. 3:995CV2131(DJS) against defendant HAESI in the sum of
7  $422,446.00 (Exhibit A). The JUDGMENT was based upon plaintiffs'
8  complaint, which alleged, <u>inter alia</u>, that plaintiff Dirk Epperson,
9  through his predecessor corporation, had designed and developed key
10 ticketing software which defendant HAESI was using in its ticketing
11 software business. The complaint alleged that plaintiffs were
12 entitled to payment for the software developed in accordance with a
13 written contract (Exhibit B). Said contract provided for the award
14 of attorneys fees to the prevailing party.

15     7.   The complaint sought payment for the software. Defendant
16 HAESI had repeatedly acknowledged and agreed, both orally and in
17 writing, that it owed the money claimed by plaintiffs.

18     8.   Defendant HAESI responded to the complaint by denying that
19 the money was owing. Through counsel, HAESI then requested, and
20 received from plaintiffs, courtesy enlargements of time to respond to
21 litigation-related deadlines, including deadlines for producing
22 outstanding discovery. Defendant HAESI took advantage of those
23 courtesy enlargements of time by transferring, on or about May 31,
24 1996, substantially all of HAESI's assets, including the software
25 developed by plaintiff, to defendant TICKETS.COM. At that time,
26 Defendant RICHTER, either individually or through certain immediate
27 family members, was the controlling shareholder of HILL, HAESI, and
28 TICKETS.COM (then Advantix). Defendant HAESI then allowed its counsel

2

1  to withdraw, and refused to produce discovery, despite a court order
2  that it produce said discovery.
3     9.   On April 23, 1997, JUDGMENT was entered by this court, as
4  was set forth above.
5     10.  Plaintiff alleges that said transfer was a Fraudulent
6  Conveyance for reasons including but not limited to the following:
7        a.   said transfer was made with actual intent to hinder,
8  delay or defraud creditors.
9        b.   defendant HAESI did not receive reasonably equivalent
10 value in exchange for the transfer.
11       c.   defendant HAESI was engaged or was about to engage in
12 business or transactions for which its remaining assets were
13 unreasonably small in relation to the business or transactions.
14       d.   defendant HAESI intended to incur, or believed or
15 reasonably should have believed that it would incur, debts beyond its
16 ability to pay as they became due.
17       f.   litigation was pending at the time of the transfer.
18       g.   defendant HAESI was insolvent at the time of the
19 transfers or became insolvent as a result of the transfers.
20       h.   the transfer was to or for the benefit of insiders.
21    WHEREFORE, Plaintiffs pray for judgment as is hereinafter set
22 forth.

### SECOND CAUSE OF ACTION

### LIEN AVOIDANCE

25    11.  Plaintiff reiterates, realleges and incorporates by
26 reference as though set forth in full, the allegations of paragraphs
27 1 through 10 of the First Cause of Action above.
28    12.  Defendant HAESI has executed certain documents which purport

3

1  to grant liens or security interests to defendants HILL and/or
2  RICHTER.  Plaintiffs allege on information and belief that said
3  purported liens or security interests are invalid for reasons
4  including but not limited to their having been the product of
5  fraudulent transfer, and/or their lacking consideration and/or their
6  not having been properly perfected.  Plaintiffs request that any and
7  all liens purporting to run in favor of either or both defendants HILL
8  and RICHTER be declared void by this court as having been the product
9  of fraudulent transfers, as lacking in consideration, and/or as
10 lacking in compliance with the requirements for perfecting liens and
11 security interests.
12      WHEREFORE, Plaintiffs pray for judgment as is hereinafter set
13 forth.

### THIRD CAUSE OF ACTION

### SUCCESSOR IN INTEREST LIABILITY

16     13.  Plaintiff reiterates, realleges and incorporates by
17 reference as though set forth in full, the allegations of paragraphs
18 1 through 12 of the First Cause of Action above.
19     14.  Plaintiffs are informed and believe and thereon allege that
20 Defendant TICKETS.COM is, by virtue of merger and/or consolidation,
21 successor in interest to Advantix, Inc. and Entertainment Express,
22 Inc., and that TICKETS.COM is liable, as successor in interest, for
23 the debts and obligations of Advantix, Inc. and Entertainment Express,
24 Inc., including but not limited to the fraudulent conveyances herein
25 alleged.
26     WHEREFORE, plaintiff prays for relief as follows:
27     1.  For judgment setting aside the conveyances from defendant
28 HAESI to defendant TICKETS.COM and declaring them void as to the

4

plaintiff herein to the extent necessary to satisfy plaintiff's claims herein.

2. For judgment setting aside any and all liens or security interests which purport to run against defendant HAESI and in favor of defendants HILL or RICHTER and declaring them void as to the plaintiffs herein to the extent necessary to satisfy plaintiff's claims herein.

3. For an alternative order holding TICKETS.COM liable for the JUDGMENT.

4. For an order enjoining defendants from disposing of any assets until the obligations owing Plaintiff have been adjudicated by this court.

5. That the JUDGMENT, and any judgment declared herein, be declared a lien on the assets transferred.

6. That defendants, and each of them, be required to account to plaintiff for all profits and proceeds earned from or taken in exchange for the property described above.

7. That reasonable attorneys fees incurred by plaintiffs be awarded in accordance with the contract, and that prejudgment interest and litigation costs be awarded as the court may deem proper.

8. For such other and further relief as the court deems proper.

THE PLAINTIFFS

By _____
Robert Sullivan
LAW OFFICES OF ROBERT SULLIVAN
190 Main Street
Westport, CT 06880
Tel. No. (203) 227-1404

5