UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---

DIRK EPPERSON and BETTY SCHNEIDER :
: No.3:01CV1798 (AWT)
        Plaintiffs :
v. :
:
IRVIN RICHTER, HILL INTERNATIONAL, INC., :
HILL ARTS & ENTERTAINMENT SYSTEMS, : May 27, 2008
INC. n/k/a HAESI SOFTWARE, INC. :
        Defendants :

---

**PLAINTIFFS' MEMORANDUM IN OPPOSITION TO MOTION TO PRECLUDE THE TESTIMONY OF PLAINTIFFS' EXPERT WITNESS, WALTER C. KING**

**INTRODUCTION**

Plaintiffs respectfully submit that they have not failed to observe any disclosure requirement. Defendants have directed this court's attention to a scheduling order entered in New Jersey. They do not point out that before the time for disclosing experts arrived in New Jersey, it was agreed that the case would be transferred to this honorable court in Connecticut, amidst what Judge Squatrito later described as defendants's effort to perpetuate "an expensive and intolerable jurisdictional carousel." Exhibit S, Page 13. Indeed, at the time of the transfer the defendants had not, yet filed an answer. No answer was filed until May 3, 2002, long after the case had already been transferred from New Jersey to this Connecticut court. They also do not point out that the same scheduling order which they charge against plaintiffs established October 19, 2001 as the deadline for filing

dispositive motions. Yet the defendants filed their summary judgment motion, in Connecticut, on May 3, 2002, long after both the date set by the order and the transfer of the case to Connecticut.

Defendants also did not mention that right up until the moment that the New Jersey court suggested the transfer, the defendants were vigorously attempting to prevent discovery, disclosures or anything else from going forward in New Jersey. The judicial suggestion which resulted in the transfer was made during a hearing on defendant's second Motion to stay or dismiss the New Jersey action, the first such motion having been denied. In short, the expectations of both sides at the time of the transfer was that the case would be managed here by the Connecticut court. It now suits Defendants, in an effort to avoid testimony which will accurately illuminate their own records, to pluck a date from an old scheduling order entered in New Jersey, and claim that discovery and disclosures which they succeeded in delaying and avoiding should strip plaintiffs of key elements of their case.

There is also no prejudice to the defendants, even if the court were to conclude that a disclosure should have been made in New Jersey after the court and the parties had agreed to the transfer. Defendants have not requested the obvious, reasonable remedy of the deposition of the expert witness, a CPA whose primary role in this alter ego case is to explain defendants' own financial documents. Defendants have been offered the opportunity to take that deposition (including during status conferences with this court) and have had more than ample time to do so. Instead, they seek preclusion, the harshest, most drastic remedy a court may impose. They demand this of the court, notwithstanding that the defendants, themselves, were found by the New Jersey Court, in a written ruling,

-2-

to be in default for failure to meet a court-imposed deadline, a default from which the New Jersey Court went on to relieve them.

Defendants articulate no facts supporting their claim to have been prejudiced, or justifying their refusal to take the deposition.

Indeed, it has been 14 months since the defendants first indicated an intention to seek preclusion and, as of this writing, no effort to depose him has been made. The reality is that defendants do not wish to depose the witness, as they know what he will say. For that reason, they are attempting to find a reason to keep him from testifying, at all. They will, therefore, press preclusion rather than any less severe method, creating the false impression that plaintiffs have, somehow, acted improperly to the prejudice of defendants.

Finally, the court should note that the defendants, themselves, are attempting to disclose a financial expert to explain their records, not only years after the passage of the very same disclosure date they charge against plaintiffs, but also after refusing to respond to Plaintiffs' interrogatories directly requesting the disclosure.

Plaintiffs have, for the entire time that this and related matters have been pending, relentlessly done their best to comply with every discovery or disclosure obligation expected of them, even when such compliance seemed almost laughable when contrasted against the relentless refusals of defendants to do the same.

Plaintiffs respectfully request that the court, even if it were to conclude that a disclosure should have been earlier made, recognize that there has been no lack of good faith on the part of plaintiffs, that prejudice, if any had existed, could and would have been immediately eliminated if defendants were inclined to act reasonably and equitably, and that defendants' request should be denied for all of the reasons stated herein.

