UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---------------------------------------------------------- :
DIRK EPPERSON and BETTY SCHNEIDER :
: No.3:01CV1798 (AWT)
Plaintiffs :
v. :
:
IRVIN RICHTER, HILL INTERNATIONAL, INC., :
HILL ARTS & ENTERTAINMENT SYSTEMS, : May 27, 2008
INC. n/k/a HAESI SOFTWARE, INC. :
Defendants :
---------------------------------------------------------- 

**AFFIDAVIT OF ROBERT J. SULLIVAN, JR. IN SUPPORT OF PLAINTIFFS'
OPPOSITION TO MOTION TO PRECLUDE THE TESTIMONY OF PLAINTIFFS'
EXPERT WITNESS, WALTER C. KING**

1. I am over the age of 18 years and believe in the obligations of an oath.

2. This affidavit is intended, inter alia, to provide citations to the record supporting the factual assertions made in the responsive papers it accompanies. In addition, plaintiffs respectfully direct the court to the history of this and related cases, carefully chronicled in the trial memorandum submitted to this court on March 23, 2007.

3. Exhibit A is a true and correct copy of the Docket in Epperson et al. v. Hill Arts, et al., Docket No. 3:95-cv-01331 (DJS).

4. Exhibit B is a true and correct copy of the Docket in Epperson et al. v. Entertainment Express et al., Docket No. 3:99-cv-00778 (DJS).

5. Exhibit C is a true and correct copy of the Docket in Epperson et al. v. Richter et al., Docket No. 1:99-cv-03053 (SSB).

6. Exhibit D is a true and correct copy of the Docket in <u>Epperson et al. v. Richter et al.</u>, Docket No. 3:01-cv-01798 (AWT).

7. Exhibit E is a true and correct copy of the judgment entered by the Hon. Dominic J. Squatrito against defendant HAESI in the amount of $422,446.00 in Action No. 3:95CV2131, the defendant " ... having failed to comply with the court's order to produce certain discovery ..." in addition to its having failed to appear by counsel.

8. Exhibit F is a true and correct copy of the Post Judgment interrogatories issued by Plaintiffs that were never answered.

9. On March 12, 1997 plaintiffs amended their complaint to add alter ego and fraudulent transfer allegations. Exhibit A Document 33.

10. Thereafter, Defendants challenged the court's jurisdiction over the amended complaint (Exhibit A, Document 42), arguing that the court did not have supplemental jurisdiction over either count. Although the United States Court of Appeal for the Second Circuit would later reject that argument (See <u>Epperson v. Entertainment Express</u>, 242 F.3d 100 (2d Cir. 2001)), on June 30, 1999 Plaintiffs filed the subject action in New Jersey to avoid the jurisdictional challenges claimed by defendants. Docket C Document 1, Exhibit H20-21.

11. On August 17, 1999, in New Jersey, the defendants filed a Notice of Motion to Dismiss or Stay, asserting the inaccurate claim that the same case was pending in Connecticut. Exhibit C Document 8. Defendants pressed that claim, notwithstanding that their earlier challenge to the Connecticut Court's jurisdiction is what prompted the New Jersey filing in the first place. Exhibit H20-21.

LAW OFFICES OF ROBERT SULLIVAN  190 Main Street  Westport, CT 06880  Tel. 227-1404  Juris No. 405837 Federal Bar No. CT08969

12.     Exhibit G is a true and correct copy of the order of Hon. Stanley S. Brotman dated May 25, 2000 which both denied the motion and ordered that if circumstances warranting its refiling surfaced, any such refiling, complete with supplemental briefing, take place no later than September 25, 2000.

13.     Exhibit H contains true and correct copies of numerous letters dated August, 2000 through July, 2001 in the New Jersey case setting forth the efforts of plaintiffs' counsel to secure the cooperation of the defendants in the production of discovery.

14.     Exhibit I is a true and correct copy of the handwritten notes of undersigned counsel, taken during Magistrate Rosen's September 18, 2000, status conference during which he granted plaintiffs' counsel's request to propound more than 25 interrogatories and demands for documents for several reasons, including prior discovery abuses.  See also Exhibit H18, 25.  The court also ordered defendants to answer the complaint within a week.

15.     Defendants did not answer the complaint.  Indeed, during the entire time the action was pending in New Jersey defendants did not file an answer.  See New Jersey Docket appearing at Exhibit C.

16.     Exhibit J contains true and correct copies of the pages from defendants' responses to interrogatories wherein they refuse to answer questions on the grounds they have not answered the complaint.  In particular, they refuse to disclose any expert witness.

17.     Exhibit C Document 25 reflects the filing by defendants, months past the deadline set by the court in its order appearing at Exhibit G, of the documents constituting their re-filed motion to Dismiss or Stay the proceeding.

18.     Exhibit K is a true and correct copy of the ruling, entered by Judge Brotman, setting forth defendants' failure to comply with the court order until months after having

-3-

LAW OFFICES OF ROBERT SULLIVAN  190 Main Street  Westport, CT 06880  Tel. 227-1404  Juris No. 405837 Federal Bar No. CT08969

been ordered to do so by the court  That order also reflects the court's having gone on to relieve defendants from that default, permitting them to proceed with the motion.

19.     Exhibit L is a true and correct copy of Plaintiffs' motion for default, filed in New Jersey, not only due to the then-current discovery abuses, but the preceding history of said abuses.  See also Exhibit C Document 27.

20.     Docket entries at Exhibit C documents 31-38 reflect the New Jersey filing by Plaintiffs of their Motion for Summary Judgment and the Defendants opposition, also filed in New Jersey, before the transfer.

