CLOSED, REFMC

## U.S. District Court
## United States District Court for the District of Connecticut (New Haven)
## CIVIL DOCKET FOR CASE #: 3:95-cv-02131-DJS

Epperson, et al v. Hill Arts, et al              Date Filed: 10/04/1995
Assigned to: Judge Dominic J. Squatrito          Date Terminated: 03/24/1998
Demand: $175,000                                 Jury Demand: None
Cause: 28:1332 Diversity-Contract Dispute        Nature of Suit: 190 Contract: Other
                                                 Jurisdiction: Diversity

**Plaintiff**

**Dirk Epperson**                        represented by **Robert J. Sullivan, Jr.**
                                         190 Main St.
                                         Westport, CT 06880
                                         203-227-1404
                                         Fax: 203-226-6403
                                         Email: rjslaw@optonline.net
                                         *LEAD ATTORNEY*
                                         *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Betty Schneider**                      represented by **Robert J. Sullivan, Jr.**
                                         (See above for address)
                                         *LEAD ATTORNEY*
                                         *ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Hill Arts & Entertainment Sys, Inc**   represented by **Robert B. Flynn**
*TERMINATED: 04/23/1997*                 Tyler, Cooper & Alcorn
                                         205 Church St., Po Box 1936
                                         New Haven, CT 06509-1910
                                         203-784-8200
                                         Fax: 203-789-2133
                                         Email: flynn@tylercooper.com
                                         *TERMINATED: 11/14/1996*
                                         *LEAD ATTORNEY*
                                         *ATTORNEY TO BE NOTICED*

                                         **Ronald J. Cohen**
                                         Tyler, Cooper & Alcorn
                                         205 Church St., Po Box 1936
                                         New Haven, CT 06509-1910
                                         203-784-8200
                                         *TERMINATED: 11/14/1996*

**EXHIBIT A**

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Entertainment Express, Inc**                    represented by    **David R. Schaefer**
Brenner, Saltzman & Wallman
271 Whitney Ave.
New Haven, CT 06511-1746
203-772-2600
Fax: 203-562-2098
Email: dschaefer@bswlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**W. Glen Pierson**
Loughlin FitzGerald
150 South Main St
Wallingford, CT 06492
203-265-2035
Fax: 203-269-3487
Email: gpierson@lflaw.com
*TERMINATED: 03/06/1998*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Irvin Richter**                    represented by    **David R. Schaefer**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**W. Glen Pierson**
(See above for address)
*TERMINATED: 03/06/1998*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Hill International, Inc.**                    represented by    **David R. Schaefer**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**W. Glen Pierson**
(See above for address)
*TERMINATED: 03/06/1998*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| 02/11/1997 | | ENDORSEMENT granting [30-1] motion for Entry of Default as to Hill Arts for failure to appear and refusal to comply with discovery order, Default entered as to Hill Arts Filing of Motion for Default Judgment by 3/13/97 for Hill Arts . ( Signed by Clerk ) (Former Employee) (Entered: 02/11/1997) |
| 02/27/1997 | 31 | MOTION by Betty Schneider, Dirk Epperson for Default Judgment against Hill Arts and for Costs and Fees (Brief Due 3/20/97 ) (Former Employee) (Entered: 03/04/1997) |
| 02/27/1997 | 32 | AFFIDAVIT of Robert Sullivan by Betty Schneider, Dirk Epperson Re [31-1] motion for Default Judgment against Hill Arts by Dirk Epperson, Betty Schneider and [31-2] motion for Costs and Fees by Dirk Epperson, Betty Schneider (Former Employee) (Entered: 03/04/1997) |
| 03/12/1997 | 33 | AMENDED COMPLAINT by Betty Schneider, Dirk Epperson amending [1-1] complaint (Former Employee) (Entered: 03/12/1997) |
| 04/03/1997 | | ENDORSEMENT granting absent objection [31-1] motion for Default Judgment against Hill Arts, granting [31-2] motion for Costs and ( signed by Judge Dominic J. Squatrito ) (Johnson, D.) (Entered: 04/07/1997) |
| 04/23/1997 | 34 | DEFAULT JUDGMENT is hereby Ordered, Adjudged, Decreed in favor of the plaintiff's and against Hill Arts, for dollar amounts see pleading for details ( signed by Clerk ) (Former Employee) (Entered: 04/23/1997) |
| 04/23/1997 | | Case closed (Former Employee) (Entered: 04/24/1997) |
| 06/05/1997 | 40 | SUMMONS Returned Executed on 5/18/97 as to Irvin Richter (Wood, R.) (Entered: 06/11/1997) |
| 06/05/1997 | 41 | SUMMONS Returned Executed on 5/20/97 as to Entertainment Exp, Hill International (Wood, R.) (Entered: 06/11/1997) |
| 06/06/1997 | 35 | APPEARANCE of Attorney for Irvin Richter, Hill International -- W. Glen Pierson (Former Employee) (Entered: 06/10/1997) |
| 06/06/1997 | 39 | MOTION by Irvin Richter, Hill International to Extend Time until 6/30/97 to answer complaint (Former Employee) (Entered: 06/10/1997) |
| 06/09/1997 | 36 | APPEARANCE of Attorney for Entertainment Exp, Irvin Richter, Hill International -- David R. Schaefer (Former Employee) (Entered: 06/10/1997) |
| 06/09/1997 | 37 | MOTION by Entertainment Exp to Extend Time until 6/30/97 to answer amended complaint (Former Employee) (Entered: 06/10/1997) |
| 06/09/1997 | 38 | APPEARANCE of Attorney for Entertainment Exp -- W. Glen Pierson (Former Employee) (Entered: 06/10/1997) |
| 06/10/1997 | | Case reopened Closed in error (Former Employee) (Entered: 06/10/1997) |
| 06/16/1997 | | ENDORSEMENT granting [37-1] motion to Extend Time until 6/30/97 to answer amended complaint ( signed by Judge Dominic J. Squatrito ) (D'Onofrio, B.) (Entered: 06/17/1997) |

| 06/16/1997 | | ENDORSEMENT granting [39-1] motion to Extend Time until 6/30/97 to answer complaint ( signed by Judge Dominic J. Squatrito ) (D'Onofrio, B.) (Entered: 06/17/1997) |
|---|---|---|
| 06/30/1997 | 42 | MOTION by Entertainment Exp, Hill International to Dismiss amended complaint (Brief Due 7/21/97 ) (Former Employee) (Entered: 07/01/1997) |
| 06/30/1997 | 43 | MEMORANDUM by Entertainment Exp, Irvin Richter, Hill International in support of [42-1] motion to Dismiss amended complaint (Former Employee) (Entered: 07/01/1997) |
| 07/07/1997 | 44 | AFFIDAVIT of Irvin Richter by Irvin Richter Re [42-1] motion to Dismiss amended complaint by Hill International, Entertainment Exp (Former Employee) (Entered: 07/15/1997) |
| 07/24/1997 | 45 | MOTION by Betty Schneider, Dirk Epperson to Extend Time until 8/13/97 to file opposition to the motion to dismiss (Blue,A.) (Entered: 07/24/1997) |
| 07/25/1997 | 46 | NOTICE of Filing of Amended Certification by Betty Schneider, Dirk Epperson (D'Onofrio, B.) (Entered: 07/25/1997) |
| 07/31/1997 | | ENDORSEMENT granting [45-1] motion to Extend Time until 8/13/97 to file opposition to the motion to dismiss, Brief Deadline set for 8/13/97 [42-1] motion to Dismiss amended complaint ( signed by Judge Dominic J. Squatrito ) (Former Employee) (Entered: 08/04/1997) |
| 08/08/1997 | 48 | AFFIDAVIT of Robert Sullivan by Betty Schneider, Dirk Epperson Re [42-1] motion to Dismiss amended complaint by Hill International, Entertainment Exp (Bauer, J.) (Entered: 08/12/1997) |
| 08/08/1997 | 49 | AFFIDAVIT of Dolores S. LoConte by Betty Schneider, Dirk Epperson Re [42-1] motion to Dismiss amended complaint by Hill International, Entertainment Exp (Bauer, J.) (Entered: 08/12/1997) |
| 08/08/1997 | 50 | AFFIDAVIT of Dick Epperson by Betty Schneider, Dirk Epperson Re [42-1] motion to Dismiss amended complaint by Hill International, Entertainment Exp (Bauer, J.) (Entered: 08/12/1997) |
| 08/11/1997 | 47 | MEMORANDUM by Betty Schneider, Dirk Epperson in opposition to [42-1] motion to Dismiss amended complaint by Hill International, Entertainment Exp (Former Employee) (Entered: 08/12/1997) |
| 08/15/1997 | 51 | MOTION by Entertainment Exp, Irvin Richter, Hill International to Extend Time until 9/10/97 to repsond to defendant's motin to dismiss (Former Employee) (Entered: 08/15/1997) |
| 08/20/1997 | | ENDORSEMENT granting [51-1] motion to Extend Time until 9/10/97 to repsond to defendant's motin to dismiss, Brief Deadline set for 9/10/97 [42-1] motion to Dismiss amended complaint ( signed by Judge Dominic J. Squatrito ) (Former Employee) (Entered: 08/20/1997) |
| 09/10/1997 | 52 | REPLY by Entertainment Exp, Irvin Richter, Hill International to |

CLOSED

# U.S. District Court
## United States District Court for the District of Connecticut (New Haven)
## CIVIL DOCKET FOR CASE #: 3:99-cv-00778-DJS

Epperson, et al v. Entertainment Exp, et al
Assigned to: Judge Dominic J. Squatrito
Demand: $0
Case in other court: 00-07567
              00-07567
Cause: 28:1332 Diversity-Fraud

Date Filed: 04/27/1999
Date Terminated: 09/28/2004
Jury Demand: None
Nature of Suit: 190 Contract: Other
Jurisdiction: Diversity

**Plaintiff**

**Dirk Epperson**

represented by **Robert J. Sullivan, Jr.**
190 Main St.
Westport, CT 06880
203-227-1404
Fax: 203-226-6403
Email: rjslaw@optonline.net
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Betty Schneider**

represented by **Robert J. Sullivan, Jr.**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Entertainment Express, Inc**
*Now known as*
Advantix, Inc

represented by **Carolyn W. Kone**
Brenner, Saltzman & Wallman
271 Whitney Ave., Po Box 1746
New Haven, CT 06511-1746
203-772-2600
Fax: 203-772-4008
Email: ckone@bswlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**David R. Schaefer**
Brenner, Saltzman & Wallman
271 Whitney Ave.
New Haven, CT 06511-1746
203-772-2600
Fax: 203-562-2098

Email: dschaefer@bswlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Stephen Mark Pincus**
5855 Bartlett Street
Pittsburgh, PA 15217
412-395-1271
*TERMINATED: 08/13/2002*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Irvin Richter**                              represented by **Carolyn W. Kone**
(See above for address)
*TERMINATED: 10/04/2001*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**David R. Schaefer**
(See above for address)
*TERMINATED: 10/04/2001*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Stephen Mark Pincus**
(See above for address)
*TERMINATED: 08/13/2002*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Hill International, Inc.**                    represented by **Carolyn W. Kone**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**David R. Schaefer**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Stephen Mark Pincus**
(See above for address)
*TERMINATED: 08/13/2002*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Hill Arts & Entertainment Sys, Inc**          represented by **Carolyn W. Kone**

*Now known as*
Haesi Software, Inc

(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Stephen Mark Pincus**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

Notice

**US Court of Appeals**
*TERMINATED: 03/30/2001*

Notice

**USCA**
*TERMINATED: 01/06/2006*

represented by **US Court of Appeals**
Office of the Clerk
US Courthouse
Foley Square
New York, NY 10007
212-857-8500
*TERMINATED: 01/06/2006*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

Counter Claimant

**Entertainment Express, Inc**
*Now known as*
Advantix, Inc

represented by **Carolyn W. Kone**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**David R. Schaefer**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

Counter Claimant

**Hill International, Inc.**

represented by **Carolyn W. Kone**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**David R. Schaefer**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

Counter Defendant

| | | |
|---|---|---|
| | | judgment is entered in favor of the defendants (signed by Clerk) (Grady, B.) Modified on 04/25/2000 (Entered: 03/31/2000) |
| 03/31/2000 | 27 | RULING granting [9-1] motion to Dismiss ( signed by Judge Dominic J. Squatrito ) Page 5(s) (Grady, B.) Modified on 04/25/2000 (Entered: 03/31/2000) |
| 03/31/2000 | | Case closed (Grady, B.) (Entered: 03/31/2000) |
| 05/01/2000 | 29 | NOTICE OF APPEAL of [28-1] judgment order by Dirk Epperson, Betty Schneider FILING FEE $ 105.00 RECEIPT # H000254 Certified Copy of Appeal and Docket mailed to USCA (Former Employee) (Entered: 05/02/2000) |
| 06/19/2000 | 30 | Scheduling Order from USCA regarding [29-1] appeal by Betty Schneider, Dirk Epperson USCA Number: 00-7567 (Former Employee) (Entered: 06/20/2000) |
| 07/20/2000 | | INDEX to Record on Appeal mailed to USCA: [29-1] appeal by Betty Schneider, Dirk Epperson (Montgomery, C.) (Entered: 07/20/2000) |
| 07/31/2000 | 31 | ACKNOWLEDGED receipt of Index to Record on Appeal at USCA on 7/26/00 received re: [29-1] appeal by Betty Schneider, Dirk Epperson USCA Number: 00-7567 (Former Employee) (Entered: 08/03/2000) |
| 02/06/2001 | | ENDORSEMENT granting [69-1] motion for Permission to file reply brief in excess of 10 pages ( signed by Judge Dominic J. Squatrito ) (Grady, B.) (Entered: 02/06/2002) |
| 03/30/2001 | 32 | MANDATE OF USCA (certified copy) dated 3/28/01 remanding case re: [29-1] appeal ( Roseann B. MacKechnie) (Former Employee) (Entered: 04/03/2001) |
| 03/30/2001 | | Case reopened re: [32-1] mandate (Former Employee) (Entered: 04/03/2001) |
| 07/09/2001 | 33 | ORDER, resetting Discovery deadline to 9/7/01 , resetting Dispositive Motions due by 10/5/01 , setting Filing of Joint Trial Memorandum due by 10/26/01 , setting Jury Selection for 8:30 11/6/01 This case shall be trial ready 11/01 (signed by Judge Dominic J. Squatrito) (Grady, B.) (Entered: 07/09/2001) |
| 09/04/2001 | 34 | ANSWER to Complaint and COUNTERCLAIM by Entertainment Exp, Hill International against Hill Arts (Grady, B.) (Entered: 09/05/2001) |
| 09/06/2001 | 35 | MOTION by Irvin Richter to Dismiss (Brief Due 9/27/01 ) (Bauer, J.) (Entered: 09/07/2001) |
| 09/06/2001 | 36 | MEMORANDUM by Irvin Richter in support of [35-1] motion to Dismiss (Bauer, J.) (Entered: 09/07/2001) |
| 10/04/2001 | | ENDORSEMENT granting [35-1] motion to Dismiss ( signed by Judge Dominic J. Squatrito ) (Grady, B.) (Entered: 10/05/2001) |
| 10/05/2001 | 37 | MOTION by Entertainment Exp, Hill International for Summary |

12BG, CLOSED, SCHEDO

# U.S. District Court
## District of New Jersey [LIVE] (Camden)
### CIVIL DOCKET FOR CASE #: 1:99-cv-03053-SSB

EPPERSON, et al v. RICHTER, et al
Assigned to: Judge Stanley S. Brotman
Demand: $0
Cause: 28:1332 Diversity-Breach of Contract

Date Filed: 06/30/1999
Jury Demand: None
Nature of Suit: 190 Contract: Other
Jurisdiction: Diversity

**Plaintiff**

**DIRK EPPERSON**

represented by **ROBERT J. DE GROOT**
56 PARK PLACE
NEWARK, NJ 07102
(973)643-1930
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**BETTY SCHNEIDER**

represented by **ROBERT J. DE GROOT**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**IRVIN RICHTER**

represented by **MICHAEL L. GENTLESK, II**
OFFICE OF DENNIS J. CRAWFORD
45 KINGS HIGHWAY WEST
HADONFIELD, NJ 08033
85642
(856) 429-2422
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**HILL INTERNATIONAL, INC.**

represented by **MICHAEL L. GENTLESK, II**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**HILL ARTS & ENTERTAINMENT
SYSTEMS, INC.**
*n/k/a HAESI SOFTWARE, INC.*

represented by **MICHAEL L. GENTLESK, II**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**EXHIBIT C**

| Date Filed | # | Docket Text |
|---|---|---|
| 06/30/1999 | 1 | COMPLAINT filed FILING FEE $ 150.00 RECEIPT # 247374 (js) (Entered: 06/30/1999) |
| 06/30/1999 | 2 | Notice of MOTION for ROBERT SULLIVAN, ESQ. to appear pro hac vice by DIRK EPPERSON, BETTY SCHNEIDER [2-1] motion referred to Magistrate Joel B. Rosen, Motion for 8/6/99 on [2-1] motion . (Memo/PO Subm) (js) (Entered: 06/30/1999) |
| 06/30/1999 | 3 | AFFIDAVIT of ROBERT J. DE GROOT on Re: [2-1] motion for ROBERT SULLIVAN, ESQ. to appear pro hac vice (js) (Entered: 06/30/1999) |
| 06/30/1999 | 4 | CERTIFICATION of ROBERT SULLIVAN Re: [2-1] motion for ROBERT SULLIVAN, ESQ. to appear pro hac vice (js) (Entered: 06/30/1999) |
| 06/30/1999 | | SUMMONS(ES) issued for IRVIN RICHTER, HILL INTERNATIONAL, HILL ARTS & ( 20 Days) (issued to Counsel) (js) (Entered: 06/30/1999) |
| 06/30/1999 | 5 | NOTICE of Allocation and Assignment filed. Magistrate Judge JOEL B. ROSEN (js) (Entered: 06/30/1999) |
| 08/09/1999 | 7 | ORDER granting [2-1] motion for ROBERT SULLIVAN, ESQ. to appear pro hac vice terminating [2-2] hearing Motion for 8/6/99 on [2-1] motion ( signed by Mag. Judge Joel B. Rosen ) (bf) Modified on 08/26/1999 (Entered: 08/09/1999) |
| 08/09/1999 | 6 | Minute entry: Proceedings recorded by Ct-Reporter: ; Minutes of: none; The following actions were taken, granting [2-1] motion for ROBERT SULLIVAN, ESQ. to appear pro hac vice By Mag. Judge Joel B. Rosen (er) Modified on 08/26/1999 (Entered: 08/26/1999) |
| 08/17/1999 | 8 | Notice of Intent to submit a Dispositive motion by IRVIN RICHTER, HILL INTERNATIONAL, HILL ARTS & (er) Modified on 08/26/1999 (Entered: 08/17/1999) |
| 08/31/1999 | 9 | AMENDED COMPLAINT by DIRK EPPERSON, BETTY SCHNEIDER , (Answer due 9/10/99 for HILL ARTS &, for HILL INTERNATIONAL, for IRVIN RICHTER ) amending [1-1] complaint (er) Modified on 10/13/1999 (Entered: 09/01/1999) |
| 09/17/1999 | 10 | Notice of MOTION to dismiss by IRVIN RICHTER, HILL INTERNATIONAL, HILL ARTS &, Motion set for 10/15/99 on [10-1] motion No opposition. (Certification/PO Subm) (er) (Entered: 10/13/1999) |
| 09/17/1999 | 11 | CERTIFICATION of Michael L. Gentlesk, II on behalf of IRVIN RICHTER, HILL INTERNATIONAL, HILL ARTS & Re: [10-1] motion to dismiss (er) (Entered: 10/13/1999) |

| 10/19/1999 | 12 | SECOND AMENDED COMPLAINT by DIRK EPPERSON , (Answer due 10/29/99 for HILL ARTS &, for HILL INTERNATIONAL, for IRVIN RICHTER amending [9-1] amended complaint; Certification annexed. (er) (Entered: 10/19/1999) |
| 10/20/1999 | | Motion hearing re: [10-1] motion to dismiss at 11/5/99 (bf) (Entered: 10/20/1999) |
| 11/04/1999 | | Status conference held before Mag. Judge Joel B. Rosen on 11/3/99. (femp) (Entered: 11/04/1999) |
| 11/08/1999 | | Motion hearing re: [10-1] motion to dismiss at 11/19/99 (bf) (Entered: 11/08/1999) |
| 11/19/1999 | 13 | ORDER concerning submission of dispositive motion and directing that L.Civ.R. 7.1(b) be submitted by November 19, 1999. ( signed by Mag. Judge Joel B. Rosen ) (mgr) (Entered: 11/22/1999) |
| 11/19/1999 | 14 | Notice of MOTION to dismiss , and/or to stay by IRVIN RICHTER, HILL INTERNATIONAL, HILL ARTS &, Motion set for 12/17/99 on [14-1] motion, set for 12/17/99 on [14-2] motion . (Certification and Affidavit in opposition and Briefs/PO Subm) (er) (Entered: 11/22/1999) |
| 11/19/1999 | 15 | CERTIFICATION of Michael L. Gentlesk, II. on behalf of IRVIN RICHTER, HILL INTERNATIONAL, HILL ARTS & Re: [14-1] motion to dismiss, and/ or [14-2] to stay. (er) (Entered: 11/22/1999) |
| 11/19/1999 | 16 | AFFIDAVIT of Robert Sullivan on behalf of DIRK EPPERSON, BETTY SCHNEIDER Re: [14-1] motion to dismiss, and/or [14-2] motion to stay (er) (Entered: 11/22/1999) |
| 11/22/1999 | | Deadline updated; reset scheduling order deadlines: Dispositive Motion due on or before 11/19/99 (mgr) (Entered: 11/22/1999) |
| 11/23/1999 | | Motion hearing re: [10-1] motion to dismiss at 12/3/99 (bf) (Entered: 11/23/1999) |
| 12/14/1999 | 17 | LETTER By DIRK EPPERSON, BETTY SCHNEIDER Request that Oral Argument on Dismissal Motion take place by Telephonic Conference pursuant to Local Rule appendix N and Order for Oral Argument by Telephonic Conference. (er) (Entered: 12/16/1999) |
| 12/20/1999 | | Motion hearing re: [14-1] motion to dismiss at 1/7/00, [14-2] motion to stay at 1/7/00 (bf) (Entered: 12/20/1999) |
| 01/26/2000 | | Motion hearing re: [14-1] motion to dismiss at 2/4/00 (bf) (Entered: 01/26/2000) |
| 02/09/2000 | | Motion hearing re: [14-1] motion to dismiss at 2/18/00, [14-2] motion to stay at 2/18/00 (bf) (Entered: 02/09/2000) |
| 02/25/2000 | | Motion hearing re: [14-1] motion to dismiss at 3/3/00, [14-2] motion to stay at 3/3/00 (bf) (Entered: 02/25/2000) |
| 03/07/2000 | | Motion hearing re: [14-1] motion to dismiss at 3/17/00 (bf) (Entered: |

|  |  | 03/07/2000) |
|---|---|---|
| 03/22/2000 |  | Motion hearing re: [14-1] motion to dismiss at 4/7/00, [14-2] motion to stay at 4/7/00 (bf) (Entered: 03/22/2000) |
| 04/25/2000 |  | Motion hearing re: [14-1] motion to dismiss at 5/5/00, [14-2] motion to stay at 5/5/00 (bf) (Entered: 04/25/2000) |
| 04/25/2000 |  | Motion hearing re: [14-1] motion to dismiss at 5/5/00, [14-2] motion to stay at 5/5/00 (bf) (Entered: 04/25/2000) |
| 05/08/2000 |  | Motion hearing re: [14-1] motion to dismiss at 5/19/00, [14-2] motion to stay at 5/19/00 (bf) (Entered: 05/08/2000) |
| 05/21/2000 | 35 | RESPONSE TO PLAINTIFF'S STATEMENT OF MATERIAL FACTS by IRVIN RICHTER, HILL INTERNATIONAL (bf) (Entered: 05/22/2001) |
| 05/24/2000 |  | Motion hearing re: [14-1] motion to dismiss at 6/2/00, [14-2] motion to stay at 6/2/00 (bf) (Entered: 05/24/2000) |
| 05/25/2000 | 18 | Minute entry: Minutes of: 05/25/00; The following actions were taken, By Judge Stanley S. Brotman - See pleading #14, Motion DISMISSED w/o prejudice. Order to be entered. (bf) (Entered: 05/25/2000) |
| 05/25/2000 | 19 | ORDER dismissing [14-1] motion to dismiss dismissing [14-2] motion to stay ( signed by Judge Stanley S. Brotman ) (bf) (Entered: 05/25/2000) |
| 06/15/2000 | 20 | ORDER, setting scheduling conference for 9:30 8/9/00 . nm ( signed by Mag. Judge Joel B. Rosen ) (er) (Entered: 06/15/2000) |
| 09/08/2000 |  | Status conference held before Mag. Judge Joel B. Rosen on 9/8/00. (er) (Entered: 09/15/2000) |
| 09/19/2000 | 21 | SCHEDULING ORDER setting Discovery cutoff 2/28/01 ; Status conference 2:00 11/6/00 ; ( signed by Mag. Judge Joel B. Rosen ) (er) (Entered: 09/19/2000) |
| 09/25/2000 | 22 | Notice of Intent to submit a Dispositive motion dismissing by IRVIN RICHTER, HILL INTERNATIONAL, HILL ARTS & (er) (Entered: 09/26/2000) |
| 12/04/2000 | 23 | Minute entry: Proceedings recorded by Ct-Reporter: Tape 891; Minutes of: 12/4/00; The following actions were taken, Status conference held on the record By Mag. Judge Joel B. Rosen. (er) (Entered: 12/05/2000) |
| 12/04/2000 |  | Status conference held before Mag. Judge Joel B. Rosen on 12/4/00. (er) (Entered: 12/05/2000) |
| 12/05/2000 | 24 | SCHEDULING ORDER setting Discovery cutoff 2/2/01 ; Status conference 10:00 1/24/01 ; ( signed by Mag. Judge Joel B. Rosen ) (er) (Entered: 12/05/2000) |
| 12/05/2000 | 25 | Notice of MOTION to dismiss complaint, or in the alternative, for stay by IRVIN RICHTER, HILL INTERNATIONAL, HILL ARTS &, |

| | | Motion set for 1/5/01 on [22-1] dispositive motion notice dismissing . (Brief, opposition of plaintiff and reply/PO Subm) (er) (Entered: 12/06/2000) |
|---|---|---|
| 12/05/2000 | 26 | AFFIDAVIT of ROBERT J. SULLIVAN, JR., ESQ. on behalf of DIRK EPPERSON Re: [25-1] dispositive motion to dismiss complaint, or in the alternative, for stay. (er) (Entered: 12/06/2000) |
| 01/09/2001 | | Motion hearing re: [25-1] dispositive motion to dismiss complaint, or in the alternative, for stay at 1/19/01 (bf) (Entered: 01/09/2001) |
| 01/19/2001 | | Motion hearing re: [25-1] dispositive motion to dismiss complaint, or in the alternative, for stay at 2/2/01 (bf) (Entered: 01/19/2001) |
| 02/07/2001 | | Motion hearing re: [25-1] dispositive motion to dismiss complaint, or in the alternative, for stay at 2/16/01 (bf) (Entered: 02/07/2001) |
| 02/20/2001 | 27 | Notice of Intent to submit a Dispositive motion for summary judgment by DIRK EPPERSON, BETTY SCHNEIDER (er) (Entered: 02/21/2001) |
| 02/22/2001 | | Motion hearing re: [25-1] dispositive motion to dismiss complaint, or in the alternative, for stay at 3/2/01 (bf) (Entered: 02/22/2001) |
| 02/23/2001 | 28 | SCHEDULING ORDER setting Discovery cutoff 4/10/01 ; Status conference 3:15 4/10/01. n.m. ( signed by Mag. Judge Joel B. Rosen ) (er) (Entered: 02/26/2001) |
| 02/23/2001 | 29 | Minute entry: Proceedings recorded by Ct-Reporter: Tape #906; Minutes of: 9/22/01; The following actions were taken, Status conference held on the record By Mag. Judge Joel B. Rosen (er) (Entered: 02/26/2001) |
| 03/15/2001 | | Motion hearing re: [25-1] dispositive motion to dismiss complaint, or in the alternative, for stay at 4/6/01 (bf) (Entered: 03/15/2001) |
| 03/15/2001 | | Status conference set at 3:00 4/23/01 before Judge Rosen . (bf) (Entered: 03/15/2001) |
| 04/09/2001 | | Motion hearing re: [25-1] dispositive motion to dismiss complaint, or in the alternative, for stay at 4/20/01 (bf) (Entered: 04/09/2001) |
| 04/24/2001 | | Motion hearing re: [25-1] dispositive motion to dismiss complaint, or in the alternative, for stay at 5/4/01 (bf) (Entered: 04/24/2001) |
| 04/24/2001 | | Status conference held before Mag. Judge Joel B. Rosen on 4/23/01. (arl) (Entered: 04/24/2001) |
| 04/24/2001 | 30 | SCHEDULING ORDER setting Discovery cutoff 6/21/01; Status conference 2:00PM on 10/1/01; Dispositive Motion due on or before 10/19/01. (signed by Mag. Judge Joel B. Rosen)(NM) (er) (Entered: 04/25/2001) |
| 05/11/2001 | | Motion hearing re: [25-1] dispositive motion to dismiss complaint, or in the alternative, for stay at 5/18/01 (bf) (Entered: 05/11/2001) |
| 05/18/2001 | | Motion hearing re: [25-1] dispositive motion to dismiss complaint, or in |

| | | |
|---|---|---|
| | | the alternative, for stay at 6/1/01 (bf) (Entered: 05/18/2001) |
| 05/21/2001 | 31 | Notice of MOTION for summary judgment by DIRK EPPERSON, BETTY SCHNEIDER set, Motion set for 6/15/01 on [27-1] dispositive motion notice for summary judgment . (Briefs/Memo/Exhibits/PO Subm) (bf) (Entered: 05/22/2001) |
| 05/21/2001 | 32 | SEPARATE STATEMENT of UNDISPUTED MATERIAL FACTS by DIRK EPPERSON, BETTY SCHNEIDER (bf) (Entered: 05/22/2001) |
| 05/21/2001 | 33 | AFFIDAVIT of Robert J. Sullivan, Jr. on behalf of DIRK EPPERSON, BETTY SCHNEIDER Re: [31-1] dispositive motion for summary judgment (bf) (Entered: 05/22/2001) |
| 05/21/2001 | 34 | AFFIDAVIT of Robert J. Sullivan, Jr. on behalf of DIRK EPPERSON Re: [31-1] dispositive motion for summary judgment (bf) (Entered: 05/22/2001) |
| 05/21/2001 | 36 | STATEMENT OF MATERIAL FACTS by IRVIN RICHTER, HILL INTERNATIONAL (bf) (Entered: 05/22/2001) |
| 05/21/2001 | 37 | CERTIFICATION of James Greenberg, Esq. on behalf of IRVIN RICHTER, HILL INTERNATIONAL Re: [31-1] dispositive motion for summary judgment (bf) (Entered: 05/22/2001) |
| 05/21/2001 | 38 | CERTIFICATION of MAILING by Sheila Henderson on behalf of IRVIN RICHTER, HILL INTERNATIONAL Re: [31-1] dispositive motion for summary judgment (bf) (Entered: 05/22/2001) |
| 06/11/2001 | | Motion hearing re: [25-1] dispositive motion to dismiss complaint, or in the alternative, for stay at 6/15/01 (bf) (Entered: 06/11/2001) |
| 06/25/2001 | | Motion hearing re: [31-1] dispositive motion for summary judgment at 7/6/01 (bf) (Entered: 06/25/2001) |
| 06/25/2001 | | Motion hearing re: [25-1] dispositive motion to dismiss complaint, or in the alternative, for stay at 7/6/01 (bf) (Entered: 06/25/2001) |
| 06/28/2001 | 39 | Minute entry: Minutes of: 06/28/01; The following actions were taken, terminating [22-1] dispositive motion notice By Judge Stanley S. Brotman; Order to be entered. (bf) (Entered: 06/28/2001) |
| 06/29/2001 | 40 | ORDER dismissing [22-1] dispositive motion notice of intent and defendant shall refile the Notice of Intent no later than July 9, 2001, at which point the Court will consider the motion on its merits, and it is further ORDERED that this matter is schedule for oral argument on July 17, 2001 at 10:00 A.M. (signed by Judge Stanley S. Brotman) (er) (Entered: 06/29/2001) |
| 07/11/2001 | 41 | Notice of Intent to submit a Dispositive motion dismissing by IRVIN RICHTER, HILL INTERNATIONAL, HILL ARTS & (er) (Entered: 07/12/2001) |
| 07/17/2001 | | Status conference held before Mag. Judge Joel B. Rosen on 7/16/01. (sb) (Entered: 07/17/2001) |

| 07/18/2001 | 42 | Minute entry: Proceedings recorded by Ct-Reporter: Stephen Daner; Minutes of: 7/17/01; The following actions were taken, Hearing on motion by defendants to dismiss complaint or in the alternative for stay. Hearing on Motion by pltfs., for Summary judgment. DECISION RESERVED. By Judge Stanley S. Brotman (er) (Entered: 07/18/2001) |
| --- | --- | --- |
| 07/18/2001 | | Motion hearing re: [31-1] dispositive motion for summary judgment at 7/20/01, [25-1] dispositive motion to dismiss complaint, or in the alternative, for stay at 7/20/01 (bf) (Entered: 07/18/2001) |
| 08/03/2001 | | Motion hearing re: [31-1] dispositive motion for summary judgment at 8/17/01, [25-1] dispositive motion to dismiss complaint, or in the alternative, for stay at 8/17/01 (bf) (Entered: 08/03/2001) |
| 08/20/2001 | | Motion hearing re: [31-1] dispositive motion for summary judgment at 9/7/01, [25-1] dispositive motion to dismiss complaint, or in the alternative, for stay at 9/7/01 (bf) (Entered: 08/20/2001) |
| 09/11/2001 | | Motion hearing re: [31-1] dispositive motion for summary judgment at 9/21/01, [25-1] dispositive motion to dismiss complaint, or in the alternative, for stay at 9/21/01 (bf) (Entered: 09/11/2001) |
| 09/17/2001 | 43 | CONSENT ORDER, transferring case to the U.S. District Court for the District of Connecticut. ( signed by Judge Stanley S. Brotman ) (Notice mailed) (bf) (Entered: 09/17/2001) |
| 09/18/2001 | | Case closed (bf) (Entered: 09/18/2001) |
| 11/15/2001 | 44 | TRANSCRIPT of Proceedings taken on 7/17/01 before the Honorable Stanley S. Brotman, U.S.D.J. (er) (Entered: 11/15/2001) |
| 01/30/2003 | | Deadline updated; terminating [0-0] motion hearing terminating [0-0] motion hearing terminating [0-0] motion hearing terminating [0-0] motion hearing terminating [0-0] motion hearing terminating [0-0] motion hearing terminating [0-0] motion hearing terminating [31-2] hearing Motion set for 6/15/01 on [27-1] dispositive motion notice for summary judgment terminating [0-0] motion hearing terminating [0-0] motion hearing terminating [0-0] motion hearing terminating [30-1] Scheduling order terminating [0-0] motion hearing terminating [0-0] motion hearing terminating [0-0] motion hearing terminating [0-0] motion hearing terminating [0-0] motion hearing terminating [0-0] motion hearing terminating [25-2] hearing Motion set for 1/5/01 on [22-1] dispositive motion notice dismissing terminating [0-0] motion hearing terminating [0-0] motion hearing terminating [0-0] motion hearing terminating [0-0] motion hearing terminating [0-0] motion hearing terminating [0-0] motion hearing terminating [0-0] motion hearing terminating [0-0] motion hearing terminating [0-0] motion hearing terminating [0-0] motion hearing terminating [10-2] hearing Motion set for 10/15/99 on [10-1] motion (dt) (Entered: 01/30/2003) |

