UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
------------------------------------------------------- :
DIRK EPPERSON and BETTY SCHNEIDER :
                                                       :    No.3:01CV1798  (AWT)
                              Plaintiffs      :
                      v.                               :
                                                       :
IRVIN RICHTER, HILL INTERNATIONAL, INC., :
HILL ARTS & ENTERTAINMENT SYSTEMS, :         May 27, 2008
INC. n/k/a HAESI SOFTWARE, INC.                :
                              Defendants      :
------------------------------------------------------- 
```

**PLAINTIFFS' MEMORANDUM IN OPPOSITION TO
DEFENDANTS' MOTION IN LIMINE RE: PAROLE EVIDENCE**

**INTRODUCTION AND SUMMARY OF ARGUMENT**

On April 23, 1997, this court entered judgment against Defendant HAESI in case

No. 3:95cv2131. Plaintiffs had sued only HAESI on the contract. Plaintiffs made no claim

that the contract upon which they sued HAESI had created a contract relationship with

corporate parents, subsidiaries or affiliates.

The subject suit is to pierce HAESI's corporate veil. HAESI has refused to pay a

judgment entered by this court. Plaintiffs have not asserted any claim that the original

contract created a contract relationship with corporate parents, subsidiaries or affiliates.

They have made no effort to vary or contradict the language of the contract, or to claim that

it is ambiguous. Indeed, the subject claim is not a contract claim. It is an equitable claim

to pierce a corporate veil.

As is demonstrated below, parol evidence is not, in and of itself, inadmissible.  It is precluded only in narrow circumstances, where a contract is the subject of the very litigation before the court, and a party is attempting to vary or contradict the plain terms of the contract to produce a result which is inconsistent with those terms.

Plaintiffs here are not suing on the contract.  The contract litigation concluded with a judgment in favor of plaintiffs against HAESI. Plaintiffs are not claiming that these defendants were, by virtue of the contract, parties to the contract.  They are claiming that defendants' failure to capitalize the corporation, as they said they would, is an act of wrongdoing or injustice which the court may consider in evaluating the alter ego claim. Moreover, even if this were an action on a contract, as is demonstrated below, fraud in the inducement, and oral agreements not inconsistent with the terms of the contract are among the many exceptions to the parol evidence rule.

There is no language in the contract pursuant to which plaintiffs agreed to waive claims of abuse of the corporate privilege by Irv Richter or Hill.  Defendants have cited no law that says the existence of a contract, with or without merger or integration, precludes the introduction of evidence of capitalization promises, fraud in the inducement, or other wrongdoing as factors in support of disregarding the corporate veil.  Plaintiffs have been unable to find any such law.

## ARGUMENT

At page 6 of their memorandum, defendants purport to quote Colliers, Dow and Condon, Inc., v. Schwartz, 77 Conn App. 462 as follows:

> Under Connecticut law, "[t]he parol evidence rule is:
> 'premised upon the idea that when the parties have
> deliberately put their engagements into writing, in such terms

–2–

as import a legal obligation, without any uncertainty as to the object or extent of such engagement, it is conclusively presumed, that the whole engagement of the parties, and the extent and manner of their understanding, was reduced to writing. After this, to permit oral testimony, or prior or contemporaneous conversations, or usages [etc.], in order to learn what was intended, or to contradict what is written, would be dangerous and unjust in the extreme....'

The ellipsis at the end is significant because it marks the point in that opinion where the defendants stopped quoting the Connecticut Appellate Court.  It is also marks, precisely, the point in the paragraph where the language which actually applies to this case begins.  The entirety of that paragraph, beginning just following the ellipsis is as follows:

"The parol evidence rule does not of itself, therefore, forbid the presentation of parol evidence, that is, evidence outside the four corners of the contract concerning matters covered by an integrated contract, but forbids only the use of such evidence to vary or contradict the terms of such a contract. Parol evidence offered solely to vary or contradict the written terms of an integrated contract is, therefore, legally irrelevant. When offered**442 for that purpose, it is inadmissible not because it is parol evidence, but because it is irrelevant. By implication, such evidence may still be admissible if relevant ... to show mistake or fraud.... [This] *467 recognized [exception is], of course, only [an example] of [a situation] where the evidence ... tends to show that the contract should be defeated or altered on the equitable ground that relief can be had against any deed or contract in writing founded in mistake or fraud." (Citations omitted; internal quotation marks omitted.) Heyman Associates No. 1 v. Ins. Co. of Pennsylvania, 231 Conn. 756, 780-81, 653 A.2d 122 (1995).

Id., Page 442.

In the above passage selected by defendants, the Connecticut Appellate Court was quoting the Connecticut Supreme Court in <u>Heyman</u>.  While purporting to state the parole evidence rule in Connecticut, the defendants stopped in the middle of a quote from the

Connecticut Supreme Court, leaving out the language which most directly relates to this case.

