UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---------------------------------------------------------- :
DIRK EPPERSON and BETTY SCHNEIDER : 
                                                                       : No.3:01CV1798 (AWT)
                       Plaintiffs        :
               v.                            :
                                           :
IRVIN RICHTER, HILL INTERNATIONAL, INC., :
HILL ARTS & ENTERTAINMENT SYSTEMS, : May 27, 2008
INC. n/k/a HAESI SOFTWARE, INC. :
                     Defendants   :
---------------------------------------------------------- 

**PLAINTIFFS' MEMORANDUM IN OPPOSITION TO MOTION IN
LIMINE RE: DEFENSE OF ALTER EGO
AND FRAUDULENT CONVEYANCE CLAIMS**

On the first page of their memorandum, the defendants make the claim that their litigation tactics "... were for the most part successful and ... in all instances, ... proper." It is rather difficult to square that with this court's having ordered the last of their incessant jurisdictional challenges forfeited, explaining that: "To re-examine the propriety of Connecticut as a forum at this stage of the litigation as a whole would be to countenance an expensive and intolerable jurisdictional carousel." Memorandum of Decision, <u>Epperson v. Entertainment Express, Inc., n/k/a Advantix, Inc.; Irvin Richter, Hill International, Inc.; Hill Arts & Entertainment Systems, Inc., n/k/a HAESI software, Inc.</u>, Docket No. 3:99cv778 dated 9/24/04.

Defendants cite no law for the proposition that this court should not consider their dilatory tactics. They fail to point out to the court that this court has already ruled that their

disregard of a court ordered judgment, including the use of dilatory litigation tactics, are properly before this court on an alter ego claim.

On September 24, 2004, in ruling on the parties' summary judgment motions in this case, Hon. Dominic Squatrito made the following observations:

> Generally speaking, liability under the instrumentality approach is imposed where the corporate form is used to perpetrate some kind of wrongful act for the benefit of one who controls the corporation. See Zeist, 154 Conn. at 578
> Page 25
>
> . . .
>
> "The instrumentality rule merely requires the trial court to find that the defendants committed an unjust act in contravention of the plaintiff's legal rights." Toshiba America Medical Systems, Inc. v. Mobile Medical System, Inc., 53 Conn. App. 484, 491 (2999).
> Page 28
>
> . . .
>
> Plaintiffs have offered sufficient evidence for trier of fact to find that defendants' alleged conduct is sufficiently wrongful to potentially justify disregarding the corporate form. Defendants' description of HAESI's obligation to plaintiffs is narrowly drawn; the evidence in the record could support a more broad characterization of HAESI's obligation. Here, the evidence could support the conclusion that HAESI's failure to pay the balance owed on the August 2, 2988 contract culminated in the entry of the April 23, 2998 default judgment. ***Thus, the obligation could be characterized as the failure to satisfy a judgment*** in addition to the failure to pay the balance of a sum due under a contract. As opposed to the mere breach of a contract, ***the use of the corporation form to avoid paying an obligation incurred by contract that is reduced to a judgment could be sufficient to satisfy the instrumentality rule***. See Davenport v. Quinn, 53 Conn. App. 282, 301 (1999) (considering the diversion of assets from corporate entity in order to avoid payment of judgment in favor of plaintiff a wrongful act with respect to the transaction in satisfaction of the instrumentality test).
> Pages 29-30, Emphasis Added.

-2-

> . . .
>
> Further, plaintiffs cite numerous allegedly ***dilatory litigation tactics*** on the part of defendants in the First Action, which could support the claim that defendants were trying to stall or delay satisfaction of HAESI's obligation to plaintiffs.
> Page 32, Emphasis Added.
>
> . . .
>
> Richter, as the financial driving force behind the thicket of corporate activity recounted in the record, allegedly participated in the procurement of the contract and reaped the benefit of plaintiffs' labor. Plaintiffs have presented enough evidence for the trier of fact to conclude, although not necessarily to conclude, that ***Richter*** dominated HAESI's affairs and ***was able to manipulate corporate transactions to avoid compensating plaintiffs for the benefit the conferred upon him even when they obtained a judgment therefor***.
> Page 34. Emphasis Added.

Defendants have cited no law in support of their claim that litigation tactics, the result of which is the jurisdictional carousel of which this court has spoken, should not be considered by this court, sitting in equity, on an alter ego case.

In assessing defendants purported recitation of the procedural history of the case at pages 2 through 4 of their memorandum, Plaintiffs respectfully request that the court take judicial notice of the actual procedural history as reflected in the trial memorandum, as well as Plaintiffs Opposition to Motion to Preclude the Testimony of Plaintiffs' Expert Witness, Walter C. King. It will be readily seen that defendants' claim of overwhelming success in their litigation pursuits cannot be supported when, after all of the jurisdictional challenges producing trips to California and New Jersey over the course of 10 years, this matter right back where it started in the United States District Court for Connecticut.

LAW OFFICES OF ROBERT SULLIVAN  190 Main Street  Westport, CT 06880  Tel. 227-1404  Juris No. 405837 Federal Bar No. CT08969

**CONCLUSION**

Defendants respectfully request that the court deny this motion.

          Respectfully submitted,
          THE PLAINTIFFS

          /s/ Robert J. Sullivan, Jr.
By_____
  Robert J. Sullivan, Jr.
  LAW OFFICES OF ROBERT SULLIVAN
  190 Main Street
  Westport, CT 06880
  Tel. No. (203) 227-1404
  Federal Bar Number CT08969

## **CERTIFICATE OF SERVICE**

    I hereby certify that on May 27, 2008, a copy of the foregoing document was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system, or by mail to anyone unable to accept electronic filing.  Parties may access this filing through the Court's system.

    /s/ Robert J. Sullivan, Jr.
_____
Robert J. Sullivan, Jr.
LAW OFFICES OF ROBERT SULLIVAN
190 Main St.,   Westport, CT 06880
Phone:  203/227-1404
Fax: 203/226-6403
Federal Bar No. CT08969
E-mail: rjslaw@optonline.net; rjslawdl@optonline.net

-5-