UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| DIRK EPPERSON and<br>BETTY SCHNEIDER,<br><br>　　　　　Plaintiffs,<br>　　v.<br><br>IRVIN RICHTER, HILL<br>INTERNATIONAL, INC., HILL ARTS &<br>ENTERTAINMENT SYSTEMS, INC.<br>n/k/a HAESI SOFTWARE, INC.,<br><br>　　　　　Defendants. | CIVIL ACTION NO.<br>3:01CV1798(AWT)<br><br><br><br><br><br><br>JUNE 18, 2008 |

**REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION
IN LIMINE RE: DEFENSE OF ALTER EGO AND FRAUDULENT
CONVEYANCE CLAIMS**

I.　　INTRODUCTION

　　Defendants Hill International, Inc. and Irvin Richter ("Defendants") have moved to exclude evidence that Plaintiffs intend to offer about actions taken by Defendants to dismiss the four alter ego and fraudulent conveyance actions brought by Plaintiffs against them, because such evidence is completely irrelevant to Plaintiffs' veil piercing claims and could involve the disqualification of both parties' counsel. In Plaintiffs' Memorandum in Opposition to Motion in Limine Re: Defense of Alter Ego and Fraudulent Conveyance Claims ("Plaintiffs' Opposition"), Plaintiffs have failed to offer any valid reason why such evidence is relevant or material to the issues before the Court in this alter ego case. Rather, Plaintiffs have mischaracterized Judge Squatrito's ruling on the parties' cross motions for summary judgment and have taken the untenable position that the jurisdictional challenges by Defendants to the alter

ego/fraudulent conveyance cases brought against them by Plaintiffs are relevant, because such challenges were "dilatory litigation tactics" and caused a delay by Plaintiffs in collecting the default judgment entered in Epperson v. Hill Arts & Entertainment Systems, Inc., 3:95CV2131(DJS) (the "Underlying Action") (Plaintiffs' Opposition at 1-2), Because such evidence is not probative of Defendants' control of Hill A&E and would require the court to consider the complete litigation histories of three other cases, including Plaintiffs' own failures to prosecute this action,[1] Defendants' Motion in Limine should be granted.

II.   DISCUSSION

    A.   Evidence of Defendants' Defense of the Fraudulent Conveyance and Alter Ego Actions Is Unrelated to Defendants' Alleged Domination of Hill Arts & Entertainment Systems, Inc. and Therefore Is Irrelevant to this Case

In Plaintiffs' Opposition, Plaintiffs write that Defendants "fail to point out to the court that this court has already ruled that their disregard of a court ordered judgment, including the use of dilatory litigation tactics, are properly before this court on an alter ego claim." (Plaintiffs' Opposition at 1-2). First, the Court in this case has made no determinations that Defendants disregarded a court ordered judgment. See Epperson v. Richter, No. 3:01CV1798(DJS), 2004 U.S. Dist. LEXIS 19631 (D. Conn. Sept. 24,

---

[1] For example, much of the delay in this case is due to Plaintiffs' repeated requests for extensions of time. Plaintiffs requested no fewer than 12 extensions of time to file the Joint Pretrial Memorandum over a two year period (see Dkt. #s 88, 90, 92, 94, 97, 99, 101, 103, 106, 110, 125, and 127). In addition, there were three joint motions for extension of time to file the Joint Pretrial Memorandum, one of which was occasioned by Plaintiffs' filing an untimely jury demand (see Dkt. #s 86, 122 and 129). In addition, Plaintiffs requested no fewer than 19 extensions of time to reply to Defendants' Motion to Preclude and Motions in Limine (see Dkt. #s 139, 141, 143, 145, 147, 149, 151, 153, 155, 157, 174, 176, 178, 179, 183, 185, 187, 189, and 191). Plaintiffs' delays in prosecuting this case would need to be considered at trial if Plaintiffs are permitted to introduce evidence about Defendants' jurisdictional defenses to the four fraudulent conveyance and alter ego actions brought against them.

2004). Rather, this Court, when deciding the parties' cross motions for summary judgment, reviewed what evidence could constitute a "wrongful act" for which Hill Arts & Entertainment Systems, Inc. ("Hill A&E") was allegedly used by Defendants as an instrumentality. <u>Id.</u> at 2004 U.S. Dist. LEXIS 19631, at *39. This Court determined that "the failure to satisfy a judgment in addition to the failure to pay the balance of a sum due under a contract" is an obligation which could constitute such a "wrongful act" in an alter ego case. <u>Id.</u>

Second, the language of the Court's decision cited by Plaintiffs in their Opposition at 3 references "<u>the use of the corporate form</u> to avoid paying an obligation incurred by contract that is reduced to a judgment. . . ." <u>Id.</u> at 39. (emphasis added) (Plaintiffs' Opposition at 3). The evidence that Plaintiffs now propose to offer about Defendants' jurisdictional defenses to this action, the Fraudulent Conveyance Action, the Underlying Action, and the California Action (as defined in Defendants' Memorandum In Support of Motion In Limine dated January 29, 2008) does not concern the use of the corporate form of Hill A&E. Such conduct involves the assertion of jurisdictional defenses by Defendants themselves to the numerous cases brought against them. None of this evidence involves the domination by Defendants of another corporation as is required by the instrumentality rule for piercing the corporate veil.

Similarly, this Court has not ruled that Defendants used dilatory litigation tactics as claimed by Plaintiffs. (Plaintiffs' Opposition at 2-3). Rather this Court referred to "<u>allegedly</u> dilatory litigation tactics on the part of Defendants in the Underlying Action, which could support the claim that Defendants were trying to stall or delay satisfaction of HAESI's obligations to plaintiffs." <u>Id.</u> at 2004 U.S. Dist. LEXIS 1963, at *43 (emphasis

added). The evidence of "dilatory litigation tactics" offered by Plaintiffs in support of their motion for summary judgment concerned Hill A&E's defense of the First Action and not Defendants' jurisdictional challenge in the First Action, which challenge this Court agreed with and on which it based its judgment in favor of Defendants.

In sum, the evidence that Plaintiffs now seek to offer at trial in this action about Defendants' defense of the four fraudulent conveyance and alter ego cases is unrelated to Defendants' alleged domination of Hill A&E and will require this court to consider at trial the litigation histories and the conduct of both parties in this and these three other cases. All of this evidence is unrelated to the central issues of this alter ego case, which are the degree of control by Defendants over Hill A&E's affairs and any wrongful conduct by Hill A&E.

III. <u>CONCLUSION</u>

For the foregoing reasons and those stated In Defendants' Memorandum in Support of Motion in Limine Re: Defense of Alter Ego and Fraudulent Conveyance Claims, Defendants' Motion in Limine should be granted.

DEFENDANTS
IRVIN RICHTER and HILL INTERNATIONAL, INC.,

BY  */s/ Carolyn W. Kone*
Carolyn W. Kone (CT 06207)
Brenner, Saltzman & Wallman LLP
Their Attorneys
271 Whitney Ave.
New Haven, CT 06511
Tel. (203) 772-2600
Fax (203) 562-2098
E-mail: ckone@bswlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on June 18, 2008, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing.

/s/ *Carolyn W. Kone*
Carolyn W. Kone