UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| DIRK EPPERSON and<br>BETTY SCHNEIDER,<br><br>          Plaintiffs,<br>v.<br><br>IRVIN RICHTER, HILL<br>INTERNATIONAL, INC., HILL ARTS &<br>ENTERTAINMENT SYSTEMS, INC.<br>n/k/a HAESI SOFTWARE, INC.,<br><br>          Defendants. | CIVIL ACTION NO.<br>3:01CV1798(AWT)<br><br><br><br><br><br><br>JUNE 18, 2008 |

## REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION IN LIMINE RE: PAROL EVIDENCE

I.    Introduction

Defendants have moved in limine to preclude Plaintiff Dirk Epperson

("Epperson") from testifying that he received assurances that the contract that

Performing Arts Technology, Inc. ("PAT") entered into with Hill Arts & Entertainment

Systems, Inc. ("Hill A& E")(the "Agreement") would be funded by Defendants Irvin

Richter and Hill International, Inc. ("Defendants") and that Defendants would bear

ultimate responsibility for payment of the Agreement, because such testimony violates

the parol evidence rule, as these oral statements are in direct conflict with the plain

terms of the Agreement, which provide, "The contract relationship created hereby is

between specific entities, and does not include corporate parents, subsidiaries or

affiliates." Plaintiffs claim that the parol evidence rule is inapplicable to this situation

because: (i) they are not seeking to contradict the above quoted contractual language,

(ii) this is not an action on the contract, and the parol evidence rule only applies to

contract litigation and (iii) fraud in the inducement is an exception to the parol evidence rule. (Plaintiffs' Memorandum in Opposition to Defendants' Motion in Limine Re: Parol Evidence ("Plaintiffs' Opposition") at 1-2). As set forth below, Plaintiffs' purported testimony directly contradicts the Agreement, the parol evidence rule is not limited to contract actions, under New York law, fraud in the inducement is not an exception to the parol evidence rule, if the contract language at issue specifically concerns the matters for which plaintiffs seek to offer contradictory oral testimony, which is the case here, and under Connecticut law, fraud in the inducement is an exception to the parol evidence rule if the misrepresentations concerned the legal effect of the contract terms, which is not claimed in this action.

II.    Discussion

      A.    Plaintiffs' Proposed Testimony that Defendants Would Fund the Contract or Fund Hill A&E is Directly Contradicted By the Disclaimer in the Agreement

Plaintiffs claim that there is no conflict between their proposed testimony that there were promises by Defendants to capitalize the Agreement and that Defendants would bear ultimate responsibility for payment under the Agreement (see page 2 of the Joint Trial Memorandum) and the language in the Agreement that there is no contractual relationship between PAT and Defendants, because they are not claiming that they had a contract with Defendants but rather are suing to pierce the corporate veil to collect a judgment.[1] (Plaintiffs' Opposition at 1-2). On the other hand, Plaintiffs also indicate that they plan to offer evidence that they were fraudulently induced by

---

[1] The proposed testimony in Plaintiffs' Opposition that Plaintiffs would capitalize Hill A&E is different from the proposed testimony in the Pretrial Memorandum that Mr. Epperson received assurances as to the funding of the Agreement by Defendants and that Defendants would bear ultimate responsibility for payment of the Agreement.

Defendants to enter into the Agreement by promises of payment by Defendants and have cited Campisano v. Nardi, 212 Conn. 282, 294 (1989) for the proposition that, "[o]ne of the many factors to which the court may look in piercing the corporate veil is whether the plaintiffs were improperly induced to enter into a contract with the corporation." (Plaintiffs' Opposition at 5). In Campisano, the Connecticut Supreme Court noted that improper inducement to enter into a contract was a factor in an alter ego case but found that the plaintiffs in that case "never claimed that they were unaware that their contract was with the corporation" whose veil the plaintiffs sought to pierce. Id. at 294.n.5.

Here, Plaintiffs contend that they had been misled into entering into a contract with Hill A&E, because they had been allegedly promised that Defendants would either fund the contract and assume responsibility for paying PAT or capitalize Hill A&E. This claim is an assertion that Plaintiffs were misled into believing that the ultimate contractual obligation to pay Plaintiffs would rest with Defendants. Testimony about such alleged false promises is at odds with the clear disclaimer in the Agreement that the "contractual relationship" of PAT was with Hill A&E and not with Defendants. Such testimony would therefore produce a result which is inconsistent with the terms of the Agreement – that Hill A&E and not Defendants was responsible for payment for PAT's services and is therefore barred by the parol evidence rule. See Alstom Power, Inc. v. Balcke-Durr, Inc., 269 Conn. 599, 849 (2004).

