UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| DIRK EPPERSON and<br>BETTY SCHNEIDER,<br><br>　　　　　Plaintiffs,<br>　v.<br><br>IRVIN RICHTER, HILL<br>INTERNATIONAL, INC., HILL ARTS &<br>ENTERTAINMENT SYSTEMS, INC.<br>n/k/a HAESI SOFTWARE, INC.,<br><br>　　　　　Defendants. | CIVIL ACTION NO.<br>3:01CV1798(AWT)<br><br><br><br><br><br><br>JUNE 18, 2008 |

**REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION
IN LIMINE RE: COLLATERAL ESTOPPEL**

Defendants Irvin Richter ('Richter") and Hill International, Inc. ("Hill") (collectively "Defendants") have filed a motion in limine to preclude Plaintiffs, Dirk Epperson and Betty Schneider ("Plaintiffs"), from relitigating in the instant action issues previously decided in Epperson v. Entertainment Express, Inc., 338 F. Supp. 2d 328 (D. Conn. 2004) (the "Fraudulent Conveyance Action"). The issues that Defendants seek to bar Plaintiffs from relitigating are detailed in pages 1-6 of Defendants' Memorandum in Support of Defendants' Motion in Limine Re: Collateral Estoppel dated January 22, 2008 ("Defendants' Memo"). These issues include the amounts of loans made by Richter and Hill to Hill Arts & Entertainment Systems, Inc. ("Hill A&E"), the security interests given by Hill A&E to Hill and Richter, certain of the contents of the Loan and Security Agreement entered into between Hill A&E and Hill on April 1, 1994, the promissory notes made by Hill A&E in favor of Hill and in favor of Richter, UCC-1 statements filed

in Connecticut, New Jersey and California with respect to Hill's and Richter's security interests in Hill A&E's assets, the amounts owed by Hill A&E to Hill and to Richter on the date of the sale of Hill A&E's assets to Entertainment Express, Inc., the security agreement executed by Hill A&E in favor of Richter, the subordination of Richter's security interest in Hill A&E's assets to Hill's security interest, the payment for Hill A&E's assets by Entertainment Express, Inc. in the form of a convertible note, the terms of the convertible note, liens taken by Hill and Richter in the convertible note, the release by Hill and Richter of their security interests in Hill A&E's assets, the substitution of the convertible note as collateral for Hill's and Richter's loans to Hill A&E, the filing of UCC-1s by Hill and Richter listing their security interests in the convertible note, Hill's possession of the convertible note, Hill's foreclosure of the convertible note, the value of Hill's and Richter's encumbrances on Hill A&E's assets and the convertible note in relationship to the values of Hill A&E's assets and the convertible note, the validity and perfection of Richter's and Hill's security interests in Hill A&E's assets and the convertible note, and the inclusion of the convertible note in Hill's and Richter's original security interests in Hill A&E's property.

  In Plaintiffs Memorandum In Opposition to Motion in Limine ('Plaintiffs' Opposition"), Plaintiffs do not dispute that the doctrine of collateral estoppels bars them from relitigating the issues set forth in Defendants' Memo. Rather, Plaintiffs suggest that stipulations can be entered into on "many if not most" of these issues after a hearing. (Plaintiffs' Opposition at 1). Defendants oppose such a hearing and stipulation process. Defendants do not know which issues

stipulations can and cannot be agreed to (other than that the sums claimed by Hill and/or Richter to have been loans were not loans). Certainly, Plaintiffs have in the Joint Pretrial Memorandum contested many of these previously litigated facts (<u>see</u> pages 91-93 of the Joint Trial Memorandum). If Plaintiffs intend not to contest the issues that were determined in the Fraudulent Conveyance Action described in Defendants' Motion In Limine, they should simply not oppose the motion.

Accordingly, because Plaintiffs have provided no reason why Defendants' Motion in Limine re: Collateral Estoppel should be denied, Defendants' Motion should be granted.

                              DEFENDANTS
                              IRVIN RICHTER and HILL INTERNATIONAL, INC.,

BY   <u>/s/ Carolyn W. Kone</u>
       Carolyn W. Kone (CT 06207)
       Brenner, Saltzman & Wallman LLP
       Their Attorneys
       271 Whitney Ave.
       New Haven, CT  06511
       Tel. (203) 772-2600
       Fax (203) 562-2098
       E-mail: <u>ckone@bswlaw.com</u>

## CERTIFICATE OF SERVICE

I hereby certify that on June 18, 2008, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing.

/s/ Carolyn W. Kone
Carolyn W. Kone