UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
-------------------------------x
                                :
DIRK EPPERSON and BETTY          :
SCHNEIDER,                       :
                                :
    Plaintiffs,                  :
                                :
v.                               :    Civil No. 3:01CV01798(AWT)
                                :
IRVIN RICHTER, HILL              :
INTERNATIONAL, INC., HILL        :
ARTS & ENTERTAINMENT SYSTEMS,    :
INC. n/k/a HAESI SOFTWARE,       :
INC.                             :
                                :
    Defendants.                  :
                                :
-------------------------------x
```

**RULING ON DEFENDANTS' MOTION TO PRECLUDE EXPERT WITNESS**

Defendants Irvin Richter and Hill International, Inc. have moved, pursuant to Fed. R. Civ. P. 37(c)(1), to preclude the testimony of the plaintiffs' expert witness, Walter C. King ("King"), on the grounds that King was not timely disclosed as an expert witness. For the reasons set forth below, the defendants' motion is being granted.

In determining whether preclusion of expert testimony is an appropriate sanction under Rule 37, courts consider "(1) the party's explanation for the failure to comply with the discovery order; (2) the importance of the testimony of the precluded witness; (3) the prejudice suffered by the opposing party as a result of having to prepare to meet the new testimony; and (4)

the possibility of a continuance." Softel, Inc. v. Dragon Med. & Scientific Comm., Inc., 118 F.3d 955, 961 (2d Cir. 1997).

The first factor weighs strongly in favor of preclusion. Although the plaintiffs make numerous allegations of misconduct by the defendants in their opposition to the instant motion, they do not show that the alleged misconduct caused the plaintiffs to delay or fail to disclose their expert and his report. In their opposition, the plaintiffs offer no explanation for their failure to provide timely disclosure.

The second factor weighs slightly against preclusion because King's testimony might be useful to the plaintiffs in illuminating the defendants' financial documents, but the actual importance of King's testimony cannot be ascertained at this point because the plaintiffs have yet to disclose King's expert report.

The third factor weighs strongly in favor of preclusion because the defendants would suffer significant prejudice from having to prepare for testimony by King when trial is currently scheduled to begin on October 20, 2008.

The fourth factor also weighs in favor of preclusion because a continuance of this case, which has been pending for many years, would be unwarranted at this stage of the litigation.

Based on a review of these factors, the court concludes that the plaintiffs have, without substantial justification, failed to

disclose their expert or his report in a timely manner and that such failure would prejudice the defendants.  Thus, pursuant to Rule 37(c)(1), preclusion of King's testimony is an appropriate sanction.

    For the reasons set forth above, Defendants Irvin Richter and Hill International, Inc.'s Motion to Preclude (Doc. No. 163) is hereby GRANTED.  The defendants' request for costs incurred in filing the instant motion is hereby DENIED.

    It is so ordered.

    Dated this 25th day of July 2008 at Hartford, Connecticut.

                                        /s/AWT
                            Alvin W. Thompson
                     United States District Judge