**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

```
-------------------------------x
                               :
DIRK EPPERSON and BETTY        :
SCHNEIDER,                     :
                               :
    Plaintiffs,                :
                               :
v.                             :    Civil No. 3:01CV01798(AWT)
                               :
IRVIN RICHTER, HILL            :
INTERNATIONAL, INC., HILL      :
ARTS & ENTERTAINMENT SYSTEMS,  :
INC. n/k/a HAESI SOFTWARE,     :
INC.                           :
                               :
    Defendants.                :
                               :
-------------------------------x
```

### RULING ON DEFENDANTS' MOTION IN LIMINE RE: PAROL EVIDENCE

The plaintiffs indicate in their joint trial memorandum that they intend to call Dirk Epperson ("Epperson") to testify regarding assurances he received as to the intended capitalization of the project. Irvin Richter and Hill International, Inc. ("the Hill Defendants") have moved to preclude such testimony to the extent that Epperson intends to introduce evidence that he received oral assurances that either or both of the Hill Defendants would fund the project. The Hill Defendants argue that such oral evidence directly contradicts the plain terms of the Agreement and consequently is irrelevant pursuant to the parol evidence rule.

The plaintiff fails to address the Hill Defendants analysis as to why New York law applies. Assuming New York law applies,

the court notes that:

> Under New York law . . . if a contract recites that all of the parties' agreements are merged in the written document, parol evidence is not admissible to vary, or permit escape from, the terms of the integrated contract. Such a general merger clause is ineffective, however, to preclude parol evidence that a party was induced to enter the contract by means of fraud . . . When, however, the contract states that a contracting party disclaims the existence of or reliance upon specified representations, that party will not be allowed to claim that he was defrauded into entering the contract in reliance on those representations.

Manufacturers Hanover Trust Co. v. Yanakas, 7 F.3d 310, 315 (2d Cir. 1993) (citations and internal quotation marks omitted). Thus, as the Connecticut Supreme Court has explained: "Parol evidence offered solely to vary or contradict the written terms of an integrated contract is, therefore, legally irrelevant. When offered for that purpose, it is inadmissible not because it is parol evidence, but because it is irrelevant." Heyman Associates No. 1 v. Ins. Co. of Pennsylvania, 231 Conn. 756, 780-81 (1995) (citations and internal quotation marks omitted).

Here, the plaintiffs seek to pierce the corporate veil. They properly cite to Campisano v. Nardi, 212 Conn. 282, 294 (1989) for the proposition that a factor a court may consider in determining whether the corporate veil should be pierced is whether the plaintiffs were improperly induced to enter into a contract with the corporation. See Campisano, 212 Conn. at 294 ("In the absence of a claim . . . that the plaintiffs were improperly induced to enter into a contract with the corporation,

the mere breach of a corporate contract cannot of itself establish the basis for application of the instrumentality rule."). Thus, it appears, at this stage of the proceedings, that the plaintiffs have identified a proper basis for introducing this evidence.

    Accordingly, Defendants' Motion in Limine Re: Parol Evidence (Doc. No. 166) is hereby DENIED without prejudice.

    It is so ordered.

    Dated this 25th day of July 2008 at Hartford, Connecticut.

                                  /s/AWT  
                          Alvin W. Thompson  
                    United States District Judge