UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
-------------------------------x
DIRK EPPERSON and BETTY         :
SCHNEIDER,                      :
                                :
     Plaintiffs,                :
                                :
v.                              :     Civil No. 3:01CV01798(AWT)
                                :
IRVIN RICHTER, HILL             :
INTERNATIONAL, INC., HILL       :
ARTS & ENTERTAINMENT SYSTEMS,   :
INC. n/k/a HAESI SOFTWARE,      :
INC.                            :
                                :
     Defendants.                :
-------------------------------x
```

## RULING ON DEFENDANTS' MOTION IN LIMINE
## RE: DEFENSE OF ALTER EGO AND FRAUDULENT CONVEYANCE CLAIMS

Defendants Irvin Richter and Hill International, Inc. (collectively "the Hill Defendants") seek to preclude the plaintiffs from introducing evidence about actions taken by the Hill Defendants in defending and seeking to dismiss the four alter ego and/or fraudulent conveyance cases brought by the plaintiffs against them. The Hill Defendants argue that their actions in defending these cases are irrelevant to the plaintiff's piercing the corporate veil claims against the Hill Defendants.

However, in the Memorandum of Decision dated September 24, 2004, Judge Squatrito stated:

> Given the circumstances of HAESI's failure to pay the contractual balance, and the fact that the contractual obligation was reduced to a judgment, the court cannot find that, as a matter of law, plaintiffs could not prove the required nexus between Richter and Hill's alleged domination of HAESI and HAESI's obligation to plaintiffs. Plaintiffs offer evidence that, at the time they entered into the August 2, 1988 agreement, they understood Richter to be in control over HAESI and Hill, and that they would

> ultimately answer to Richter. When framed in this light, plaintiffs' evidence that Richter and Hill controlled HAESI could be sufficiently connected to the original contract negotiations. Further, plaintiffs cite numerous allegedly dilatory litigation tactics on the part of defendants in the First Action, which could support the claim that defendants were trying to stall or delay satisfaction of HAESI's obligation to plaintiffs.

Epperson v. Richter, 2004 WL 2211715, *13 (D.Conn. 2004). Therefore, it is law of the case that allegedly dilatory tactics on the part of the Hill Defendants in the "First Action" are relevant. It will be for the finder of fact to determine the weight to be given to any such evidence.

Prior to the admission of any evidence as to allegedly dilatory litigation tactics on the part of the Hill Defendants in any other action, a proper foundation will have to be laid; at this point, the court does not see how that would be done except for certain limited purposes, such as impeachment. The court cannot envision a circumstance in which counsel for any party would be a witness.

Accordingly, Defendants' Motion in Limine Re: Defense of Alter Ego and Fraudulent Conveyance Claims (Doc. No. 172) is hereby GRANTED in part and DENIED in part.

It is so ordered.

Dated this 25th day of July 2008 at Hartford, Connecticut.

>                          /s/AWT
>                     Alvin W. Thompson
>                  United States District Judge