## **RELEVANT FACTS AND PROCEDURAL HISTORY**

Plaintiffs respectfully request, as this court evaluates the subject motion - particularly defendants' claims about fairness, equity and prejudice - that the court take note of the following procedural history leading up to and following the scheduling order which defendants are utilizing in their effort to strip plaintiffs of their expert witness:

(Note: each of the facts set forth below is supported by an exhibit or docket entry, as is more particularly set forth in the affidavit of Robert Sullivan, submitted herewith. Plaintiffs also respectfully request that the court consider the history of this and the related cases, as is carefully chronicled in the trial memorandum submitted to this court on March 27, 2007.)

This is an action pursuant to which plaintiffs seek to enforce a judgment entered by this court, inter alia, for defendants "... having failed to comply with the court's order to produce certain discovery ..."

Post judgment interrogatories issued by Plaintiffs were never answered.

Plaintiffs filed the subject action in New Jersey only after the defendants challenged this Connecticut court's jurisdiction.

In New Jersey, the defendants continued the discovery abuses. A sampling is reflected in the attached Exhibit H. Inter alia, deadlines for producing discovery passed. Defendants stalled and avoided discovery and disclosures by moving to dismiss or stay the proceedings based on the inaccurate claim that "the same case" was pending in another court with jurisdiction, to wit: Connecticut. Defendants pressed that claim, notwithstanding that their earlier challenge to the Connecticut Court's jurisdiction is what prompted the New

Jersey filing in the first place. That motion was denied by the New Jersey court on May 25, 2000.

During a pre-trial conference, the New Jersey court granted plaintiffs' requests to propound more than 25 interrogatory and document requests due to defendants' historic non-responsiveness to discovery and disclosure requirements, and the financially complex nature of the case. Plaintiffs issued the discovery. At first, the defendants did not respond to the discovery at all, prompting plaintiffs to move the New Jersey court to default them for these and other abuses. Plaintiffs also moved for summary judgment for reasons which included discovery abuses. Defendants then began responding to the discovery, but only after the plaintiffs had filed notice of the default motion. The "responses" were woefully inadequate. First, their counsel did not produce any responses on behalf of defendant HAESI after assuring the court that they were responding on behalf of HAESI. As to the responses they did provide, an enormous number of questions were not answered. Ultimately, the defendants refused to respond to much of the discovery on the grounds that the requests exceeded 25 in number, notwithstanding the court's authorization of the larger number.

The New Jersey court specially set down a status conference for January 24, 2001 in New Jersey which the parties, including the plaintiffs - California residents - were required to attend. The court also instructed the parties to coordinate travel-related depositions with the status conference to avoid needless travel expense. Defendants, however, issued notices compelling Plaintiffs, California residents, to appear in New Jersey January 17 and 18, 2001, the week preceding the status conference.

LAW OFFICES OF ROBERT SULLIVAN  190 Main Street  Westport, CT 06880  Tel. 227-1404  Juris No. 405837 Federal Bar No. CT08969

In other words, if plaintiffs were to comply with the notice, they would have been required to travel to California twice in two weeks; once for the depositions, then a week later for the status conference.

Plaintiffs refused to appear for the depositions, as noticed, making clear that they would readily appear, the following week, while they were in town for the status conference, as had been ordered by the court.

Then, at the status conference, plaintiffs having traveled from California, defendants attempted to **avoid** taking the depositions while plaintiffs were in town. The New Jersey court squarely thwarted that attempt, ordering counsel for the defendants to take plaintiffs' depositions, immediately, while plaintiffs were in town, or risk the court's precluding their later production. (The court will note that the deposition of Dirk Epperson, which the defendants, in a separate motion [Defendants' Motion In Limine Re: Parole Evidence ] are attempting to preclude, was taken on February 23, 2001, while plaintiffs were in town.)

No answer to the complaint was ever filed by the defendants in New Jersey. Indeed their interrogatory "responses" declined to answer questions, on the grounds: "I have not yet filed an Answer to Plaintiff's Complaint" (See, e.g., Exhibit J), page 18.

Plaintiffs specifically requested by interrogatory the identity of any expert witness the defendants intended to call. Those same "responses" flatly refused to identify any such expert witness.

On December 5, 2000, defendants re-filed the Motion to Dismiss or Stay which had been previously denied, despite the court's having ordered that if any basis for refiling it came to exist (which it did not), the refiling must be no later than September 25, 2000. In a written ruling entered on June 22, 2001, the New Jersey court specifically observed "The

LAW OFFICES OF ROBERT SULLIVAN  190 Main Street  Westport, CT 06880  Tel. 227-1404  Juris No. 405837 Federal Bar No. CT08969

Court therefore finding that Defendants have failed to comply with Local Civil Rule 7.1(b) Appendix N."  The court went on to relieve defendants from that default, permitting them to pursue, once again, the Motion to Dismiss or Stay."