21.     Exhibit Q contains a true and correct copy of Page 9 of the transcript of the February 22, 2001 status conference before the Hon. Joel B. Rosen, demonstrating that, after assuring Magistrate Rosen and undersigned counsel that defendants' counsel would be responding to discovery propounded to defendant HAESI (Exhibit H18), prompting undersigned counsel to expend significant resources propounding discovery based upon that assurance, defendant's counsel did not produce any responses on behalf of defendant HAESI.

22.     Exhibit M is a true and correct copy of Plaintiff's counsel's letter dated May 17, 2001 identifying the enormous number of discovery requests which were not answered by the defendants who claimed to be responding.

23.     Exhibit N is a true and correct copy of a letter dated May 18, 2001 from counsel for defendants confirming defendants' refusal to respond to much of the discovery on the grounds that the requests exceeded 25 in number, disregarding Magistrate Rosen's having authorized Plaintiff to propound said discovery (See Exhibits I, H18, 25).

24. During a pre-trial conference, Magistrate Rosen ordered that the taking of depositions coordinated with the status conference which plaintiffs, California residents, were required to attend. Exhibit Q, page 26.

25. Exhibit O is a true and correct copy of the deposition notices issued by defendants proposing to take the depositions of Plaintiffs, California residents, in New Jersey, on January 17 and 18, 2001, seven days before the January 24, 2001 status conference. That meant plaintiffs would need to either to travel coast to coast twice within one week, or wait in New Jersey for the better part of a week for the status conference.

26. Exhibit P is a true and correct copy of undersigned counsel's letter to counsel for defendants, protesting the deposition setting.

27. Exhibit Q is a true and correct copy of pages 2, 3 and 26 (in particular, 26:7-24) of the transcript of the hearing status conference ordered by Magistrate Rosen to address the discovery abuses. Those pages clearly depict defendants' effort to avoid taking the plaintiffs' depositions while plaintiffs were in town, after having attempted to force them to travel earlier, and the New Jersey court's rejection of that effort.

28. During the July 17, 2001 hearing presided over by Judge Brotman on defendant's motion to dismiss or stay the New Jersey proceeding (the basis for which was defendants' claim that the same case was pending in Connecticut), Judge Brotman suggested transferring the case to Connecticut as a way to resolve defendant's challenges. The Plaintiffs immediately agreed. Counsel for defendants requested time to consult with the defendants.

29. Exhibit R is a true and correct copy of a memo reflecting the New Jersey court's notification to undersigned counsel of the defendants' consent to the transfer.

-5-

30. No further action was taken in New Jersey, by any party, following the hearing on July 17, 2001, other than the generation and submission of documents effectuating the transfer, itself. See entire docket of New Jersey case Docket No. 1:99-cv-03053 (SSB) appearing at Exhibit C. The expert witness disclosure dates had not arrived. Defendants had not answered. Plaintiffs' summary judgment motion had been fully briefed by both sides and was still pending. After the transfer, that motion was denied by the Connecticut Court (Exhibit D Document 49) in anticipation of the summary judgment motions to be filed by both sides in Connecticut (See Exhibit D Documents 50-60). Defendants filed their summary judgment motion in Connecticut on May 3, 2002, long after the date set by the same Scheduling Order which they are attempting to use against plaintiffs.

31. The Docket entry at Exhibit B Document 35 reflects that, after claiming in New Jersey that another court with jurisdiction (Connecticut) had the same case pending before it, and consenting to the transfer of the case to Connecticut to resolve that New Jersey challenge, defendant Richter *challenged* the Connecticut Court's jurisdiction.

32. Exhibit S contains true and correct copies of pages 9-13 of Judge Squatrito's ruling in Docket3:99CV778, reprimanding defendants for consenting to the transfer of the alter ego case from New Jersey to Connecticut without notifying Judge Brotman in New Jersey of their intention to challenge jurisdiction in Connecticut. Judge Squatrito ordered that jurisdictional challenge forfeited, identifying it as a maneuver which, if the court were to entertain it, " ... would be to countenance an expensive and intolerable jurisdictional carousel" Exhibit S, page 13.

-6-

33. The Docket entry at Exhibit D Document 57 reflects the filing of defendant's answer, in Connecticut, on May 3, 2002, long after the New Jersey Court had ordered them to file, and long after the case had been transferred from New Jersey to Connecticut.

34. The Docket entry at Exhibit D Document 116 reflects that the defendants amended their answer, in Connecticut, on November 17, 2006, long after the transfer.

35. Exhibit T is a true and correct copy of defendants' end-around effort to designate their own expert witness, four years after the passage of the same deadline which they are attempting to utilize against plaintiffs, and well over four years after being squarely asked by interrogatory to disclose their expert witnesses. Exhibit T purports to "supplement" interrogatory responses which defendants never provided in the first place. See Exhibit J for their original non-responses to interrogatories specifically requesting expert witness disclosure.

/s/ Robert J. Sullivan, Jr.

Robert J. Sullivan, Jr.
LAW OFFICES OF ROBERT SULLIVAN
190 Main Street
Westport, CT 06880
Tel. No. (203) 227-1404
Federal Bar Number CT08969

**CERTIFICATE OF SERVICE**

    I hereby certify that on May 27, 2008, a copy of the foregoing document was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system, or by mail to anyone unable to accept electronic filing. Parties may access this filing through the Court's system.

    /s/ Robert J. Sullivan, Jr.
_____
Robert J. Sullivan, Jr.
LAW OFFICES OF ROBERT SULLIVAN
190 Main St.,   Westport, CT 06880
Phone:  203/227-1404
Fax: 203/226-6403
Federal Bar No. CT08969
E-mail: rjslaw@optonline.net; rjslawdl@optonline.net

−8−

LAW OFFICES OF ROBERT SULLIVAN  190 Main Street  Westport, CT 06880  Tel. 227-1404  Juris No. 405837 Federal Bar No. CT08969