SDSD District Version 1.2 Docket Report
Case 3:01-cv-01798-AWT    Document 192-3    Filed 05/27/2008    Page 16 of 182    Page 1 of 13

EFILE

# U.S. District Court
## United States District Court for the District of Connecticut (New Haven)
### CIVIL DOCKET FOR CASE #: 3:01-cv-01798-AWT

Epperson, et al v. Richter, et al
Assigned to: Judge Alvin W. Thompson
Demand: $0
Cause: 28:1332 Diversity-Breach of Contract

Date Filed: 09/20/2001
Jury Demand: None
Nature of Suit: 190 Contract: Other
Jurisdiction: Diversity

**Plaintiff**

**Dirk Epperson**

represented by **Robert J. DeGroot**
56 Park Place
Newark, NJ 07102
201-643-1930
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Robert J. Sullivan, Jr.**
190 Main St.
Westport, CT 06880
203-227-1404
Fax: 203-226-6403
Email: rjslaw@optonline.net
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Betty Schneider**

represented by **Robert J. DeGroot**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Robert J. Sullivan, Jr.**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Irvin Richter**

represented by **Carolyn W. Kone**
Brenner, Saltzman & Wallman
271 Whitney Ave., Po Box 1746
New Haven, CT 06511-1746
203-772-2600
Fax: 203-772-4008

**EXHIBIT D**

Email: ckone@bswlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michael L. Gentlesk, II**
Wolf, Block Schorr & Solis-Cohen,
LLP
1940 Route 70 East
Suite 200
Cherry Hill, NJ 08003
856-424-8200
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Stephen Mark Pincus**
5855 Bartlett Street
Pittsburgh, PA 15217
412-395-1271
*TERMINATED: 08/13/2002*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Victoria P. Hackett**
Brenner, Saltzman & Wallman
271 Whitney Ave., Po Box 1746
New Haven, CT 06511-1746
203-772-2600
Fax: 203-772-4008
Email: vhackett@bswlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Hill International, Inc.**                    represented by **Carolyn W. Kone**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michael L. Gentlesk, II**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Stephen Mark Pincus**
(See above for address)
*TERMINATED: 08/13/2002*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Victoria P. Hackett**

| 11/01/2001 | 47 | APPEARANCE of Attorney for Irvin Richter, Hill International -- Stephen Mark Pincus (Grady, B.) (Entered: 11/01/2001) |
| 01/17/2002 | 48 | Notice to counsel regarding 26(f). Report of Conference due 2/1/02 ( signed by Clerk ) (Glynn, T.) (Entered: 01/17/2002) |
| 02/04/2002 | 49 | ORDER denying [31-1] motion for Summary Judgment, setting Dispositive Motions including cross-motions for summary judgment due by 4/15/02 ( signed by Judge Dominic J. Squatrito ) (Grady, B.) (Entered: 02/04/2002) |
| 04/03/2002 | 50 | MOTION by Dirk Epperson, Betty Schneider to Extend Time 15 days for filing dispositive motions (Grady, B.) (Entered: 04/03/2002) |
| 04/04/2002 | | ENDORSEMENT granting [50-1] motion to Extend Time to filing dispositive motions, reset Dispositive Motions due by 5/1/02 ( signed by Judge Dominic J. Squatrito ) (Basile, F.) (Entered: 04/08/2002) |
| 05/03/2002 | 52 | MOTION by Irvin Richter, Hill International for Summary Judgment (Brief Due 5/24/02 ) (Grady, B.) (Entered: 05/06/2002) |
| 05/03/2002 | 53 | MEMORANDUM by Irvin Richter, Hill International in support of [52-1] motion for Summary Judgment (Grady, B.) (Entered: 05/06/2002) |
| 05/03/2002 | 54 | AFFIDAVIT of Carolyn W. Kone by Irvin Richter, Hill International Re [52-1] motion for Summary Judgment (Grady, B.) (Entered: 05/06/2002) |
| 05/03/2002 | 55 | AFFIDAVIT of Laurence Schwartz by Irvin Richter, Hill International Re [52-1] motion for Summary Judgment (Grady, B.) (Entered: 05/06/2002) |
| 05/03/2002 | 56 | RULE 9(C) 1 STATEMENT by Irvin Richter, Hill International regarding [52-1] motion for Summary Judgment (Grady, B.) (Entered: 05/06/2002) |
| 05/03/2002 | 57 | ANSWER and AFFIRMATIVE DEFENSES to Complaint by Irvin Richter, Hill International (Grady, B.) (Entered: 05/06/2002) |
| 05/06/2002 | 51 | MOTION by Irvin Richter, Hill International to Extend Time to 05/03/02 to file a dispositive motion (Grady, B.) (Entered: 05/06/2002) |
| 05/07/2002 | 58 | MOTION by Irvin Richter, Hill International for Permission to Substitute original declarations for copies that are on record (Grady, B.) (Entered: 05/08/2002) |
| 05/09/2002 | | ENDORSEMENT granting [51-1] motion to Extend Time to 05/03/02 to file a dispositive motion, resetting Dispositive Motions due by 5/3/02 ( signed by Judge Dominic J. Squatrito ) (Grady, B.) (Entered: 05/10/2002) |
| 05/14/2002 | 59 | MOTION by Dirk Epperson, Betty Schneider for Summary Judgment (Brief Due 6/4/02 ) (Grady, B.) (Entered: 05/15/2002) |
| 05/14/2002 | 60 | MEMORANDUM by Dirk Epperson, Betty Schneider in support of [59-1] motion for Summary Judgment (Grady, B.) (Entered: 05/15/2002) |

| | | |
|---|---|---|
| | | (Smith, S.) (Entered: 11/14/2006) |
| 11/07/2006 | 114 | ORAL MOTION to Amend/Correct [57] Answer to Complaint by Irvin Richter, Hill International, Inc. (Smith, S.) (Entered: 11/14/2006) |
| 11/07/2006 | 115 | ORAL ORDER granting [114] Motion to Amend Answer. Signed by Judge Alvin W. Thompson on 11/7/06. Modified on 11/14/2006 (Smith, S.). (Entered: 11/14/2006) |
| 11/17/2006 | 116 | *Amended* ANSWER to [12] Second Amended Complaint with Affirmative Defenses. by Irvin Richter, Hill International, Inc.(Kone, Carolyn) Modified on 11/21/2006 (Ferguson, L.). (Entered: 11/17/2006) |
| 11/27/2006 | 117 | DEMAND for Trial by Jury by Dirk Epperson, Betty Schneider. (Sullivan, Robert) (Entered: 11/27/2006) |
| 12/07/2006 | 118 | MOTION to Strike 117 Jury Demand by Irvin Richter, Hill International, Inc..Responses due by 12/28/2006 (Kone, Carolyn) (Entered: 12/07/2006) |
| 12/07/2006 | 119 | Memorandum in Support re 118 MOTION to Strike 117 Jury Demand filed by Irvin Richter, Hill International, Inc.. (Kone, Carolyn) (Entered: 12/07/2006) |
| 12/28/2006 | 120 | MOTION for Extension of Time to File Response/Reply as to 118 MOTION to Strike 117 Jury Demand until January 8, 2007 by Dirk Epperson, Betty Schneider. (Sullivan, Robert) (Entered: 12/28/2006) |
| 01/04/2007 | 121 | ELECTRONIC ORDER: The Plaintiffs' Motion for Enlargement of Time to Respond to Motion to Strike Jury Demand (Doc. No. 120) to and including January 8, 2007 is hereby GRANTED. It is so ordered. Signed by Judge Alvin W. Thompson on 1/4/07. (Bock, M.) (Entered: 01/04/2007) |
| 01/04/2007 | | Set/Reset Deadlines as to 118 MOTION to Strike 117 Jury Demand. Responses due by 1/8/2007 (Ferguson, L.) (Entered: 01/05/2007) |
| 01/18/2007 | 122 | Joint MOTION for Extension of Time until 30 days after ruling on Motion to Strike 85 Order, Set Trial Management Order Deadlines by Irvin Richter, Hill International, Inc.. (Kone, Carolyn) (Entered: 01/18/2007) |
| 01/20/2007 | 123 | ORDER RE MOTION TO STRIKE JURY DEMAND granting Defendants Irvin Richter and Hill International, Inc.'s Motion to Strike Jury Demand (Doc. No. 118). Signed by Judge Alvin W. Thompson on 1/20/2007. (Laraia, J.) (Entered: 01/20/2007) |
| 01/20/2007 | 124 | ELECTRONIC ORDER: Plaintiffs Dirk Epperson and Betty Schneider and Defendants Irvin Richter and Hill International, Inc.'s Joint Motion for Extension of Time to File Trial Memorandum (Doc. No. 122) is hereby GRANTED. The parties shall submit their joint trial memorandum by no later than February 20, 2007. It is so ordered. Signed by Judge Alvin W. Thompson on 1/20/2007. (Laraia, J.) (Entered: 01/20/2007) |

3A

FILED

APR 23  11 30 AM '97

CLERK
U.S. DISTRICT COURT
HARTFORD, CONN

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

----------------------------
DIRK EPPERSON                        :
BETTY SCHNEIDER                      :       No. 3:95CV2131 (DJS)
                                     :
            Plaintiffs               :
                                     :
v.                                   :
                                     :
HILL ARTS & ENTERTAINMENT            :
SYSTEMS, INC. nka HAESI              :
SOFTWARE, INC.,                      :
ENTERTAINMENT EXPRESS, INC.,         :
HILL INTERNATIONAL, INC.             :       DEFAULT JUDGMENT
IRVIN RICHTER                        :
            Defendants               :
----------------------------

     This action having been commenced by the filing of a
Complaint and the issuance of a Summons on the 4th day of
October, 1995, and copies of said Summons and Complaint having
been duly served upon the defendant, HILL ARTS & ENTERTAINMENT
SYSTEMS, INC., by service upon its Statutory Agent for Service of
Process, C T Corporation System, at Hartford, Connecticut, with
Proof of Service having been filed with the Clerk of this Court,
and defendant having appeared by counsel, and answered on
November 10, 1995, and following said counsel's withdrawal as
attorney of record said defendants having failed to appear by
counsel and further having failed to comply with the court's
order to produce certain discovery, and the Clerk's having
entered the default of said defendant on February 11, 1997, and
good cause appearing therefore, it is:

APR 25 1997

Federal Bar No. CT08969

EXHIBIT E

ORDERED, ADJUDGED AND DECREED that Judgment be, and it is hereby entered for plaintiffs, DIRK EPPERSON and BETTY SCHNEIDER, against defendant HILL ARTS & ENTERTAINMENT SYSTEMS, INC., nka HAESI SOFTWARE, INC. for the principal amount of $250,000, and late fees in the sum of $143,085, together with costs of this action to date in the amount of $1,080.62, and attorneys' fees in the amount of $ 105,611.00 less payments totaling $76,250, for a total liquidated amount of $ 422,446.00 with post-judgment interest accruing at the rate of 10% STATUTORY per annum from date of entry of judgment; and it is further

ORDERED, that the judgment rendered by the Court on this day in favor of the Plaintiffs be entered as a final judgment as against said defendant, HILL ARTS & ENTERTAINMENT SYSTEMS, INC. nka HAESI SOFTWARE, INC., and the Clerk of the Court is directed to enter such Judgment forthwith.

Dated: 4-23-97

SO ORDERED AWT

_____
United States District Judge

Judgment Entered:

_____
Clerk
By: _____
Clerk of United States
 District Court

-2-



UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---------------------------- :
                             :      NO. 3:95CV2131 (DJS)
DIRK EPPERSON              :
BETTY SCHNEIDER             :
                             :
         Plaintiffs        :
                             :
v.                           :
                             :
HILL ARTS & ENTERTAINMENT    :
SYSTEMS, INC.               :      JANUARY 31, 1997
                             :
         Defendant         :
---------------------------- :

### MOTION FOR ENTRY OF DEFAULT OF CORPORATION DEFENDANT FOR FAILURE TO APPEAR BY COUNSEL AND REFUSAL TO COMPLY WITH DISCOVERY ORDER

#### INTRODUCTION

Plaintiffs respectfully request that the court enter the default of Defendant Hill Arts and Entertainment, Inc., n/k/a HAESI Software, Inc. There are two separate bases for the entry of default, failure of corporate defendant to appear by counsel and failure to comply with court order to provide discovery.

On October 8, 1996 Magistrate Judge Joan G. Margolis (the Court) advised defendant HAESI that it may not appear pro se, ordering it to attempt to find counsel on or before November 1, 1996. On November 6, 1996 HAESI advised the Court that it does **not** intend to engage substitute counsel.

Also on October 8, 1996, in ruling on Plaintiffs' motion to compel production of discovery, the Court ordered HAESI to

FEB 12 1997

Default or Judgment pursuant to Rule 55(a), FRCP. A Motion for Default Judgment pursuant to FRCP 55(b) shall be filed within 30 days or this action will be dismissed by the Clerk pursuant to Rule 41(b) FRCP.