They did the same thing with the Second Circuit opinion in <u>Mfrs. Hanover Trust Co v. Yanakas</u>, 7 F.3d 310 (2d Cir. 1993). At page 3 of their brief, they set forth the following quote from that case:

> "Under New York law, ..., if a contract recites that all of the parties' agreements are merged in the written document, parol evidence is not admissible to vary, or permit escape from, the terms of the integrated contract."

They left out, however, the rest of the paragraph, which reads as follows:

> Such a general merger clause is ineffective, however, to preclude parol evidence that a party was induced to enter the contract by means of fraud. See, e.g., <u>Sabo v. Delman</u>, 3 N.Y.2d 155, 161-62, 164 N.Y.S.2d 714, 717-19, 143 N.E.2d 906 (1957); <u>Bridger v. Goldsmith</u>, 143 N.Y. 424, 428, 38 N.E. 458, 459 (1894) (general rule is that "fraud vitiates every transaction"). Thus, even when the contract contains "an omnibus statement that the written instrument embodies the whole agreement, or that no representations have been made," a party may escape liability under the contract by establishing that he was induced to enter the contract by fraud. <u>Danann Realty Corp. v. Harris</u>, 5 N.Y.2d 317, 320, 184 N.Y.S.2d 599, 601-02, 157 N.E.2d 597, 598-99 (1959) ("<u>Danann</u>"); see also id. at 320-21, 184 N.Y.S.2d at 601-02 (citing, inter alia, <u>Sabo v. Delman</u> and <u>Bridger v. Goldsmith</u>).

That omission takes on even greater significance in the paragraphs which follow on pages 3 through 5 of their brief, as it forms the foundation for their effort to create the impression that parol evidence is not admissible, even in cases of fraud.

In <u>Heyman</u>, the Connecticut Supreme Court provided a succinct statement of what the parole evidence is and what it is not. The following is the full quote from <u>Heyman</u>, with emphasis on passages which demonstrate that the defendants' motion is without merit:

> "***The parol evidence rule*** does not of itself, therefore, forbid
> the presentation of 'parol evidence,' that is, evidence outside
> the four corners of the contract concerning matters governed

– 4 –

by an integrated contract, but ***forbids only the use of such evidence to vary or contradict the terms of such a contract***. Parol evidence offered solely to vary or contradict the written terms of an integrated contract is, therefore, legally irrelevant. When offered for that purpose, it is inadmissible not because it is parol evidence, but because it is irrelevant. By implication, ***such evidence may still be admissible if relevant '(1) to explain an ambiguity appearing in the instrument; (2) to prove a collateral oral agreement which does not vary the terms of the writing; (3) to add a missing term in a writing which indicates on its face that it does not set forth the complete agreement; or (4) to show mistake or fraud.*** *781 <u>Jay Realty, Inc. v. Ahearn Development Corporation</u>, 189 Conn. 52, 56, 453 A.2d 771 (1983). ***These recognized 'exceptions' are, of course, only examples of situations where the evidence (1) does not vary or contradict the contract's terms, or (2) may be considered because the contract has been shown not to be integrated; or (3) tends to show that the contract should be defeated or altered on the equitable ground that 'relief can be had against any deed or contract in writing founded in mistake or fraud.*** <u>Noble v. Comstock</u>, 3 Conn. 295, 299 (1820); see also <u>Dale v. Gear</u>, 38 Conn. 15, 18-19 (1871) (***agency, trust, equitable relation or equity may be shown by parol evidence***)." <u>TIE Communications, Inc. v. Kopp</u>, 218 Conn. 281, 288-89, 589 A.2d 329 (1991).

This is an action to pierce a corporate veil. It is not an action on the contract. The contract action has been fully litigated, with judgment having been entered for Plaintiffs.

One of the many factors to which the court may look in piercing the corporate veil is whether the plaintiffs were improperly induced to enter into a contract with the corporation. <u>Campisano v. Nardi</u>, 212 Conn. 282, 294 (1989).

There is no basis in law or the facts for the proposition urged on this court by the defendants.

The motion should be denied.

–5–

Respectfully submitted,
THE PLAINTIFFS


                /s/ Robert J. Sullivan, Jr.
By_____
    Robert J. Sullivan, Jr.
    LAW OFFICES OF ROBERT SULLIVAN
    190 Main Street
    Westport, CT 06880
    Tel. No. (203) 227-1404
    Federal Bar Number CT08969

## CERTIFICATE OF SERVICE

      I hereby certify that on May 27, 2008, a copy of the foregoing document was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system, or by mail to anyone unable to accept electronic filing.  Parties may access this filing through the Court's system.

      /s/ Robert J. Sullivan, Jr.

      _____

      Robert J. Sullivan, Jr.
      LAW OFFICES OF ROBERT SULLIVAN
      190 Main St.,   Westport, CT 06880
      Phone:  203/227-1404
      Fax: 203/226-6403
      Federal Bar No. CT08969
      E-mail: rjslaw@optonline.net; rjslawdl@optonline.net

−7−