B.    The Parol Evidence Rule Applies to Actions Other than Those to Enforce a Contract

There is no authority for the proposition advanced by Plaintiffs that the parol evidence rule is limited to actions to enforce contracts nor do Plaintiffs offer any (see

Plaintiffs' Opposition at 2). (See also cases cited in Defendants' Memorandum in

Support of Motion in Limine Re: Parol Evidence at 3-7 for a variety of situations in which

the parol evidence rule has been applied). In fact, in cases alleging fraudulent

inducement to enter a contract, an element of an alter ego case, see Campisano, 212

Conn. at 294, the parol evidence rule has been the basis for prohibiting the

consideration of testimony about misrepresentations that have directly contradicted a

contractual term. See Bibeault v. Advanced Health Corp., 97 Civ. 6026(WHP), 2002

U.S. Dist. LEXIS 225, at *9-13 (S.D.N.Y.Jan. 8, 2002)(citing New York cases and

holding that a fraudulent inducement claim based upon oral statements about share

price was barred under the parol evidence rule by the written subscription agreement

that stated that plaintiff was not relying on other representations about share price);

Grumman Allied Industries, Inc. v. Rohr Industries, Inc., 748 F.2d 729, 735-36 (2d. Cir.

1984)(holding that an action for misrepresentation about conditions of buses was barred

by parol evidence rule when there were disclaimer provisions in the purchase and sale

agreement between the parties relating to design and testing). Accordingly, the parol

evidence rule is not limited to contract actions, and in an alter ego action, like a

fraudulent inducement case, the parol evidence rule operates to bar alleged oral

misrepresentations that are claimed to have induced a plaintiff to enter into an

integrated contract, if such claimed misrepresentations vary or contradict the express

terms of the contract. See Id.

     C.    The Parol Evidence Rule Applies to Claims of Fraudulent Inducement
          When the Contract is Specific About the Subject Matter About Which the
          Alleged Misrepresentations Are Claimed to Have Been Made

Plaintiffs claim that the parol evidence rule is inapplicable if the oral

4

representation purports to demonstrate fraud in the inducement in a contractual relationship. (Plaintiffs' Opposition at 2-6). This is not the rule under New York law where, "[c]ourts should bar parol evidence of fraudulent inducement whenever 'an express contractual provision contradicts a claimed oral statement "in a meaningful fashion"' so that the signatories are on notice that they may not rely on prior oral representations." Bibeault, 2002 U.S. Dist. LEXIS 225, at *10 quoting Lucas v. Oxigene, Inc., 1995 U.S. Dist. LEXIS 112575, No. 94 Civ. 1691 (MBM), 1995 WL 520752, at *3 (S.D.N.Y. Sept. 1, 1995). "Disclaimers may provide meaningful notice that a signatory may not rely on a prior oral representations when they specifically encompass the subject matter of the representations." Id. Even if the disclaimer lacks specific language disclaiming reliance on the oral representation, parol evidence will be barred "so long as the language of the provisions combined with the surrounding circumstances sufficiently alerted the signatory of their intended effect." Id. at 10-12 (citing cases where disclaimers were found to provide meaningful notice even in absence of specific language disclaiming reliance on oral representations). See also Grumman, 748 F.2d at 735 (writing that this rule "[o]perates when the substance of the disclaimer provisions track is [sic] the substance of the alleged misrepresentations notwithstanding semantical discrepancies."); Manufacturers Hanover Trust Co v. Yanakas, 7 F.3d 310, 317 (2d Cir. 1993) (writing, "Where the fraud claim has been dismissed, the disclaimer has been sufficiently specific to match the alleged fraud.").

Under Connecticut law, where fraudulent misrepresentation is alleged, the parol evidence rule does not bar oral evidence if such evidence shows that the legal effect of a term was misrepresented and that such misrepresentation was relied on by a party in

signing the agreement. See Colliers, Dow & Condon, Inc. v. Schwartz, 77 Conn. App. 462, 469 (2003).

Here, the Agreement provided meaningful notice to Plaintiffs that they could look only to Hill A&E to satisfy the obligation to pay for their services under the Agreement and that Defendants would not be responsible for such payments. The disclaimer in the Agreement that the contractual relationship created hereby is between specific entities, and does not include corporate parents, subsidiaries and affiliates alerted Plaintiffs that Defendants would not be funding the Agreement or Hill A&E's ability to pay under the Agreement. This language tracked the substance of the alleged oral representations that Plaintiffs claim that Defendants made even if the Agreement and the claimed oral statements were not semantically identical. Accordingly, under New York law, the parol evidence rule bars the consideration of Plaintiff Epperson's oral testimony about alleged promises of Defendants' financial backing of the Agreement and/or Hill A&E. Bibeault, 2002 U.S. Dist. LEXIS 225, at *10.

Similarly, Plaintiffs do not claim that there were any oral representations by Defendants about the legal effect of the language in the Agreement. Accordingly, under Connecticut law, the parol evidence rule also bars Epperson's oral statements about the capitalization of the Agreement or Hill A&E. See Colliers, 77 Conn. App. at 469.

III.    Conclusion

For the foregoing reasons and those set forth in Defendants' Memorandum In Support of Motion In Limine Re: Parol Evidence, Defendants' Motion in Limine should be granted.

DEFENDANTS,
IRVIN RICHTER and HILL INTERNATIONAL, INC.,


BY ___*/s/ Carolyn W. Kone*_____
        Carolyn W. Kone (CT 06207)
        Brenner, Saltzman & Wallman LLP
        Their Attorneys
        271 Whitney Ave.
        New Haven, CT  06511
        Tel. (203) 772-2600
        Fax (203) 562-2098
        E-mail: ckone@bswlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on June 18, 2008, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing.

_____ */s/ Carolyn W. Kone* _____
Carolyn W. Kone