July 17, 2001 was the date for oral argument on defendants' re-filed Motion to Dismiss or Stay.  During the argument, in response to defendants' claim that the "same case" was pending in another court with jurisdiction, to wit: Connecticut, the Hon. Stanley S. Brotman suggested resolving defendants' challenge by transferring the case back to Connecticut.  Counsel for Plaintiffs readily agreed.  Counsel for defendants indicated a need to speak with their clients.  The court gave the defendants 24 hours to confer with defendants and convey their consent.  The following day, the court was advised of the defendants' consent to the transfer of the case back to Connecticut.  From that point forward, no further action was taken in New Jersey, by any party, other than the generation and submission of documents effectuating the transfer.  Again, the defendants had not yet answered.  The expert witness disclosure date had not arrived.  Plaintiffs' summary judgment motion had been fully briefed by both sides and was still pending.  The New Jersey court did not, thereafter, take any action other than the transfer of the case to this court.

In Connecticut, after having consented to the transfer of the case back from New Jersey, the defendants *challenged* jurisdiction, prompting Judge Squatrito to order any such jurisdictional challenge **forfeited**, identifying it as a maneuver which, if the court were to entertain it, " ... would be to countenance an expensive and intolerable jurisdictional carousel" Exhibit S, page 13.

LAW OFFICES OF ROBERT SULLIVAN  190 Main Street  Westport, CT 06880  Tel. 227-1404  Juris No. 405837 Federal Bar No. CT08969

The defendants did not file an answer until May 3, 2002. The defendants filed their Summary Judgment Motion on May 3, 2002 (the same day they filed their answer), again, long past the date set in the very order they urge on this court. (Indeed, Plaintiffs's summary judgment motion which had been fully briefed in New Jersey was, pro-forma denied without prejudice based upon the understanding that the Connecticut court was now handling the case.) In short, following the transfer, the parties started over with newly filed and briefed Summary Judgment motions.

On November 16, 2006, again, long after the transfer, the defendants amended their Answer. Perhaps most importantly, on March 31, 2005, the defendants issued what purported to be a "supplemental" response to interrogatories issued over four years earlier, which is nothing more than a veiled attempt to permit their own expert to interpret their records, while denying the plaintiffs the opportunity to have their own financial expert interpret the defendants' records.

Finally, plaintiffs note that this motion is one of four motions issued by defendants. Although all four were due on March 23, 2007, when the trial memorandum was filed, the fourth such motion was filed on January 22, 2008, the court having granted defendants leave to file the motion out of time.

## **CONCLUSION**

Plaintiffs respectfully request that the court deny defendants' motion.

LAW OFFICES OF ROBERT SULLIVAN  190 Main Street  Westport, CT 06880  Tel. 227-1404  Juris No. 405837 Federal Bar No. CT08969

>Respectfully submitted,
>THE PLAINTIFFS
>
>/s/ Robert J. Sullivan, Jr.
>By _____
>Robert J. Sullivan, Jr.
>LAW OFFICES OF ROBERT SULLIVAN
>190 Main Street
>Westport, CT 06880
>Tel. No. (203) 227-1404
>Federal Bar Number CT08969

LAW OFFICES OF ROBERT SULLIVAN  190 Main Street  Westport, CT 06880  Tel. 227-1404  Juris No. 405837 Federal Bar No. CT08969

**CERTIFICATE OF SERVICE**

  I hereby certify that on May 27, 2008, a copy of the foregoing document was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system, or by mail to anyone unable to accept electronic filing. Parties may access this filing through the Court's system.

           /s/ Robert J. Sullivan, Jr.
           _____
           Robert J. Sullivan, Jr.
           LAW OFFICES OF ROBERT SULLIVAN
           190 Main St.,  Westport, CT 06880
           Phone: 203/227-1404
           Fax: 203/226-6403
           Federal Bar No. CT08969
           E-mail: rjslaw@optonline.net; rjslawdl@optonline.net

-10-

LAW OFFICES OF ROBERT SULLIVAN  190 Main Street  Westport, CT 06880  Tel. 227-1404  Juris No. 405837 Federal Bar No. CT08969