By
KEVIN F. ROWE, Clerk
Deputy Clerk

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
------------------------------   :
DIRK EPPERSON                    :    NO. 3:95CV2131 (DJS)
BETTY SCHNEIDER                  :
                                 :
          Plaintiffs             :
                                 :
v.                               :
                                 :
HILL ARTS & ENTERTAINMENT        :
SYSTEMS, INC., ET AL.            :    MARCH 19, 1998
                                 :
          Defendants             :
------------------------------   :
```

## PLAINTIFFS' FIRST SET OF POST-JUDGMENT
## INTERROGATORIES TO DEFENDANT

Pursuant to Rules 33 and 69 of the Federal Rules of Civil Procedure, the undersigned, on behalf of plaintiffs **DIRK EPPERSON and BETTY SCHNEIDER** hereby propounds the following post-judgment interrogatories to be answered by defendant **HILL ARTS & ENTERTAINMENT SYSTEMS, INC.** (HAESI) under oath within thirty (30) days of the service of these interrogatories.

### DEFINITIONS

1.  DOCUMENT shall mean any handwritten, printed, typed or other graphic or recorded matter of any kind or nature, however produced or reproduced, and whether preserved in writing, photorecord, file tape, videotape, computer or photomicrographs, whether in writing or stored electronically on computer disc or in some other tangible medium or expression from which the information can be retrieved, perceived or understood, including

but not limited to memoranda, reports, records, data compilations, computations, writings, recordings, evaluations, correspondence, communications, journals, manuals, papers, diaries, logs, entries, diagrams, notebooks, letters, notations or notes and drafts.

2.    IDENTIFY, when used with reference to a PERSON or PERSONS, entity or entities, means to state the person's or entity's name, business and home (if applicable) addresses and telephone numbers, social security number (if applicable) present business or employment and job title (if applicable). The identification should be made with reasonable particularity so as to enable defendant to locate the person or entity. Identification of an entity should include the name and telephone number of the known contact person(s).

3.    IDENTIFY, when used with reference to a DOCUMENT, means to state the date and type of DOCUMENT (e.g. letter, memorandum, diary, etc.) or other means of identifying it, the author's full name, and the DOCUMENT's present location and custodian.    The identification should be made with reasonable particularity so as to enable defendant to request production of documents under Rule 34 of the Federal Rules of Civil Procedure.  When a DOCUMENT is asked to be identified, it will be sufficient to attach the DOCUMENTS as exhibits to your answers to these interrogatories. If any such DOCUMENT was, but is not longer in your possession, custody of control, state when disposition was made of it.

4.    IDENTIFY, when used with reference to a status, fact, act, occurrence, decision, statement, communication or conduct,

-2-

including specifically an investigation or inquiry or steps or measures to make a determination means to describe what transpired and the applicable circumstances, indicate the place and date thereof, and IDENTIFY the person present, the person involved, including specifying who conducted any investigation or inquiry, steps or measures to make a determination and the DOCUMENTS referring to or relating to such acts.

5.    PERSON or PERSONS includes material PERSONS, living or deceased, and any type of business or legal entity.

6.    HAESI shall mean that entity known as Hill Arts & Entertainment  Systems, Inc. from the inception of its existence to the present time, including periods during which it was known by any other name, including, without limitation, ArtSoft, Inc. and HAESI Software, Inc.

7.    ENTERTAINMENT EXPRESS shall mean Entertainment Express, Inc. that entity referred to as the "purchaser" in connection with the ASSET PURCHASE, from the inception of its existence to the present time, including periods during which it was known by any other name, and also including any entity it has now merged with, or been transformed into, including but not limited to that entity known as ADVANTIX.

8.    ASSET PURCHASE shall mean that transaction, or series of transactions, taking place on or about May 31, 1996, pursuant to which HAESI transferred to ENTERTAINMENT EXPRESS certain assets and certain liabilities.

9.    RICHTER NOTE shall mean that certain Promissory note dated November 26, 1991 at Cherry Hill, New Jersey in the total

-3-

amount of $1,100,000 reflecting Irvin Richter as payee and Hill
Arts & Entertainment Systems, Inc. as payor, and shall include
any and all security instruments or related DOCUMENTS executed in
connection with said promissory note, including but not limited
to that certain DOCUMENT entitled Security Agreement General Lien
purporting to grant Irvin E. Richter a security interest in the
property of HILL ARTS & ENTERTAINMENT SYSTEMS, INC., and any and
all DOCUMENTS later executed which amend, modify or supplement,
or purport to amend, modify or supplement said described
DOCUMENTS.

10.   HILL NOTE shall mean that certain Replacement Line of
Credit Note dated April 1, 1994 in the face amount of $12,000,000
reflecting Hill International, Inc. as Lender, and Hill Arts and
Entertainment Systems, Inc. as Borrower, and shall include any
and all security instruments or related DOCUMENTS executed in
connection with said promissory note, including but not limited
to that certain Loan and Security Agreement dated April 1, 1994
between Hill Arts and Entertainment Systems, Inc. and Hill
International, Inc., and any and all DOCUMENTS later executed
which amend, modify or supplement, or purport to amend, modify or
supplement said described DOCUMENTS.

11.   CONVERTIBLE NOTE shall mean that certain Convertible
Promissory Note dated May 31, 1996 in the amount of $3,000,000
pursuant to which Hill Arts & entertainment Systems, Inc. is
identified as the "Holder" and ENTERTAINMENT EXPRESS is
identified as the "Company".

-4-

12.    STOCKHOLDER and SHAREHOLDER shall mean any PERSON or entity holding, or entitled to hold any share, or fraction thereof, of an interest in an entity, including but not limited to common and/or preferred stock of any class, options, warrants, and any other such entity interests.

## INTERROGATORIES

1.    Set forth in detail by listing all monies, property or other consideration loaned, paid, transferred or provided to HAESI in exchange for the issuance of the RICHTER NOTE, including but not limited to the relevant dates and amounts.

**RESPONSE TO INTERROGATORY NO. 1**

2.    Set forth in detail by listing all monies, property or other consideration loaned, paid, transferred or provided to HAESI in exchange for the issuance of the HILL NOTE, including but not limited to the relevant dates and amounts.

**RESPONSE TO INTERROGATORY NO. 2**

3.    With respect to the loans or advances made in connection with the RICHTER NOTE and the HILL NOTE, set forth in detail by listing, all repayments, if any, ever made, of all, or any part of said loans or advances, including a designation of the amounts of any such repayments, and a designation of which payment related to which note.

**RESPONSE TO INTERROGATORY NO. 3**

-5-

4.    Set forth in detail, by listing, all monies or property (including the fair market value thereof) ever distributed, paid or transferred by HAESI to Hill International, Inc., Irvin Richter, David Richter, or to any and all PERSONS or entities related in any way to Irvin Richter, from the inception of HAESI's existence to the present time, (including periods during which it was known by any other name) including but not limited to, salary, bonuses, loan proceeds, loan payments, stock distributions and stock dividends.

RESPONSE TO INTERROGATORY NO. 4

5.    To the extent you have not done so elsewhere herein, set forth in detail all contributions, loans, advances, transfers or payments of money or property ever made by Irvin Richter to HAESI, from the inception of HAESI's existence to the present time, (including periods during which it was known by any other name), designating for each the amount, date and nature of the contribution, loan, advance transfer or payment, and whether each such contribution, loan, advance, transfer or payment is or was connected in any way to the RICHTER NOTE.

RESPONSE TO INTERROGATORY NO. 5

6.    To the extent you have not done so elsewhere herein, set forth in detail all contributions, loans, advances, transfers or payments of money or property ever made by Hill International, Inc., to HAESI, from the inception of HAESI's existence to the present time, (including periods during which it was known by any other name), designating for each the amount, date and nature of the contribution, loan, advance transfer or payment, and whether each such contribution, loan, advance, transfer or payment is or was connected in any way to the HILL NOTE.

RESPONSE TO INTERROGATORY NO. 6

-6-

7.    IDENTIFY each DOCUMENT comprising the line of credit
(including any preexisting line of credit) referenced by that
certain Replacement Line of Credit Note dated April 1, 1994
bearing a face amount of $12,000,000, including but not limited
to a designation of all DOCUMENTS that were "replaced" by said
Replacement Line of Credit.

**RESPONSE TO INTERROGATORY NO. 7**

8.    IDENTIFY all officers and directors of HAESI, from the
beginning its corporate existence through the time of your
responses to these interrogatories, including specific
designations as to the position held, and the dates that such
position was held.

**RESPONSE TO INTERROGATORY NO. 8**

9.    IDENTIFY every SHAREHOLDER who has ever held, or been issued
any equity interest in HAESI, or option or warrant to acquire any
equity interest in HAESI, including but not limited to shares of
common or preferred stock, (hereinafter collectively referred to
as stock), setting forth for each such SHAREHOLDER the total
consideration paid, including but not limited to the amount paid,
the date it was paid, whether the amount paid was in the form of
money or other consideration, the number of the certificate(s)
issued for the stock, the date(s) of issuance of the stock, the
nature and/or class of stock issued, whether the stock is still
held by said SHAREHOLDERS, and if the stock was transferred, the
date and identity of the PERSON to whom it was transferred, and
the consideration paid.

**RESPONSE TO INTERROGATORY NO. 9**

-7-

10.   To the extent not identified elsewhere herein, set forth in detail the total capitalization of HAESI from the commencement of its corporate existence through the time of your responses to these interrogatories.

**RESPONSE TO INTERROGATORY NO. 10**

11.   Set forth in detail by listing, all loans to HAESI received from its officers, directors, employees or SHAREHOLDERS, or from PERSONS or entities which were or are related in any way to said officers, directors, SHAREHOLDERS or employees, including but not limited to, the dates of the loan(s) the amounts loaned, whether the loan(s) consisted of money or property, and, if the loan(s) were repaid in part or in full, the date(s) and amounts of said repayments.

**RESPONSE TO INTERROGATORY NO. 11**

12.   If HAESI is now, or has ever been, a STOCKHOLDER in ENTERTAINMENT EXPRESS, set forth in detail by listing, the total number of shares held, the dates they were issued to or acquired by HAESI, the consideration paid/received for the stock, the circumstances pursuant to which the stock was issued or transferred to HAESI, and any such stock has since been transferred by HAESI, all details relating to said transfer including to whom it said stock was transferred, the date of the transfer and the consideration passing in exchange for said transfer.

**RESPONSE TO INTERROGATORY NO. 12**

13.   Set forth in detail what, if any, payment(s) have been made on the CONVERTIBLE NOTE, including but not limited to the amount(s) paid, whether the payment(s) were made in the form of

-8-

money or other consideration (e.g., shares of stock), the date(s) the payment(s) were made, and the disposition of the payment(s), once received.

**RESPONSE TO INTERROGATORY NO. 13**

14.   If the CONVERTIBLE NOTE, or the proceeds thereof, have been encumbered, liened, assigned or transferred in any way, describe in detail any such encumbrance, lien, assignment or transfer, including but not limited to the identity of the PERSON(s) or entity(ies) to or by which said note or proceeds have been encumbered, liened, assigned or transferred, and the relative priorities of any claimed security interest.

**RESPONSE TO INTERROGATORY NO. 14**

15.   With respect to each PERSON, if any, who was employed by HAESI before the ASSET PURCHASE and who did not become employed by ENTERTAINMENT EXPRESS following the ASSET PURCHASE, set forth the IDENTITY of each such PERSON, the reason(s) why said PERSON(s) did not become employees of ENTERTAINMENT EXPRESS and the identity of all PERSONS who participated in the discussions or decisions relating to which PERSONS would or would not become employees of ENTERTAINMENT EXPRESS.

**RESPONSE TO INTERROGATORY NO. 15**

16.   With respect to each creditor whose debt was not assumed or accepted by, or otherwise transferred to ENTERTAINMENT EXPRESS in connection with the ASSET PURCHASE, describe, in detail, the reason(s) why the obligations owing to said creditor(s) were not assumed or accepted by, or otherwise transferred to ENTERTAINMENT

—9—

EXPRESS, including but not limited to the identity of each such creditor, how it was determined which creditor obligations would be assumed by ENTERTAINMENT EXPRESS and which would be retained by HAESI, and the identity of all PERSONS who participated in the discussions or decisions relating to which creditor obligations would be assumed or accepted by, or otherwise transferred to ENTERTAINMENT EXPRESS.

**RESPONSE TO INTERROGATORY NO. 16**

17.  Describe in detail all contacts, conversations and discussions which originated and ultimately resulted in the ASSET PURCHASE, including but not limited to, the IDENTITY of all PERSONS and entities taking any part in the discussions.

**RESPONSE TO INTERROGATORY NO. 17**

18.  Describe in detail what business was intended to be performed by HAESI following the ASSET PURCHASE, and what business has actually been performed by HAESI following the ASSET PURCHASE.

**RESPONSE TO INTERROGATORY NO. 18**

19.  IDENTIFY all PERSONS or entities who have ever had, or currently have, any involvement in the creation, organization, maintenance, or storage of HAESI's corporate books and records, including but not limited to corporate officers, directors, employees, attorneys, paralegals, accountants and/or bookkeepers, setting forth for each their particular responsibility and the time periods during which they have been so responsible, designating, in particular, the location where the corporate book

-10-

is currently kept.

**RESPONSE TO INTERROGATORY NO. 19**

20.  With respect to every bank, savings and loan association, credit union or other financial institution in which HAESI now maintains an account of any kind, or has, since the commencement of its corporate existence, maintained an account of any kind, (including periods during which it was known by any other name) set forth the name and address of the institution, the name in which the account is/was held, the account number, and the present balance.

**RESPONSE TO INTERROGATORY NO. 20**

21.  List all property in which HAESI has any interest, whether legal or beneficial, including but not limited to cash, receivables, notes, stock or shares in other entities, inventory, equipment, real estate, intangibles and any and all other property, providing for each such item, the precise description and location, the approximate fair market value of such property, the nature of any security interest, lien or encumbrance, the identity of the holder of any such security interest, lien or encumbrance, and a description of the nature of the instrument evidencing such security interest, lien or encumbrance.

**RESPONSE TO INTERROGATORY NO. 21**

22.  If HAESI is receiving any income from any source not disclosed in your answers to the foregoing interrogatories, set forth in detail, the sources(s) of such income, the amounts being received, the frequency of the payments of the income, and the

-11-

Identity of the PERSON or entity from whom the income is received.

**RESPONSE TO INTERROGATORY NO. 22**

23.  IDENTIFY all third PERSONS holding property belonging or owing to HAESI.

**RESPONSE TO INTERROGATORY NO. 23**

24.  IDENTIFY all PERSONS or entities who have ever been members of that certain Delaware Limited Company known as R4 Holdings.

**RESPONSE TO INTERROGATORY NO. 24**

-12-

THE PLAINTIFFS

By_____

Robert Sullivan
LAW OFFICES OF ROBERT SULLIVAN
190 Main Street
Westport, CT 06880
Tel. No. (203) 227-1404
Federal Bar Number CT08969

-13-

STATE OF CONNECTICUT)
                     ) ss.
COUNTY  OF FAIRFIELD)

    I, _____, duly authorized

_____ of HILL ARTS & ENTERTAINMENT SYSTEMS, INC.,

(HAESI) state under oath that the answers to these

Interrogatories are true, accurate and complete to the best of my

knowledge and belief.

                                    _____



    Subscribed and sworn to before me this _____ day of

_____, 1998.


                                    _____
                                    Notary Public
                                    My Commission Expires:

-14-

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

DIRK EPPERSON and BETTY SCHNEIDER,  :

        Plaintiffs,  :

                                  :      CIV. NO. 99-3053 (SSB)

        v.  :

                                    :      **ORDER**

IRVIN RICHTER, HILL INTERNATIONAL,  :
INC., HILL ARTS AND ENTERTAINMENT  :
SYSTEMS, INC., n/k/a HAESI SOFTWARE,  :
INC.,  :

        Defendants.  :

ORIGINAL FILED

MAY 2 5 2000

WILLIAM T. WALSH, CLERK

    **THIS MATTER** having come before the Court upon the motion by defendants Irvin Richter, Hill International, Inc., Hill Arts and Entertainment Systems, Inc., n/k/a HAESI Software, Inc. (collectively "defendants") to dismiss plaintiff's one-count complaint or, in the alternative, to stay the proceedings, pursuant to the First-Filed Rule;

    The plaintiffs having filed a lawsuit ("The First Action") against the defendants in the United States District Court for the District of Connecticut on April 27, 1999; and

    The plaintiffs having filed the instant action, 99cv3053, ("The Second Action") against the defendants in this Court on June 30, 1999; and

    The First-Filed Rule providing that "in all cases of federal concurrent jurisdiction, the court which first has possession of the subject must decide it [absent exceptional circumstances]," and under the rule, trial judges "[are] to exercise their discretion by enjoining the subsequent prosecution of 'similar cases . . . in different federal district courts,' " EEOC v. University of Pennsylvania, 850 F.2d 969, 971 (3d Cir. 1988); and

    It appearing that The First Action was dismissed for lack of subject matter jurisdiction on

March 31, 2000; and

It appearing that the plaintiffs have appealed the dismissal of The First Action to the United States Court of Appeals for the Second Circuit, which appeal is pending; and

It appearing that the recent developments in the First Action may bear significantly on defendants' present motion before this Court, and a change of circumstances therefore having occurred;

IT IS _3rd_ this day of May, 2000 **HEREBY**

**ORDERED** that defendants' motion to dismiss or stay is **DISMISSED WITHOUT PREJUDICE**; and

**IT IS FURTHER ORDERED** that in the event defendants choose to re-file said motion, the deadline for said motion shall expire four months from the date of this Order; and

**IT IS FURTHER ORDERED** that in the event defendants re-file said motion, the parties' respective evidence of record such as affidavits, certifications, etc., shall be preserved and therefore need not be resubmitted to the Court; however, the parties shall submit supplemental briefs addressing the recent developments in the First Action and the impact of such developments on the defendants' motion.


**HON. STANLEY S. BROTMAN**
**UNITED STATES DISTRICT JUDGE**

LAW OFFICES OF

# ROBERT SULLIVAN

V/TDD
(203) 227-1404

190 MAIN STREET
WESTPORT, CONNECTICUT 06880
Telephone (203) 227-1404
Facsimile (203) 226-6403

CALIFORNIA OFFICE:
375 DIABLO ROAD
SUITE 200
DANVILLE, CALIFORNIA 94526

August 4, 2000

**VIA FACSIMILE**
Michael L. Gentlesk, II, Esq.
Kozlov, Seaton, Romanini,
 Brooks & Greenberg, P.C.
1940 Rt. 70 East, Suite 200
Cherry Hill, NJ 08003

Re: **Epperson et al. v. Irvin Richter et al.**

Dear Mr. Gentlesk:

    I have been attempting to reach you in connection with the Scheduling Conference which will take place on August 9, 2000. As you know, we have a discovery plan due at the court on Tuesday, August 8, 2000.

    I am also attempting to arrange to have the conference take place telephonically.

    Since my secretary will be out next week, and documents generated by this office must be submitted through Mr. DeGroot's office, it is imperative that you contact me upon receipt of this correspondence.

    Your courtesies are appreciated.

                                    Sincerely,

                                    Robert Sullivan

RS:dee

000001

EXHIBIT H

LAW OFFICES OF

# Robert Sullivan

V/TDD
(203) 227-1404

190 MAIN STREET
WESTPORT, CONNECTICUT 06880
Telephone (203) 227-1404
Facsimile (203) 226-6403

CALIFORNIA OFFICE:
375 DIABLO ROAD
SUITE 200
DANVILLE, CALIFORNIA 94526

August 4, 2000

**VIA FACSIMILE**
Michael L. Gentlesk, II, Esq.
Kozlov, Seaton, Romanini,
 Brooks & Greenberg, P.C.
1940 Rt. 70 East, Suite 200
Cherry Hill, NJ 08003

Re: Epperson et al. v. Irvin Richter et al.

Dear Mr. Gentlesk:

I am writing to confirm our telephone conversation of today.

You advised me that Marcie, from the court, called you yesterday to reschedule the Scheduling Conference for later in the day on Wednesday, August 9, 2000. You advised her that you had a conflict, so the conference was rescheduled for September.

You also indicated that you advised her that you were considering revisiting your dismissal/stay motion, since the dismissal of the Connecticut case has been appealed to the Second Circuit.

I advised you that I am attempting to commence discovery in accordance with Rule 26 and the scheduling order entered by the court.

I also advised you that the Connecticut and New Jersey actions are completely different. The New Jersey action seeks to pierce the corporate veil. The Connecticut action seeks to disgorge fraudulent transfers. Both the actions, and the relief to which plaintiffs are eligible on the actions, are completely different. Even if plaintiffs were to prevail in the Connecticut court, the recovery may be inadequate to satisfy the judgment. There is no rule that requires plaintiffs to exhaust a requested fraudulent transfer remedy before seeking to pierce a corporate veil.

000002

Michael L. Gentlesk, II, Esq.
Page 2
August 4, 2000


    You agreed to review your position and the law supporting
it, and to speak again next Friday.  I appreciate your doing so,
since the court and the rules have imposed upon us discovery
obligations which I am very anxious to complete.

                              Sincerely,

                              Robert Sullivan

RS:dee

000003

LAW OFFICES OF

# ROBERT SULLIVAN

V/TDD
(203) 227-1404

190 MAIN STREET
WESTPORT, CONNECTICUT 06880
Telephone (203) 227-1404
Facsimile (203) 226-6403

CALIFORNIA OFFICE:
375 DIABLO ROAD
SUITE 200
DANVILLE, CALIFORNIA 94526

August 4, 2000

**VIA FACSIMILE**
Michael L. Gentlesk, II, Esq.
Kozlov, Seaton, Romanini,
 Brooks & Greenberg, P.C.
1940 Rt. 70 East, Suite 200
Cherry Hill, NJ 08003

Re: Epperson et al. v. Irvin Richter et al.

Dear Mr. Gentlesk:

Thank you for forwarding a copy of Judge Brotman's order dismissing the motion.

I am writing to amend my earlier letter of today, by formally noting that in issuing his ruling, Judge Brotman observed "...that the plaintiffs have appealed the dismissal of The First Action to the United States Court of Appeals for the Second Circuit, which appeal is pending,..."

When we spoke this morning, I was left with the impression that you had only recently learned of the appeal of the dismissal of the Connecticut case, and that you understood the appeal not to have been known to Judge Brotman when he issued his order. That clearly is not the case.

I see nothing in the court's order which exempts the defendants from the scheduling and discovery requirements. Indeed, it is clear from the record that Judge Brotman's ruling precipitated the issuance of the scheduling order.

Please consider this the Plaintiffs' demand, therefore, for an immediate contact for the purpose of exchanging discovery.

Your ongoing courtesies are appreciated.

Sincerely,

Robert Sullivan

**000004**

RS:dee

LAW OFFICES OF

ROBERT SULLIVAN

V/TDD
(203) 227-1404

190 MAIN STREET
WESTPORT, CONNECTICUT 06880
Telephone (203) 227-1404
Facsimile (203) 226-6403

CALIFORNIA OFFICE:
375 DIABLO ROAD
SUITE 200
DANVILLE, CALIFORNIA 94526

September 7, 2000

**VIA FACSIMILE**
Michael L. Gentlesk, II, Esq.
Kozlov, Seaton, Romanini,
 Brooks & Greenberg, P.C.
1940 Rt. 70 East, Suite 200
Cherry Hill, NJ 08003

Re: <u>Epperson et al. v. Irvin Richter et al.</u>

Dear Mr. Gentlesk:

As you know, we are required to file a discovery plan in the above-referenced matter no later than today. It is to be reviewed by the court in advance of the Scheduling Conference which will take place on tomorrow at 11:00.

I attempted to reach you yesterday to discuss this court obligation. Although you have not called me back, your indication to me last month when the status conference was first scheduled was that you take issue with our right to take discovery at this time.

I am writing, therefore, primarily to create a record of my efforts to comply with the rules.

Please contact me if you have any questions.

Sincerely,

Robert J. Sullivan, Jr.

RJS:dee

cc:  Robert J. DeGroot, Esq.

000005

LAW OFFICES OF

# ROBERT SULLIVAN

WTDD
(203) 227-1404

190 MAIN STREET
WESTPORT, CONNECTICUT 06880
Telephone (203) 227-1404
Facsimile (203) 226-6403

CALIFORNIA OFFICE:
375 DIABLO ROAD
SUITE 200
DANVILLE, CALIFORNIA 94526

February 16, 2001

**VIA FACSIMILE and UNITED PARCEL SERVICE**
Michael L. Gentlesk, II, Esq.
Kozlov, Seaton, Romanini,
 Brooks & Greenberg, P.C.
1940 Rt. 70 East, Suite 200
Cherry Hill, NJ 08003

**Re: Epperson et al. v. Irvin Richter et al.**

Dear Mr. Gentlesk:

     My clients, Dirk Epperson and Betty Schneider, are arriving
in New York this Sunday, February 28, 2001 in connection with
this week's status conference, as well as their depositions.

     As I have already advised you, the court will make the
courthouse available for the depositions on February 22, 2001,
the same day as the status conference.  If you prefer a different
arrangement, it is imperative that you immediately communicate
that to this office.

     Please also take note of the enclosed copies of letters to
Magistrate Rosen and to Barbara Fisher-Arthur.  As you can see,
plaintiffs are pursuing motions for summary judgment and default.
Your copies of the motions will be sent out tonight via overnight
mail.

     If you have any questions, please contact this office.

                                   Sincerely,

                                   Robert V. Sullivan, Jr.

RS:dee
Enclosures

000006

LAW OFFICES OF

# ROBERT SULLIVAN

V/TDD
(203) 227-1404

190 MAIN STREET
WESTPORT, CONNECTICUT 06880
Telephone (203) 227-1404
Facsimile (203) 226-6403

CALIFORNIA OFFICE:
375 DIABLO ROAD
SUITE 200
DANVILLE, CALIFORNIA 94526

February 16, 2001

Michael L. Gentlesk, II, Esq.
Kozlov, Seaton, Romanini,
  Brooks & Greenberg, P.C.
1940 Rt. 70 East, Suite 200
Cherry Hill, NJ 08003

Re: <u>Epperson et al. v. Irvin Richter et al.</u>

Dear Mr. Gentlesk:

Enclosed, in accordance with Appendix N and R 7.1(f) of the Local Civil Rules please find the following documents:

1.  Notice of Motion for Summary Judgment;

2.  Memorandum of Law in Support of Motion for Summary Judgment;

3.  Affidavit of Robert J. Sullivan, Jr. in Support of Motion for Summary Judgment;

4.  Statement of Separate Facts;

5.  Notice of Motion for Default;

6.  Memorandum of Law in Support of Motion for Default;

7.  Affidavit of Robert J. Sullivan, Jr. in Support of Motion for Default;

000007

Michael L. Gentlesk, II, Esq.
Page 2
February 16, 2001


        Please call if you have any questions.

                                    Sincerely,


                                    Robert J. Sullivan, Jr.


RJS:dee
Enclosures

cc:  Ms. Barbara Fisher-Arthur, Deputy Clerk, Hon. Stanley S.
     Brotman, U.S.D.C.
     Clerk, USDC, Camden Vicinage

LAW OFFICES OF

ROBERT SULLIVAN

V/TDD
(203) 227-1404

190 MAIN STREET
WESTPORT, CONNECTICUT 06880
Telephone (203) 227-1404
Facsimile (203) 226-6403

CALIFORNIA OFFICE:
375 DIABLO ROAD
SUITE 280
DANVILLE, CALIFORNIA 94526

February 16, 2001

**HAND DELIVERED**
Honorable Joel Rosen
United States Magistrate Judge
Mitchell H. Cohen U.S. Courthouse
1 John F. Gerry Plaza, Room 6040
Camden, NJ 08101

Re: **Epperson et al. v. Richter et al.**
    **Docket No. 99CV3053(SSB)**

Dear Magistrate Rosen:

A status conference is scheduled to take place in this matter on Thursday, February 22, 2001. I am writing to the court to explain the documents which are enclosed with this letter, as they are, in large measure, related to that conference.

On December 4, 2000, during a telephonic status conference involving counsel, you expressed dissatisfaction with the progress of the case, in particular relating to compliance with discovery obligations. You established a deadline of December 11, 2000 for the parties to propound discovery requests. You scheduled this status conference, ordering that all counsel and parties appear.

You also stated that, at this time, you would be prepared to entertain motions addressed to discovery abuses and/or other dilatory conduct, including the entry of default or striking of pleadings.

I have received no responses of any kind to the discovery I propounded on December 11, 2000.

Perhaps more importantly, I have issued to the defendants, in accordance with Appendix N and R 7.1(f), the following two motions:

> Plaintiffs' motion for Summary Judgment
> Plaintiffs' motion for Entry of Default.

000009

Honorable Joel Rosen
Page 2
February 16, 2001


I have enclosed courtesy copies for you for several very
specific reasons.  Together, the motions recount a five-year
history of litigation abuse.  That includes the entry of the
$422,466 underlying judgment which, itself, was issued due to a
refusal to produce discovery in the original action.  The summary
judgment motion demonstrates that the defense of the entire
underlying action was a charade, which merely delayed the
Connecticut proceedings long enough to permit the fraudulent
transfer of all HAESI's assets to another corporation controlled
by defendant Irvin Richter.

The discovery abuses, along with the gross under-
capitalization of the defendant HAESI, the fraudulent transfer of
assets from HAESI, and the evasive maneuvers in Connecticut which
resulted in our commencing this action in New Jersey, are all
such that Summary Judgment is warranted.

Moreover, plaintiffs are requesting in the Default Motion
that defendants be estopped from responding to the Summary
Judgment motion with affidavits or other evidence, when they have
continued to refuse to respond to discovery.

Finally, since my clients are travelling here from
California for the status conference (you ordered all parties to
attend) it is our wish that you have before you concrete support
for the claims which I have been making during the course of the
earlier pre-trial conferences.

My clients are making themselves available to have their
depositions taken next week, including, if the defendants prefer,
on the date of the conference, at the courthouse, since the court
has been good enough to make that available.

The court's courtesies are greatly appreciated.

Sincerely

Robert J. Sullivan, Jr.


RJS:dee

cc:  Clerk, USDC, Camden Vicinage
     Michael L. Gentlesk, II, Esq.
     Robert DeGroot, Esq.

000010

LAW OFFICES OF

### ROBERT SULLIVAN

V/TDD
(203) 227-1404

190 MAIN STREET
WESTPORT, CONNECTICUT 06880
Telephone (203) 227-1404
Facsimile (203) 226-6403

CALIFORNIA OFFICE:
375 DIABLO ROAD
SUITE 200
DANVILLE, CALIFORNIA 94526

February 16, 2001

Barbara Fisher-Arthur, Deputy Clerk
to The Honorable Stanley S. Brotman
Mitchell H. Cohen U.S. Courthouse
1 John F. Gerry Plaza, Room 6040
Camden, NJ 08101

**Re: Epperson et al. v. Richter et al.**
    **Docket No. 99CV3053(SSB)**

Dear Miss Fisher-Arthur:

    Please be advised that Plaintiffs in the above-referenced matter have served and filed their Motion for Summary Judgment and Motion for Default in accordance with Appendix N and R. 7.1(f) of the Local Civil Rules.

    If you have any questions regarding this matter, please do not hesitate to contact me. Your courtesies are appreciated.

Sincerely,

Robert J. Sullivan, Jr.

RJS:dee

cc:  Clerk, USDC, Camden Vicinage
     Michael L. Gentlesk, II, Esq.
     Honorable Joel Rosen

000011

# Wolf, Block, Schorr and Solis-Cohen LLP
### A Pennsylvania Limited Liability Partnership

1940 Route 70 East
Suite 200
Cherry Hill, NJ 08003

T: 856 424 8200
F: 856 424 4446
www.wolfblock.com

James Greenberg
Member of NJ & PA Bars
Certified by the Supreme Court
Of New Jersey as a Civil Trial
Attorney
Direct E-Mail: Jgreenberg@kozlovseaton.com

March 16, 2001

Via Facsimile & 1st Class Mail

Honorable Joel B. Rosen
United States Magistrate
Mitchell H. Cohen Courthouse
Room 2060
1 John F. Gerry Plaza
P.O. Box 887
Camden, NJ 08101

     RE:    Epperson, et al. v. Irvin Richter, et al.
              Civil Action No. 99mc107(JBS)

Dear Judge Rosen:

When we were last before you, you directed paper discovery that afternoon and depositions the following day. That discovery took place as directed.

I have tried reaching Robert Sullivan to discuss with him the Motion for Default and Motion for summary Judgment that he served on us at the end of February.

Because the discovery has occurred, I was hoping to convince him to withdraw his Motion for Default. In addition, since discovery is now ongoing, I was also hoping to convince him to withdraw, without prejudice, his Motion for Summary Judgment.

Unfortunately, Mr. Sullivan and I have been playing telephone tag for several days and time is running short on responding to the Motions.

If I must respond to the motion for Summary Judgment, I request an additional two weeks to do so as I just recently received the transcripts from the depositions of the Plaintiffs. I need to incorporate statements from the transcripts into my responses.

PHILADELPHIA, PA | NEW YORK, NY | CAMDEN, NJ | NEWARK, NJ | NORRISTOWN, PA | WILMINGTON, DE

Honorable Joel B. Rosen
March 16, 2001
Page 2


     Finally, I enclose herewith a copy of the decision of the Second Circuit Court of Appeals vacating the District Court's dismissing of the <u>Epperson, et al. v. Entertainment Express, Inc., et al.</u>, case in Connecticut.

     In view of that development, may we request that a ruling on our previous motion be placed back on the agenda?

     If you believe it would be helpful to have a conference call to discuss any or all of the foregoing, please advise and I will set it up.

                              Respectfully yours,



                              James Greenberg
          For WOLF, BLOCK, SCHORR and SOLIS-COHEN LLP

JG/sh
Enclosures
G:\DOCS\CLIENTS\173\0004\SHEI2249.DOC;2
Cc:    Robert Sullivan, Esquire
       Robert J. DeGroot, Esquire
       David L. Richter, Esquire
       (All via Fax & 1st Class Mail) (w/o encl.)

LAW OFFICES OF

ROBERT SULLIVAN

WTDD
(203) 227-1404

190 MAIN STREET
WESTPORT, CONNECTICUT 06880
Telephone (203) 227-1404
Facsimile (203) 226-6403

CALIFORNIA OFFICE:
375 DIABLO ROAD
SUITE 200
DANVILLE, CALIFORNIA 94526

March 27, 2001

**VIA FACSIMILE**
Honorable Joel B. Rosen
United States Magistrate Judge
Mitchell H. Cohen U.S. Courthouse
1 John F. Gerry Plaza, Room 6040
Camden, NJ 08101

**Re: Epperson et al. v. Richter et al.**
**Docket No. 99CV3053(SSB)**

Dear Magistrate Rosen:

I am forwarding herewith, via facsimile, a letter to you
dated today, which reflects delivery to you via overnight mail.
I am doing so because this afternoon, after I sent Mr.
Greenberg's copy of that letter to him via facsimile, he sent to
me, via facsimile, a copy of a letter which he had sent to you
via facsimile, claiming that I have not been responsive to him.

I agree that a status conference is in order. I
respectfully request that you review the enclosed letter before
conducting the conference, as I believe it will provide
significant guidance as to the progress of the case.

Mr. Greenberg proposes a status conference either tomorrow
or Thursday. I am available on both days; I am not available on
Friday.

The court's courtesies are greatly appreciated.

Sincerely,

Robert J. Sullivan, Jr.

RJS:dee
Enclosure
cc: James Greenberg, Esq. (via facsimile)
    Robert DeGroot, Esq. (via facsimile)

000014

LAW OFFICES OF

# ROBERT SULLIVAN

<table>
<tr><td>V/TDD<br>(203) 227-1404</td><td>190 MAIN STREET<br>WESTPORT, CONNECTICUT 06880<br>Telephone (203) 227-1404<br>Facsimile (203) 226-6403</td><td>CALIFORNIA OFFICE:<br>375 DIABLO ROAD<br>SUITE 200<br>DANVILLE, CALIFORNIA 94526</td></tr>
</table>

March 27, 2001

**VIA OVERNIGHT DELIVERY**
Honorable Joel B. Rosen
United States Magistrate Judge
Mitchell H. Cohen U.S. Courthouse
1 John F. Gerry Plaza, Room 6040
Camden, NJ 08101

**Re: Epperson et al. v. Richter et al.**
    **Docket No. 99CV3053(SSB)**

Dear Magistrate Rosen:

I am writing in response to letters to you from Mr.
Greenberg dated March 6, 2001 and March 16, 2001. He raises
issues related to discovery, to plaintiffs' pending motions for
summary judgment and default, and to defendants' pending motion
to stay or dismiss the action. While I agree that a status
conference would be helpful, I also feel the need to address, in
writing, the subjects raised by Mr. Greenberg.

To briefly summarize my positions (explained in greater
detail below), I am expecting the defendants to respond to the
motions for summary judgment and default by March 30, 2001, the
date that they have sought from the court. I am also asking that
the court permit the plaintiffs to defer the pursuit of any
further discovery until after the court has ruled on the motions.

Mr. Greenberg's forwarding to this court of the Second
Circuit opinion in the related case of Epperson v. Entertainment
Express et al., Docket No. 00-7567, coupled with the request that
the court "revisit" defendants' motion to stay or dismiss carries
the implication that his clients were granted some form of relief
by the appellate court. They were not. Their arguments were
rejected in their entirety. Moreover, the Second Circuit cited
the pendency of this New Jersey alter ego case in support of its
holding that plaintiffs were entitled to proceed in Connecticut
with their case fraudulent conveyance case (see below). The

000015

Honorable Joel B. Rosen
Page 2
March 27, 2001


Second Circuit was impressed by the fact that plaintiffs had, for
proper jurisdictional reasons, proceeded in two different forums
with the two different cases, not attempting to join the two
cases in one forum, which would have destroyed jurisdiction over
both matters. In short, this court should deny defendants' motion
to stay or dismiss the action.

SUMMARY JUDGMENT

It has been almost six weeks since plaintiffs served
defendants with the subject summary judgment motion.  The motion,
relying upon defendants' own documents, demonstrates that HAESI
was grossly undercapitalized, and that defendants used the
corporation to perpetrate a fraud.

Mr. Greenberg did not respond by the deadline established by
local rule; nor did he contact me to seek additional time, also
contemplated by the rule.  Instead, he wrote to this court,
claiming that he needed the transcripts of the plaintiffs'
depositions in order to respond.  He did not, however, proffer
what was said by plaintiffs at their depositions which might have
had any bearing on the defendants' response.  Indeed, during the
depositions (which, together, lasted less than four hours) he
complained that plaintiffs knew little of the evidence supporting
the alter ego claim which I had uncovered.

As is generally the case in an alter ego action, the
evidence submitted by plaintiffs in support of the motion
consisted of corporate records of the defendants.  I do not see
how anything said by Plaintiffs at their depositions will aid
defendants in opposing the summary judgment motion.  Mr.
Greenberg's associate, Michael Gentlesk, Esq., advised me on
multiple occasions that he did not anticipate the need for
discovery from plaintiffs in this, an alter ego case.  Mr.
Greenberg now confirms this by advising this court that no
additional discovery from plaintiffs will be required.

Mr. Greenberg has requested that the court enlarge
defendants' deadline to respond to the summary judgment motion to
March 30, 2001.  Absent a contrary instruction from this court, I
am calendaring March 30, 2001 as the date for either the receipt
by plaintiffs of defendants' response, if any, or the submission
by plaintiffs pursuant to Appendix N of the Local Rules, of the
motion, unopposed.

000016

Honorable Joel B. Rosen
Page 3
March 27, 2001


<u>MOTION FOR DEFAULT</u>

On February 16, 2001, this office issued its Motion for
entry of Default for the gross, ongoing discovery abuses which
have permeated this case and the predecessor litigation. It was
during the course of discovery abuse that these defendants
transferred assets in the first litigation (explained in detail
in the motion for default). <u>Inter alia</u>, the judgment now being
pursued was issued ".... said defendants having failed to appear
by counsel and further having failed to comply with the court's
order to produce certain discovery,...."

On December 4, 2001, this court expressed great
dissatisfaction over the lack of progress with discovery and
ordered that written discovery be propounded no later than
December 11, 2000. At the same time, the court ordered all
parties to appear at a status conference to be held on February
22, 2001. The court also stated that it would entertain motions
for default directed at discovery abuses.

Plaintiffs' motion for default was served on February 16,
2001, ***five weeks after*** defendants had defaulted on even those
deadlines.

Mr. Greenberg would, apparently, have this court believe
that defendants are in full compliance with the discovery
propounded by plaintiffs. Defendants' "responses," however,
delivered almost one week after the default motion was served,
are quite inadequate. To begin with, there were <u>**no responses of
any kind**</u> from defendant HAEST, whose corporate veil is to be
pierced. The responses issued for the remaining defendants are
far from complete. For example, almost two years after the
complaint was filed in this action, they have answered questions
directed to the facts and documents supporting their answer to
the complaint with "... Hill has not yet filed an Answer to
Plaintiff's Complaint, as its 12(b)(6) motion to dismiss remains
pending."

Plaintiffs' default motion requests, <u>inter alia</u>, that
defendants be precluded from opposing the summary judgment motion
with (or introducing at trial) any materials which have not been
produced in response to propounded discovery. Of great concern
to Plaintiffs is defendants' history of interminably stalling and
refusing to produce discovery, followed by their introduction at

C00017

Honorable Joel B. Rosen
Page 4
March 27, 2001


later proceedings of affidavits containing assertions on subjects
about which they have refused to produce discovery.  They utilize
the extra time generated by these abuses by maneuvering assets
outside plaintiffs' reach.

    In addition, the Federal Rules of Civil Procedure provide
for payment of monetary sanctions for discovery abuses, even if
requested discovery is ultimately produced.  During the December
4, 2000 status conference conducted by this court, Michael
Gentlesk, Esq. insisted that he would be answering on behalf of
defendant HAESI.  This court ordered that discovery be propounded
in accordance with that representation.  *After* I had *both*
propounded the referenced discovery (including interrogatories
and document production requests carefully tailored to defendant
HAESI) *and* moved for entry of default, Mr. Greenberg notified the
court that HAESI would not be responding.  This abuse is just one
of many reasons for the court to impose sanctions, including the
payment of reasonable attorneys fees, notwithstanding defendants'
claim to have fully complied with discovery.

    In short, after six years of discovery hide and seek,
Plaintiffs intend to go forward with their motion for default.
The structure of Local Rule Appendix N is such that if defendants
submit a compelling case for denial by the court of the motion
for default, plaintiffs can refrain from submitting it to the
court.

    As is the case with the summary judgment motion, I am
treating March 30, 2001 as defendants' last day to respond,
absent a contrary instruction from the court.

DISCOVERY

    Mr. Greenberg implies unfairness in the issuance by
plaintiffs of what he calls "approximately 198 Interrogatories,
with subparts."  He makes no mention of my having obtained leave
from this court during our telephone status conference September
18, 2000, to propound questions exceeding the standard number,
due to prior discovery abuses, and, particularly due to the
number of entities involved.

    Exhibit A is a diagram which visually depicts the asset
transfer, as well as the entities involved in transfer.
Defendant HAESI (formerly Hill Arts & Entertainment Systems, Inc.,

Honorable Joel B. Rosen
Page 5
March 27, 2001

and Artsoft, Inc) was solely owned by Irvin Richter. He
transferred HAESI's assets to Entertainment Express (later
Advantix, Inc. and Tickets.com), a new corporation which he had
established. He owned 80% of Entertainment Express through R4
Holdings, an entity of which he owned 100%. He granted liens to
himself and to Hill International, another corporation controlled
by him. He also engaged in a complex compilation of documents
intended to make the transaction appear to be non-fraudulent.
When the court adds to this the refusal to produce discovery in
the Connecticut case, (including the entry of judgment for that
refusal) the need for the larger number of questions is manifest.

Mr. Greenberg also makes no mention of my having sent to him
at the time of the issuance of the interrogatories, my letter
dated December 12, 2000 (Exhibit B) providing a comprehensive
analysis of the interrogatories and document production, and the
basis for issuing each set. That letter reads, in relevant part:

Most of the interrogatories and document production
requests are standardized alter ego questions taken
from 45 Am Jur Proof of Facts 3d *Piercing the Corporate
Veil*. They seek information relating to officers,
directors, stockholders and employees, as well as
capitalization, banking and loan activity between and
among the companies and the individuals.

The largest number of interrogatories are directed to
Irvin Richter. They are grouped by subject as follows:

Nos. 1 - 39: standard alter ego
interrogatories relating to HAESI;

Nos. 40 - 78: standard alter ego
interrogatories relating to Entertainment
Express;

Nos. 79 - 115: standard alter ego
interrogatories relating to R4 Holdings;

Nos. 116 - 146: individualized
interrogatories relating to the asset
transfer, and the interrelationships among
Irvin Richter and his various entities,
including, in particular, the loan activity

000019

Honorable Joel B. Rosen
Page 6
March 27, 2001

which he claims forms the consideration for
the transfer.

The interrogatories issued to HAESI and Hill, and the
Document Production requests issued to Irvin Richter,
HAESI and Hill consist almost exclusively of
standardized Am Jur requests.

My letter clearly recites my intention to resolve any
disputes which may surface.  I was never contacted for the
purpose of resolving any disputed questions or subject areas.
While defendants did provide some responses, a great many of the
questions went unanswered.  Indeed there were no responses
provided for defendant HAESI, the corporation whose veil is to be
pierced.

Plaintiffs' motion for entry of defendants' default was
properly issued, and is not moot.  Even if some defendants had
fully responded (which they have not) default as to HAESI is
certain.  Issue preclusion and financial sanctions are likely as
to the remaining defendants.  If defendants feel that their
compliance is complete, they may address that by opposing the
motion.

DEFENDANTS' MOTIONS TO DISMISS/STAY ACTION

Mr. Greenberg requests that the court revisit defendants'
Motion to Stay or Dismiss this action, in view of the recent
ruling in Epperson v. Entertainment Express, et al. of the U.S.
Court of Appeals for the Second Circuit.  He has advised me that
Defendants will continue to press the inaccurate claim that the
subject *alter ego* action is the same as the *fraudulent conveyance*
action which was the subject of the Second Circuit appeal.

A.    The alter ego and fraudulent transfer actions are not
      the same.

Plaintiffs obtained the judgment against HAESI in the U.S.
District Court for the State of Connecticut in 1997.  In 1996,
however, while the action was pending, defendant Irvin Richter
arranged for the transfer of HAESI's assets from HAESI, a grossly
undercapitalized corporation wholly owned by him, to
Entertainment Express, a corporation newly formed by him.  He
transferred enough of the corporate governance of Entertainment

800020

Honorable Joel B. Rosen
Page 7
March 27, 2001

Express (later Advantix, Inc., now Tickets.com) to California to
claim that diversity no longer existed.

Also in 1996, the U.S. Supreme Court ruled in <u>Peacock v.</u>
<u>Thomas</u>, 516 U.S. 349, 116 S.Ct. 862 (1996) that "supplemental
enforcement jurisdiction", which permits post judgment collection
actions in the original district court notwithstanding an
intervening loss of diversity, would not extend to a new ***alter***
***ego*** action.  The Supreme court declined the request of amicus
parties to save the action by treating it as a ***fraudulent***
***transfer*** action.  (<u>Peacock</u>, footnote 6).

For that reason, plaintiffs filed the subject ***alter ego***
action in New Jersey, where complete diversity exists, and the
***fraudulent transfer*** action in Connecticut, where supplemental
enforcement jurisdiction exists.

Defendants persuaded the Connecticut court to dismiss the
Connecticut ***fraudulent transfer*** action, claiming that the <u>Peacock</u>
doctrine applied to fraudulent transfer actions, as well as to
alter ego actions.  Plaintiffs then filed a precautionary state
court ***fraudulent transfer*** action in California, at the same time
seeking reversal of the dismissal in the U.S. Court of Appeals
for the Second Circuit.

The Second Circuit has now ***reversed*** that dismissal,
confirming in the 24-page opinion forwarded to this court by Mr.
Greenberg that the ***fraudulent transfer*** action should go forward
in Connecticut.  In so doing, the Second Circuit specifically
referenced plaintiffs' having filed a separate ***alter ego*** action
in New Jersey as follows:

> Notably, plaintiffs did not plead alter ego as a basis
> for liability in this second action. ... The appellants
> filed a separate action in the District of New Jersey
> alleging alter ego liability against defendant Richter.
> (<u>Epperson</u>, p.5, footnote 2).

The opinions in <u>Peacock</u> and <u>Epperson</u> make clear that the
Connecticut court does ***not*** have jurisdiction over the ***alter ego***
action.  It ***does*** have jurisdiction over the ***fraudulent transfer***
action.  For that reason, plaintiffs are pursuing the ***alter ego***
action in New Jersey and the ***fraudulent transfer*** action in
Connecticut.

Honorable Joel B. Rosen
Page 8
March 27, 2001


B.   Defendants' inaccurate representations to multiple
     courts that the actions are the same is part of a
     pattern of abuse.

     On February 2, 2001, after the Second Circuit appeal had
been argued and submitted, Defendants' Connecticut counsel wrote
to the Second Circuit (Exhibit C), bringing to the Court's
attention the pending California action, and suggesting that
Plaintiffs had an adequate forum in California.  My response to
the court dated March 1, 2001 (Exhibit D) reads in relevant part:

     In fact the defendants are, at this time, inaccurately
     telling the California court that the New Jersey (alter
     ego) action is the same as the California (fraudulent
     transfer) case. They are also telling the New Jersey
     court that the Connecticut (fraudulent transfer) case
     is the same as the New Jersey (alter ego) case.  In
     short, in each forum, they are attempting to create the
     inaccurate impression that identical litigation is
     pending in a suitable forum somewhere else.  Indeed, at
     footnote 2 of her letter, Ms. Kone makes reference to
     the New Jersey case merely as "Another case … filed by
     appellants against these defendants in the district
     court of New Jersey…" without clearly distinguishing
     it as an alter ego action which was split by Plaintiffs
     from the Connecticut case because of her clients'
     motion to dismiss in the Connecticut case.

     At footnote 10 of its opinion on page 17, the Second Circuit
strongly rejected Ms. Kone's effort, stating, in part:

     ....no court should be powerless to enforce its own
     judgment when a defendant fraudulently conveys assets
     to avoid that judgment.  The fact that the defendant
     conveys them to a non-diverse party should not divest a
     district court of enforcement jurisdiction.  Such a
     result would encourage judgment debtors to engage in
     such conduct, not only to avoid payment of the judgment
     but also to force the winning plaintiff to pursue him
     to another jurisdiction.

     The New Jersey and Connecticut actions are two different
cases.  The court should summarily reject defendants effort to
make them appear to be the same.

000022

Honorable Joel B. Rosen
Page 9
March 27, 2001


CONCLUSION

    I respectfully request that the court rule on the motions
for Summary Judgment and Default. Since there should be little
remaining for the court to resolve at that point, I am requesting
that the court permit plaintiffs to defer taking any additional
discovery until after the court has ruled.

                              Sincerely

                              Robert W. Sullivan, Jr.

RJS:dee

cc:  James Greenberg, Esq. (via facsimile and U.S. Mail)
      Robert DeGroot, Esq.
      Dirk Epperson and Betty Schneider



000024

EXHIBIT A

LAW OFFICES OF

# ROBERT SULLIVAN

V/TDD
(203) 227-1404

190 MAIN STREET
WESTPORT, CONNECTICUT 06880
Telephone (203) 227-1404
Facsimile (203) 226-6403

CALIFORNIA OFFICE:
375 DIABLO ROAD
SUITE 200
DANVILLE, CALIFORNIA 94526

December 12, 2000

**VIA FACSIMILE and U.S. MAIL**
Michael L. Gentlesk, II, Esq.
Kozlov, Seaton, Romanini,
 Brooks & Greenberg, P.C.
1940 Rt. 70 East, Suite 200
Cherry Hill, NJ 08003

Re: Epperson et al. v. Irvin Richter et al.

Dear Mr. Gentlesk:

     Yesterday I forwarded to you, via UPS, the formal discovery being issued by plaintiffs.

     The involvement of four separate entities in this matter played a significant role in my asking Magistrate Rosen for leave to issue more than 25 interrogatories and document production requests.  To simplify your review of the discovery, and in an effort to avoid any discovery disputes, I am providing this short explanation of the relevant facts, and index to the discovery issued.

     In 1997, the subject $422,000 judgment was entered by the Connecticut court.  In May, 1996, while the case was pending, HAESI, by its own admission, transferred "substantially all of its assets" to Entertainment Express.  It claimed to have received, in exchange, the $3M Convertible Note.  At the same time, HAESI granted liens (or so-called replacement liens) on the $3M Convertible Note, to Hill International and Irvin Richter. The Fairness Opinion generated by your clients states unequivocally that "Prior to the Private Placement, Irvin Richter either individually or through certain immediate family members is the controlling shareholder of Hill, Hill A&E, and Entertainment Express."  The documents comprising the Fairness

000025

**EXHIBIT B**

Michael L. Gentlesk, II, Esq.
Page 2
December 12, 2000


Opinion reflect that R4 Holdings is the Richter family holding
company which held 80% of the stock in Entertainment Express.

    In short, Irv Richter, the sole shareholder in HAESI,
transferred all of HAESI's assets to Entertainment Express, a new
corporation in which the Richter family (R4) was the 80% owner.
He granted liens on the $3M Convertible Note to himself and to
Hill International, his other corporation, securing to Richter
alone - not his creditors - any benefits to be had from the
assets transferred.  The assets transferred included the software
which Plaintiff Dirk Epperson had developed, and which formed the
basis for the suit which produced the judgment.

    HAESI and Entertainment Express, and, likely, Hill - all
instrumentalities of Irv Richter - were grossly undercapitalized,
and were utilized to implement a fraud.  The purported
consideration issued for HAESI's assets was illusory, intended to
create the false impression that value was provided for the
assets.

    Most of the interrogatories and document production requests
are standardized alter ego questions taken from 45 Am Jur Proof
of Facts 3d *Piercing the Corporate Veil*.  They seek information
relating to officers, directors, stockholders and employees, as
well as capitalization, banking and loan activity between and
among the companies and the individuals.

    The largest number of interrogatories are directed to Irvin
Richter.  They are grouped by subject as follows:

    Nos. 1 - 39: standard alter ego interrogatories
relating to HAESI;

    Nos. 40 - 78:  standard alter ego interrogatories
relating to Entertainment Express;

    Nos. 79 - 115: standard alter ego interrogatories
relating to R4 Holdings;

    Nos. 116 - 146: individualized interrogatories relating
to the asset transfer, and the interrelationships among Irvin
Richter and his various entities, including, in particular, the
loan activity which he claims forms the consideration for the
transfer.

000026

Michael L. Gentlesk, II, Esq.
Page 3
December 12, 2000


    The interrogatories issued to HAESI and Hill, and the
Document Production requests issued to Irvin Richter, HAESI and
Hill consist almost exclusively of standardized Am Jur requests.

    Please call if you have any questions.

                                    Sincerely,


                                    Robert U. Sullivan, Jr.

RJS:dee

cc:  Robert J. DeGroot, Esq.
     Dirk Epperson and Betty Schneider


000027

# BRENNER, SALTZMAN & WALLMAN LLP

A PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS

NEWTON D BRENNER, P. C.
STEPHEN L SALTZMAN, P. C
MARC A. WALLMAN, P. C
DAVID R SCHAEFER, P. C
STUART JAY MANDEL, P. C.
DONALD W ANDERSON P. C
SAMUEL H HURWITZ
WAYNE A MARTINO, P. C
JOHN R BASHAW
MITCHELL E JAFFE, P. C
ALICE J. HICK P. C
KENNETH ROSENTHAL
CAROLYN N KONE
BRIAN P. DANIELS
GEORGE BRENCHER IV, P C

271 WHITNEY AVENUE
NEW HAVEN, CONNECTICUT 06511
203-772-2600

FACSIMILE: 203-562-2098
E-MAIL: postmaster@bswlaw.com

JENNIFER DOWD BEARN
MICHELLE S. GOGLIA
ROWENA A. MOFFETT
SARAH A. SALEH

OF COUNSEL
PETER K MARSH

PLEASE REPLY TO:
POST OFFICE BOX 1746
NEW HAVEN, CT 06507-1746

February 2, 2001

Roseann B. Mackechnie
Clerk
United States Court of Appeals
For the Second Circuit
United States Court House
40 Foley Square
New York, N.Y. 10007

Re:    Epperson v. Entertainment Express
       Docket No.: 00-7567

Dear Ms. Mackechnie:

    This office represents the appellees in the above captioned appeal which was argued before the Second Circuit Court of Appeals on November 28, 2000 and is awaiting decision.

    I am writing pursuant to FED. R. CIV. P. 28(j) to advise the Court of the pendency of an action brought by the same plaintiffs against the same defendants in Orange County Superior Court in Santa Ana, CA 92702-1994, which action raises the identical claims as are alleged in the complaint in the instant appeal (the "California Case").[1] Attached please find copies of the summons and complaint in the California case. Although the summons and complaint indicate that the California Case was filed on May 26, 2000, my clients were not served with the summons and complaint until after oral argument occurred in the instant appeal.

    The reason for bringing the pendency of the California Case to the attention of the Second Circuit Court of Appeals is that this appeal involves the issue of whether a federal district court has ancillary enforcement jurisdiction in a new fraudulent conveyance action brought to collect a prior federal judgment, where there is no diversity jurisdiction over the case. (Appellees' Brief, pp. 8-21). At oral argument, appellees argued that there

**000028**

---

[1]   Entertainment Express is now known as Tickets.com.

FEB  7 2001

EXHIBIT C

Roseann B. Mackechnie
2/2/01
Page 2

was no policy reason for the Connecticut District Court to assume jurisdiction over this case, when plaintiffs and the first named defendant are residents of California and, therefore, appellants' fraudulent conveyance action could be filed as to those parties in California.[2]

    The pendency of the California Case is properly brought to the attention of the Second Circuit Court of Appeals pursuant to FED. R. APP. P. 28(j). Philips Medical Sys. Intn'l v. Bruetman, 982 F.2d 211, 215 n.2 (7th Cir. 1992)(Fed. R. App. P. 28(j) permits an appellate court to consider new evidence, not merely supplemental legal authority, of proceedings in other courts, both within and outside of the federal judicial system, if the proceedings have a direct relation to the matters at issue before the appellate court); 20A MOORE'S FEDERAL PRACTICE §328.60.

    Thank you for your attention to this matter.

                                        Sincerely yours,

                                        Carolyn W. Kone

cc:    Robert Sullivan, Esq.
       David Richter, Esq.
       Paul Rowe, Esq.

---

[2] Defendants Hill International and Irvin Richter, New Jersey residents, have moved to dismiss the California Case on the grounds of lack of personal jurisdiction and forums non conviens. Another case has been filed by appellants against these defendants in the district court of New Jersey which was mentioned by plaintiffs at oral argument.

\\fp\shared\files\cwk\hillint\rm2.2.ltr.doc

LAW OFFICES OF

# ROBERT SULLIVAN

V/TDD
(203) 227-1404

190 MAIN STREET
WESTPORT, CONNECTICUT 06880
Telephone (203) 227-1404
Facsimile (203) 226-6403

CALIFORNIA OFFICE:
375 DIABLO ROAD
SUITE 300
DANVILLE, CALIFORNIA 94526

March 1, 2001

Roseann B. Mackechnie, Clerk
United States Court of Appeals
40 Foley Square
New York, New York 10007

Re: Epperson et al. v. Entertainment Express, et al.
    Docket No. 00-7567

Dear Ms. Mackechnie:

I am writing in response to the letter of Carolyn Kone dated
February 2, 2001.

As the briefing and argument demonstrated, Irvin Richter,
sole shareholder in HAESI, transferred all of HAESI's assets to
another of his corporations, Entertainment Express, now
Tickets.com. He did this while the original Connecticut
litigation was pending pursuant to which Plaintiffs attempted to
collect monies which HAESI and Richter had admitted, in writing,
were due. They allowed the subject judgment to be entered by
default.

When Plaintiffs attempted to amend to assert alter ego and
fraudulent transfer claims, defendants objected on jurisdictional
grounds. In recognition of <u>Peacock v. Thomas</u>, 516 U.S. 349, 116
S.Ct. 862 (1996), Plaintiffs filed an alter ego action in New
Jersey (where Richter and Hill, International reside) and the
subject fraudulent conveyance action in Connecticut. The subject
appeal takes issue with the District Court's ruling that the
fraudulent conveyance action in Connecticut is prohibited by
<u>Peacock</u>.

As a precautionary measure taken at a time when plaintiffs
had not completed their analysis of the full merits of the
subject appeal, plaintiffs filed the California suit referenced
by Carolyn Kone in her letter. As Ms. Kone points out, the
California suit (which defendants were aware of before the appeal
was briefed) was filed on May 26, 2000. The recent service of
process had to do with California's Fast Track rules requiring
that the case move at a certain pace.

000030

Roseann B. Mackechnie, Clerk
Page 2
March 1, 2001


As was argued by Plaintiffs in this appeal, a defendant
should not have the power to unilaterally divest a U.S. District
Court of jurisdiction by fraudulently transferring assets.  It is
difficult to discern what "public policy" Ms. Kone seeks by her
letter to have the court liberate.  Presumably – although she
does not actually say this – she would have the court deduce that
plaintiffs have a suitable forum in California.  Yet, as she is
pressed to point out by footnote, her clients have already
challenged Plaintiffs' right to proceed there.  In fact the
defendants are, at this time, inaccurately telling the California
court that the New Jersey (alter ego) action is the same as the
California (fraudulent transfer) case. They are also telling the
New Jersey court that the Connecticut (fraudulent transfer) case
is the same as the New Jersey (alter ego) case[1].  In short, in
each forum, they are attempting to create the inaccurate
impression that identical litigation is pending in a suitable
forum somewhere else.  Indeed, at footnote 2 of her letter, Ms.
Kone makes reference to the New Jersey case merely as "Another
case … filed by appellants against these defendants in the
district court of New Jersey…" without clearly distinguishing it
as an alter ego action which was split by Plaintiffs from the
Connecticut case because of her clients' motion to dismiss in the
Connecticut case.

The rule of <u>Peacock</u> is such that Plaintiffs should be
permitted to pursue the fraudulent transfer litigation in
Connecticut and the alter ego action in New Jersey.  Plaintiffs
respectfully request that the court find that the content of Ms.
Kone's letter to the court adds no support to the case already
submitted to this court by appellees.

Sincerely,

Robert J. Sullivan, Jr.

RJS:dea
cc:  Carolyn Kone, Esq.

---

[1] In the interest of avoiding protracted briefing in response to
Ms. Kone's letter, I have not enclosed copies of the sizeable
pleadings which comprise the motions to stay or dismiss filed in
the California and New Jersey Courts.  I would be happy to do so,
promptly upon request by this court.

000031

1940 Route 70 East
Suite 200
Cherry Hill, NJ 08003

# Wolf, Block, Schorr and Solis-Cohen LLP

A Pennsylvania Limited Liability Partnership

T: 856 424 8200
F: 856 424 4446
www.wolfblock.com

James Greenberg
Member of NJ & PA Bars
Certified by the Supreme Court of
New Jersey as a Civil Trial Attorney
E-Mail: jgreenberg@wolfblock.com

March 29, 2001

via Hand Delivery

Honorable Stanley S. Brotman
Mitchell H. Cohen U.S. Courthouse
1 John F. Gerry Plaza
Room 6040
P.O. Box 1029
Camden, NJ 08101

     RE:    Dirk Epperson, et al. v. Irvin Richter, et al.
             Docket No. 99 MC 107(JBS)

Dear Judge Brotman:

     There are currently three motions regarding the above-referenced matter pending before Your Honor. The first is Defendant's Motion to Dismiss Plaintiff's complaint pursuant to the First Filed Rule. As Your Honor may recall, there is an action pending in Connecticut involving the same subject matter between the parties. At the time this Motion was filed, Your Honor delayed ruling on the Motion because the proceedings in Connecticut had been stayed pending an appeal. Recently, the Second Circuit entered an opinion reactivating the Connecticut action. I have enclosed a copy of the Second Circuit's opinion for Your Honor's review. In light of the decision from the Second Circuit, we respectfully request that Your Honor address Defendant's Motion to Dismiss Plaintiff's complaint.

     Your Honor's decision on the Motion to Dismiss has a direct impact on the Motion for Default and Motion for Summary Judgment filed by Plaintiff's counsel. If the Court rules in Defendant's favor, these Motions become moot and need not be addressed by Your Honor. In the interest of judicial efficiency as well as my concern that my client does not incur legal fees that are unnecessary, I respectfully ask that the Court extend our time to respond to Plaintiff's Motions until after the Court has ruled on Defendant's Motion to Dismiss.

     It should be noted that Judge Rosen granted our prior request to extend the time in which we were to respond to Plaintiff's motions. However, in speaking with Judge Rosen's chambers

800032

APR 2 2001

DSCH:47999.1

PHILADELPHIA, PA • NEW YORK, NY • CAMDEN, NJ • HARRISBURG, PA • NEWARK, NJ • NORRISTOWN, PA • WILMINGTON, DE

Honorable Stanley S. Brotman
March 29, 2001
Page 2

on Wednesday, March 28, 2001, we were advised to contact Your Honor for any extension requests past the 28th.

    In addition, Judge Rosen has scheduled a status conference for April 5, 2001, to resolve the outstanding discovery issues and disputes between the parties. If Your Honor chooses not to rule on Defendant's Motion to Dismiss prior to addressing Plaintiff's two motions, at the very least, we respectfully request that Your Honor extend our time in which to respond to Plaintiff's Motions until April 19, 2001. Thus, if the motions are not resolved at the status conference with Judge Rosen on the 5th, Defendants would have two weeks to file a response.

    Thank you for Your Honor's attention and consideration to this matter. I will await Your Honor's response.

Respectfully submitted,

James Greenberg
For WOLF, BLOCK, SCHORR and SOLIS-COHEN LLP

JG/sh
cc:  Robert J. DeGroot, Esquire
    Robert Sullivan, Esquire

DSCH:47999.1

000033

LAW OFFICES OF

# ROBERT SULLIVAN

V/YDD
(203) 227-1404

190 MAIN STREET
WESTPORT, CONNECTICUT 06880
Telephone (203) 227-1404
Facsimile (203) 226-6403

CALIFORNIA OFFICE:
375 DIABLO ROAD
SUITE 200
DANVILLE, CALIFORNIA 94526

April 2, 2001

<u>VIA FACSIMILE</u>
Hon. Stanley S. Brotman
Judge of U.S. District Court
One John F. Gerry Plaza
Fourth and Cooper Streets, Room 1050
Camden, New Jersey 08101

Re: <u>Epperson et al. v. Richter et al.</u>
    <u>No. CV99-3053(SSB)</u>

Dear Judge Brotman:

    This morning I received, via regular U.S. Mail, a letter to you
from Mr. Greenberg which was, apparently, hand delivered to chambers
last Thursday, March 29, 2001.  Upon receipt I contacted chambers;
Brian Bowcut kindly authorized me to forward this response via
facsimile.

    I am forwarding herewith copies of two letters which I forwarded
to Magistrate Rosen on March 27, 2001, addressing, in significant
detail, the claims raised by Mr. Greenberg.  The argument entitled
"Defendants' Motions to Dismiss/Stay" appearing at page three of the
longer of the two letters demonstrates the folly of defendants' attempt
to keep this court from addressing the merits of plaintiffs' case.

    I must, however, directly address Mr. Greenberg's request as it
appears in his letter to you.  His claim - that this New Jersey case
and the Connecticut case are the same action, involving the same
parties - is utterly and completely wrong.  While the Connecticut
(fraudulent transfer) case is an action against these parties, it also
includes <u>non - diverse</u> fraudulent transferee Entertainment Express (now
Tickets.com). Entertainment Express is <u>not</u> a party to this New Jersey
(alter ego) case.

    While the original Connecticut action was pending, defendant
HAESI's assets were transferred to Entertainment Express.  Although
Judgment entered for plaintiffs against HAESI in 1997, the assets were
gone.  The doctrine of Supplemental Enforcement Jurisdiction permitted

000034

Hon. Stanley S. Brotman
Page 2
April 2, 2001


plaintiffs to initiate, in the Connecticut Court, a fraudulent
conveyance action, notwithstanding the lack of diversity.

With respect to piercing the corporate veil, however, the U.S.
Supreme Court directly ruled in <u>Peacock v. Thomas</u>, 516 U.S. 349, 116
S.Ct. 862 (1996), that the Supplemental Enforcement Jurisdiction
doctrine does <u>not</u> extend to a new alter ego action. For that reason,
plaintiffs brought the alter ego action - against fully diverse
defendants - in this New Jersey Court.

Defendants have manipulated the pendency of the appeal as though
its outcome would control the course of this action. That has <u>never</u>
been the case. The sole question before the Second Circuit (which has
now rejected every one of defendants' arguments) was whether <u>Peacock</u>
would permit plaintiffs to pursue the fraudulent transfer case in
Connecticut. It was a <u>given</u>, not subject to dispute or argument by
either side, that the alter ego action could not proceed in
Connecticut. (Indeed, the fact that plaintiffs had filed the alter ego
action in New Jersey instead of improperly bootstrapping it into the
Connecticut case was cited by the Second Circuit in support of its
decision to permit the Connecticut fraudulent transfer action to
proceed. See <u>Epperson et al. v Entertainment Express, Inc.</u>, (2d Cir.
2001) Docket No.00-7567, page 5, footnote 2.).

In June, 2001 it will have been two years since this action was
filed. Defendants have not yet filed an answer. It is six years since
plaintiffs filed suit in Connecticut to collect a debt which defendants
had admitted, multiple times, in writing, was due.

These defendants abused the good graces of the court and counsel
in Connecticut by transferring assets after they had been granted (by
me) courtesy enlargements of time to respond to discovery. Their
Connecticut lawyers finally withdrew on the grounds that "The
relationship with the client has become such that we are unable to
perform our obligations, duties and responsibilities as officers of the
court."

I have every reason to believe that assets are, once again, on the
move, while the defendants engage in these baseless procedural tactics.

In this case, Magistrate Rosen ordered that discovery proceed, and
that motions directed to discovery abuses be addressed to the court.
Now pending pursuant to Appendix N of the local rules is plaintiffs'
comprehensive motion for summary judgment. Also pending is plaintiffs'

Hon. Stanley S. Brotman
Page 3
April 2, 2001


motion for default deriving from discovery abuses.

The summary judgment motion provides extensive, unrefutable (indeed, mostly admitted) evidence of undercapitalization and abuse of the corporate structure. Defendants are responding by claiming, with no basis whatever, that the action should be stayed or dismissed.

That defendants have no defense is apparent from their requests for additional time. They first cited the need for the transcripts of plaintiffs' depositions (which they received over two weeks ago). Since Mr. Greenberg complained during the depositions that the plaintiffs knew little of the evidence supporting the motion (consisting of complex corporate documents of the defendants which I had obtained and presented) I was anticipating with great curiosity the degree to which plaintiffs' testimony would be cited in any opposition filed by defendants.

Defendants now claim that the suit should not be proceeding in New Jersey. Lacking a defense, they raise smoke screens to prevent this court from addressing the merits.

I respectfully request that this court respond to Mr. Greenberg's request by reviewing the opinions set forth in Peacock and in Epperson. I believe that that review will prompt this court to view the lack of merit in Mr. Greenberg's claim sufficiently great that no additional time should be allotted to respond to the motions.

In short, I respectfully request that the court immediately authorize me to submit the original motions to this court for disposition, unopposed, in accordance with Appendix N.

Sincerely,

Robert J. Sullivan, Jr.

RJS:dee
Enclosures

cc: Hon. Joel B. Rosen (w/o enclosures, via facsimile)
    James Greenberg, Esq. (w/o enclosures, via facsimile)
    Robert DeGroot, Esq. (w/o enclosures, via facsimile)

000036

# Wolf, Block, Schorr and Solis-Cohen LLP
A Pennsylvania Limited Liability Partnership

1940 Route 70 East
Suite 200
Cherry Hill, NJ 08003

T: 856 424 8200
F: 856 424 4446
www.wolfblock.com

James Greenberg
Member of NJ & PA Bars
Certified by the Supreme Court of
New Jersey as a Civil Trial Attorney
E-Mail: jgreenberg@wolfblock.com

April 3, 2001

Honorable Stanley S. Brotman, Sr.
U.S. District Court
Mitchell H. Cohen Courthouse, Room 6040
1 John F. Gerry Plaza
P.O. Box 1029
Camden, NJ 08101

    RE:   Epperson, et als. vs. Richter, et als.
          Docket No. 99cv3053 (SSB)

Dear Judge Brotman:

    Confirming my telephone conversation with your law clerk, I understand that our application to extend time for responding to the Summary Judgment Motion until after the Court rules on our pending Motion to Dismiss has been denied. I understand that this firm shall file a response to the Summary Judgment Motion on or before the close of business on April 10, 2001.

    I was further advised that all other matters should be taken up with Judge Rosen at the conference scheduled for 2:00 p.m., on Thursday, April 5th.

Respectfully yours,

James Greenberg
For WOLF, BLOCK, SCHORR and SOLIS-COHEN LLP

JG/sh
cc:  Hon. Joel B. Rosen
     Robert Sullivan, Esquire
     Robert J. DeGroot, Esquire

000037

RECEIVED
APR 6 2001

DSCH:48258.1

PHILADELPHIA, PA • NEW YORK, NY • CAMDEN, NJ • HARRISBURG, PA • NEWARK, NJ • NORRISTOWN, PA • WILMINGTON, DE

LAW OFFICES OF

ROBERT SULLIVAN

V/TDD
(203) 227-1404

190 MAIN STREET
WESTPORT, CONNECTICUT 06880
Telephone (203) 227-1404
Facsimile (203) 226-6403

CALIFORNIA OFFICE:
375 DIABLO ROAD
SUITE 206
DANVILLE, CALIFORNIA 94526

April 6, 2001


**VIA FACSIMILE**
James Greenberg, Esq.
Wolf, Block, Schorr and Solis-Cohen LLP
1940 Route 70 East, Suite 200
Cherry Hill, NJ 08003

**Re:    Epperson et al. v. Richter et al.**
**Civil Action No. 99CV3053(SSB)**

Dear Mr. Greenberg:

Yesterday, in response to your claim to Magistrate Rosen that defendants' production of some discovery rendered moot plaintiffs' pending Motion for Default For Failure to Comply with Discovery and other Court Obligations, Magistrate Rosen requested that I discuss with Mr. DeGroot the merits of withdrawing the motion. I promised Magistrate Rosen that I would do that today.

Despite the best efforts of both Mr. Degroot and myself, that consultation has not been possible, due to conflicting schedules.

In the interest of accommodating Magistrate Rosen's request, as well as eliminating the suspense for you, I am proposing the enlargement, by one week, of your deadline to respond to the Motion for Default. I am assuming that neither Magistrate Rosen nor Judge Brotman takes issue with my adjusting the final deadline, as it was established by them. That would mean that your deadline to respond to the motion for default would be extended from Tuesday, April 10, 2001 to Tuesday, April 17, 2001. I will discuss this matter with Mr. DeGroot as early next week as time permits.

Your deadline for delivery of defendants' opposition to the summary judgment motion continues to be April 10, 2001.

Sincerely,

Robert J. Sullivan, Jr.

RJS:dee
cc:    Hon. Stanley S. Brotman
       Hon. Joel B. Rosen
       Robert DeGroot, Esq. (via facsimile)

# Wolf, Block, Schorr and Solis-Cohen LLP
A Pennsylvania Limited Liability Partnership

1940 Route 70 East
Suite 200
Cherry Hill, NJ 08003

T: 856 424 8200
F: 856 424 4446
www.wolfblock.com

Thomas Paolini
E-Mail: tpaolini@wolfblock.com

April 16, 2001

Robert Sullivan, Esquire
190 Main St.
Westport, CT 06880

RE:    Epperson, et al. vs. Richter, et als.
       Civil Action No.99CV-3053(SSB)

Dear Mr. Sullivan:

This will confirm our telephone conversation on Thursday, April 12, 2001, in which you agreed to extend the deadline that we are required to respond to your Default Motion until April 24, 2001. You agreed to this extension because you have not had an opportunity to discuss this matter with Robert DeGroot pursuant to Judge Rosen's request.

Thank you for your attention to this matter. If you have any questions, please feel free to give me a call.

Sincerely yours,

Thomas Paol

Thomas Paolini
For WOLF, BLOCK, SCHORR and SOLIS-COHEN LLP

TP/sh

000039

APR 2 0 2001

DSCH:48972.1

LAW OFFICES OF

ROBERT SULLIVAN

V/TDD
(203) 227-1404

190 MAIN STREET
WESTPORT, CONNECTICUT 06880
Telephone (203) 227-1404
Facsimile (203) 226-6403

CALIFORNIA OFFICE:
375 DIABLO ROAD
SUITE 200
DANVILLE, CALIFORNIA 94526

April 19, 2001

**VIA FACSIMILE**
James Greenberg, Esq.
Wolf, Block, Schorr and Solis-Cohen LLP
1940 Route 70 East, Suite 200
Cherry Hill, NJ 08003

Re:    **Epperson et al. v. Richter et al.**
       **Civil Action No. 99CV3053(SSB)**

Dear Mr. Greenberg:

I am writing in follow up to our telephone discussion of earlier today

I am proposing that we cooperate in the establishment of a reasonable course for this case, including the resolution of any discovery disputes that exist, or may later surface. In particular, I am attempting to resolve the motion for default and other pending and related issues. That means that I will need to confer with you for the purpose of identifying the discovery which we agree must be produced. I will also need to file a motion to compel discovery which you do not agree to produce. Moreover, in a case involving review of complex financial matters relating to multiple entities, the number and length of depositions is dictated by the amount of written discovery which can be obtained in advance. In this case, given the distance between the parties, the grouping of depositions to reduce travel is essential.

In addition, in accordance with the local rules, I contacted you in advance of seeking court relief, to obtain your position on a reasonable enlargement of the deadline for Plaintiffs to file their reply to Defendants' Opposition to Plaintiffs' Summary Motion.

For the resolution of all of these matters, I make the following proposal:

The Plaintiffs would withdraw the Default motion as to Defendants Irvin Richter and Hill International. That withdrawal would be without prejudice to the motion's being again presented if the circumstances should warrant. I must, again, emphasize that the basis for the motion was not just the failure to respond to the most recently propounded discovery, but the history of discovery abuse set forth in the motion.

Plaintiffs' reply on the summary judgment motion would be due on May 21, 2001.

000040

James Greenberg, Esq.
Page 2
April 19, 2001

Before May 21, 2001, I will contact you for the purpose of resolving outstanding discovery disputes, in particular, my claims as to the inadequacies of your clients' responses to the discovery propounded to date. By that date I will also propose a schedule for the taking of depositions. Since I anticipate taking the depositions of a number of persons either employed by or affiliated with entities controlled by Mr. Richter, I will work with you to schedule them in a manner which minimizes disruption for the deponents and travel for everyone else.

By June 21, 2001, the depositions of all fact witnesses would be completed, subject to the resolution of any remaining discovery disputes.

As I advised you today, I am preparing for a multiple defendant federal jury trial which will commence next Thursday, April 26, 2000 (USA v. Barker, 3:00CR44(JCH) ). Although my client was scheduled to enter a plea this afternoon, plea negotiations ran into difficulty, and my client is, again, scheduled to participate in the trial. The trial is expected to last for at least two and, perhaps, three weeks. I make the above time proposals, therefore, with the expectation that I may petition for relief if I am compelled to spend the better part of the next month preparing for and participating in this trial.

It is my hope that on Monday afternoon we can present Magistrate Rosen with an agreed plan for the next phase of this case.

Please call as soon this afternoon as you can.

Sincerely,

Robert J. Sullivan, Jr.

RJS:dee

cc:   Robert DeGroot, Esq. (via facsimile)

# Wolf, Block, Schorr and Solis-Cohen LLP

A Pennsylvania Limited Liability Partnership

1940 Route 70 East
Suite 200
Cherry Hill, NJ 08003

T: 856 424 8200
F: 856 424 4446
www.wolfblock.com

Thomas Paolini
E-Mail: tpaolini@wolfblock.com

June 11, 2001

<u>via Facsimile & First Class Mail</u>

Robert Sullivan, Esquire
190 Main St.
Westport, CT  06880

     RE:    Epperson, et al. vs. Richter, et als.
           <u>Civil Action No.99CV-3053(SSB)</u>

Dear Mr. Sullivan:

I recently received your notice to take the depositions of Irvin Richter and David Richter. You identify Mr. DeGroot's office in Newark, New Jersey as the location for these depositions. Please be advised that this location is not acceptable. David and Irvin Richter have offered to make their office in Willingboro, New Jersey available for the depositions. Also, neither witness is available on June 18, 2001. David is available as follows:

6/12/01 Afternoon only; 6/13/01 Afternoon only; 6/14/01 Afternoon only; and 6/15/01 All day.

Irvin is available as follows:

7/2/01 Afternoon only; 7/3/01 All day; 7/5/01 All day; and 7/6/01 All day.

Please advise which dates you are available.

Sincerely yours,

*Thomas Paol—*

Thomas Paolini
For WOLF, BLOCK, SCHORR and SOLIS-COHEN LLP

TP/sh
cc:    Robert DeGroot, Esquire
      David Richter
      Irvin Richter

000042

RECEIVED
JUN 1 3 2001

BY:.......................

LAW OFFICES OF

# ROBERT SULLIVAN

V/TDD
(203) 227-1404

190 MAIN STREET
WESTPORT, CONNECTICUT 06880
Telephone (203) 227-1404
Facsimile (203) 226-6403

CALIFORNIA OFFICE:
375 DIABLO ROAD
SUITE 200
DANVILLE, CALIFORNIA 94526

June 12, 2001

**VIA FACSIMILE**
Thomas Paolini, Esq.
Wolf, Block, Schorr and Solis-Cohen LLP
1940 Route 70 East, Suite 200
Cherry Hill, NJ 08003

**Re:    Epperson et al. v. Richter et al.**
**Civil Action No. 99CV3053(SSB)**

Dear Mr. Paolini:

I have received your letter of June 11, 2001.

As you know, however, the discovery cut off is June 21, 2001. While I am willing to be flexible with respect to dates and location for the deposition, it is incumbent upon you to obtain leave of court to exceed the currently set deadline. Moreover, I am not interested in needlessly making multiple trips.

If your clients are unavailable at the currently noticed times, kindly propose times when they are both available. I suggest that you propose at least two consecutive days when they are both available, since I am not certain that I will complete the depositions in one day. I am also assuming from your letter that Irvin Richter and/or David Richter will be the designated corporate deponents. Please confirm that to be the case.

Please promptly confirm your plans, since I intend to travel to New Jersey for these depositions next week, absent a suitable alternate plan.

Sincerely,

Robert J. Sullivan, Jr.

RJS:dee

cc:    Robert DeGroot, Esq. (via facsimile)

000043

LAW OFFICES OF

## ROBERT SULLIVAN

V/TDD
(203) 227-1404

190 MAIN STREET
WESTPORT, CONNECTICUT 06880
Telephone (203) 227-1404
Facsimile (203) 226-6403

CALIFORNIA OFFICE:
375 DIABLO ROAD
SUITE 200
DANVILLE, CALIFORNIA 94526

June 14, 2001

**VIA FACSIMILE**
Honorable Joel B. Rosen
United States Magistrate Judge
Mitchell H. Cohen U.S. Courthouse
1 John F. Gerry Plaza, Room 6040
Camden, NJ 08101

**Re: Epperson et al. v. Richter et al.**
     **Docket No. 99CV3053(SSB)**

Dear Magistrate Rosen:

     This afternoon I contacted your chambers for the purpose of
resolving a dispute between the parties relating to the
scheduling of the depositions of Irvin Richter, David Richter and
Hill International, Inc. Marcy at your chambers scheduled a
telephonic conference for this coming Monday, June 18, 2001 at
11:00 a.m.

     On June 7, 2001, I noticed the above-referenced depositions
for Monday, June 18, 2001 at Robert DeGroot's office in Newark.
On June 11, 2001, Mr. Paolini wrote to me, challenging both the
location and the time. On June 12, 2001, I wrote back,
indicating flexibility on both counts. I advised him, however
that the alternative July dates which he was proposing fell
outside the currently set discovery cut off (June 21, 2001). I
advised him that unless he obtained an extension of the discovery
cut off, I intended to proceed as scheduled.

     Today he wrote to me, claiming that obtaining such an
extension was not his responsibility.

     Rather than travelling to New Jersey on Monday, only to
confirm before a court reporter that the deponents did not
appear, I chose to contact the court for relief.

000044

Honorable Joel B. Rosen
Page 2
June 14, 2001


I have enclosed copies of the referenced correspondence.

The court's courtesies are greatly appreciated.

Sincerely,

Robert J. Sullivan, Jr.

RJS:dee
Enclosures

cc:    Thomas Paolini, Esq. (via facsimile; w/o enclosures)
       Robert DeGroot, Esq. (via facsimile)
       Dirk Epperson and Betty Schneider

# Wolf, Block, Schorr and Solis-Cohen LLP
A Pennsylvania Limited Liability Partnership

1940 Route 70 East
Suite 200
Cherry Hill, NJ 08003

T: 856 424 8200
F: 856 424 4446
www.wolfblock.com

Thomas Paolini
Direct Dial: 856-874-4222
E-Mail: TPaolini@wolfblock.com

July 13, 2001

Via Facsimile (203)226-6403 and 1st Class Mail

Robert Sullivan, Esquire
190 Main St.
Westport, CT 06880

      Re:    Epperson, et al. vs. Richter, et als.
              Civil Action No.CV 99-3053(SSB)

Dear Mr. Sullivan:

Please allow this letter to confirm my telephone message to you this afternoon in which I advised that a telephone conference will be held with Judge Rosen on Monday, July 16, 2001, at 11:30 a.m., to address the documents and information requested by you in your Deposition Notice and Subpoena to Irvin Richter, Hill International and David Richter.

If you have any questions, please feel free to give me a call.

Very truly yours,

Thomas Paolini
For WOLF, BLOCK, SCHORR and SOLIS-COHEN LLP

TP/sh
cc:   Hon. Joel B. Rosen
      Robert J. DeGroot, Esquire

000046

RECEIVED
JUL 19 2001
BY:--------------------

DSCH:52863.1

PHILADELPHIA, PA | NEW YORK, NY | CAMDEN, NJ | HARRISBURG, PA | NEWARK, NJ | NORRISTOWN, PA | WILMINGTON, DE

LAW OFFICES OF

ROBERT SULLIVAN

W/TDD
(203) 227-1404

190 MAIN STREET
WESTPORT, CONNECTICUT 06880
Telephone (203) 227-1404
Facsimile (203) 226-6403

CALIFORNIA OFFICE:
375 DIABLO ROAD
SUITE 200
DANVILLE, CALIFORNIA 94526

July 16, 2001

**VIA FACSIMILE**
Honorable Joel B. Rosen
United States Magistrate Judge
Mitchell H. Cohen U.S. Courthouse
1 John F. Gerry Plaza, Room 6040
Camden, NJ 08101

**Re: Epperson et al. v. Richter et al.**
     **Docket No. 99CV3053(SSB)**

Dear Magistrate Rosen:

On Friday afternoon we received a message from Mr. Paolini indicating that his office had requested a telephonic conference relating to the documents to be produced tomorrow by his clients at their depositions.

I am enclosing a one page diagram of the relevant entities which, I believe, will aid the court in evaluating our discovery requests.

The court's courtesies are greatly appreciated.

Sincerely,

Robert J. Sullivan, Jr.

RJS:dee
Enclosure

cc:  Thomas Paolini, Esq. (via facsimile)
     Robert DeGroot, Esq. (via facsimile)

000047



000048

9/18/00    SCHNEIDER, NJ
conf. Call w/ JUDGE ROSEN & M. CANMECK
worms

2/1 DEADLINE for DISCLOSR DISCO

END of NOVEMBER CONFERENCE

ORDERS will GO TO DE QUOST

WRITE LETTER

NOT SAYING ANYTHING

OK > DJ / INTROGS & DOCS

A TO FILE ANSWER w/IN WEEK

EXHIBIT I

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

James Greenberg, Esquire (JG#9651)
KOZLOV, SEATON, ROMANINI, BROOKS
    & GREENBERG, P.C.
1940 Rt. 70 East
Suite 200
Cherry Hill, NJ 08003
(609) 424-8200
Attorney for Defendants

| | |
|---|---|
| DIRK EPPERSON and | : DOCKET NO. CV99-3053 (SSB) |
| BETTY SCHNEIDER | |
|     Plaintiffs, | : Civil Action |
| | : |
| v. | : |
| | : **DEFENDANT** |
| Irvin Richter, Hill International, Inc. | : **HILL INTERNATIONAL, INC.'S** |
| Hill Arts and Entertainment Systems, Inc. | : **ANSWERS TO INTERROGATORIES** |
| N/k/a HAESI Software, Inc. | : **PROPOUNDED BY PLAINTIFFS** |
| | : |
|     Defendants. | : |

## GENERAL OBJECTIONS

1.    Defendant objects to these Interrogatories to the extent that they are overly broad, unduly burdensome, vague, vexatious, ambiguous, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

2.    Defendant objects to Plaintiff's Interrogatories to the extent that they impose any duty or obligation upon Defendant in excess of the duties and obligations imposed by the Federal Rules of Civil Procedure, including but not limited to the number of questions including subparts allowed by Rule.

3.    Defendant objects to Plaintiff's Interrogatories to the extent that they seek information protected from disclosure by the attorney-client privilege, attorney work product doctrine, the joint defense privilege, court orders or any other similar privilege or immunity.

4.    Defendant objects to Plaintiff's Interrogatories insofar as they seek information in the possession, custody or control of any other party to this action or information concerning the policies and practices of any other party.

5.    Defendant objects to Plaintiff's Interrogatories to the extent that they seek information outside Plaintiff's possession or control.

**EXHIBIT J**

      (a)    The identity of the plaintiff, including their full name, home address, home telephone number, as well as each business address and each business telephone number.

      (b)    The identity and address of the court in which the suit was filed.

      (c)    The case number.

      (d)    The general nature of the allegations against Defendant and the relief requested.

      (e)    The name, business address and business telephone number of the plaintiff's attorney.

      (f)    The outcome of the suit.

34.    If Defendant HILL is found to be liable for the claim(s) which are the subject of this action, does Defendant HILL now or did Defendant HILL at any time have any insurance policy or indemnification agreement through which it was or might be insured or indemnified for the damages claimed by the Plaintiff? If so, state the kind of coverage, the name and address of the insurer or indemnifier, the policy number, the policy limits and whether a reservation of rights has been issued.

      No.

35.    Is Defendant HILL self-insured under any statute for the damages claimed by the Plaintiff? If so, specify the statute(s), whether Defendant HILL was required to post a bond, the identity of any company which issued a bond and the address of any such company.

      No.

36.    For each factual denial set forth in Defendant HILL's Answer to the Plaintiff's Complaint, state in detail all facts upon which Defendant HILL bases such denial, the name, home address, home telephone number, business address and business telephone number of all witnesses to those facts and the identity of all documents supporting such facts.

      **Hill has not yet filed an Answer to Plaintiff's Complaint, as its 12(b)(6) motion to dismiss remains pending.**

37.    For each affirmative defense set forth in Defendant HILL's Answer to the Plaintiff's Complaint, state in detail all facts upon which Defendant HILL bases such defense,

the name, home address, home telephone number, business address and business telephone number of all witnesses to those facts and the identity of all documents supporting such facts.

**Hill has not yet filed an Answer to Plaintiff's Complaint, as its 12(b)(6) motion to dismiss remains pending.**

38.    State the name, business address and business telephone number of each person who investigated any aspect of this case for Defendant HILL, whether a report was prepared and the date of each such report.

**None at present.**

39.    State the name, home address, home telephone number, business address and business telephone number of each person who has given Defendant HILL a written or recorded statement concerning any aspect of this case.

**None at present.**

40.    Identify each photograph, diagram, document, object or other tangible item Defendant HILL intends to offer in evidence during the trial of this matter.

**Not yet determined.**

41.    State the name, home address, home telephone number, business address and business telephone number of each person Defendant HILL intends to call as a nonexpert witness during the trial of this matter.

**Not yet determined.**

42.    For each person Defendant HILL intends to call as an expert witness during the trial of this matter, state the name, profession, business address and business telephone number of the expert and for each such expert, state:

**Not yet determined.**

(a)    His or her education background, giving the names of the educational institutions attended, the dates of attendance and degrees earned with dates thereof.

(b)    His or her professional specialty, if any.

(c)    His or her experience within the field, giving the dates, names and

19

addresses of employers, if any; dates, names and addresses of institutions with which he or she has been associated, if any, and any other applicable experience, including dates and places.

(d)     The names of all professional associations or societies with which he or she has been related or has maintained membership, stating his or her status with each and the inclusive dates of such status.

(e)     The title, name of publication, name of publisher and date of publication, of any published articles, books, etc., authored by each such person.

(f)     Whether he or she has ever been a witness in any other lawsuit and, if so, for each such lawsuit, give the name of the suit, the nature of the suit involved, the name of the court, the approximate date of the testimony and the name and address of the parties or attorneys for whom he or she gave evidence.

43.     For each expert identified in Defendant HILL's answer to the previous interrogatory, state the opinions to which the expert is expected to testify.

**None at present.**

44.     For each expert opinion set forth in Defendant HILL's answer to the previous interrogatory and as to each fact that is in any way relied upon by such expert arriving at his or her opinion, state:

**None at present.**

(a)     The name and address of the person supplying such facts.

(b)     The form in which such facts were supplied to him or her.

45.     For each expert or lay witness Defendant HILL intends to call at the trial, state whether Defendant HILL has paid or agreed to pay any compensation and/or expenses. If Defendant HILL has paid or agreed to pay any compensation and/or expenses to any witness, state the amounts it has paid or agreed to pay and describe the compensation agreement (hourly, daily, percentage, etc.).

**None at present.**

46.     Itemize, by providing date, amount, and method of payment (including, if by check or other instrument, the account number, the check number and the identity and location of

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

James Greenberg, Esquire (JG#9651)
KOZLOV, SEATON, ROMANINI, BROOKS
    & GREENBERG, P.C.
1940 Rt. 70 East
Suite 200
Cherry Hill, NJ 08003
(609) 424-8200
Attorney for Defendants

---

DIRK EPPERSON and
BETTY SCHNEIDER
      Plaintiffs,

v.

Irvin Richter, Hill International, Inc.
Hill Arts and Entertainment Systems, Inc.
N/k/a HAESI Software, Inc.

      Defendants.

: DOCKET NO. CV99-3053 (SSB)
: Civil Action
:
:
:
: **DEFENDANT IRVIN RICHTER'S**
: **ANSWERS TO INTERROGATORIES**
: **PROPOUNDED BY PLAINTIFFS**
:
:
:

---

## GENERAL OBJECTIONS

1.    Defendant objects to these Interrogatories to the extent that they are overly broad, unduly burdensome, vague, vexatious, ambiguous, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

2.    Defendant objects to Plaintiff's Interrogatories to the extent that they impose any duty or obligation upon Defendant in excess of the duties and obligations imposed by the Federal Rules of Civil Procedure, including but not limited to the number of questions including subparts allowed by Rule.

3.    Defendant objects to Plaintiff's Interrogatories to the extent that they seek information protected from disclosure by the attorney-client privilege, attorney work product doctrine, the joint defense privilege, court orders or any other similar privilege or immunity.

4.    Defendant objects to Plaintiff's Interrogatories insofar as they seek information in the possession, custody or control of any other party to this action or information concerning the policies and practices of any other party.

5.    Defendant objects to Plaintiff's Interrogatories to the extent that they seek information outside Plaintiff's possession or control.

29.   If you are found liable in your individual capacity for the claim(s) which are the subject of this action, do you now or did you at any time have any insurance policy through which you were or might be insured for the damages claimed by the Plaintiff? If so, state the kind of coverage, the name and address of the insurer, the policy number, the policy limits and whether a reservation of rights has been issued.

**No.**

30.   For each factual denial set forth in your Answer to the Plaintiffs Complaint, state in detail all facts upon which you base such denial, the name, home address, home telephone number, business address and business telephone number of all witnesses to those facts and the identity of all documents supporting such facts.

**I have not yet filed an Answer to Plaintiff's Complaint.**

31.   For each affirmative defense set forth in your Answer to the Plaintiffs Complaint, state in detail all facts upon which you base such defense, the name, home address, home telephone number, business address and business telephone number of all witnesses to those facts and the identity of all documents supporting such facts.

**I have not yet filed an Answer to Plaintiff's Complaint.**

32.   State the name, business address and business telephone number of each person who investigated any aspect of this case for you, whether a report was prepared and the date of each such report.

**None at present.**

33.   State the name, home address, home telephone number, business address and business telephone number of each person who has given you a written or recorded statement concerning any aspect of this case.

**None at present.**

34.   Identify each photograph, diagram, document, object or other tangible item you intend to offer in evidence during the trial of this matter.

**Not yet determined.**

18

35.  State the name, home address, home telephone number, business address and business telephone number of each person you intend to call as a nonexpert witness during the trial of this matter.

**Not yet determined.**

36.  For each person you intend to call as an expert witness during the trial of this matter, state the name, profession, business address and business telephone number of the expert and for each such expert, state:

**Not yet determined.**

(a)  His or her education background, giving the names of the educational institutions attended, the dates of attendance and degrees earned with dates thereof.

(b)  His or her professional specialty, if any.

(c)  His or her experience within the field, giving the dates, names and addresses of employers, if any; dates, names and addresses of institutions with which he or she has been associated, if any and any other applicable experience, including dates and places.

(d)  The names of all professional associations or societies with which he or she has been related or has maintained membership, stating his or her status with each and the inclusive dates of such status.

(e)  The title, name of publication, name of publisher and date of publication, of any published articles, books, etc., authored by each such person.

(f)  Whether he or she has ever been a witness in any other lawsuit and, if so, for each such lawsuit, give the name of the suit, the nature of the suit, the name of the court, the approximate date of the testimony and the name and address of the parties or attorneys for whom he or she gave evidence.

37.  For each expert identified in answer to the previous Interrogatory, state the opinions to which the expert is expected to testify.

**None at present.**

38.  For each expert opinion set forth in answer to the previous Interrogatory and as to each fact that is in any way relied upon by such expert in arriving in his or her opinion, state:

**None at present.**

    (a)     The name and address of the person supplying such facts.

    (b)     The form in which such facts were supplied to him or her.

39.    For each such expert or lay witness you intend to call at the trial, state whether you have paid or agreed to pay any compensation and/or expenses. If you have paid or agreed to pay any compensation and/or expenses to any witness, state the amounts you have paid or agreed to pay and describe the compensation agreement (hourly, daily, percentage, etc.).

**None at present.**

40.    With regard to ENTERTAINMENT EXPRESS, state:

    (a)     The full legal name of the corporation as it appears on the Certificate of I Incorporation issued by the Secretary of State.

         **Tickets.com, Inc.**

    (b)     Each corporate name, registered tradename, d/b/a or popular name which ENTERTAINMENT EXPRESS has held, or under which ENTERTAINMENT EXPRESS does business or has done business and the applicable dates.

         **Unknown.**

41.    Did you incorporate ENTERTAINMENT EXPRESS? If so, state:

    **No.**

    (a)     The date on which the Notice of Incorporation was first published and the publication in which it was published.

    (b)     The identity of any other person(s) who also served as incorporators, including their full name, home address, home telephone number, as well as each business address and each business telephone number and their relationship to you, if any.

    (c)     Your reasons for incorporating the corporation.

20

IN THE UNITED STATES DISTRICT COURT   JUN 2 7 2001
FOR THE DISTRICT OF NEW JERSEY

DIRK EPPERSON and BETTY SCHNEIDER,     :

                    Plaintiffs,        :      Civil Action No. 99-3058 (SSB)

          v.                           :      **ORDER ON MOTION**
                                              **TO DISMISS OR STAY**
IRVIN RICHTER, HILL INTERNATIONAL,     :
INC., and HILL ARTS & ENTERTAINMENT    :
SYSTEMS, INC., n/k/a HAESI SOFTWARE, INC., :

                    Defendants.        :

**THIS MATTER** having come before the Court on Defendants' Motion to Dismiss or

Stay pursuant to the Third Circuit's "first filed rule";

The Court noting that it originally dismissed Defendants' motion by Order of May 25,

2000, due to a change of circumstances in the litigation, and that Defendants at that time were

directed to refile their motion by September 25, 2000;

The Court further noting that, absent a contrary directive from the Court, Defendants

were obliged to file a complete motion package within the established timeframe, see L. Civ. R.

7.1(b) App. N (procedures for filing dispositive motions);

It appearing that, while Defendants on September 25, 2000, filed a notice of intent to

submit a dispositive motion, they did not file the motion package until December 5, 2000;

The Court therefore finding that Defendants have failed to comply with Local Civil Rule

7.1(b) Appendix N;

The Court nonetheless recognizing that Defendants' motion touches on the Court's

**EXHIBIT K**

subject matter jurisdiction, which may be challenged at any time, see, e.g., Carpet Group Intern.

v. Oriental Rug Importers Ass'n, 227 F.3d 62, 71 (3d Cir. 2000); see generally Charles Alan

Wright & Arthur R. Miller, 5A Federal Practice and Procedure § 1350 (1990);

　　　　IT IS this _24th_ day of June, 2001, **HEREBY**

　　　　**ORDERED** that Defendants' Notice of Intent to Submit a Dispositive Motion **is**

DISMISSED; and

　　　　**IT IS FURTHER ORDERED** that Defendants shall refile the Notice of Intent no later

than _July 9, 2001_, at which point the Court will consider the motion on its merits;[1] and

　　　　**IT IS FURTHER ORDERED** that this matter is scheduled for oral argument on **July**

**17, 2001, at 10 a.m.**



　　　　**HON. STANLEY S. BROTMAN**
　　　　**UNITED STATES DISTRICT JUDGE**

---

[1]For clarity, only the Notice of Intent must be refiled. Defendants need not follow the motion practice procedures in Local Civil Rule 7.1(b) Appendix N, and neither party need re-submit any other materials to the Court.

# FAX TRANSMISSION

## CHAMBERS OF HON. STANLEY S. BROTMAN, USDJ
### US DISTRICT COURT
6040 M.H. COHEN US COURTHOUSE
CAMDEN, NJ  08103-1029
856/757-5052
FAX: 856/757-5478

**TO:** Robert Sullivan                    **Date:** 6/29/01

**Fax #:** 203-226-6403                    **Pages:** 3 including cover sheet.

**From:**

**Subject:**

**COMMENTS:**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

ROBERT J. DE GROOT, ESQ.
56 Park Place
Newark, New Jersey, 06102
(201) 643-1930

ROBERT J. SULLIVAN, JR., ESQ.
190 Main Street
Westport, Connecticut 06880
(203) 227-1404
ATTORNEYS FOR PLAINTIFF

```
----------------------------  :
DIRK EPPERSON and             :
BETTY SCHNEIDER               :
              Plaintiffs      :    No. 1:99CV3053 (SSB)
v.                            :
                              :
IRVIN RICHTER, HILL           :
INTERNATIONAL, INC.,          :    NOTICE OF MOTION FOR DEFAULT
HILL ARTS & ENTERTAINMENT     :    FOR FAILURE TO COMPLY WITH
SYSTEMS, INC. n/k/a HAESI     :    DISCOVERY AND OTHER COURT
SOFTWARE, INC.                :    OBLIGATIONS
              Defendants      :
----------------------------  :
```

TO:   MICHAEL L. GENTLESK, II, ESQ.
      1940 Rt. 17, Suite 200
      Cherry Hill, NJ 08003

PLEASE TAKE NOTICE that on the _____ day of _____ ,

2001, at 9:00 a.m. or as soon thereafter as counsel may be

h3eard, the undersigned will move before The Honorable Stanley S.

Brotman, U.S.D.J., in the United States District Court for the

District of New Jersey, Camden vicinage, for an Order of Default

for Failure to Comply with Discovery and Other Court Obligations.

PLEASE TAKE FURTHER NOTICE that the undersigned will rely

upon the enclosed Memorandum of Law, and Affidavit of Robert J.

Sullivan, Jr. in support of their Motion.

**EXHIBIT L**

Dated: February 16, 2001

Robert J. Sullivan, Jr.
LAW OFFICES OF ROBERT SULLIVAN
190 Main Street
Westport, CT 06880
Tel. No. (203) 227-1404
Federal Bar Number CT08969
Pro Hac Vice Counsel

Dated: February 16, 2001

ROBERT J. DE GROOT, ESQ.
56 Park Place
Newark, New Jersey, 06102
(201) 643-1930
Local Counsel

-2-

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

ROBERT J. DE GROOT, ESQ.
56 Park Place
Newark, New Jersey, 06102
(201) 643-1930

ROBERT J. SULLIVAN, JR., ESQ.
190 Main Street
Westport, Connecticut 06880
(203) 227-1404
ATTORNEYS FOR PLAINTIFF

```
----------------------------  :
DIRK EPPERSON and             :
BETTY SCHNEIDER               :
              Plaintiffs      :    No. 1:99CV3053 (SSB)
v.                            :
                              :
IRVIN RICHTER, HILL           :
INTERNATIONAL, INC.,          :    AFFIDAVIT OF ROBERT J.
HILL ARTS & ENTERTAINMENT     :    SULLIVAN, JR. IN SUPPORT OF
SYSTEMS, INC. n/k/a HAESI     :    MOTION FOR DEFAULT FOR FAILURE
SOFTWARE, INC.                :    TO COMPLY WITH DISCOVERY AND
              Defendants      :    OTHER COURT OBLIGATIONS
----------------------------  :
```

ROBERT J. SULLIVAN, JR., being duly sworn, deposes and says:

1.    I am an attorney admitted to practice before the United States District Court for the District of Connecticut and I am pro hac vice counsel for plaintiffs in the above-entitled matter.

2.    The purpose of this affidavit is to recount the discovery abuses which have preceded the filing of this motion. The court should note that the $425,000 judgment which is being pursued in this case was entered, specifically, as a result of a discovery abuse.  That is explained in greater detail below, and in the Summary Judgment motion, which plaintiffs have requested the court to judicially notice.

3.    I also respectfully request that the court take
judicial notice of the filings, to date, in this case.

4.    On October 4, 1995, I filed the Complaint in Docket No.
3:95CV2131 (DJS), in the U.S. District Court for the State of
Connecticut.  At the time, I had multiple pieces of written
correspondence from defendants acknowledging that the monies
claimed in the complaint were due. (Exhibit A to Summary Judgment
Motion)

5.    I was contacted by Robert Flynn (FLYNN), of Tyler,
Cooper & Alcorn, one of the oldest and most respected law firms
in Connecticut (Exhibit A to this Motion).  FLYNN advised me that
he was entering an appearance on behalf of defendant HAESI (at
that time, the only defendant).  He requested a courtesy
enlargement of time to respond to the complaint.  As is my
custom, I granted the courtesy.

6.    At the same time, I advised FLYNN that in view of the
multiple written confirmations of the monies owed, I could not
imagine HAESI filing an answer denying the monies were owed.
Nevertheless, that is just what defendant HAESI did. (See Summary
Judgment Motion)

7.    In May, 1996, when FLYNN requested a courtesy extension
of time to respond to the discovery requests I had propounded
(which sought the basis for the denial) I, again, acquiesced.
The discovery was **_not_** produced by the agreed date and I was
forced to write to FLYNN advising of my intent to move the court

-2-

to compel responses.  (Exhibits I and J to Summary Judgment
Motion)

8.    In a particularly abusive act, on May 15, 1996,
literally, as Defendants were secretly arranging the asset
transfer, HAESI allowed their counsel to put me to the task of
evaluating and negotiating a confidentiality order relating to
documents which did not exist and/or defendants had no intention
of producing.  (Exhibit AC to Summary Judgment Motion).  I should
point out that I believe that FLYNN was also  manipulated by
defendants, as is evidenced by his motion to withdraw (see
below).  I do not believe that FLYNN knew that his clients were
arranging to defraud plaintiffs.

9.    FLYNN finally forwarded "responses" which were wholly
inadequate.  Inter alia, interrogatories were "answered,"
purportedly pursuant to the business document rule, by not
providing explanations, but, instead directing plaintiffs to
drawers filled with documents in New Jersey which would
supposedly contain the responses.  When I moved the court to
compel further responses, FLYNN attempted to work out our
"differences."  He agreed to produce additional discovery,
starting with documents which would be produced at his offices on
September 11, 1996. (See Summary Judgment Motion)  When I
arrived, however, he handed me Tyler Cooper's motion to withdraw
as HAESI's counsel (Exhibit G to Summary Judgment Motion) on the
grounds that:

The relationship with the client has become such that
we are unable to perform our obligations, duties and
responsibilities as officers of the court.

10.  No documents were produced.

11.  On October 8, 1996, Magistrate Margolis granted the
motion to withdraw and ordered HAESI to produce the discovery.
The discovery was never produced.

12.  On April 23, 1997, default judgment was entered against
HAESI for $422,446.

13.  On March 19, 1998, I issued post judgment
interrogatories.  (Exhibit P to Summary Judgment Motion)  They
were never answered.

14.  On April 27, 1999, in the Connecticut Court which had
entered the judgment, I filed a fraudulent conveyance action
against ENTERTAINMENT EXPRESS, INC., n/k/a ADVANTIX, Inc., IRVIN
RICHTER, HILL INTERNATIONAL, INC. AND HAESI.

15.  On June 11, 1999 I filed this subject alter ego action
in the U.S. District Court for the District of New Jersey, for
jurisdictional reasons related to the U.S. Supreme Court decision
in Peacock v. Thomas, 516 U.S. 349, 116 S.Ct. 862 (1996).  (See
Summary Judgment motion).

16.  On August 16, 1999, the defendants in this New Jersey
case responded to the complaint with their first Motion to
Dismiss, or in the Alternative, Stay the Proceeding, inaccurately
claiming that the Connecticut and New Jersey actions were the
same.

-4-

17. On May 25, 2000 this court denied that motion. The court issued a scheduling order establishing an August 9, 2000 Scheduling Conference. The order also required the parties to comply strictly with FRCP 26(a), to conduct a discovery conference, and to establish a discovery plan.

18. Exhibit "B" to this motion contains four letters issued by this office attempting, unsuccessfully, to arrange compliance with the court order. Defendants' counsel claimed to me that since the court had left open the possibility of defendants' refiling file the motion at a later date, defendants had no obligation to answer, or comply with the discovery orders.

19. On September 18, 2000, Magistrate Rosen conducted a status conference. At that time he ordered counsel for defendants to answer the complaint and to comply with the discovery orders. I had already written to counsel for defendants forwarding documents which directly addressed and demonstrated many of the facts of the case which I had discussed with him (Exhibit C to this motion) I had also written to him specifying the informal discovery which I sought, requesting its production by the end of that week. (Exhibit D to this motion) During the status conference counsel for defendants agreed that the requested discovery would be produced. The court set a new status conference date of December 4, 2000.

20. Defendants did not file an answer to the complaint. Instead, citing no new or additional facts, they refiled their motion to stay or dismiss.

21. Defendants also did not produce the agreed informal discovery. Instead, minutes before the next status conference, I was sent via facsimile, the letter attached hereto as Exhibit E to this Motion.

22. On December 4, 2000, Magistrate Rosen conducted the most recent of the status conferences held in this case. At the commencement of the conference, I advised the court that I had received, just prior to the commencement of the status conference, Exhibit E to this Motion. That letter actually produced no discovery and, for the most part, indicated that much of the discovery would not be produced. (At that time, defendants' counsel claimed to the court that Plaintiffs had not complied with the informal discovery requirements, notwithstanding the contents of my above-referenced September 18, 2000 letter to him (Exhibit C to this Motion).

23. During that conference, Magistrate Rosen expressed his dissatisfaction with the progress of the case. He ordered both parties to propound formal written discovery no later than December 11, 2000. He notified both parties that at the time of the next conference he would be entertaining motions to enter the defaults of parties for failure to comply with the rules.

-6-

24.  On December 11, 2000, I propounded Interrogatories and Document Production requests.  I was seeking information relating to a complex fraudulent transfer, and alter ego capitalization issues involving RICHTER, HAESI, HILL, ENTERTAINMENT EXPRESS and R4 Holdings, LLC.  (See Summary Judgment Motion)  Much of the information had been requested before, in one form or another, and had not been produced.  I was also preparing the requests, not with the expectation that they would be answered, but with sufficient precision that I would later be able to cut off defendants' ability to submit at trial evidence that had not been produced in response to the discovery requests.

25.  I had obtained court permission to exceed the number of interrogatories and documents requests normally permitted.  Nevertheless, I wrote to counsel to provide a comprehensive index to and explanation for the discovery, and offering to resolve any discovery disputes which may surface.  (Exhibit F to this Motion)

26.  No responses of any kind have been issued by defendants.

27.  Exhibit F to this Motion is a comprehensive letter describing the discovery which was propounded to Defendants on December 11, 2000.  In view of the prior discovery abuses, the fact that Defendants have filed no responses to the December 11 discovery and the large group of exhibits submitted to the court in support of the Summary Judgment Motion, I have not included in this Motion copies of the discovery actually propounded.  I will

-7-

promptly forward copies of that discovery, should the Court choose to review it.

Dated at Westport, Connecticut, this 16th day of February, 2001.

_____
Robert J. Sullivan, Jr.


Subscribed and sworn to
before me this 16th day
of February, 2001.

_____
Dolores S. LoConte, Notary Public
My Commission Expires: 9/30/04

-8-

Case 3:01-cv-01798-AWT    Document 192-3    Filed 05/27/2008    Page 109 of 182

ber Connecticut and American Bar Associations; Connecticut Trial Lawyers Association. *PRACTICE AREAS:* Civil Litigation; Personal Injury; Collections; Workers Compensation; Employment.

*GREGORY T. LATTANZI*, born Guilford, Connecticut, September 4, 1966; admitted to bar, 1994, Connecticut. *Education:* Skidmore College (B.A., 1989); Ohio Northern College of Law (J.D., 1994). Recipient: American Jurisprudence Awards for Excellent Achievement in Torts, 1991 and Legal Research and Writing, 1992. Judicial Externship to the Honorable Richard Warren, Common Pleas Court, Lima, Ohio, 1993. *Member:* New Haven County, Connecticut (Member, Commercial Law Section) and American Bar Associations; Guilford Chamber of Commerce. *PRACTICE AREAS:* Civil Litigation; Collections; Residential Real Estate; Family Law.

REPRESENTATIVE CLIENTS: *Banks:* Shamut Bank Connecticut, N.A.; Shamut Mortgage Co.; Bank of Boston Connecticut; Bank of New Haven; Rhode Island Hospital Trust National Bank; GMAC Mortgage Co.; First Federal Bank; People's Bank; Alliance Mortgage Co.; American Residential Corp.; Bristol Mortgage Corp./First Federal Bank, FSB; Calanel Mortgage Co.; Centerbank; Centerbank Mortgage Co.; Chase Manhattan Bank of Connecticut; Chemical Mortgage Co.; ComNet Mortgage Services, Inc.; Clarion Mortgage Co.; Columbia National Mortgage Corp.; Countrywide Funding Corp.; Dale Funding Corp.; Derby Savings Bank; Goldome Realty Credit Corp.; Great Country Bank; Greenwich Federal Savings & Loan Association; Home Mortgage Corp. of America, Inc.; Lafayette American Bank; Margaretten Mortgage Co.; Merrill Lynch Mortgage Corp.; Metmore Financial Services; McDonnide Lending; Northeastern Mortgage Co.; PNC Mortgage Co.; Prudential Home Mortgage Corp.; Shamut Bank (Massachusetts); Ulster Savings Bank. *Medical:* Yale New Haven Hospital; Yale University School of Medicine, Office of Professional Services; Yale Psychiatric Institute; Cardiothoracic and Vascular Group, P.C.; Connecticut Hospital Association Worker's Compensation Trust; Connecticut Health Institutional Services, Inc.; Mark Gayner, ACSW, Life Sciences; Middlesex Hospital; Temple Physical Therapy, Inc.; Temple Surgical; Cardiothoracic and Vascular Group, P.C. *Others:* Century Collection Agency, Inc.; Century Financial Services; Clear Channel Radio, Inc. (New Haven-Radio-WAVZ-AM, WKCI-FM); Data Reporting; Financial Assistance Enterprise, Inc.; Snap On Credit Corp.; The Neighborhood Music School Inc.; United Illuminating; United Illuminating Federal Credit Union; Yale University Realty Corp.

## TYLER COOPER & ALCORN

*Established in 1847*

205 CHURCH STREET

P.O. BOX 1936

*NEW HAVEN, CONNECTICUT 06509-1910*

*Telephone: 203-784-8200*

*Telecopier: 203-789-2133*

*Hartford, Connecticut Office:* CityPlace. Telephone: 860-725-6200. Telecopier: 860-278-3802.

*Stamford, Connecticut Office:* One Landmark Square. Telephone: 203-348-5555. Telecopier: 203-348-3875.

*Greenwich, Connecticut Office:* 675 Steamboat Road. Telephone: 203-869-2000. Telecopier: 203-869-2001.

### General Practice.

### MEMBERS OF FIRM

*WILLIAM R. MURPHY*, born New Haven, Connecticut, October 6, 1927; admitted to bar, 1953, Connecticut. *Education:* Yale University (B.A., 1950; LL.B., 1953). Executive Editor, Yale Law Journal, 1952-1953. *Member:* International Association of Defense Counsel. Fellow: American College of Trial Lawyers; American Bar Foundation. *PRACTICE AREAS:* Litigation; Antitrust and Trade Regulation.

*MILTON P. DEVANE*, born New Haven, Connecticut, June 20, 1929; admitted to bar, 1958, Connecticut. *Education:* Yale University (B.A., 1950; LL.B., 1958); King's College, Cambridge, England. Phi Beta Kappa. Order of the Coif. Articles Editor, Yale Law Journal, 1957-1958. Law Clerk to Judge Carroll C. Hincks, U.S. Court of Appeals, Second Circuit, 1958-1959. Fellow, American Bar Foundation. *PRACTICE AREAS:* Estate Planning, Probate and Trust Administration, Corporate.

*RICHARD G. BELL*, born New York, N.Y., March 6, 1932; admitted to bar, 1960, Connecticut. *Education:* Yale University (B.A., 1954); Harvard University (LL.B., 1960). Author: "Acid Rain," 57 Connecticut Bar Journal 261 (1983). President, New Haven County Bar Association, 1977-1978. Fellow, American Bar Foundation. (U.S. Navy, 1954-1957]. (Managing Partner of the Firm). *PRACTICE AREAS:* Banking, Corporate, Cable Television.

*WILLIAM S. ROGERS*, born Hartford, Connecticut, July 1, 1932; admitted to bar, 1960, Connecticut. *Education:* Boston University School of Management (B.S., 1954); University of Connecticut (J.D., 1960). Member, *(This Listing Continued)*

Board of Editors, University of Connecticut Law Review, 1959-1960. Town Counsel, Town of Glastonbury, 1976—. Member, Securities Advisory Council, Connecticut Department of Banking, 1993—. Faculty Member, Broker-Dealer Institute, PLI, 1991. Panel Member, Securities Forum 1991 and 1994, Connecticut Department of Banking. Special Master, U.S. District Court, 1986-1988. Chairman, Municipal Law and Governmental Services Committee, 1983-1986, Judiciary Committee, 1985-1991, Connecticut Bar Association. [Pilot, U.S. Air Force, 1954-1957]. (Resident at Hartford Office). *PRACTICE AREAS:* Securities Law, Litigation and Regulation; Municipal Law and Litigation; Administrative Law and Litigation; Appellate Practice.

*RALPH G. ELLIOT*, born Hartford, Connecticut, October 20, 1936; admitted to bar, 1961, Connecticut. *Education:* Yale University (B.A., 1958; LL.B., 1961). Phi Beta Kappa. Law Clerk to Justice William J. Shea, Connecticut Supreme Court, 1961-1962. Adjunct Professor of Law, University of Connecticut School of Law, 1973—. Member, State Criminal Justice Commission, 1991—. Town Counsel, Town of Salisbury, 1981—. Chairman, Connecticut Legal Specialization Screening Committee, 1981—. Chairman, U.S. District Court Panel of Special Masters, 1983-1988. Connecticut Superior Court Trial Referee, 1984—. Co-Chairman, United States Constitution Bicentennial Commission of Connecticut, 1986-1991. Chairman, Board of Editors, Connecticut Law Tribune, 1986-1987. President, 1988-1990, and Chairman, Executive Committee, 1990-1992, Yale Law School Association. Chairman, Health Insurance Law Committee, Tort and Insurance Practice Section, 1985-1986, Member, Standing Committee on Ethics and Professional Responsibility, 1989—, American Bar Association. President; Connecticut Bar Association, 1985-1986. *Member:* American Law Institute. Fellow, American Bar Foundation. (Resident at Hartford Office). *PRACTICE AREAS:* Litigation; Constitutional Law, Media Law; Municipal; Legal Ethics.

*MICHAEL J. DORNEY*, born Ansonia, Connecticut, November 21, 1938; admitted to bar, 1963, Connecticut. *Education:* Boston College (B.A., 1960; LL.B., 1963). National President, American Law Student Association, 1962-1963. Town Counsel, Town of Orange, 1969—. Member, 1970-1985, and Chairman, 1973-1976, Executive Committee, Labor and Employment Law Section; Member, 1985—, Federal Practice Committee, Connecticut Bar Association. *Member:* Defense Research Institute. Certified as a Civil Trial Advocate by the National Board of Trial Advocacy. *PRACTICE AREAS:* Litigation, Labor and Employment Law, Municipal.

*SAMUEL W. BOWLBY*, born Davenport, Iowa, April 11, 1938; admitted to bar, 1966, Connecticut. *Education:* Dartmouth College (A.B., 1960); Yale University (LL.B., 1966). Phi Alpha Delta. [First Lieut., U.S. Marine Corps, 1960-1963]. *PRACTICE AREAS:* Corporate, Public Utilities, Securities.

*BRUCE LEWELLYN*, born Hutchinson, Kansas, December 15, 1938; admitted to bar, 1967, California and Connecticut. *Education:* University of Kansas (B.S., 1960); Stanford University (LL.B., 1966). Phi Beta Kappa. Member, Board of Editors, Stanford Law Review, 1965-1966. *PRACTICE AREAS:* Pension and Employee Benefits, Real Estate, Banking.

*ROBERT K. CIULLA*, born Brooklyn, New York, August 19, 1941; admitted to bar, 1967, New York; 1968, Connecticut. *Education:* Williams College (B.A., 1963); Yale University (LL.B., 1966). Town Counsel, Town of North Haven, 1979—. Member, Connecticut Legal Specialization Screening Committee, 1981-1991. Co-chairman, U.S. District Court Panel of Special Masters, 1986-1989. Member, Connecticut Statewide Grievance Committee, 1987-1990. Fellow, American Bar Foundation. *PRACTICE AREAS:* Litigation, Municipal.

*JOSEPH C. LEE*, born New Haven, Connecticut, December 8, 1939; admitted to bar, 1967, Connecticut. *Education:* Georgetown University (A.B., 1961); University of Connecticut (LL.B., 1967). Member, Board of Editors, Connecticut Law Review, 1965-1967. Author: "Administrative Law in Connecticut," 64 Connecticut Bar Journal SI-259 (1990). Chairman, Administrative Law Section, Connecticut Bar Association, 1989-1992. *PRACTICE AREAS:* Public Utilities; Secured Transactions; Cogeneration; Real Estate; Administrative Law.

*JAMES G. KENEFICK, JR.*, born New Haven, Connecticut, September 17, 1934; admitted to bar, 1967, Connecticut. *Education:* Trinity College (B.A., 1957); University of Connecticut (LL.B., 1967). *Member:* Connecticut Defense Lawyers Association (Member; Board of Directors, 1986-1993). Co-Chairman, National Conference of Lawyers, Insurance Companies and Adjusters, American Bar Association, 1985-1990. Member, Executive Committee, Family Law Section, Connecticut Bar Association, 1982-1993. *PRACTICE AREAS:* Litigation, Family, Workers Compensation. *(This Listing Continued)*

LAW OFFICES OF

# ROBERT SULLIVAN

WTDD
(203) 227-1404

190 MAIN STREET
WESTPORT, CONNECTICUT 06880
Telephone (203) 227-1404
Facsimile (203) 226-6403

CALIFORNIA OFFICE:
375 DIABLO ROAD
SUITE 200
DANVILLE, CALIFORNIA 94526

August 4, 2000

**VIA FACSIMILE**
Michael L. Gentlesk, II, Esq.
Kozlov, Seaton, Romanini,
 Brooks & Greenberg, P.C.
1940 Rt. 70 East, Suite 200
Cherry Hill, NJ 08003

Re: **Epperson et al. v. Irvin Richter et al.**

Dear Mr. Gentlesk:

     I have been attempting to reach you in connection with the
Scheduling Conference which will take place on August 9, 2000.
As you know, we have a discovery plan due at the court on
Tuesday, August 8, 2000.

     I am also attempting to arrange to have the conference take
place telephonically.

     Since my secretary will be out next week, and documents
generated by this office must be submitted through Mr. DeGroot's
office, it is imperative that you contact me upon receipt of this
correspondence.

     Your courtesies are appreciated.

                                        Sincerely,

                                        Robert Sullivan

RS:dee

LAW OFFICES OF

## ROBERT SULLIVAN

V/TDD
(203) 227-1404

190 MAIN STREET
WESTPORT, CONNECTICUT 06880
Telephone (203) 227-1404
Facsimile (203) 226-6403

CALIFORNIA OFFICE:
375 DIABLO ROAD
SUITE 200
DANVILLE, CALIFORNIA 94526

August 4, 2000

**VIA FACSIMILE**
Michael L. Gentlesk, II, Esq.
Kozlov, Seaton, Romanini,
 Brooks & Greenberg, P.C.
1940 Rt. 70 East, Suite 200
Cherry Hill, NJ 08003

Re: <u>Epperson et al, v. Irvin Richter et al.</u>

Dear Mr. Gentlesk:

I am writing to confirm our telephone conversation of today.

You advised me that Marcie, from the court, called you yesterday to reschedule the Scheduling Conference for later in the day on Wednesday, August 9, 2000. You advised her that you had a conflict, so the conference was rescheduled for September.

You also indicated that you advised her that you were considering revisiting your dismissal/stay motion, since the dismissal of the Connecticut case has been appealed to the Second Circuit.

I advised you that I am attempting to commence discovery in accordance with Rule 26 and the scheduling order entered by the court.

I also advised you that the Connecticut and New Jersey actions are completely different. The New Jersey action seeks to pierce the corporate veil. The Connecticut action seeks to disgorge fraudulent transfers. Both the actions, and the relief to which plaintiffs are eligible on the actions, are completely different. Even if plaintiffs were to prevail in the Connecticut court, the recovery may be inadequate to satisfy the judgment. There is no rule that requires plaintiffs to exhaust a requested fraudulent transfer remedy before seeking to pierce a corporate veil.

Michael L. Gentlesk, II, Esq.
Page 2
August 4, 2000


        You agreed to review your position and the law supporting
it, and to speak again next Friday.  I appreciate your doing so,
since the court and the rules have imposed upon us discovery
obligations which I am very anxious to complete.

                                    Sincerely,

                                    Robert Sullivan

RS:dee

LAW OFFICES OF

ROBERT SULLIVAN

W/TDD
(203) 227-1404

190 MAIN STREET
WESTPORT, CONNECTICUT 06880
Telephone (203) 227-1404
Facsimile (203) 226-6403

CALIFORNIA OFFICE:
375 DIABLO ROAD
SUITE 200
DANVILLE, CALIFORNIA 94526

August 4, 2000

**VIA FACSIMILE**
Michael L. Gentlesk, II, Esq.
Kozlov, Seaton, Romanini,
 Brooks & Greenberg, P.C.
1940 Rt. 70 East, Suite 200
Cherry Hill, NJ 08003

Re: Epperson et al. v. Irvin Richter et al.

Dear Mr. Gentlesk:

    Thank you for forwarding a copy of Judge Brotman's order
dismissing the motion.

    I am writing to amend my earlier letter of today, by
formally noting that in issuing his ruling, Judge Brotman
observed "...that the plaintiffs have appealed the dismissal of
The First Action to the United States Court of Appeals for the
Second Circuit, which appeal is pending,..."

    When we spoke this morning, I was left with the impression
that you had only recently learned of the appeal of the dismissal
of the Connecticut case, and that you understood the appeal not
to have been known to Judge Brotman when he issued his order.
That clearly is not the case.

    I see nothing in the court's order which exempts the
defendants from the scheduling and discovery requirements.
Indeed, it is clear from the record that Judge Brotman's ruling
precipitated the issuance of the scheduling order.

    Please consider this the Plaintiffs' demand, therefore, for
an immediate contact for the purpose of exchanging discovery.

    Your ongoing courtesies are appreciated.

                                        Sincerely,

                                        Robert Sullivan

RS:dee

LAW OFFICES OF

### ROBERT SULLIVAN

W/TDD
(203) 227-1404

190 MAIN STREET
WESTPORT, CONNECTICUT 06880
Telephone (203) 227-1404
Facsimile (203) 226-6403

CALIFORNIA OFFICE:
375 DIABLO ROAD
SUITE 200
DANVILLE, CALIFORNIA 94526

September 7, 2000

**VIA FACSIMILE**
Michael L. Gentlesk, II, Esq.
Kozlov, Seaton, Romanini,
 Brooks & Greenberg, P.C.
1940 Rt. 70 East, Suite 200
Cherry Hill, NJ 08003

Re: Epperson et al. v. Irvin Richter et al.

Dear Mr. Gentlesk:

As you know, we are required to file a discovery plan in the above-referenced matter no later than today. It is to be reviewed by the court in advance of the Scheduling Conference which will take place on tomorrow at 11:00.

I attempted to reach you yesterday to discuss this court obligation. Although you have not called me back, your indication to me last month when the status conference was first scheduled was that you take issue with our right to take discovery at this time.

I am writing, therefore, primarily to create a record of my efforts to comply with the rules.

Please contact me if you have any questions.

Sincerely,

Robert J. Sullivan, Jr.

RJS:dee

cc:  Robert J. DeGroot, Esq.

LAW OFFICES OF

## ROBERT SULLIVAN

V/TDD
(203) 227-1404

190 MAIN STREET
WESTPORT, CONNECTICUT 06880
Telephone (203) 227-1404
Facsimile (203) 226-6403

CALIFORNIA OFFICE:
375 DIABLO ROAD
SUITE 200
DANVILLE, CALIFORNIA 94526

September 18, 2000

**VIA FACSIMILE**
Michael L. Gentlesk, II, Esq.
Kozlov, Seaton, Romanini,
 Brooks & Greenberg, P.C.
1940 Rt. 70 East, Suite 200
Cherry Hill, NJ 08003

Re: Epperson et al. v. Irvin Richter et al.

Dear Mr. Gentlesk:

In accordance with our discussions of last week, I am
forwarding to you copies of the following documents:

1.  Letter to Dirk Epperson from Larry Schwartz dated
    January 30, 1992;
2.  Letter to Larry Schwartz from Dirk Epperson dated June
    4, 1992;
3.  Letter to Dirk Epperson from Irvin Richter dated June
    26, 1992;
4.  Check from Hill Arts & Entertainment Systems, Inc. to
    Performing Arts Technology in the amount of $26,250
    dated October 22, 1992;
5.  Letter to Dirk Epperson and Betty Schneider from Larry
    Schwartz dated September 21, 1994;
6.  Letter to Larry Schwartz from Dirk Epperson and Betty
    Schneider dated October 11, 1994;
7.  Letter to Dirk Epperson and Betty Schneider from Larry
    Schwartz dated November 28, 1994;
8.  Letter to me from Robert B. Flynn, Esq. dated May 6,
    1996;
9.  Letter to Robert B. Flynn, Esq. from me dated June 6,
    1996;
10. Ruling on Pending Motions by U.S. Magistrate Judge Joan
    Glazer Margolis dated October 8, 1996.

Michael L. Gentlesk, II, Esq.
Page 2
September 18, 2000

      Particularly noteworthy is the court's having highlighted,
in its Ruling on Pending Motions dated October 8, 1996, that
Tyler, Cooper & Alcorn had moved to withdraw on the grounds that
"[t]he relationship with the client has become such that we are
unable to perform our obligations, duties and responsibilities as
officers of the Court."   The withdrawal motion was filed in
response to plaintiff's motion to compel your clients to provide
discovery.

      Your clients never produced the discovery which the court
ordered produced in the Ruling On Pending Motions.   They also
never responded to a new set of discovery demands issued after
judgment was obtained.

      These facts should illuminate my reasons for not expecting
your clients to act in good faith in the production of discovery.
Indeed, David Richter, Esq. is the representative of HAESI
referenced by the court as having participated in the October 8,
1996 telephone conference with the court.

      I am attempting to fashion a discovery plan, which I expect
to discuss with you this morning.

      Please call if you have any questions.

                                    Sincerely,

                                    Robert J. Sullivan, Jr.

RJS:dee
Enclosures

LAW OFFICES OF

ROBERT SULLIVAN

W/TDD
(203) 227-1404

190 MAIN STREET
WESTPORT, CONNECTICUT 06880
Telephone (203) 227-1404
Facsimile (203) 226-6403

CALIFORNIA OFFICE:
375 DIABLO ROAD
SUITE 200
DANVILLE, CALIFORNIA 94526

September 18, 2000

**VIA FACSIMILE**
Michael L. Gentlesk, II, Esq.
Kozlov, Seaton, Romanini,
 Brooks & Greenberg, P.C.
1940 Rt. 70 East, Suite 200
Cherry Hill, NJ 08003

Re: _Epperson et al. v. Irvin Richter et al._

Dear Mr. Gentlesk:

     I am writing in connection with the scheduling conference
which is set for this afternoon.

     I intend to issue formal written discovery requests to your
clients.  In the short term I am requesting, pursuant to Rule 26,
the production of the following materials no later than the end
of this week:

     - Copies of the corporate books (including but not limited
to organizational minutes, stockholder ledgers and all related
corporate activity) for Hill International, Inc., Hill Arts &
Entertainment, Inc./HAESI Software, Inc., and R4 Holdings and
Entertainment Express/Advantix/Tickets.com.

     - Copies of all documents reflecting loan origination and/or
repayment activity involving any of the above entities, amongst
themselves, or involving Irvin Richter or any of his family
members, in particular those relating to liens against Hill Arts
& Entertainment, Inc., in favor of either Hill International or
Irvin Richter (or any members of his family).

     - A complete copy of the Asset Purchase Agreement between
Hill Arts and Entertainment Systems, Inc. and Entertainment
Express, Inc. dated May 31, 1996, in particular, pages 3, 4 and
6, which were missing from the copies of the Fairness Opinion
sent pursuant to the order the Hon. Donald Squatrito;

Michael L. Gentlesk, II, Esq.
Page 2
September 18, 2000


    – The names, addresses and telephone numbers of all
bookkeepers, accountants, financial advisors and others who have
had any involvement in the creation or maintenance of financial
books or records of the above referenced entities or persons.

    Please call if you have any questions.

                              Sincerely,



                              Robert J. Sullivan, Jr.


RJS:dee
Enclosures

James Greenberg[?]
Certified by the Supreme Court
of New Jersey as a Trial
Attorney

Gregory A. Lomax[?]

E-Mail: lawyers@kozlovseaton.com
Direct E-Mail : mgentlesk@kozlovseaton.com

A. Donald Bigley
Of Counsel

December 4, 2000
VIA TELEFAX

Robert J. De Groot, Esquire
56 Park Place
Newark, NJ 06102

Robert Sullivan, Esquire
190 Main Street
Westport, CN 06880

Re:    **Dirk Epperson, et al. v. Irvin Richter, et al. Docket No. 99cv3053(SSB)**

Dear Messrs. De Groot and Sullivan:

In response to Mr. Sullivan's September 18, 2000 letter regarding the above, please be advised that I have yet to receive any more formal discovery requests propounded upon Defendants. I await same from you.

In response to your informal requests, please be advised that, except as otherwise set forth, all requested corporate books, loan origination and/or repayment activity documents and the requested asset purchase agreement will be made available for your review and copy at Hill International's office. Defendants' only objections are to provision of the documentation related to R4 Holdings on the basis of relevance to the present suit and with respect to Entertainment Express/Advantix/Tickets.com, as Defendants represent that such documents are not within their possession and should be obtained through tickets.com in California. In addition, Defendants advise that they will provide the requested names, addresses and telephone numbers to the extent known at such time.

Kindly advise as to when you wish to schedule such review. Thank you.

Very truly yours,
KOZLOV, SEATON, ROMANINI, BROOKS & GREENBERG, P.C.

MICHAEL L. GENTLESK, II

MLG,II:mmm
Enclosures
Cc:    David L. Richter, General Counsel, Hill International

TOTAL P.01

1940 ROUTE 70 EAST, SUITE 200
CHERRY HILL, NJ 08003
Phone: (856) 424-8200
Fax: (856) 424-4446

**KOZLOV, SEATON,
ROMANINI, BROOKS
& GREENBERG**

# Fax

| | | | |
|---|---|---|---|
| **To:** | Bob Sullivan | **From:** | Michael Gantleak, II, Esquire |
| **Fax:** | 203-226-6403 | **Date:** | December 4, 2000 |
| **Phone:** | | **Pages:** | 2 |
| **Re:** | Epperson vs. Richter | **CC:** | 173.0004 |

☑ Urgent   ☑ For Review   ☐ Please Comment   ☐ Please Reply   ☐ Please Recycle

• **Comments:** Per your request

THIS MESSAGE IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHICH IT IS ADDRESSED, AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED, CONFIDENTIAL AND EXEMPT FROM DISCLOSURE UNDER APPLICABLE LAW. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, OR THE EMPLOYEE OR AGENT RESPONSIBLE FOR DELIVERING THE MESSAGE TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE, AND RETURN THE ORIGINAL MESSAGE TO US AT THE ABOVE ADDRESS VIA THE U.S. POSTAL SERVICE. THANK YOU.

LAW OFFICES

## KOZLOV, SEATON, ROMANINI, BROOKS, & GREENBERG

An Association Including a Professional Corporation

1940 Route 70 East, Suite 200
Cherry Hill, New Jersey 08003
Telephone: 856/424-8200
Telecopier: 856/424-4446

1525 Locust Street-7th Floor
Philadelphia, Pennsylvania 19102

Reply To: Cherry Hill

Hersh Kozlov
Member of NJ & CO Bars
Certified by the Supreme
Court of New Jersey as a
Civil and Criminal Trial Attorney

Philip B. Seaton

Dante J. Romanini
Member of NJ & DC Bars

Gilbert L. Brooks

James Greenberg*

Frank A. DiGiacomo*

José W. Hernandez†

John J. Dugan*

William P. Fitzgerald
Member of NJ & DE Bars

Michael L. Gantleak, II*

*Member of NJ & PA Bars

LAW OFFICES OF

# Robert Sullivan

W/TDD
(203) 227-1404

190 MAIN STREET
WESTPORT, CONNECTICUT 06880
Telephone (203) 227-1404
Facsimile (203) 226-6403

CALIFORNIA OFFICE:
375 DIABLO ROAD
SUITE 209
DANVILLE, CALIFORNIA 94526

December 12, 2000

**VIA FACSIMILE and U.S. MAIL**
Michael L. Gentlesk, II, Esq.
Kozlov, Seaton, Romanini,
 Brooks & Greenberg, P.C.
1940 Rt. 70 East, Suite 200
Cherry Hill, NJ 08003

Re: <u>Epperson et al. v. Irvin Richter et al.</u>

Dear Mr. Gentlesk:

Yesterday I forwarded to you, via UPS, the formal discovery being issued by plaintiffs.

The involvement of four separate entities in this matter played a significant role in my asking Magistrate Rosen for leave to issue more than 25 interrogatories and document production requests. To simplify your review of the discovery, and in an effort to avoid any discovery disputes, I am providing this short explanation of the relevant facts, and index to the discovery issued.

In 1997, the subject $422,000 judgment was entered by the Connecticut court. In May, 1996, while the case was pending, HAESI, by its own admission, transferred "substantially all of its assets" to Entertainment Express. It claimed to have received, in exchange, the $3M Convertible Note. At the same time, HAESI granted liens (or so-called replacement liens) on the $3M Convertible Note, to Hill International and Irvin Richter. The Fairness Opinion generated by your clients states unequivocally that "Prior to the Private Placement, Irvin Richter either individually or through certain immediate family members is the controlling shareholder of Hill, Hill A&E, and Entertainment Express." The documents comprising the Fairness

Michael L. Gentlesk, II, Esq.
Page 2
December 12, 2000


Opinion reflect that R4 Holdings is the Richter family holding company which held 80% of the stock in Entertainment Express.

In short, Irv Richter, the sole shareholder in HAESI, transferred all of HAESI's assets to Entertainment Express, a new corporation in which the Richter family (R4) was the 80% owner. He granted liens on the $3M Convertible Note to himself and to Hill International, his other corporation, securing to Richter alone - not his creditors - any benefits to be had from the assets transferred. The assets transferred included the software which Plaintiff Dirk Epperson had developed, and which formed the basis for the suit which produced the judgment.

HAESI and Entertainment Express, and, likely, Hill - all instrumentalities of Irv Richter - were grossly undercapitalized, and were utilized to implement a fraud. The purported consideration issued for HAESI's assets was illusory, intended to create the false impression that value was provided for the assets.

Most of the interrogatories and document production requests are standardized alter ego questions taken from 45 Am Jur Proof of Facts 3d *Piercing the Corporate Veil*. They seek information relating to officers, directors, stockholders and employees, as well as capitalization, banking and loan activity between and among the companies and the individuals.

The largest number of interrogatories are directed to Irvin Richter. They are grouped by subject as follows:

Nos. 1 - 39: standard alter ego interrogatories relating to HAESI;

Nos. 40 - 78: standard alter ego interrogatories relating to Entertainment Express;

Nos. 79 - 115: standard alter ego interrogatories relating to R4 Holdings;

Nos. 116 - 146: individualized interrogatories relating to the asset transfer, and the interrelationships among Irvin Richter and his various entities, including, in particular, the loan activity which he claims forms the consideration for the transfer.

Michael L. Gentlesk, II, Esq.
Page 3
December 12, 2000


The interrogatories issued to HAESI and Hill, and the
Document Production requests issued to Irvin Richter, HAESI and
Hill consist almost exclusively of standardized Am Jur requests.

Please call if you have any questions.

Sincerely,

Robert U. Sullivan, Jr.


RJS:dee

cc:   Robert J. DeGroot, Esq.
      Dirk Epperson and Betty Schneider

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

ROBERT J. DE GROOT, ESQ.
56 Park Place
Newark, New Jersey, 06102
(201) 643-1930

ROBERT J. SULLIVAN, JR., ESQ.
190 Main Street
Westport, Connecticut 06880
(203) 227-1404
ATTORNEYS FOR PLAINTIFF

```
--------------------------   :
DIRK EPPERSON and            :
BETTY SCHNEIDER              :
                Plaintiffs   :    No. 1:99CV3053 (SSB)
v.                           :
                             :
IRVIN RICHTER, HILL          :
INTERNATIONAL, INC.,         :    MEMORANDUM OF LAW IN SUPPORT
HILL ARTS & ENTERTAINMENT    :    OF MOTION FOR DEFAULT FOR
SYSTEMS, INC. n/k/a HAESI    :    FAILURE TO COMPLY WITH
SOFTWARE, INC.               :    DISCOVERY AND OTHER COURT
                Defendants   :    OBLIGATIONS
--------------------------   :
```

Plaintiffs DIRK EPPERSON and BETTY SCHNEIDER hereby submit

this Memorandum of Law in support of their Motion for Default.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On December 4, 2000, The Honorable Joel Rosen conducted a

telephonic status conference. At that time, Magistrate Rosen

expressed great concern over the state of the proceedings in the

case, in particular, relating to compliance with court

requirements. At that time the Court set a date certain of

December 11, 2000 for the propounding of formal discovery

requests. The court also calendared a status conference of

January 24, 2001, ordering that all parties and all counsel

attend. The court also notified both sides that the court would

be entertaining motions for default or to strike the pleadings relative to any refusals to comply with discovery obligations.

This motion requests that the court to enter the default of Defendants for repeated, persistent refusals to comply with obligations imposed by the rules and by the court, in this case and its predecessor, in particular their refusal to respond to the discovery requests issued to them

Alternatively, Plaintiffs request that defendants be estopped from introducing any evidence in opposition to the summary judgment motion, or at trial, on the grounds that they should not be permitted to attempt to establish facts by declaration, affidavit or document, when they have refused to produce discovery relating to the same matters.

Finally, Plaintiffs respectfully request that the court enlarge the discovery cut off date for Plaintiffs to permit them to complete any remaining discovery that may be required, given the fact that they have not, to date, been afforded responses of any kind to the discovery requests already issued.

Plaintiffs respectfully request that the court take Judicial Notice of Plaintiffs motion for Summary Judgment, filed this date. Plaintiffs incorporate by reference the comprehensive fact statements and exhibits set forth in the summary judgment motion. Said materials carefully chronicle not only the fraudulent transfer of assets from a grossly undercapitalized corporation, but a persistent pattern by Irvin Richter, owner of all of the

-2-

corporations involved, of disregard of court rules and orders, and the submission to the courts of misleading fact statements.

This would not be the first such default judgment entered in connection with this case. The underlying $422,446 judgment was taken by default for "... having failed to appear by counsel and further having failed to comply with the court's order to produce certain discovery,..." Indeed, in that case, defendant HAESI's counsel, one of the oldest and most respected firms in Connecticut withdrew from representing Defendant HAESI because "...the relationship with the client has become such that we are unable to perform our obligations, duties and responsibilities as officers of the court."

The attached affidavit of Robert J. Sullivan, Jr. demonstrates that the same abuses which afflicted the Connecticut case have afflicted this case, as well.

II.  **DISCUSSION**

    A.  **The Federal Rules of Civil Procedure Provide for the Imposition of Sanctions Against Defendants as Requested Herein**.

    1.  **Defendants have failed to respond to discovery properly issued.**

FRCP 37(d) provides that upon the failure of a party to serve answers to Interrogatories or respond to Requests for Inspection, the court may impose any of the following sanctions:

    (A)  An order that the matters regarding which the order was made or any other designated facts shall be taken to be

established for the purposes of the action in accordance
with the claim of the party obtaining the order;

(B)  An order refusing to allow the disobedient party to
support or oppose designate claims or defenses, or
prohibiting that party from introducing designated
matters in evidence;

(C)  An order striking out pleadings or parts thereof, or
staying further proceedings until the order is obeyed, or
dismissing the action or proceeding or any part thereof,
or rendering a judgment by default against the
disobedient party.

Dismissal has been held to be an appropriate remedy under
Rule 37 where failure to comply is due to willfulness, bad faith,
or fault of the parties, and where lesser sanctions are
considered inadequate.  North American Watch Corp. v Princess
Ermine Jewels, 786 F.2d 1447 (9th Cir. 1986).  Similarly, the
court has great discretion in utilizing Rule 37.  It may use as
many and varied sanctions as are necessary for justice.  Guidry v
Continental Oil Co. 640 F.2d 523 (5th Cir. 1981)

The affidavit of Robert Sullivan, submitted herewith,
categorizes a five year odyssey involving these defendants, the
hallmark of which has been defendants' flagrant abuse of the
federal discovery rules.  Plaintiffs respectfully request that
the court enter the default of defendants and schedule a hearing
for establishing the total judgment to be entered.

-4-

Alternatively, Plaintiffs request that defendants be prohibited from introducing any evidence in opposition to the summary judgment motion currently pending before the court, or in support of any positions the defendants may take on any other motions in connection with the case, or at the trial, of this matter if the court should not grant the summary judgment motion.

2. **Defendants have failed to participate in the establishment of a discovery plan.**

Rule 37 (g) permits the court to impose monetary sanctions where a party has failed to participate in good faith in the establishment of a proposed discovery plan as required by Rule 26(f).

As is also demonstrated by the affidavit of Robert Sullivan, the defendants have refused to participate in good faith in the establishment of a proposed discovery plan. The court should impose monetary sanctions in the form of the reasonable attorneys fees and costs associated with Plaintiffs' efforts  to prosecute this matter.

B. **The Court Has Inherent Authority to Sanction Litigants.**

In 1991, the U.S. Supreme Court confirmed the inherent power of a district court to assess sanctions for a party's bad faith. In Chambers v. Nasco, Inc. 501 U.S. 32, 111 S. Ct. 2123 (1991) the court rejected the argument that Rule 11 and 28 U.S.C. § 1927 had replaced the court's inherent powers.

In Oliveri v. Thompson, 803 F.2d 1265 (2d Cir. 1986) the court held that unlike awards pursuant to 28 U.S.C. § 1927, which

-5-

permits sanctions only against attorneys, sanctions under a court's inherent powers may be made against the party as well as an attorney.

This court has the inherent authority to sanction defendants for their failures to produce discovery and otherwise observe the rules. Plaintiffs respectfully request that the court impose the sanctions requested elsewhere in this motion.

**C. There is Historical precedent for the Taking of the Default of These Defendants for Discovery Abuses.**

The very judgment which forms the basis for this action was entered by the court specifically for "...having failed to appear by counsel and further having failed to comply with the court's order to produce certain discovery,..." (Exhibit K to Summary Judgment Motion).

The entry of HAESI's default for discovery abuses did nothing to keep these defendants from ignoring the rules. Even if these defendants were to purportedly produce discovery, there is no reason to believe that they intend to do so in good faith

**III. CONCLUSION**

Plaintiffs respectfully request that the court impose the sanctions requested above.

Respectfully submitted,
THE PLAINTIFFS

Dated: February 16, 2001     By_____
Robert J. Sullivan, Jr.
LAW OFFICES OF ROBERT SULLIVAN
190 Main Street
Westport, CT 06880
Tel. No. (203) 227-1404
Federal Bar Number CT08969
Pro Hac Vice Counsel

Dated: February 16, 2001     By_____
ROBERT J. DE GROOT, ESQ.
56 Park Place
Newark, New Jersey, 06102
(201) 643-1930
Local Counsel

-7-

LAW OFFICES OF

# ROBERT SULLIVAN

V/TDD
(203) 227-1404

190 MAIN STREET
WESTPORT, CONNECTICUT 06880
Telephone (203) 227-1404
Facsimile (203) 226-6403

CALIFORNIA OFFICE:
375 DIABLO ROAD
SUITE 200
DANVILLE, CALIFORNIA 94526

May 17, 2001

**VIA FACSIMILE**
Thomas Paolini, Esq.
Wolf, Block, Schorr and Solis-Cohen LLP
1940 Route 70 East, Suite 200
Cherry Hill, NJ 08003

Re:    **Epperson et al. v. Richter et al.**
       **Civil Action No. 99CV3053(SSB)**

Dear Mr. Paolini:

As you know, I will be calling this afternoon at 3:00 p.m. to conduct a "Meet and Confer" session with respect to the written discovery produced by Hill and Richter.

In an effort to streamline our discussion, I am attaching a list of questions for which there were no answers, and which I intend to address to you this afternoon.

Although I do not intend for this list to be a comprehensive statement of all matters requiring further response, I felt that the list might help to shorten our discussion.

I will speak to you at 3:00 p.m.

Sincerely,

Robert J. Sullivan, Jr.

RJS:dee
Enclosure

cc:    Robert DeGroot, Esq. (via facsimile)

**EXHIBIT M**

RICHTER Interogatgorries Nos.

15
16,17
25
27
30
31
47g-k
48b, c
58 b-g
64
65
76
102
104
105
109
110
111
113
116-124
129
139
140
141
142

HILL Interrogatories Nos.

4
6
8
9
10
13
15
28
29
30
31
32
33

RICHTER Documents Nos.

1-3
28-30
32-33
36-39
41
42

HILL Documents No.

9-12
18-24

LAW OFFICES OF
**ROBERT SULLIVAN**
190 MAIN STREET
WESTPORT, CT 06880
Telephone (203) 227-1404
Facsimile (203) 226-6403

California Office:
375 Diablo Road
Suite 200
Danville, CA 94626

# *FACSIMILE TRANSMITTAL*

NUMBER OF PAGES:
(Including Cover Sheet)          3

TO:                    Robert J. DeGroot, Esq.
Fax Number:            973/643-7231

FROM:                  Robert J. Sullivan, Jr.

DATE:                  May 17, 2001

-------------------------------------------------------------------------------------

This message is intended only for the use of the individual or entity addressed, and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, any dissemination, distribution or copying of this communication is strictly prohibited. If this communication has been received in error, please notify us immediately by telephone and return all documents transmitted to the above address via the U.S. Postal Service. Thank You.

-------------------------------------------------------------------------------------

*COMMENTS:*

SENDING REPORT

May. 17 2001 02:46PM

| NO. | OTHER FACSIMILE | START TIME | USAGE TIME | MODE | PAGES | RESULT |
|---|---|---|---|---|---|---|
| 01 | 973 643 7231 | May. 17 02:44PM | 01'54 | SND | 03 | OK |

TO TURN OFF REPORT,PRESS MENU #04 SET.
THEN SELECT OFF BY USING JOG-DIAL.

IF YOU HAVE A PROBLEM WITH YOUR FAX MACHINE, CALL TOLL-FREE 1-800-HELP-FAX (1-800-435-7329).

LAW OFFICES OF
**ROBERT SULLIVAN**
190 MAIN STREET
WESTPORT, CT 06880
Telephone (203) 227-1404
Facsimile (203) 226-6403

California Office:
375 Diablo Road
Suite 200
Danville, CA 94526

# *FACSIMILE TRANSMITTAL*

NUMBER OF PAGES:
(Including Cover Sheet)          3

TO:                     Thomas Paolini, Esq.
Fax Number:             856/424-4446

FROM:                   Robert J. Sullivan, Jr.

DATE:                   May 17, 2001

---

This message is intended only for the use of the individual or entity addressed, and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, any dissemination, distribution or copying of this communication is strictly prohibited. If this communication has been received in error, please notify us immediately by telephone and return all documents transmitted to the above address via the U.S. Postal Service. Thank You.

---

*COMMENTS:*

# Wolf, Block, Schorr and Solis-Cohen LLP
A Pennsylvania Limited Liability Partnership

1940 Route 70 East
Suite 200
Cherry Hill, NJ 08003

T: 856 424 8200
F: 856 424 4446
www.wolfblock.com

Thomas Paolini
E-Mail: TPaolini@wolfblock.com

May 18, 2001

*Via Fascimile (203)-227-1404*
Robert Sullivan
190 Main Street
Westport, CT 06880

RE:    Epperson v. Richter
       Civil Action No: 99CV3053(SSB)

Dear Mr. Sullivan:

Pursuant to our telephone conference with regard to your discovery requests, please be advised that our clients will not be providing additional responses unless a court compels them to do so. Rule 33(a) of the Federal Rules of Civil Procedure limits the number of interrogatories that may be served on another party to 25 including subparts unless the propounding party obtains leave of the court. We are aware of no such order in this case, especially one which purports to grant you the authority to propound 144 more interrogatories plus subparts collectively on Irvin Richter and Hill International than that which is permitted by court rule. Notwithstanding the excessive number of questions, responses were provided to most of the questions. In fact, your correpondence of May 17, 2001 acknowledges that Richter provided suitable responses to 108 out of the 142 questions propounded far exceeding his obligation under R. 33(a). Further, you acknowledge that Hill provided suitable responses to 39 out of the 52 questions propounded which also exceeded the company's obligation under R. 33(a).

If you are not satisfied with the responses provided, I suggest you take whatever action you deem appropriate. If you have any questions, please feel free to give me a call.

Sincerely yours,

Thomas Paolini
For WOLF, BLOCK, SCHORR and SOLIS-COHEN LLP

cc: Irvin Richter

MAY 21 2001

DSCH:50506.1                **EXHIBIT N**

PHILADELPHIA, PA | NEW YORK, NY | CAMDEN, NJ | HARRISBURG, PA | NEWARK, NJ | NORRISTOWN, PA | WILMINGTON, DE

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

James Greenberg, Esquire (JG#9651)
KOZLOV, SEATON, ROMANINI, BROOKS
    & GREENBERG, P.C.
1940 Rt. 70 East
Suite 200
Cherry Hill, NJ 08003
(609) 424-8200
Attorney for Defendants

---

DIRK EPPERSON and
BETTY SCHNEIDER
        Plaintiffs,

v.

Irvin Richter, Hill International, Inc.
Hill Arts and Entertainment Systems, Inc.
N/k/a HAESI Software, Inc.
        Defendants.

:  DOCKET NO. CV99-3053 (SSB)
:  Civil Action
:
:
:
:
:  **NOTICE TO TAKE DEPOSITION**
:  **PURSUANT TO F.R.Civ.P. 30**
:
:
:
:

---

TO:    **Betty Schneider, Plaintiff**
        **c/o Robert Sullivan, Esq.**
        **190 Main Street**
        **Westport, Connecticut 06880**
        **And**
        **c/o Robert J. DeGroot, Esquire**
        **56 park place**
        **Newark, New Jersey 07102**
        **Counsels for Plaintiff**

    **PLEASE TAKE NOTICE** that, pursuant to F.R.C.P 30, testimony will be taken by deposition upon oral examination by stenographic means or as may otherwise be provided by Court Rule before an officer or other person authorized to administer oaths, at 10 a.m. on Wednesday, January 18, 2001, at the Law Offices of Kozlov, Seaton, Romanini, Brooks and Greenberg, P.C. (or other location to be determined in accordance with Court Rule), with respect to all matters calculated to lead to the discovery of admissible evidence.

                                   JAMES GREENBERG, ESQUIRE
                                   MICHAEL L. GENTLESK, II, ESQUIRE
                                   ATTORNEY FOR DEFENDANTS

DATED:  December 11, 2000

**EXHIBIT O**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

James Greenberg, Esquire (JG#9651)
KOZLOV, SEATON, ROMANINI, BROOKS
    & GREENBERG, P.C.
1940 Rt. 70 East
Suite 200
Cherry Hill, NJ 08003
(609) 424-8200
Attorney for Defendants

| | |
|---|---|
| DIRK EPPERSON and | : |
| BETTY SCHNEIDER | : DOCKET NO. CV99-3053 (SSB) |
| Plaintiffs, | : Civil Action |
| | : |
| v. | : |
| | : |
| Irvin Richter, Hill International, Inc. | : **NOTICE TO TAKE DEPOSITION** |
| Hill Arts and Entertainment Systems, Inc. | : **PURSUANT TO F.R.Civ.P. 30** |
| N/k/a HAESI Software, Inc. | : |
| Defendants. | : |
| | : |
| | : |

TO:    **Dirk Epperson, Plaintiff**
       **c/o Robert Sullivan, Esq.**
       **190 Main Street**
       **Westport, Connecticut 06880**
       **And**
       **c/o Robert J. DeGroot, Esquire**
       **56 park place**
       **Newark, New Jersey 07102**
       **Counsels for Plaintiff**

    **PLEASE TAKE NOTICE** that, pursuant to F.R.C.P 30, testimony will be taken by deposition upon oral examination by stenographic means or as may otherwise be provided by Court Rule before an officer or other person authorized to administer oaths, at 10 a.m. on Thursday, January 17, 2001, at the Law Offices of Kozlov, Seaton, Romanini, Brooks and Greenberg, P.C. (or other location to be determined in accordance with Court Rule), with respect to all matters calculated to lead to the discovery of admissible evidence.

               _____
               JAMES GREENBERG, ESQUIRE
               MICHAEL L. GENTLESK, II, ESQUIRE
               ATTORNEY FOR DEFENDANTS

DATED:  December 11, 2000

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

James Greenberg, Esquire (JG#9651)
KOZLOV, SEATON, ROMANINI, BROOKS
    & GREENBERG, P.C.
1940 Rt. 70 East
Suite 200
Cherry Hill, NJ 08003
(609) 424-8200
Attorney for Defendants

| | |
|---|---|
| DIRK EPPERSON and : | |
| BETTY SCHNEIDER : | DOCKET NO. CV99-3053 (SSB) |
| Plaintiffs, : | Civil Action |
| : | |
| v. : | |
| : | |
| Irvin Richter, Hill International, Inc. : | **NOTICE TO TAKE DEPOSITION** |
| Hill Arts and Entertainment Systems, Inc. : | **PURSUANT TO F.R.Civ.P. 30** |
| N/k/a HAESI Software, Inc. : | |
| Defendants. : | |
| : | |

TO:   **Betty Schneider, Plaintiff**
      **c/o Robert Sullivan, Esq.**
      **190 Main Street**
      **Westport, Connecticut 06880**
      **And**
      **c/o Robert J. DeGroot, Esquire**
      **56 park place**
      **Newark, New Jersey 07102**
      **Counsels for Plaintiff**

    **PLEASE TAKE NOTICE** that, pursuant to F.R.C.P 30, testimony will be taken by deposition upon oral examination by stenographic means or as may otherwise be provided by Court Rule before an officer or other person authorized to administer oaths, at 10 a.m. on Wednesday, January 18, 2001, at the Law Offices of Kozlov, Seaton, Romanini, Brooks and Greenberg, P.C. (or other location to be determined in accordance with Court Rule), with respect to all matters calculated to lead to the discovery of admissible evidence.

                          _____
                          JAMES GREENBERG, ESQUIRE
                          MICHAEL L. GENTLESK, II, ESQUIRE
                          ATTORNEY FOR DEFENDANTS

DATED:  December 11, 2000

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

James Greenberg, Esquire (JG#9651)
KOZLOV, SEATON, ROMANINI, BROOKS
        & GREENBERG, P.C.
1940 Rt. 70 East
Suite 200
Cherry Hill, NJ 08003
(609) 424-8200
Attorney for Defendants

---

DIRK EPPERSON and
BETTY SCHNEIDER
                Plaintiffs,

v.

Irvin Richter, Hill International, Inc.
Hill Arts and Entertainment Systems, Inc.
N/k/a HAESI Software, Inc.
                Defendants.

: DOCKET NO. CV99-3053 (SSB)
: Civil Action
:
:
:
:
:
:    NOTICE TO TAKE DEPOSITION
:    PURSUANT TO F.R.Civ.P. 30
:
:
:

---

TO:   Dirk Epperson, Plaintiff
      c/o Robert Sullivan, Esq.
      190 Main Street
      Westport, Connecticut 06880
      And
      c/o Robert J. DeGroot, Esquire
      56 park place
      Newark, New Jersey 07102
      Counsels for Plaintiff

    **PLEASE TAKE NOTICE** that, pursuant to F.R.C.P 30, testimony will be taken by deposition upon oral examination by stenographic means or as may otherwise be provided by Court Rule before an officer or other person authorized to administer oaths, at 10 a.m. on Thursday, January 17, 2001, at the Law Offices of Kozlov, Seaton, Romanini, Brooks and Greenberg, P.C. (or other location to be determined in accordance with Court Rule), with respect to all matters calculated to lead to the discovery of admissible evidence.

                              JAMES GREENBERG, ESQUIRE
                              MICHAEL L. GENTLESK, II, ESQUIRE
                              ATTORNEY FOR DEFENDANTS

DATED:  December 11, 2000

LAW OFFICES OF

## ROBERT SULLIVAN

W/TDD
(203) 227-1404

190 MAIN STREET
WESTPORT, CONNECTICUT 06880
Telephone (203) 227-1404
Facsimile (203) 226-6403

CALIFORNIA OFFICE:
375 DIABLO ROAD
SUITE 200
DANVILLE, CALIFORNIA 94526

January 11, 2001

**VIA FACSIMILE and U.S. MAIL**
Michael L. Gentlesk, II, Esq.
Kozlov, Seaton, Romanini,
 Brooks & Greenberg, P.C.
1940 Rt. 70 East, Suite 200
Cherry Hill, NJ 08003

Re: **Epperson et al. v. Irvin Richter et al.**

Dear Mr. Gentlesk:

Yesterday I attempted to reach you to discuss several scheduling matters, most notably conflicts relating to the January 24, 2001 status conference and the depositions of my clients which you have noticed for next week.

I have been notified by the Bridgeport Court that I have jury duty on January 24, 2001, the date set by Magistrate Rosen for the status conference in this matter. In addition, on the date which you have set for Dirk Epperson's deposition he will be involved in the critical final stages of a project at his place of employment which neither he nor his company can afford to have him miss. Moreover, during the last status conference Magistrate Rosen suggested scheduling depositions to coincide with the status conference, to reduce travel expense. That is of particular concern to my clients, who reside in California.

Your office advised me yesterday that you would be in New York yesterday and today, and that there was no one else who could address these matters in your absence. I then contacted chambers to advise of the conflict relating to my jury service, and of my effort to rearrange the setting of the depositions.

The court has proposed February 22, 2001 as a date for the status conference. I have also been advised by chambers that the

**EXHIBIT P**

Michael L. Gentlesk, II, Esq.
Page 2
January 11, 2001

courthouse will make facilities available to us to take the
depositions, which would greatly reduce the travel and related
expenses, particularly for my clients.

The court has requested that I confirm that date as soon as
possible. I also need to resolve with you any remaining issues
relating to discovery, including the scheduling of the
depositions of your witnesses, and the production of documents.

Please contact this office upon receipt of this
correspondence.

Sincerely,

Robert J. Sullivan, Jr. dee

RJS:dee

cc:  Robert J. DeGroot, Esq.

**SENDING REPORT**

Jan. 16 2001 10:32AM

| NO. | OTHER FACSIMILE | START TIME | USAGE TIME | MODE | PAGES | RESULT |
|-----|-----------------|------------|------------|------|-------|--------|
| 01 | 2033300238 | Jan. 16 10:30AM | 01'21 | SND | 02 | OK |

TO TURN OFF REPORT,PRESS MENU #04 SET.
THEN SELECT OFF BY USING JOG-DIAL.

IF YOU HAVE A PROBLEM WITH YOUR FAX MACHINE, CALL TOLL-FREE 1-800-HELP-FAX (1-800-435-7329).

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

DIRK EPPERSON, ET AL.,          .    Civil Action No. 1:99-cv-3053-SSB
                                .    Adv. No.
                                .
            Plaintiffs,         .    Mitchell H. Cohen Building &
                                .    U.S. Courthouse
            v.                  .    1 John F. Gerry Plaza
                                .    Camden, NJ  08101
IRVIN RICHTER, ET AL.,          .
                                .
            Defendants.         .    February 22, 2001
                                .
. . . . . . . . .  . ..

TRANSCRIPT OF MOTION
BEFORE HONORABLE JOEL B. ROSEN
UNITED STATES MAGISTRATE JUDGE

APPEARANCES:

For the Plaintiff:          ROBERT J. DeGROOT, ESQ.
                            56 Park Place
                            Newark, NJ  17051

                            Law Offices of Robert Sullivan
                            By:  ROBERT SULLIVAN, ESQ.
                            190 Main Street
                            Westport, Connecticut 06880

For the Defendant:          Office of Dennis J. Crawford
                            By:  JAMES GREENBERG, ESQ.
                            45 Kings Highway West
                            Haddonfield, NJ   08033

Proceedings recorded by electronic sound recording, transcript
produced by transcription service.

J&J COURT TRANSCRIBERS, INC.
268 Evergreen Avenue
Hamilton, New Jersey 08619
E-mail:  jjcourt@optonline.net

(609) 586-2311      Fax No. (609) 587-3599

EXHIBIT Q

2

1          THE COURT:  Good morning.  I don't want to hold

2  people up anymore, especially the weather forecast here is not

3  very good and I assume you have a drive back to Westport.

4          MR. DeGROOT:  No.  I go back to Newark.  I'm Robert

5  DeGroot.

6          THE COURT:  Oh, Mr. DeGroot.

7          MR. DeGROOT:  Oh, he has arrived.  Okay.  Yes.

8          THE COURT:  Mr. DeGroot, how are you?  I don't think

9  I've seen you in 15 years.

10         MR. DeGROOT:  Not in a while.

11         THE COURT:  It's 15 to 20 years but, other than that,

12 I apologize for not recognizing you.

13         MR. DeGROOT:  Yeah.  You were a working man back

14 then, sir.

15         THE COURT:  You've got it but I still try.  Is your

16 counsel here from Westport?

17         MR. DeGROOT:  Yes.  I think he went to ring your

18 chambers to let you know we were all here.

19         THE COURT:  Okay.  I do want to wait for him though.

20         MR. DeGROOT:  Okay.

21         THE COURT:  This is Epperson v. Richter.  It's

22 99-3053 and I appreciate you all being here.  Are your clients

23 going to be deposed while they're out here from California?

24         MR. DeGROOT:  Well, they were brought out here for

25 that purpose but the defendants have declined to do it today,

3

1   sir.  Here's Mr. Sullivan.

2            THE COURT:  All right.  Let me have everyone's

3   appearances and, if you don't mind noting on the record who is

4   here today, I would appreciate it.  All right.  Good morning,

5   sir.

6            MR. DeGROOT:  I was just downstairs alerting --

7            THE COURT:  That's okay.  Don't worry about it.

8            MR. DeGROOT:  Robert DeGroot, 56 Park Place, Newark,

9   local counsel with Robert Sullivan from Bridgeport,

10  Connecticut.

11           THE COURT:  Okay.  Good morning.  Are your clients,

12  Mr. Epperson and Ms. Schneider?

13           MR. DeGROOT:  Yes.

14           THE COURT:  Good morning to both of you and thank you

15  for being here.

16           MR. GREENBERG:  Good morning, Judge.  James

17  Greenberg, Kozloff Seaton, appearing on behalf of the

18  defendants.  I'm here with David Richter who is in-house

19  counsel and Irvin Richter.

20           THE COURT:  Okay.  Thank you both for being here as

21  well.

22            I wanted you all in here for a number of reasons, not

23  to inconvenience you but this case has a long and tortured

24  history and I sense in the case here -- I know the case has a

25  history up in Connecticut that was rather long and tortured and

J&J COURT TRANSCRIBERS, INC.

9

1          MR. SULLIVAN:  Yes.  From my prospective, what is

2    outstanding is this.  I have issued discovery to four

3    defendants: to Hill, HAESI, and Richter.  I got some responses

4    yesterday that I haven't even been able to look at --

5          THE COURT:  Okay.

6          MR. SULLIVAN:  -- for Hill and Richter.  I've got

7    nothing on HAESI.

8          THE COURT:  Mr. Greenberg, do you represent HAESI?

9          MR. GREENBERG:  Your Honor, that was one of the items

10   I was going to bring up.  I believe when this was originally

11   started there was some indication we were going to be

12   representing all defendants.  And to the extent that there was

13   any indication to the Court that we are representing HAESI, we

14   are going to withdraw that.  We are not representing HAESI.

15         THE COURT:  Well, have you entered an appearance on

16   their behalf?

17         MR. GREENBERG:  I think what would happen was we

18   filed -- originally what happened is we filed a motion to

19   dismiss under the first filed rule which I don't think the

20   Court has ruled on yet.

21         THE COURT:  No, but my question is, if you entered an

22   appearance, you're going to have to withdraw.

23         MR. GREENBERG:  We intend to file a formal

24   withdrawal.

25         THE COURT:  Right.  For --

26

1  notified by the Bridgeport Court that I have jury duty on

2  January 24, 2000 (sic), the date set by Magistrate Rosen for

3  the status conference in this matter.  In addition, on the date

4  which you have set for Dirk Epperson's deposition, he will be

5  involved in the critical final stages of a project at his place

6  of employment which neither he nor his company can afford to

7  have him miss.  Moreover, during the last status conference,

8  Magistrate Rosen suggested scheduling depositions to coincide

9  with the status conference to reduce travel expenses."

10      THE COURT:  Yeah, I clearly did that and this is your

11 notice, Mr. Greenberg.  How can you stand here today and say,

12 well, you're not ready to do it since you don't have documents?

13      MR. GREENBERG:  Because Mr. Gentlesk, again -- I wish

14 he was here because he could speak for himself.  But what he

15 advised me was that subsequent to receiving that letter is when

16 he started making the phone calls saying, where are the

17 documents you said you had.

18      THE COURT:  This is the deal.  You want a crack at

19 these folks.  They're here today.  I'll ask them to stay

20 through tomorrow.  Could you stay through tomorrow as well?

21      MR. SULLIVAN:  Today would be much more --

22      THE COURT:  I understand.  But if you had to, to gt

23 this over with, could you?

24      MR. EPPERSON;  Yes.

25      THE COURT:  All right.  It's only ten o'clock today.

J&J COURT TRANSCRIBERS, INC.

33

## C E R T I F I C A T I O N

      I, Cecilia Ashbock, certify that the foregoing is a correct transcript to the best of my ability, from the electronic sound recording of the proceedings in the above-entitled matter.

Date:    April 17, 2007

CECILIA ASHBOCK
J&J COURT TRANSCRIBERS, INC.

J&J COURT TRANSCRIBERS, INC.

## Search Results

|  |  | Date |
|---|---|---|
| 📁 Search Results |  |  |
| 1. ○ Brian Bokett - Judge Brotman's Law Clerk 7/19/01 1:48p  VM 856/757-5062 |  | 7/19/01 |
| 1. ○ Greenberg told him defendants would be amenable to transfer and consolidation in CT subject to Judge Squatrito's agreement. How do you plan to accomplish this? |  |  |

**EXHIBIT R**

DIRK EPPERSON and BETTY                    :
SCHNEIDER,                                 :
                                           :                 U.S. DISTRICT COURT
        Plaintiffs,                        :
                                           :
v.                                         :        No. 3:99CV778(DJS)
                                           :
ENTERTAINMENT EXPRESS, INC.,               :
n/k/a ADVANTIX, INC.; IRVIN                :
RICHTER, HILL INTERNATIONAL,               :
INC.; HILL ARTS &                          :
ENTERTAINMENT SYSTEMS, INC.,               :
n/k/a HAESI SOFTWARE, INC.;                :
                                           :
        Defendants.                        :

## MEMORANDUM OF DECISION

Plaintiffs Dirk Epperson and Betty Schneider have brought
the above-captioned action against Entertainment Express, Inc.,
n/k/a Advantix, Inc.; Irvin Richter; Hill International, Inc. ;
and Hill Arts & Entertainment Systems, Inc., n/k/a HAESI
Software, Inc. pursuant to Connecticut's enactment of the Uniform
Fraudulent Transfer Act ("UFTA"), Conn. Gen. Stat. §§ 52-552a-
5521 (West Supp. 2002). Now pending is Richter's motion to
dismiss the claims against him for want of personal jurisdiction
(dkt. # 35), defendants' motion for summary judgment (dkt. # 37),
and plaintiffs' motion for summary judgment (dkt. # 68). For the
reasons set forth herein, Richter's motion is **DENIED**, defendants'
motion for summary judgment is **GRANTED**, and plaintiffs' motion
for summary judgment is **DENIED**.

**EXHIBIT S**

Inc., 242 F.3d 100, 108 (2d Cir. 2001).

On June 30, 1999, plaintiffs filed a lawsuit ("the Third Action") in the United States District Court for the District of New Jersey against Richter, Hill, and Hill A&E n/k/a HAESI. The complaint in the Third Action alleged that Richter and Hill were liable for the default judgment against Hill A&E and HAESI on the theory that HAESI is the alter ego of Richter, Hill, or both Richter and Hill. Because plaintiffs did not name Advantix as a defendant, diversity was complete, thus avoiding the jurisdictional questions encountered in the Second Action caused by relying upon the court's supplemental enforcement jurisdiction. Defendants moved to dismiss the Third Action or, in the alternative, to stay the Third Action pending resolution of the Second Action. Defendants argued that an important issue asserted by plaintiffs as evidence that HAESI's corporate veil should be pierced to get to Hill and Richter in the Third Action was whether the interests granted by HAESI to Advantix, Richter, and Hill were fraudulent, and that this question would have to be adjudicated in the Second Action. Because the Second Action was the first filed, defendants requested a dismissal or the entry of a stay of the Third Action.

On July 17, 2001, the Honorable Stanley S. Brotman, United States District Judge, heard argument on defendants' motion to dismiss, and suggested that transferring the Third Action to the

-8-

District of Connecticut may be appropriate.  The next day,
defendants consented to a transfer of the Third Action to the
District of Connecticut, which Judge Brotman ordered on September
17, 2001 pursuant to 28 U.S.C. § 1404(a).

Now that the Second and Third Actions have been pending on
the undersigned's docket, several dispositive motions have been
filed.  In the Second Action, Richter's motion to dismiss (dkt. #
35, filed on September 6, 2001), defendants' motion for summary
judgment (dkt. # 37, filed on October 5, 2001), and plaintiffs'
cross-motion for summary judgment (dkt. # 68, filed on January 7,
2002) are pending.  In the Third Action, defendants' motion for
summary judgment (dkt. # 52, filed on May 3, 2002) and
plaintiffs' cross-motion for summary judgment (dkt. # 59, filed
on May 14, 2002) are pending.

### III.  PENDING MOTIONS

As previously indicated, Richter's motion to dismiss (dkt. #
35), defendants' motion for summary judgment (dkt. # 37), and
plaintiffs' cross-motion for summary judgment (dkt. # 68) are
pending in this Second Action.  Each is discussed below in turn.

### A. RICHTER'S MOTION TO DISMISS

Richter argues that the claims against him should be
dismissed because this court may not acquire personal
jurisdiction over him.  The court finds that Richter has
forfeited this defense.

-9-

Proceedings in the Third Action in the District of New Jersey mandate this result. On September 17, 2001, Judge Brotman entered an order transferring the Third Action to the District of Connecticut and specifically premised his order on the fact that "[c]ounsel [] consented to such a transfer. . . ," (Epperson v. Richter, No. 99-3053(SSB), Consent Order to Transfer Pursuant to 28 U.S.C. § 1404(a) (D.N.J. Sept. 17, 2001); renumbered 3:01CV1798(DJS) (D. Conn.)). The Supreme Court has interpreted the language set forth in 28 U.S.C. § 1404(a), the statute from which Judge Brotman drew his authority to transfer the matter to the District of Connecticut on the basis of convenience, to require that both venue and personal jurisdiction over each defendant be proper in the transferee district as a prerequisite to a transfer. See Hoffman v. Blaski, 363 U.S. 335, 341 & 344 (1960), see also Cali v. East Coast Aviation Services, Ltd., 178 F. Supp. 2d 276, 282-83 (E.D.N.Y. 2001). Therefore, Judge Brotman has specifically found that Richter consented to venue and personal jurisdiction in the District of Connecticut and has implicitly found that there was personal jurisdiction over Richter in the District of Connecticut at the time the Third Action was filed. See Hoffman, 363 U.S. at 343-44 (holding that consent is immaterial to determining whether the prerequisites to applying § 1404(a) have been satisfied).

Regardless of whether Judge Brotman's implicit finding in

-10-

the Third Action that there was personal jurisdiction over
Richter in the District of Connecticut controls the result in
this case, the court finds that Richter, through his conduct in
the District of New Jersey before Judge Brotman, has forfeited
his personal jurisdiction defense in this case.  In this
situation, a forfeiture is "the failure to make a timely
assertion of a right. . . ." Hamilton v. Atlas Turner, Inc., 197
F.3d 58, 61 (2d Cir. 1999).  When considering whether a defendant
has forfeited the defense of lack of personal jurisdiction,
despite that defendant's technical compliance with Rule 12(h) of
the Federal Rules of Civil Procedure, the court examines "all of
the relevant circumstances." Hamilton, 197 F.3d at 61.  An
objecting party's request that the court take action in its
favor, without contemporaneously asserting the personal
jurisdiction defense, may result in a forfeiture of the defense.
See Hamilton, 197 F.3d at 61 (reversing district court's grant of
motion to dismiss for lack of personal jurisdiction because
defendant had forfeited the defense based, in part, upon
defendant's request to transfer the case to the Judicial Panel
for Multidistrict Litigation without moving to dismiss for lack
of personal jurisdiction); Lomaglio Associates, Inc. v. LBK
Marketing Corp., 876 F. Supp. 41, 43 (S.D.N.Y. 1995) ("If a party
requests that the court exercise its power on that party's
behalf, and the request is not preceded or accompanied by an

-11-

objection to personal jurisdiction, that party is deemed to have waived its defense of lack of personal jurisdiction."); cf. Grammenos v. Lemos, 457 F.2d 1067, 1070 (2d Cir. 1972) ("If a party enters a case, makes no objection to jurisdiction, and asks the court to act on its behalf in some substantive way, it will be held to have waived further objection.").

Richter has forfeited his personal jurisdiction defense consenting to a transfer of the Third Action to Connecticut for the sake of convenience without informing the court of his intention to assert a lack of personal jurisdiction in Connecticut.  The record of the proceedings before Judge Brotman reveals that Richter requested a transfer under the "first filed rule" and eventually consented to transferring the Third Action to Connecticut without informing Judge Brotman that he had a pending objection to personal jurisdiction in Connecticut. Richter has thus placed this court in a difficult predicament: the Second Action was transferred from New Jersey to Connecticut so that it may be heard with the Third Action in the interest of convenience.  In the Second Action, which was originally filed in Connecticut, Richter contests personal jurisdiction.  If the slate were clean, and Richter's personal jurisdiction defense was well founded, one viable option for this court to consider would be to transfer the Second Action to New Jersey, where Richter would have no personal jurisdiction objection, so that

-12-

plaintiffs' claims could be decided on the merits.  On the flip side of the coin, had he been fully apprised of the situation, Judge Brotman presumably would have had misgivings about transferring the Third Action to Connecticut at Richter's request when Richter had raised a personal jurisdiction defense before this Connecticut court in the Second Action.  To re-examine the propriety of Connecticut as a forum at this stage of the litigation as a whole would be to countenance an expensive and intolerable jurisdictional carousel.

Although the defense of personal jurisdiction is an important right, derived from the Due Process Clauses of the Fifth and Fourteenth Amendments, Richter's failure to disclose his objection in the Second Action to Judge Brotman while Judge Brotman was considering Richter's request to transfer the Third Action to Connecticut constitutes a forfeiture of this defense. Once Richter made use of the judicial process to transfer the Third Action to Connecticut, he forfeited his right to contest the validity of Connecticut as a forum in the litigation as a whole.  Richter's motion to dismiss must therefore be denied.

## B. CROSS MOTIONS FOR SUMMARY JUDGMENT

Both parties have filed motions for summary judgment. for the reasons set forth herein, defendants' motion is **GRANTED** and plaintiff's motion is **DENIED**.

### 1. FACTS

-13-

## IV. CONCLUSION

For the reasons set forth herein, defendants are entitled to judgment as a matter of law with respect to both of plaintiffs' claims. Because the property plaintiffs claim Hill A&E fraudulently transferred was encumbered by liens exceeding the value of the property, the property is not an "asset," and the transfer cannot be challenged under the UFTA. In addition, plaintiffs cannot challenge the validity of the liens on the subject property because their claims are barred by the applicable statute of repose. Richter's motion to dismiss (dkt. # 35) is **DENIED**; defendants' motion for summary judgment (dkt. # 37) is **GRANTED**; and plaintiffs' motion for summary judgment (dkt. # 68) is **DENIED**. Judgment shall enter in favor of the defendants on all counts forthwith. The Clerk of the Court shall close this file.

So ordered this 24th day of September, 2004.

/s/DJS

DOMINIC J. SQUATRITO
UNITED STATES DISTRICT JUDGE

-40-

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DIRK EPPERSON and<br>BETTY SCHNEIDER,<br>Plaintiffs, | :<br>:<br>:<br>. | CIVIL ACTION NO.<br>3:01CV1798(DJS) |
| v. | :<br>: | |
| IRVIN RICHTER, HILL<br>INTERNATIONAL, INC., HILL ARTS &<br>ENTERTAINMENT SYSTEMS, INC.<br>n/k/a HAESI SOFTWARE, INC.,<br>Defendants | :<br>:<br>:<br>:<br>: | March 31, 2005 |

## DEFENDANT IRVIN RICHTER'S SUPPLEMENTAL ANSWERS TO INTERROGATORIES PROPOUNDED BY PLAINTIFFS

35.   State name, home address, home telephone number, business address and business telephone number of each person you intend to call as a nonexpert witness during the trial of this matter.

**See Defendants Irvin Richter and Hill International, Inc.'s List of Witnesses, which is part of their pretrial memorandum.**

36.   For each person you intend to call as an expert witness during the trial of this matter, state the name, profession, business address and business telephone number of the expert and for each such expert, state:

**Although Defendant Irvin Richter believes that Steve N. Economu is a fact witness and not an expert witness, he provides the following information with respect to Mr. Economu:**

(a)   His or her education background, giving the names of the educational institutions attended, the dates of attendance and degrees earned with dates thereof.

**See resume of Steven N. Economu attached.**

(b)   His or her professional specialty, if any.

**See resume of Steven N. Economu attached.**



RECEIVED
APR 2 5 2005
BY:--------------

**EXHIBIT T**

(c)     His or her experience within the field, giving the dates, names and addresses of employers, if any; dates, names and addresses of institutions with which he or she has been associated, if any and any other applicable experience, including dates and places.

**See resume of Steve N. Economu attached.**

(d)     The names of all professional associations or societies with which he or she has been related or has maintained membership, stating his or her status with each and the inclusive dates of such status.

**See resume of Steve N. Economu attached.**

(e) .    The title, name of publication, name of publisher and date of publication, of any published articles, books, etc., authored by each such person.

**"Sale of a Company: 7 Different Approaches", Vol. 3 The Curtis Alert #3 (11/04); "Biotech: Call Me in the Morning", Vol. 4 The Curtis Alert #1 (2/03); "Biotech: High Fever", Vol. 3 The Curtis Alert #2 (5/04); "Business Software: Taking on the Giants", Vol. 2 The Curtis Alert #2 (6/03); "Use of Valuations in Connection with Fraudulent Conveyance FS/ES", Vol. 3 The Curtis Alert #1 (1/04).**

(f)     Whether he or she has ever been a witness in any other lawsuit and, if so, for each such lawsuit, give the name of the suit, the nature of the suit involved, the name of the court, the approximate date of the testimony and the name and address of the parties or attorneys for whom he or she gave evidence.

**See resume of Steve N. Economu for list of lawsuits in which Mr. Economu has served as an expert witness.**

37.    For each expert identified in answer to the previous Interrogatory, state the opinions to which the expert is expected to testify.

**See Fairness Opinion dated May 31, 1996, previously provided to Plaintiffs.**

38.    For each expert opinion set forth in answer to the previous Interrogatory and as to each fact that is in any way relied upon by such expert in arriving in his or her opinion, state:

(a)     The name and address of the person supplying such facts.

**See Fairness Opinion previously provided to Plaintiffs.**

(b)     The form in which such facts were supplied to him or her.

See Fairness Opinion previously provided to Plaintiffs.

STATE OF NEW JERSEY )
                        ) ss.
COUNTY OF ~~Burlington~~ )

   I, **IRVIN RICHTER**, state under oath that the answers to these Interrogatories
are true, accurate and complete to the best of my knowledge and belief.

_____

Subscribed and sworn to before me this ____ day of _____, 2005.

_____
Notary Public
My Commission Expires:

**ERIN E. LESCHAK**
**NOTARY PUBLIC OF NEW JERSEY**
**MY COMMISSION EXPIRES MARCH 6, 2010**

## CERTIFICATE OF SERVICE

This is to certify that a true and accurate copy of the foregoing Defendant Irvin

Richter's Supplemental Answers to Interrogatories Propounded by Plaintiffs was served

by United States first-class mail, postage prepaid, this 22nd day of April, 2005, upon:

Robert Sullivan, Esq.
190 Main Street
Westport, CT 06880

_____

Carolyn W. Kone

## STEVE N. ECONOMOU

Two Penn Center Plaza, Suite 1520
Philadelphia, PA 19102-1728
Telephone: 215-557-2219
Facsimile: 215-972-2388
Email: seconomou@curtisfinancial.com

OVERVIEW:

Mr. Economou has 20 years of diverse corporate finance experience, including mergers and acquisitions, private equity, management buyouts, and financial opinions including fairness and valuation opinions. Mr. Economou has completed hundreds of transactions and advisory assignments. He has also advised numerous public companies and portfolio companies of private equity firms. Mr. Economou's primary focus is providing financial advisory services to technology oriented; mid and small cap public; and mid-market private companies. He has spoken frequently to various groups on such topics as capital markets, mergers and acquisitions, valuations of technology companies, and industry consolidation

PROFESSIONAL EXPERIENCE:

CURTIS FINANCIAL GROUP, LLC, MARCH 2003 TO PRESENT
Managing Director

Curtis Financial Group LLC is a middle-market investment banking firm founded in 1994. Curtis is affiliated with Parente Randolph, LLC which is the leading independent accounting and consulting firm in Pennsylvania, and one of the top 30 in the U.S. Transaction advisory services provided by Curtis include representing owners of middle market companies in selling and divesting companies, mergers and acquisitions and raising capital. Corporate finance advisory services provided by Curtis include fairness and other independent opinions for fiduciaries and boards, strategic alternatives analyses, corporate valuations and valuations of intangible assets.

FLEETBOSTON FINANCIAL, MARCH 2001 TO DECEMBER 2002
Managing Director, Mergers and Acquisitions Group

FleetBoston was a $200 billion asset global financial institution and the largest bank holding company in New England until Bank of America acquired it. Fleet M&A Advisors provided merger and acquisition and corporate finance advisory services to customers of the bank throughout the country.

<u>HOWARD, LAWSON & CO, 1985 – 2001</u>
Managing Director and Principal

Howard, Lawson & Co. was a regional investment-banking boutique specializing in corporate finance advisory services and valuations for middle market companies.  Mr. Economou began his career in the venture capital group of Howard, Lawson & Co. where he led direct investments in emerging growth technology companies and management buyouts. He was also a principal in the merchant banking affiliate of Howard, Lawson & Co.

## EDUCATION:

University of Cincinnati – MBA degree with a concentration in Finance, December 1982
University of Pittsburgh – BA degree in Economics., April 1981

## LICENSES:

NASD Licenses - Series 7 and 63

## PROFESSIONAL AFFILIATIONS:

- Greater Philadelphia Venture Group
- Association for Corporate Growth, Philadelphia Chapter
- Investment Committee of Ben Franklin Technology Partners of Southeastern Pennsylvania

## PRIOR EXPERIENCE AS AN EXPERT WITNESS:

The United States Bankruptcy Court for the Eastern District of Pennsylvania in re: The Official Committee of Unsecured Creditors of Xyan.com, Inc. vs. Banta Corporation as the expert for the Official Committee of Unsecured Creditors.

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

DIRK EPPERSON and                          :
BETTY SCHNEIDER,                           :        CIVIL ACTION NO.
                              Plaintiffs,  :        3:01CV1798(DJS)
                                           :
                                           :
            v.                             :
                                           :
IRVIN RICHTER, HILL                        :
INTERNATIONAL, INC., HILL ARTS &           :
ENTERTAINMENT SYSTEMS, INC.                :
n/k/a HAESI SOFTWARE, INC.,                :
                              Defendants   :        March 31, 2005

## DEFENDANT HILL INTERNATIONAL, INC.'S SUPPLEMENTAL ANSWERS TO INTERROGATORIES PROPOUNDED BY PLAINTIFFS

41.    State name, home address, home telephone number, business address and
       business telephone number of each person Defendant HILL intends to call as a
       nonexpert witness during the trial of this matter.

       **See Defendants Irvin Richter and Hill International, Inc.'s List of Witnesses,
       which is part of their pretrial memorandum.**

42.    For each person Defendant HILL intends to call as an expert witness during the
       trial of this matter, state the name, profession, business address and business
       telephone number of the expert and for each such expert, state:

       **Although Defendant Hill International, Inc. believes that Steve N. Economu
       is a fact witness and not an expert witness, it provides the following
       information with respect to Mr. Economu:**

       (a)    His or her education background, giving the names of the educational
              institutions attended, the dates of attendance and degrees earned with dates
              thereof.

              **See resume of Steven N. Economu attached.**

       (b)    His or her professional specialty, if any.

              **See resume of Steven N. Economu attached.**



(c)     His or her experience within the field, giving the dates, names and addresses of employers, if any; dates, names and addresses of institutions with which he or she has been associated, if any and any other applicable experience, including dates and places.

**See resume of Steve N. Economu attached.**

(d)     The names of all professional associations or societies with which he or she has been related or has maintained membership, stating his or her status with each and the inclusive dates of such status.

**See resume of Steve N. Economu attached.**

(e)     The title, name of publication, name of publisher and date of publication, of any published articles, books, etc., authored by each such person.

**"Sale of a Company: 7 Different Approaches", Vol. 3 The Curtis Alert #3 (11/04); "Biotech: Call Me in the Morning", Vol. 4 The Curtis Alert #1 (2/03); "Biotech: High Fever", Vol. 3 The Curtis Alert #2 (5/04); "Business Software: Taking on the Giants", Vol. 2 The Curtis Alert #2 (6/03); "Use of Valuations in Connection with Fraudulent Conveyance FS/ES", Vol. 3 The Curtis Alert #1 (1/04).**

(f)     Whether he or she has ever been a witness in any other lawsuit and, if so, for each such lawsuit, give the name of the suit, the nature of the suit involved, the name of the court, the approximate date of the testimony and the name and address of the parties or attorneys for whom he or she gave evidence.

**See resume of Steve N. Economu for list of lawsuits in which Mr. Economu has served as an expert witness.**

43.     For each expert identified in Defendant HILL's answer to the previous Interrogatory, state the opinions to which the expert is expected to testify.

**See Fairness Opinion dated May 31, 1996, previously provided to Plaintiffs.**

44.     For each expert opinion set forth in Defendant HILL's answer to the previous Interrogatory and as to each fact that is in any way relied upon by such expert in arriving in his or her opinion, state:

(a)     The name and address of the person supplying such facts.

**See Fairness Opinion previously provided to Plaintiffs.**

(b)     The form in which such facts were supplied to him or her.

**See Fairness Opinion previously provided to Plaintiffs.**

STATE OF NEW JERSEY )
                     ) ss.
COUNTY OF Burlington )

   I, David L. Richter , duly authorized President & COO of
HILL INTERNATIONAL, INC., state under oath that the answers to these
Interrogatories are true, accurate and complete to the best of my knowledge and belief.

Subscribed and sworn to before me this 14th day of April , 2005.

Notary Public
My Commission Expires:

ERIN E. LESCHAK
NOTARY PUBLIC OF NEW JERSEY
MY COMMISSION EXPIRES MARCH 8, 2010

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that a true and accurate copy of the foregoing Defendant Hill

International, Inc.'s Supplemental Answers to Interrogatories Propounded by Plaintiffs

was served by United States first-class mail, postage prepaid, this 22nd day of April,

2005, upon:

Robert Sullivan, Esq.
190 Main Street
Westport, CT 06880

Carolyn W. Kone

# STEVE N. ECONOMOU

### Two Penn Center Plaza, Suite 1520
### Philadelphia, PA 19102-1728
### Telephone: 215-557-2219
### Facsimile: 215-972-2388
### Email: seconomou@curtisfinancial.com

**OVERVIEW:**

Mr. Economou has 20 years of diverse corporate finance experience, including mergers and acquisitions, private equity, management buyouts, and financial opinions including fairness and valuation opinions. Mr. Economou has completed hundreds of transactions and advisory assignments. He has also advised numerous public companies and portfolio companies of private equity firms. Mr. Economou's primary focus is providing financial advisory services to technology oriented; mid and small cap public; and mid-market private companies. He has spoken frequently to various groups on such topics as capital markets, mergers and acquisitions, valuations of technology companies, and industry consolidation

**PROFESSIONAL EXPERIENCE:**

CURTIS FINANCIAL GROUP, LLC, MARCH 2003 TO PRESENT
Managing Director

Curtis Financial Group LLC is a middle-market investment banking firm founded in 1994. Curtis is affiliated with Parente Randolph, LLC which is the leading independent accounting and consulting firm in Pennsylvania, and one of the top 30 in the U.S. Transaction advisory services provided by Curtis include representing owners of middle market companies in selling and divesting companies, mergers and acquisitions and raising capital. Corporate finance advisory services provided by Curtis include fairness and other independent opinions for fiduciaries and boards, strategic alternatives analyses, corporate valuations and valuations of intangible assets.

FLEETBOSTON FINANCIAL, MARCH 2001 TO DECEMBER 2002
Managing Director, Mergers and Acquisitions Group

FleetBoston was a $200 billion asset global financial institution and the largest bank holding company in New England until Bank of America acquired it. Fleet M&A Advisors provided merger and acquisition and corporate finance advisory services to customers of the bank throughout the country.

<u>HOWARD, LAWSON & CO, 1985 - 2001</u>
Managing Director and Principal

Howard, Lawson & Co. was a regional investment-banking boutique specializing in corporate finance advisory services and valuations for middle market companies. Mr. Economou began his career in the venture capital group of Howard, Lawson & Co. where he led direct investments in emerging growth technology companies and management buyouts. He was also a principal in the merchant banking affiliate of Howard, Lawson & Co.

### EDUCATION:

University of Cincinnati - MBA degree with a concentration in Finance, December 1982
University of Pittsburgh - BA degree in Economics., April 1981

### LICENSES:

NASD Licenses - Series 7 and 63

### PROFESSIONAL AFFILIATIONS:

- Greater Philadelphia Venture Group
- Association for Corporate Growth, Philadelphia Chapter
- Investment Committee of Ben Franklin Technology Partners of Southeastern Pennsylvania

### PRIOR EXPERIENCE AS AN EXPERT WITNESS:

The United States Bankruptcy Court for the Eastern District of Pennsylvania in re: The Official Committee of Unsecured Creditors of Xyan.com, Inc. vs. Banta Corporation as the expert for the Official Committee of Unsecured Creditors.

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

DIRK EPPERSON and
BETTY SCHNEIDER,                    :        CIVIL ACTION NO.
                     Plaintiffs,    :        3:01CV1798(DJS)
                                    :
          v.                        :
                                    :
IRVIN RICHTER, HILL                 :
INTERNATIONAL, INC., HILL ARTS &    :
ENTERTAINMENT SYSTEMS, INC.         :
n/k/a HAESI SOFTWARE, INC.,         :
                     Defendants     :        March 31, 2005
                                    :

## DEFENDANT HILL INTERNATIONAL, INC.'S SUPPLEMENTAL ANSWERS TO INTERROGATORIES PROPOUNDED BY PLAINTIFFS

41.   State name, home address, home telephone number, business address and
      business telephone number of each person Defendant HILL intends to call as a
      nonexpert witness during the trial of this matter.

      **See Defendants Irvin Richter and Hill International, Inc.'s List of Witnesses,
      which is part of their pretrial memorandum.**

42.   For each person Defendant HILL intends to call as an expert witness during the
      trial of this matter, state the name, profession, business address and business
      telephone number of the expert and for each such expert, state:

      **Although Defendant Hill International, Inc. believes that Steve N. Economu
      is a fact witness and not an expert witness, it provides the following
      information with respect to Mr. Economu:**

      (a)   His or her education background, giving the names of the educational
            institutions attended, the dates of attendance and degrees earned with dates
            thereof.

            **See resume of Steven N. Economu attached.**

      (b)   His or her professional specialty, if any.

            **See resume of Steven N. Economu attached.**


APR 2 5 2005

BY:_____

(c)     His or her experience within the field, giving the dates, names and addresses of employers, if any; dates, names and addresses of institutions with which he or she has been associated, if any and any other applicable experience, including dates and places.

**See resume of Steve N. Economu attached.**

(d)     The names of all professional associations or societies with which he or she has been related or has maintained membership, stating his or her status with each and the inclusive dates of such status.

**See resume of Steve N. Economu attached.**

(e)     The title, name of publication, name of publisher and date of publication, of any published articles, books, etc., authored by each such person.

**"Sale of a Company: 7 Different Approaches", Vol. 3 The Curtis Alert #3 (11/04); "Biotech: Call Me In the Morning", Vol. 4 The Curtis Alert #1 (2/03); "Biotech: High Fever", Vol. 3 The Curtis Alert #2 (5/04); "Business Software: Taking on the Giants", Vol. 2 The Curtis Alert #2 (6/03); "Use of Valuations in Connection with Fraudulent Conveyance FS/ES", Vol. 3 The Curtis Alert #1 (1/04).**

(f)     Whether he or she has ever been a witness in any other lawsuit and, if so, for each such lawsuit, give the name of the suit, the nature of the suit involved, the name of the court, the approximate date of the testimony and the name and address of the parties or attorneys for whom he or she gave evidence.

**See resume of Steve N. Economu for list of lawsuits in which Mr. Economu has served as an expert witness.**

43.     For each expert identified in Defendant HILL's answer to the previous Interrogatory, state the opinions to which the expert is expected to testify.

**See Fairness Opinion dated May 31, 1996, previously provided to Plaintiffs.**

44.     For each expert opinion set forth in Defendant HILL's answer to the previous Interrogatory and as to each fact that is in any way relied upon by such expert in arriving in his or her opinion, state:

(a)     The name and address of the person supplying such facts.

**See Fairness Opinion previously provided to Plaintiffs.**

(b)     The form in which such facts were supplied to him or her.

**See Fairness Opinion previously provided to Plaintiffs.**

STATE OF NEW JERSEY )
                    ) ss.
COUNTY OF Burlington

I, Dawn L. Richter , duly authorized President & COO                    of
HILL INTERNATIONAL, INC., state under oath that the answers to these
Interrogatories are true, accurate and complete to the best of my knowledge and belief.

Subscribed and sworn to before me this 14th day of April , 2005.

Notary Public
My Commission Expires:

ERIN E. LESCHAK
NOTARY PUBLIC OF NEW JERSEY
MY COMMISSION EXPIRES MARCH 8, 2010

## CERTIFICATE OF SERVICE

This is to certify that a true and accurate copy of the foregoing Defendant Hill

International, Inc.'s Supplemental Answers to Interrogatories Propounded by Plaintiffs

was served by United States first-class mail, postage prepaid, this 22nd day of April,

2005, upon:

Robert Sullivan, Esq.
190 Main Street
Westport, CT 06880

Carolyn W. Kone

# STEVE N. ECONOMOU

Two Penn Center Plaza, Suite 1520
Philadelphia, PA 19102-1728
Telephone: 215-557-2219
Facsimile: 215-972-2388
Email: seconomou@curtisfinancial.com

OVERVIEW:

Mr. Economou has 20 years of diverse corporate finance experience, including mergers and acquisitions, private equity, management buyouts, and financial opinions including fairness and valuation opinions. Mr. Economou has completed hundreds of transactions and advisory assignments. He has also advised numerous public companies and portfolio companies of private equity firms. Mr. Economou's primary focus is providing financial advisory services to technology oriented; mid and small cap public; and mid-market private companies. He has spoken frequently to various groups on such topics as capital markets, mergers and acquisitions, valuations of technology companies, and industry consolidation

PROFESSIONAL EXPERIENCE:

CURTIS FINANCIAL GROUP, LLC, MARCH 2003 TO PRESENT
Managing Director

Curtis Financial Group LLC is a middle-market investment banking firm founded in 1994. Curtis is affiliated with Parente Randolph, LLC which is the leading independent accounting and consulting firm in Pennsylvania, and one of the top 30 in the U.S. Transaction advisory services provided by Curtis include representing owners of middle market companies in selling and divesting companies, mergers and acquisitions and raising capital. Corporate finance advisory services provided by Curtis include fairness and other independent opinions for fiduciaries and boards, strategic alternatives analyses, corporate valuations and valuations of intangible assets.

FLEETBOSTON FINANCIAL, MARCH 2001 TO DECEMBER 2002
Managing Director, Mergers and Acquisitions Group

FleetBoston was a $200 billion asset global financial institution and the largest bank holding company in New England until Bank of America acquired it. Fleet M&A Advisors provided merger and acquisition and corporate finance advisory services to customers of the bank throughout the country.

HOWARD, LAWSON & CO, 1985 - 2001
Managing Director and Principal

Howard, Lawson & Co. was a regional investment-banking boutique specializing in corporate finance advisory services and valuations for middle market companies. Mr. Economou began his career in the venture capital group of Howard, Lawson & Co. where he led direct investments in emerging growth technology companies and management buyouts. He was also a principal in the merchant banking affiliate of Howard, Lawson & Co.

EDUCATION:

University of Cincinnati - MBA degree with a concentration in Finance, December 1982
University of Pittsburgh - BA degree in Economics., April 1981

LICENSES:

NASD Licenses - Series 7 and 63

PROFESSIONAL AFFILIATIONS:

- Greater Philadelphia Venture Group
- Association for Corporate Growth, Philadelphia Chapter
- Investment Committee of Ben Franklin Technology Partners of Southeastern Pennsylvania

PRIOR EXPERIENCE AS AN EXPERT WITNESS:

The United States Bankruptcy Court for the Eastern District of Pennsylvania in re: The Official Committee of Unsecured Creditors of Xyan.com, Inc. vs. Banta Corporation as the expert for the Official Committee of Unsecured Creditors.

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

DIRK EPPERSON and                      :
BETTY SCHNEIDER,                       :        CIVIL ACTION NO.
                        Plaintiffs,    :        3:01CV1798(DJS)
                                       :
            v.                         :
                                       :
IRVIN RICHTER, HILL                    :
INTERNATIONAL, INC., HILL ARTS &       :
ENTERTAINMENT SYSTEMS, INC.            :
n/k/a HAESI SOFTWARE, INC.,            :
                        Defendants     :        March 31, 2005

## DEFENDANT IRVIN RICHTER'S SUPPLEMENTAL ANSWERS TO INTERROGATORIES PROPOUNDED BY PLAINTIFFS

35.    State name, home address, home telephone number, business address and
       business telephone number of each person you intend to call as a nonexpert
       witness during the trial of this matter.

       **See Defendants Irvin Richter and Hill International, Inc.'s List of Witnesses,
       which is part of their pretrial memorandum.**

36.    For each person you intend to call as an expert witness during the trial of this
       matter, state the name, profession, business address and business telephone
       number of the expert and for each such expert, state:

       **Although Defendant Irvin Richter believes that Steve N. Economu is a fact
       witness and not an expert witness, he provides the following information with
       respect to Mr. Economu:**

       (a)    His or her education background, giving the names of the educational
              institutions attended, the dates of attendance and degrees earned with dates
              thereof.

              **See resume of Steven N. Economu attached.**

       (b)    His or her professional specialty, if any.

              **See resume of Steven N. Economu attached.**


RECEIVED
APR 2 5 2005
BY: ------------

(c)   His or her experience within the field, giving the dates, names and addresses of employers, if any; dates, names and addresses of institutions with which he or she has been associated, if any and any other applicable experience, including dates and places.

**See resume of Steve N. Economu attached.**

(d)   The names of all professional associations or societies with which he or she has been related or has maintained membership, stating his or her status with each and the inclusive dates of such status.

**See resume of Steve N. Economu attached.**

(e)   The title, name of publication, name of publisher and date of publication, of any published articles, books, etc., authored by each such person.

**"Sale of a Company: 7 Different Approaches", Vol. 3 The Curtis Alert #3 (11/04); "Biotech: Call Me in the Morning", Vol. 4 The Curtis Alert #1 (2/03); "Biotech: High Fever", Vol. 3 The Curtis Alert #2 (5/04); "Business Software: Taking on the Giants", Vol. 2 The Curtis Alert #2 (6/03); "Use of Valuations in Connection with Fraudulent Conveyance FS/ES", Vol. 3 The Curtis Alert #1 (1/04).**

(f)   Whether he or she has ever been a witness in any other lawsuit and, if so, for each such lawsuit, give the name of the suit, the nature of the suit involved, the name of the court, the approximate date of the testimony and the name and address of the parties or attorneys for whom he or she gave evidence.

**See resume of Steve N. Economu for list of lawsuits in which Mr. Economu has served as an expert witness.**

37.   For each expert identified in answer to the previous Interrogatory, state the opinions to which the expert is expected to testify.

**See Fairness Opinion dated May 31, 1996, previously provided to Plaintiffs.**

38.   For each expert opinion set forth in answer to the previous Interrogatory and as to each fact that is in any way relied upon by such expert in arriving in his or her opinion, state:

(a)   The name and address of the person supplying such facts.

**See Fairness Opinion previously provided to Plaintiffs.**

(b)   The form in which such facts were supplied to him or her.

**See Fairness Opinion previously provided to Plaintiffs.**

STATE OF NEW JERSEY )
                       ) ss.
COUNTY OF Burlington )

     I, **IRVIN RICHTER**, state under oath that the answers to these Interrogatories are true, accurate and complete to the best of my knowledge and belief.

Subscribed and sworn to before me this ___ day of _____, 2005.

_____
Notary Public
My Commission Expires:

ERIN E. LESCHAK
NOTARY PUBLIC OF NEW JERSEY
MY COMMISSION EXPIRES MARCH 6, 2010

## CERTIFICATE OF SERVICE

This is to certify that a true and accurate copy of the foregoing Defendant Irvin

Richter's Supplemental Answers to Interrogatories Propounded by Plaintiffs was served

by United States first-class mail, postage prepaid, this 22nd day of April, 2005, upon:

Robert Sullivan, Esq.
190 Main Street
Westport, CT 06880

Carolyn W. Kone

# STEVE N. ECONOMOU

**Two Penn Center Plaza, Suite 1520**
**Philadelphia, PA 19102-1728**
**Telephone: 215-557-2219**
**Facsimile: 215-972-2388**
**Email: seconomou@curtisfinancial.com**

OVERVIEW:

Mr. Economou has 20 years of diverse corporate finance experience, including mergers and acquisitions, private equity, management buyouts, and financial opinions including fairness and valuation opinions.    Mr. Economou has completed hundreds of transactions and advisory assignments.  He has also advised numerous public companies and portfolio companies of private equity firms.  Mr. Economou's primary focus is providing financial advisory services to technology oriented; mid and small cap public; and mid-market private companies.  He has spoken frequently to various groups on such topics as capital markets, mergers and acquisitions, valuations of technology companies, and industry consolidation

PROFESSIONAL EXPERIENCE:

CURTIS FINANCIAL GROUP, LLC, MARCH 2003 TO PRESENT
Managing Director

Curtis Financial Group LLC is a middle-market investment banking firm founded in 1994.  Curtis is affiliated with Parente Randolph, LLC which is the leading independent accounting and consulting firm in Pennsylvania, and one of the top 30 in the U.S.  Transaction advisory services provided by Curtis include representing owners of middle market companies in selling and divesting companies, mergers and acquisitions and raising capital.  Corporate finance advisory services provided by Curtis include fairness and other independent opinions for fiduciaries and boards, strategic alternatives analyses, corporate valuations and valuations of intangible assets.

FLEETBOSTON FINANCIAL, MARCH 2001 TO DECEMBER 2002
Managing Director, Mergers and Acquisitions Group

FleetBoston was a $200 billion asset global financial institution and the largest bank holding company in New England until Bank of America acquired it.  Fleet M&A Advisors provided merger and acquisition and corporate finance advisory services to customers of the bank throughout the country.

HOWARD, LAWSON & CO, 1985 - 2001
Managing Director and Principal

Howard, Lawson & Co. was a regional investment-banking boutique specializing in corporate finance advisory services and valuations for middle market companies. Mr. Economou began his career in the venture capital group of Howard, Lawson & Co. where he led direct investments in emerging growth technology companies and management buyouts. He was also a principal in the merchant banking affiliate of Howard, Lawson & Co.

EDUCATION:

University of Cincinnati - MBA degree with a concentration in Finance, December 1982
University of Pittsburgh - BA degree in Economics., April 1981

LICENSES:

NASD Licenses - Series 7 and 63

PROFESSIONAL AFFILIATIONS:

- Greater Philadelphia Venture Group
- Association for Corporate Growth, Philadelphia Chapter
- Investment Committee of Ben Franklin Technology Partners of Southeastern Pennsylvania

PRIOR EXPERIENCE AS AN EXPERT WITNESS:

The United States Bankruptcy Court for the Eastern District of Pennsylvania in re: The Official Committee of Unsecured Creditors of Xyan.com, Inc. vs. Banta Corporation as the expert for the Official Committee of Unsecured Creditors.